**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., | CASE NO. |
| Plaintiffs, | |
| v. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' *EX PARTE* MOTION TO TEMPORARILY SEAL THE ENTIRE FILE, INCLUDING DOCKET |
| STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. | |
| Defendants, and | |
| DANIEL BLUMKIN, et al., | **(FILED UNDER SEAL)** |
| Relief Defendants. | |

Plaintiffs Consumer Financial Protection Bureau, the People of the State of New York, by Letitia James, Attorney General of the State of New York, the State of Colorado *ex rel.* Philip J. Weiser, Attorney General, the State of Delaware *ex rel.* Kathleen Jennings, Attorney General, the People of the State of Illinois through Attorney General Kwame Raoul, the State of Minnesota by its Attorney General Keith Ellison, the State of North Carolina *ex rel.* Joshua H. Stein, Attorney General, and the State of Wisconsin (collectively, Plaintiffs), respectfully request that this Court grant Plaintiffs' *ex parte* application for an order temporarily sealing the entire file and docket in this matter. The sealing order is necessary to prevent Defendants and Relief Defendants from learning of this action before they can be served with the proposed Temporary Restraining Order (TRO). Plaintiffs request that the seal on the entire file, including the docket,

remain in effect until five business days after the Court has ruled on the Plaintiffs' motion for a

TRO, or until all Defendants and Relief Defendants have been served with the TRO,[1] whichever

occurs first. Temporary sealing of the entire file is warranted in this case to prevent Defendants

and Relief Defendants from destroying documents and dissipating assets.

Prior to filing this lawsuit, Plaintiffs engaged in a covert investigation of Defendants'

illegal practices in violation of the Telemarketing and Consumer Fraud and Abuse Prevention

Act (Telemarketing Act), 15 U.S.C. §§ 6102(c), 6105(d); the Telemarketing Sales Rule (TSR),

16 C.F.R. pt. 310; New York Executive Law § 63(12), New York General Business Law (GBL)

Article 22-A, Wis. Statute § 218.02; and Wis. Admin. Code § DFI-Bkg ch. 73. Plaintiffs' interest

in maintaining the confidentiality of this action until such time as they are able to serve

Defendants and Relief Defendants with the TRO is substantial. If this case is filed and docketed

as a matter of public record, there is a substantial possibility that Defendants would learn of this

action prior to the time that they are served with the TRO. As evidenced in greater detail in the

Rule 65 Certification of Vanessa Buchko (Buchko Certification) and Plaintiffs' Memorandum of

Law in Support of their Motion for a TRO (TRO Memorandum), there is evidence that

Defendants have the motivation and opportunity to dissipate or conceal assets, and destroy or

conceal business records, thereby frustrating Plaintiffs' ability to obtain effective relief for the

victims of Defendants' unlawful practices. Thus, temporarily sealing of the entire file, including

the docket, is appropriate and necessary to preserve compelling governmental interests.

While there exists a strong tradition that court files are open to public inspection, the

"right to inspect and copy judicial records is not absolute." *Bernstein v. Bernstein Litowitz*

---

[1] Plaintiffs will notify the Clerk of Court in writing in the event that all Defendants are served
prior to the fifth business day following entry of the Court's Order.

*Berger & Grossman, LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotations and citation omitted). When determining if documents may be sealed, a court typically weighs two countervailing factors: (i) the danger of impairing law enforcement . . . and (ii) the privacy interests of the opposing party. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (noting that unlimited access to court documents might adversely affect law enforcement interests). The Second Circuit has qualified that documents may be sealed if such closure is deemed essential to preserving "higher values." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also CFTC v. Bolze*, No. 3:09-cv-88, 2009 WL 605248, at *1 (E.D. Tenn. Mar. 3, 2009) (granting temporary seal for an entire file and docket to prevent "concealment . . . of assets[,] destruction of documents . . . [and] preventing Defendants from having the opportunity to avoid service"). When an application to seal is "narrowly tailored," it bolsters the factors in favor of sealing such documents. *Lugosch*, 435 F.3d at 120; *FTC v. Campbell Capital*, 1:18-CV-01163-LJV-MJR, Dkt. No. 13 (W.D.N.Y. Oct. 24, 2018) (granting the FTC's *ex parte* motion to temporarily seal file and docket for five business days or until service of the TRO); *FTC v. 4 Star Resolution LLC*, No. 15-CV-0112S, Dkt. No. 28 (W.D.N.Y. Feb. 10, 2015) (same); *FTC v. Vantage Point Servs.*, No. 15-CV-00006S, Dkt. No. 10 (W.D.N.Y. Jan. 5, 2015) (same).

Here, Plaintiffs' interest in briefly sealing the record outweighs the public's right of access. The Buchko Certification and Plaintiffs' TRO Memorandum, filed simultaneously with this application, explain why, given the circumstances of this case, it is particularly crucial to seal the file until Plaintiffs have had an opportunity to serve Defendants and Relief Defendants with the TRO. Defendants have engaged in illegal actions and have taken measures to conceal

their identities and illegal activity. Thus, there is significant risk that Defendants will seek to dissipate or conceal their assets and destroy documents that are relevant to this action.

A less restrictive alternative is not available because Plaintiffs' lawsuit could be severely frustrated if Defendants became aware of it prior to receiving service of the TRO. Irreparable harm to consumers victimized by Defendants' unlawful practices is likely to result if Defendants have an opportunity to hide their assets and destroy business records. Such action would thereby render ineffective this Court's ability to provide full and effective relief upon the ultimate disposition of this matter.

For these reasons, Plaintiffs respectfully request that the Court seal the entire file, including the docket, until five business days after the Court has ruled on the Plaintiffs' motion for a TRO or until Defendants have been served with the TRO, whichever occurs first.


Dated: January 10, 2024

Respectfully submitted,
Attorneys for Plaintiff
Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA SHYAM DASGUPTA
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

  _/s/ Vanessa Buchko_
Vanessa Buchko
E-mail: vanessa.buchko@cfpb.gov
Phone: 202-435-9593
Monika Moore

3

E-mail: monika.moore@cfpb.gov
Phone: 202-360-5905
Joseph Sanders
E-mail: joseph.sanders@cfpb.gov
Phone: 202-377-9846
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-7722

And


LETITIA JAMES
Attorney General of the State of New York

 /s/ Christopher L. Boyd
Christopher L. Boyd
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Phone: (716) 853-8457
Email: Christopher.Boyd@ny.ag.gov

*Attorney for State of New York*

PHILIP J. WEISER
Attorney General
State of Colorado

 /s/ Kevin J. Burns
Kevin J. Burns, CO Reg. No. 44527
*Pro hac vice application pending*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 6th Floor
Denver, CO 80203
Phone: (720) 508-6110
Kevin.Burns@coag.gov

*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

KATHLEEN JENNINGS
Attorney General State of Delaware

4

*/s/ Marion M. Quirk*
Marion M. Quirk (*pro hac vice, pending*)
Director of Consumer Protection
Kevin D. Levitsky (*pro hac vice
forthcoming, if required*)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8810
Marion.Quirk@delaware.gov
Kevin.Levitsky@delaware.gov
*Attorneys for State of Delaware*

KWAME RAOUL
Attorney General
State of Illinois

By: */s/ Greg Grzeskiewicz*
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau
*Pro hac vice application forthcoming, if
required*
Daniel Edelstein, Supervising Attorney,
Consumer Fraud Bureau
*Pro hac vice application forthcoming, if
required*
Amanda E. Bacoyanis, Assistant Attorney
General, Consumer Fraud Bureau
*Pro hac vice application forthcoming*
Matthew Davies, Assistant Attorney
General,
Consumer Fraud Bureau
*Pro hac vice application forthcoming, if
required*
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601
312-814-2218
Greg.Grzeskiewicz@ilag.gov
Daniel.Edelstein@ilag.gov
Amanda.Bacoyanis@ilag.gov
Matthew.Davies@ilag.gov

5

*Attorneys for the People of the State of Illinois*


KEITH ELLISON
Attorney General of Minnesota

*/s/ Evan Romanoff*
Evan Romanoff
Assistant Attorney General
*Pro hac vice application pending*
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
Telephone: (651) 728-4126
evan.romanoff@ag.state.mn.us

*Attorney for the State of Minnesota*
*By Its Attorney General, Keith Ellison*


JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ M. Lynne Weaver*
M. Lynne Weaver (*pro hac vice* pending)
Special Deputy Attorney General
N.C. State Bar No. 19397
114 W. Edenton Street
Raleigh, NC 27602
Telephone: (919) 716-6039
lweaver@ncdoj.gov

*Attorney for the State of North Carolina*


JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Lewis W. Beilin*
Assistant Attorney General (*pro hac vice* pending)
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-1221

6

beilinlw@doj.state.wi.us

*Attorney for State of Wisconsin*