## DECLARATION OF EVAN ROMANOFF

As provided by 28 U.S.C. § 1746, I, Evan Romanoff, hereby declare as follows:

1.　　My name is Evan Romanoff. I am a United States citizen and over eighteen years of age. I reside in the State of Minnesota.

2.　　I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify to them.

3.　　I am an Assistant Attorney General at the Minnesota Attorney General's Office (MNAGO).

4.　　On September 15 and 16, 2021, the Better Business Bureau of Minnesota and North Dakota sent the MNAGO consumer complaints and related documents regarding Northstar Legal Group and Strategic Financial Solutions, LLC (the "BBB Documents").

5.　　On October 29, 2021, the MNAGO sent the BBB Documents to the Consumer Financial Protection Bureau via encrypted file transfer. A true and correct copy of the transmittal correspondence is attached hereto as **Exhibit 1**.

6.　　On January 26, 2023, the MNAGO issued a Civil Investigative Demand (CID) to Sunshine Signing Connection, Inc. (Sunshine). A true and correct copy of that CID is attached as **Exhibit 2.**

7.　　On February 20, 2023, Sunshine made a production of records responsive to the CID, consisting of bates numbers SUNSHINE-CID-000001 to SUNSHINE-CID-001325.

8.　　On January 26, 2023, the MNAGO issued a CID to National Paralegal & Notary (NPN). A true and correct copy of that CID is attached as **Exhibit 3.**

9.　　On March 1, 2023, NPN made a production of records responsive to the CID consisting of bates numbers NPN0000001 to NPN0000910.

10.     The materials produced by Sunshine and NPN in response to the MNAGO CIDs were provided to the Consumer Financial Protection Bureau via encrypted file transfer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2024.

*/s/ Evan Romanoff*
**EVAN ROMANOFF**

# EXHIBIT 1

**The Office of**
# Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect  •  *www.ag.state.mn.us*

October 29, 2021

**VIA EMAIL**

Bureau of Consumer Financial Protection Bureau
c/o Enforcement Attorney Vanessa Buchko
vanessa.buchko@cfpb.gov

      Re:    **Northstar Legal Group**

Dear Ms. Buchko:

      I thank you for your October 28, 2021 request for copies of any information in the possession of the Minnesota Attorney General's Office ("AGO") regarding Strategic Financial Services and Northstar Legal Group.

      With this letter, the AGO is producing investigative documents in its possession related to the above-captioned company.  These documents may be accessed as follows:

      We are providing these documents to the Consumer Financial Protection Bureau for law-enforcement purposes under section 13.39 of Minnesota's Government Data Practices Act.

      Please feel free to contact me with any questions or concerns.

                Sincerely,

                */s/ Evan Romanoff*

                EVAN ROMANOFF
                Assistant Attorney General
                (651) 728-4126

|#5087617-v1

# EXHIBIT 2

**The Office of**
# Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect   •   www.ag.state.mn.us

January 26, 2023

**VIA CERTIFIED MAIL AND EMAIL**

Sunshine Signing Connection, Inc.                    **VIA EMAIL**
c/o Crystal Willis                          *ssc@sunshinesigning.com*
13939 Lakeshore Blvd.
Hudson, FL  34667

     **Re:**    **In the Matter of Strategic Financial Solutions, LLC**

To Whom It May Concern:

     Enclosed and served upon you as registered agent of Sunshine Signing Connection is a Civil Investigative Demand issued by the Minnesota Attorney General's Office.

     Pursuant to Minn. Stat. § 8.31, Sunshine Signing Connection is required to answer interrogatories and produce documents within twenty (20) days of service of this Civil Investigative Demand.  Please note that Sunshine Signing Connection may submit the answers to interrogatories by email or via an online file transfer service, a link for which will be provided at the time the answers are ready for production.

     I thank you for your attention to this matter.

     Sincerely,

     */s/ Evan Romanoff*

     EVAN ROMANOFF
     Assistant Attorney General

     (651) 728-4126 (Voice)
     evan.romanoff@ag.state.mn.us

Enclosure:    Civil Investigative Demand

STATE OF MINNESOTA
OFFICE OF THE ATTORNEY GENERAL
CIVIL INVESTIGATIVE DEMAND

In the Matter of Strategic Financial Solutions, LLC

**DEMAND FOR ANSWERS
TO INTERROGATORIES AND
REQUESTS FOR DOCUMENTS**

TO:    Sunshine Signing Connection, Inc., 13939 Lakeshore Blvd., Hudson, Florida 34667.

The Attorney General of the State of Minnesota has information providing reasonable grounds to believe that Strategic Financial Solutions may have violated or is about to violate the following Minnesota laws:  Minn. Stat. § 325F.69 (Prevention of Consumer Fraud Act); Minn. Stat. § 325D.44 (Deceptive Trade Practices Act); Minn. Stat. § 332A.03-.17 (Debt Management Services Act); and Minn. Stat. § 332B.03-.12 (Debt Settlement Services Act).  Specifically, the Attorney General has reasonable grounds to believe that Strategic Financial Solutions has engaged in unlawful, deceptive, and/or fraudulent practices through its marketing, selling, and provision of goods or services related to managing and settling consumer debts, and is advertising, selling, and providing debt management and debt settlement services to Minnesota consumers without first becoming registered as required by the Debt Management Services Act and Debt Settlement Services Act.

Pursuant to its investigation, the Attorney General may obtain discovery from any person regarding any matter, fact, or circumstance, not privileged, which is relevant to the subject matter of its investigation.  Accordingly, the Attorney General seeks to obtain the below discovery from Sunshine Signing Connection, which the Attorney General has information providing reasonable grounds to believe has contracted with Persons affiliated with Strategic Financial Solutions to provide its services in Minnesota.

Pursuant to the authority vested in the Attorney General of the State of Minnesota and, more particularly, pursuant to Minn. Stat. § 8.31, it is hereby demanded that the following interrogatories be answered and sworn upon oath and, with the requested documents, be provided to Evan Romanoff, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1200, St. Paul, Minnesota 55101, within twenty (20) days of service of this Civil Investigative Demand.

If you do not comply with this Civil Investigative Demand, the Attorney General may apply to the District Court for an order compelling compliance in accordance with Minn. Stat. § 8.31, subd. 2a.

All information produced in response to this Civil Investigative Demand shall be governed by the provisions of the Minnesota Government Data Practices Act, Minn. Stat. §§ 13.01-13.90.

## **DEFINITIONS**

Unless otherwise defined in this Civil Investigative Demand, the following terms shall have these meanings:

1. "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means, and shall include any document that abstracts, digests, transcribes, records or reflects any of the foregoing, as well as any audio or video recordings.

2. "Document" means the original and copies, identical or non-identical, of any electronically stored information or handwritten, typewritten, electronic, printed, recorded or graphic matter of any kind in your possession, custody, or control, including electronic databases.

3. "Minnesota consumer" means any person with an address in the State of Minnesota or a telephone number with one of the following prefixes: 218, 320, 507, 612, 651, 763, or 952.

4. "Person" means any natural person, corporation, partnership, limited liability company, or association of persons, and encompasses the plural as well as the singular.

5.      "Contract" or "agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between or among two or more persons or entities, together with all modifications or amendments thereto.

6.      "Relate", "relating to," "related to", or "regarding" means referring, discussing, concerning or pertaining in any way, directly or indirectly.

7.      "You" or "Your" means "**Sunshine Signing Connection, Inc.**," and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

8.      "Identify" and any derivation thereof means the following:

a.      when used in reference to a *natural person*, it means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's email address; and (4) the person's present or last known telephone number(s);

b.      when used in reference to a *non-natural person* or entity, it means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and under Minn. R. Civ. P. 30.02(f) would be designated to testify with respect to the matters involved in the interrogatory or request;

c.      when used in reference to a *document*, it means to (1) state the type of document (e.g., letter, memorandum, report, email, electronically stored information, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide the names and addresses of all persons who received a copy of the document; (6) provide a brief description of its contents; (7) indicate the present location of the document; and (8) provide the name and address of the person or persons having custody over the document.  In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question;

d.      with respect to *oral communications*, it means to set forth the following information:  (1) the substance of the communication; (2) the date and time of the communication; (3) the place of origin of the communication, and if different, as in the case of telephone communications, the place at which the communication was received; (4) the name and address of each originator and recipient of the communication; and (5) the name and address of all persons present at the place of origin, and if different, the place of receipt of the communication at the time the communication took place; and

3

e. when used in reference to a *factual situation or allegation*, it means to state with particularity and specificity all facts known which bear upon or are related to the matter which is the subject of the inquiry, using the simplest and most factual statements of which you are capable.

9. "Sponsor Organization" means the Persons and entities identified in Exhibit A,[1] and all of their merged or acquired predecessors, successors, divisions, parents, subsidiaries, affiliates, unincorporated divisions, joint ventures, operations under assumed names, and all present and former directors, officers, members, managers, employees, independent contractors, agents, consultants, and other persons working for or on behalf of them.

10. Any word or term not defined herein or by law is to be given its ordinary meaning or construction.

## <u>INSTRUCTIONS</u>

1. Electronically stored information and hard copy documents should be produced in accordance with the production format specifications attached hereto.  All originals should be preserved until written notice from this Office or completion of this investigation.

2. All documents and data compilations that relate to the subject matter of these interrogatories and requests for production of documents must be preserved, and any ongoing process of document destruction involving such documents or data must cease. Failure to preserve such documents or data will be regarded by the State as spoliation of evidence.

3. If any document or data compilation relating to the subject matter of this Civil Investigative Demand is or has been discarded, destroyed, or redacted in whole or in part, please immediately notify the State of:  (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; and (c) the person who discarded, destroyed, or redacted the document or data compilation.

4. Preface each answer and response with the interrogatory or document request to which it is addressed.  If you are unable to fully answer or respond, submit as much information as is available, explain why your answer or response is incomplete, and state the source or sources from which a complete answer or response may be obtained.

5. Produced documents should be segregated and clearly marked or labeled as to the specific request to which they are responsive and are being produced.  Each produced document should be numbered consecutively and marked with a prefix and consecutive document

---

[1] The Attorney General is only seeking information regarding Minnesota consumers.  To the extent You contracted with any individual Sponsor Organization to provide services that did not involve Minnesota notaries, attorneys, or Minnesota consumers, You can so note and need not provide any information regarding that Sponsor Organization.

control number (*i.e.*, Bates numbers).

6.    The information demanded should always be interpreted to be inclusive rather than exclusive, including interpreting the following as appropriate: the singular form of a word as plural, and vice versa; "and" to include "or," and vice versa; and the past tense to include the present tense, and vice versa.

7.    If you object to any interrogatory or request for production of documents in whole or in part on the basis of any claimed privilege or protection, identify the statement, communication, or subject matter for which you claim privilege or protection and set forth the factual basis on which you base your privilege or protection claim.

8.    Whenever a response to a request for production of documents would include documents or materials that are subject to updates and revisions, include all versions of such documents or materials. For each version, state the approximate date you began using it, and, if applicable, the approximate date you stopped using it.

9.    Whenever these interrogatories or requests seek information specific to persons or activities in Minnesota that you are unable to produce separately, you should provide the information without regard to geographic limitation.

10.   The following Interrogatories and Requests for Production of Documents are continuing in nature and require further and supplemental production by you as and whenever you acquire, make or discover additional responsive information and documents.

11.   Provide all information and documents for the period from January 1, 2017 through the date of your response, unless otherwise specifically indicated. If it is necessary to refer to a prior time to fully answer an Interrogatory or respond to a Document Request, you should do so.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who assisted You in answering these Interrogatories and Document Requests.

**INTERROGATORY NO. 2:**

From the attached list of Sponsor Organizations (Exhibit A), identify all Sponsor Organizations that contracted with You to provide a Minnesota notary or attorney or to provide services in Minnesota.

**INTERROGATORY NO. 3:**

For each entity identified in Your response to Interrogatory No. 2, provide contact information for such entity, including (1) name and all known aliases under which the entity does business; (2) address; (3) phone number; (4) web address; (5) email address; and (6) the name of the individual associated with the entity with whom You communicated.

**INTERROGATORY NO. 4:**

Identify the time, date, and location of all assignments, presentations, signings, or other work performed within Minnesota or by Minnesota notaries or attorneys hired by You pursuant to a Contract with any Sponsor Organization, including if applicable the names of any Minnesota consumers.

**INTERROGATORY NO. 5:**

For each presentation, signing, or other work identified in Your response to Interrogatory No. 4, provide:

   a. The name of the Minnesota notary or attorney You hired;
   b. The amount paid to the Minnesota notary or attorney; and
   c. The instructions You provided to the Minnesota notary or attorney

## **DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Produce copies of all documents that You referenced or relied upon in answering the above interrogatories.

**DOCUMENT REQUEST NO. 2:**

For each Sponsor Organization identified in Your response to Interrogatory No. 2, provide copies of all Contracts, presentations, instructions, scripts, and other Documents the Sponsor

Organization sent or provided You relating to assignments and signings to be performed in Minnesota.

**DOCUMENT REQUEST NO. 3:**

For each presentation, signing, or other work identified in Your response to Interrogatory No. 4, provide any Documents that were returned to You by the Minnesota notary or attorney after performing the presentation, signing, or other work.


Dated:  January 26, 2023

KEITH ELLISON
Attorney General
State of Minnesota


**_/s/ Evan Romanoff_**
EVAN ROMANOFF
Assistant Attorney General
Atty. Reg. No. 0398223
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
Email: evan.romanoff@ag.state.mn.us
Telephone:  (651) 728-4126
Fax:  (651) 296-7438

*Attorneys for State of Minnesota*

Exhibit A

| |
|---|
| A. Floria & Associates, PLLC, d/b/a Bedrock Legal, fka Raggio & Associates, PLLC |
| Agosto Law Group |
| American Financial Law Group, LLC |
| American Litigation Law Group, PLLC aka Amerilit |
| Anchor Law Firm, PLLC |
| Atlas Law |
| Boulder Legal Group |
| Canyon Legal Group, aka Jon Schulte & Associates LLC, aka JMS Industries, LLC |
| Carolina Legal Services, aka Daniel Rufty Legal, PLLC |
| Chinn Legal Group, aka Halo Group |
| Colonial Law Group |
| Consumer First Legal Group, LLC, aka Consumer First Legal Network |
| Cornerstone Legal Group, aka Cornerstone Law Group |
| Credit Advocates Law Firm |
| Crimson Legal Group |
| Donald Norris Associates PLLC |
| Dubin Legal Group |
| F Solutions, LLC, aka Elimadebt, LLC |
| Fast Track Debt Relief |
| Fontana Law Group, LLC, aka Crimson Legal Group, LLC |
| Freedom Financial Network |
| Frontier Consumer Law Group |
| Gardner Legal |
| Glacier Bay Law, aka Heiser Legal Group, LLC |
| Golden Law, aka Chabner Legal and Associates, LLP |
| Great Lakes Law Firm |
| Gustafson Legal, P.C. |
| Hailstone Legal Group |
| Harbor Legal Group, fka Atlas Law Group, LLC, aka Law Offices of George Anthony Yuthas |
| Heartland Legal Group, LLC |
| Henry Legal Group d/b/a Heartland Legal Group |
| Hinds Law, aka First America Law, aka Law Offices of Michelle Hinds, LLC |
| Law Office of Stacy Robinson and Associates |
| Law Offices of Daniel Ruggiero, aka Bella LG, Inc. |
| Magnuson Law |
| Monarch Legal Group, aka Burnette Legal Group, LLC |
| Newport Legal Group, aka Greene Legal Group |
| Northstar Legal Group |
| Option 1 Legal |
| Palisade Legal Group |
| Phoenix Legal Group |
| Pinnacle Law Group, PC |
| Pioneer Law Firm, aka Law Offices of John Dougherty and Associates |
| Protection Legal Group, aka PLG Operations, aka Jason Blust and Associates |
| Rockwell Legal Group, aka Hodyno & Associates |

Exhibit A

| |
|---|
| Royal Legal Group, LLC, aka Hodyno & Associates |
| Spring Legal Group, aka Law Office of Melissa Michel |
| Stonepoint Legal Group, aka Donald Norris Associates, PLLC |
| Strong Law Group, PLLC |
| The Commonwealth Law Group, aka Law Offices of Amber Florio, LLC |
| The Sands Law Group d/b/a Whitestone Legal Group |
| Turnbull Law Group, LLC, aka Turnbull & Associates |
| Watson Law, LLC |
| Whitestone (or White Stone or Whitestone Canyon) Legal Group, aka The Sands Law Group, LLP |
| WyoLaw, LLC, aka Summit Law Firm, LLC |
| |
| |
| |
| |
| |
| |
| |
| |

**Office of the Minnesota Attorney General**
**Production Format Specifications**

Electronically Stored Information ("ESI") and paper documents must be produced in a format consistent with loading into document review software, including images, native files, text, and associated metadata. **If you are unable to produce data in this manner, then you must provide the information in native electronic format with unaltered metadata.** (Note: An Adobe PDF file is <u>not</u> considered a native file unless the document was initially created as a PDF.) All paper documents must be scanned for production.

## I.   SPECIFICATIONS

**A.  Document Numbering.** Documents must be numbered and identified with a sequential, padded identifier (e.g., ABC000001). Document numbering must contain no spaces between the prefix and number. Document numbering must avoid ambiguous characters such as "O" or "l" or "I" unless the prefix is separated by a hyphen ("-") or underscore ("_"). If suffixing is required, the producing party must utilize a four-digit dot format (e.g., ABC00000001.0001). Parties producing documents in response to a Civil Investigative Demand (CID) are encouraged to include "CID" in the document numbering (e.g., ABC-CID-000001).

**B.  Images.** Paper documents and ESI that is conducive to being displayed in an image form must be produced as black & white single page TIFF images. All pages in color must be produced as color images and must be delivered as JPEG images. Production images must be named to match the corresponding page document number endorsement (e.g., ABC000001.tif).

- Production images for presentations (PowerPoint) must contain the presentation slides, presentation notes, and any other speaker information or hidden content.
- Production images for word processing documents (Word) must contain track changes, comments, and any other hidden content.

**C.  Image Cross-Reference File**. Each production set must include an image cross-reference file (.OPT) which links the images to the database records.

Sample OPT image load file:

IMG0000001,,..\001\ IMG0000001.TIF,Y,,,
IMG0000002,,..\001\ IMG0000002.TIF,,,,
IMG0000003,,..\001\ IMG0000003.TIF,,,,
IMG0000004,,..\001\ IMG0000004.TIF,Y,,,

**D.  Data File**. Each production set must include a delimited load file (.DAT) that contains all the fielded information that will be loaded into the database.

**E.  Text Files**. Each production must include searchable text files (.TXT) which must be produced as separate document-level text files, not as fields within the .DAT file. Text

Rev. 02/2022

files must be named to correspond to the first page document number of the corresponding document being produced (e.g., ABC000001.txt). For unredacted documents, provide the unaltered extracted text. For redacted documents or documents without extracted text, provide the OCR-generated text.

**F. Native Files**. Electronic files that cannot be readily converted to an image format must be produced with a TIFF image placeholder and in their native file format. Examples of files that cannot readily be converted to image format include spreadsheets (Excel), databases, AutoCAD drawings, audio files, and video files. Native files must be named to match the endorsed document number on the corresponding TIFF image placeholder page (e.g., ABC000001.xlsx). In the event produced files require the use of proprietary software not commonly found in the workplace, the AGO will explore other format options with the producing party.

- **Spreadsheets**. Excel spreadsheets must be produced as a native file along with the extracted text and relevant metadata identified below for the entire spreadsheet, plus a document-numbered TIFF image slip-sheet stating the document has been produced in native format.

- **Presentations**. PowerPoint presentations must be produced as a native file along with the extracted text and metadata identified below for the entire presentation.

- **QuickBooks.** QuickBooks data should be produced in native format as either the company file (.qbw) or as a backup file (.qbb).

- **Audio from Telephone Recording Systems.** Audio files from telephone recording systems must be produced in a format that is playable using common media players. Additionally, the call information (metadata) related to each audio recording must be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file. The metadata must include, at a minimum, the following fields if they are maintained:

| Field Name | Description of Field |
| --- | --- |
| Caller Name | Caller's name |
| Caller Account Number | Caller's account number or similar identifier |
| Originating Number | Caller's phone number |
| Called Party Name | Called party's name |
| Terminating Number | Called party's phone number |
| Date | Date of call |
| Duration | Duration of call |
| Time | Time of call |
| Filename | Filename of audio file |

**G. Social Media Data.** Social media content should be preserved and produced in a format which includes metadata such as the URL or location/path, date/time captured, and other available properties. Most social media platforms, including Facebook[1], Instagram[2], and Twitter[3], provide a free data download tool which allows an account user to download their own data in electronic format.

**H. Mobile Device Data.** Mobile device data (e.g., text messages and chat/instant messaging) should be preserved and produced in electronic format. There are several low-cost applications which allow a user to extract text messages and other content from Android and iOS devices in electronic format. A forensic collection may also be appropriate depending on, for example, if relevant data has been deleted from the device.

**I. Deduplication**. Removal of duplicate documents must only be done on exact duplicate documents (based on MD5 or SHA1 or SHA256 hash values at the document level) *across all custodians* (global), and the All Custodians field will list each Custodian, who was a source of that document prior to deduplication. If a party is unable to provide such information within the All Custodians field, or if global deduplication would otherwise limit the ability to provide that a particular document was possessed by a custodian, then removal of duplicate documents must only be done on exact duplicate documents (based on MD5 or SHA1 or SHA256 hash values at the document level) *within a custodian*. If your production will be deduplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name and file location and, 2) make that unique metadata part of your production.

**J. Redactions**. ESI and scanned paper documents requiring redaction must be redacted prior to production. If available, native spreadsheet redactions are preferred over TIFF redactions to maintain the usability of the spreadsheet.

**K. Family Groups.** All document family groups, including email attachments and embedded files, must be produced together and children files must follow parent files sequentially in the document numbering. Section II identifies how the family documents must be produced to maintain the relationships.

**L. System Files**. Common operating system and program files need not be produced when removed as part of a DeNIST[4] process.

**M. Endorsements**. The producing party will brand all images with its corresponding document number (e.g., ABC000001) in the lower right-hand corner, using a consistent font type and size. The document number must not obscure any part of the underlying data. The producing party will brand all TIFF/JPEG images in the lower left-hand corner with applicable confidentiality designations (e.g., Confidential)., if any.

---

[1] https://www.facebook.com/help/212802592074644
[2] https://help.instagram.com/contact/505535973176353
[3] https://help.twitter.com/en/managing-your-account/how-to-download-your-twitter-archive
[4] https://www.nist.gov/itl/ssd/software-quality-group/national-software-reference-library-nsrl

**N. Malware**. All produced data must be free of viruses, malware, or other malicious content. Any files with viruses or malware must be quarantined by the producing party and noted in a log provided with the production data, which shall include all available metadata associated with the file(s), including Custodian information.

**O. Password Protected**. Documents must be produced decrypted. For any files where passwords are required, the producing party must provide a list of passwords necessary to view the document. If such protected data is encountered but unable to be processed, each file or container shall be reported as an exception in an accompanying log and shall include all available metadata associated with the file(s), including Custodian information.

**P. Paper Documents**. Paper documents must be scanned in a unitized format to clearly identify where one document starts and stops. **Combined scans of entire folders or boxes of documents are not acceptable**. Scanned documents must <u>not</u> be deduplicated – either by hash value or by human review. Custodian information must be provided for all paper documents to readily identify the source of the document.

## II.   METADATA AND CODED FIELDS

**A. Metadata**. The exchange of select metadata significantly enhances the usability and search characteristics of each production set. The producing party is not obligated to manually populate any of the fields below if such fields cannot be extracted from a file or generated by a document review software. Absent an agreement to the contrary, the metadata fields and coded field information listed below must be provided in a delimited file for every production.

| Field Name | Example / Format | Description of the Field | Scanned Paper | ESI |
|---|---|---|---|---|
| Begin Bates | ABC0000001 (Unique ID) | Document number associated with the first page of a document. | X | X |
| End Bates | ABC0000003 | Document number associated with the last page of a document. | X | X |
| Beg Attach | ABC0000001 | Document number associated with the first page of the parent document. | | X |
| End Attach | ABC0000008 | Document number associated with the last page of the last attachment. | | X |
| Protective Designation | Confidential | The protective designation, if any, for the document | X | X |
| Page Count | 10 | The number of pages for a document. | X | X |

4

| Has Redactions | Y/N | Y/N indicating if document has redactions. | X | X |
|---|---|---|---|---|
| Was Hard Copy | Y/N | Y/N field indicating if the document is a hard copy which has been scanned | X | X |
| Custodian | Smith, John | <u>Email</u>: Mailbox where the email resided.<br><u>Native</u>: Name of the individual, department, or data source from where the document originated from. | X | X |
| All Custodians | Smith, John; Jones, Mary | All custodians with same document prior to deduplication | | X |
| Author | jsmith | The author of a standalone e-file or attachment from metadata | | X |
| File Name | Document Name.xlsx | The file name of the native (original) file | | X |
| File Size | Numeric | Size of the original file processed, regardless of whether the file is produced in native format. | | X |
| File Extension | XLSX | The file extension of the original file processed, regardless of whether the file is produced in native format. | | X |
| Date Created | 1/1/2018 | For e-files and attachments, the document's creation date or operating system creation date. | | X |
| Date Last Modified | 3/1/2018 | For e-files and attachments, the document's last modified date or operating system last modified date. | | X |
| Date Sent | 1/1/2018 | The sent date of the email message. | | X |
| Date Received | 1/1/2018 | The received date of the email message. | | X |
| Time Sent | 7:00 AM | The sent time of the email message. | | |
| Time Received | 7:00 AM | The received time of the email message. | | |
| MD5 or SHA1 Hash | Alphanumeric | The calculated MD5 or SHA1 hash value of the document. | | X |

| | | | | |
|---|---|---|---|---|
| Document Title | New Document | The extracted document title of native file from file properties. | | X |
| From | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email. If only email address is given, then just list the email address. | | X |
| To | Joe Smith <jsmith@email.com>; tjones@email.com | Recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | Carbon copy recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | Blind carbon copy recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| Subject | Re: Urgent Message | The subject of the email message. | | X |
| Time Zone Processed | PST, CST, EST, etc. | The time zone files were processed in to properly identify date and time values. | | X |
| Native Link | NATIVES/ABC00001.xls | The full path to a native file of the document. | | X |
| Text Link | TEXT/ABC00001.txt | The full path to the extracted or OCR text of the document. | X | X |

B. **Optional Coded Fields.** The exchange of coded fields can significantly enhance the efficiency of responding to requests for production, interrogatories and preparing redaction logs. The producing party is not required to provide any of the coded fields below but may reference these coded fields when responding to requests for production of documents and interrogatories in lieu of document number ranges.

| Field Name | Example / Format | Description | Scanned Paper | ESI |
|---|---|---|---|---|
| Document Request | 01; 09 | A list of numbers that correspond to an associated request for production of documents. **semi-colon must be used to separate multiple entries. | X | X |
| Interrogatory | 14; 23 | A delimited list of numbers that correspond to an associated interrogatory. | X | X |

6

| | | **semi-colon must be used to separate multiple entries. | | |
|---|---|---|---|---|
| Redaction Reason | Attorney-Client Communication; Work Product | A delimited list of the reason for a redaction on each document. **semi-colon must be used to separate multiple entries. | X | X |

# EXHIBIT 3

**The Office of**
## Minnesota Attorney General Keith Ellison
helping people afford their lives and live with dignity and respect  •  www.ag.state.mn.us

January 26, 2023

**VIA CERTIFIED MAIL AND EMAIL**

National Paralegal & Notary                              **VIA EMAIL**
5550 Painted Mirage Road, #320               *info@nationalparalegnotary.com*
Las Vegas, NV  89149

       **Re:**    **In the Matter of Strategic Financial Solutions, LLC**

To Whom It May Concern:

      Enclosed and served upon you is a Civil Investigative Demand issued by the Minnesota Attorney General's Office.

      Pursuant to Minn. Stat. § 8.31, National Paralegal & Notary is required to answer interrogatories and produce documents within twenty (20) days of service of this Civil Investigative Demand.  Please note that National Paralegal & Notary may submit the answers to interrogatories by email or via an online file transfer service, a link for which will be provided at the time the answers are ready for production.

      I thank you for your attention to this matter.

                 Sincerely,

                 */s/ Evan Romanoff*

                 EVAN ROMANOFF
                 Assistant Attorney General

                 (651) 728-4126 (Voice)
                 evan.romanoff@ag.state.mn.us

Enclosure:    Civil Investigative Demand

STATE OF MINNESOTA
OFFICE OF THE ATTORNEY GENERAL
CIVIL INVESTIGATIVE DEMAND

In the Matter of Strategic Financial Solutions, LLC          **DEMAND FOR ANSWERS TO INTERROGATORIES AND REQUESTS FOR DOCUMENTS**

TO:     National Paralegal & Notary, 5550 Painted Mirage Road, #320, Las Vegas, Nevada 89148.

The Attorney General of the State of Minnesota has information providing reasonable grounds to believe that Strategic Financial Solutions may have violated or is about to violate the following Minnesota laws:  Minn. Stat. § 325F.69 (Prevention of Consumer Fraud Act); Minn. Stat. § 325D.44 (Deceptive Trade Practices Act); Minn. Stat. § 332A.03-.17 (Debt Management Services Act); and Minn. Stat. § 332B.03-.12 (Debt Settlement Services Act).  Specifically, the Attorney General has reasonable grounds to believe that Strategic Financial Solutions has engaged in unlawful, deceptive, and/or fraudulent practices through its marketing, selling, and provision of goods or services related to managing and settling consumer debts, and is advertising, selling, and providing debt management and debt settlement services to Minnesota consumers without first becoming registered as required by the Debt Management Services Act and Debt Settlement Services Act.

Pursuant to its investigation, the Attorney General may obtain discovery from any person regarding any matter, fact, or circumstance, not privileged, which is relevant to the subject matter of its investigation.  Accordingly, the Attorney General seeks to obtain the below discovery from National Paralegal & Notary, which the Attorney General has information providing reasonable grounds to believe has contracted with Persons affiliated with Strategic Financial Solutions to provide its services in Minnesota.

Pursuant to the authority vested in the Attorney General of the State of Minnesota and, more particularly, pursuant to Minn. Stat. § 8.31, it is hereby demanded that the following interrogatories be answered and sworn upon oath and, with the requested documents, be provided to Evan Romanoff, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1200, St. Paul, Minnesota 55101, within twenty (20) days of service of this Civil Investigative Demand.

If you do not comply with this Civil Investigative Demand, the Attorney General may apply to the District Court for an order compelling compliance in accordance with Minn. Stat. § 8.31, subd. 2a.

All information produced in response to this Civil Investigative Demand shall be governed by the provisions of the Minnesota Government Data Practices Act, Minn. Stat. §§ 13.01-13.90.

## **DEFINITIONS**

Unless otherwise defined in this Civil Investigative Demand, the following terms shall have these meanings:

1. "Communication" means any conversation, discussion, letter, email, memorandum, meeting, note or other transmittal of information or message, whether transmitted in writing, orally, electronically, or by any other means, and shall include any document that abstracts, digests, transcribes, records or reflects any of the foregoing, as well as any audio or video recordings.

2. "Document" means the original and copies, identical or non-identical, of any electronically stored information or handwritten, typewritten, electronic, printed, recorded or graphic matter of any kind in your possession, custody, or control, including electronic databases.

3. "Minnesota consumer" means any person with an address in the State of Minnesota or a telephone number with one of the following prefixes: 218, 320, 507, 612, 651, 763, or 952.

4. "Person" means any natural person, corporation, partnership, limited liability company, or association of persons, and encompasses the plural as well as the singular.

5.      "Contract" or "agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between or among two or more persons or entities, together with all modifications or amendments thereto.

6.      "Relate", "relating to," "related to", or "regarding" means referring, discussing, concerning or pertaining in any way, directly or indirectly.

7.      "You" or "Your" means **National Paralegal & Notary**," and any of its predecessors, successors, present or former parents, subsidiaries, or affiliates, whether direct or indirect; and all directors, officers, partners, employees, agents, contractors, consultants, representatives, and attorneys of the foregoing, or any other persons associated with or acting on behalf of the foregoing, or acting on behalf of any predecessors, successors, or affiliates of the foregoing.

8.      "Identify" and any derivation thereof means the following:

a.      when used in reference to a *natural person*, it means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's email address; and (4) the person's present or last known telephone number(s);

b.      when used in reference to a *non-natural person* or entity, it means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and under Minn. R. Civ. P. 30.02(f) would be designated to testify with respect to the matters involved in the interrogatory or request;

c.      when used in reference to a *document*, it means to (1) state the type of document (e.g., letter, memorandum, report, email, electronically stored information, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide the names and addresses of all persons who received a copy of the document; (6) provide a brief description of its contents; (7) indicate the present location of the document; and (8) provide the name and address of the person or persons having custody over the document.  In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question;

d.      with respect to *oral communications*, it means to set forth the following information:  (1) the substance of the communication; (2) the date and time of the communication; (3) the place of origin of the communication, and if different, as in the case of telephone communications, the place at which the communication was received; (4) the name and address of each originator and recipient of the communication; and (5) the name and address of all persons present at the place of origin, and if different, the place of receipt of the communication at the time the communication took place; and

3

      e.      when used in reference to a *factual situation or allegation*, it means to state with particularity and specificity all facts known which bear upon or are related to the matter which is the subject of the inquiry, using the simplest and most factual statements of which you are capable.

9.     "Sponsor Organization" means the Persons and entities identified in Exhibit A,[1] and all of their merged or acquired predecessors, successors, divisions, parents, subsidiaries, affiliates, unincorporated divisions, joint ventures, operations under assumed names, and all present and former directors, officers, members, managers, employees, independent contractors, agents, consultants, and other persons working for or on behalf of them.

10.    Any word or term not defined herein or by law is to be given its ordinary meaning or construction.

## **INSTRUCTIONS**

1.     Electronically stored information and hard copy documents should be produced in accordance with the production format specifications attached hereto.  All originals should be preserved until written notice from this Office or completion of this investigation.

2.     All documents and data compilations that relate to the subject matter of these interrogatories and requests for production of documents must be preserved, and any ongoing process of document destruction involving such documents or data must cease. Failure to preserve such documents or data will be regarded by the State as spoliation of evidence.

3.     If any document or data compilation relating to the subject matter of this Civil Investigative Demand is or has been discarded, destroyed, or redacted in whole or in part, please immediately notify the State of:  (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; and (c) the person who discarded, destroyed, or redacted the document or data compilation.

4.     Preface each answer and response with the interrogatory or document request to which it is addressed.  If you are unable to fully answer or respond, submit as much information as is available, explain why your answer or response is incomplete, and state the source or sources from which a complete answer or response may be obtained.

5.     Produced documents should be segregated and clearly marked or labeled as to the specific request to which they are responsive and are being produced.  Each produced document should be numbered consecutively and marked with a prefix and consecutive document

---

[1] The Attorney General is only seeking information regarding Minnesota consumers.  To the extent You contracted with any individual Sponsor Organization to provide services that did not involve Minnesota notaries, attorneys, or Minnesota consumers, You can so note and need not provide any information regarding that Sponsor Organization.

control number (*i.e.*, Bates numbers).

6.     The information demanded should always be interpreted to be inclusive rather than exclusive, including interpreting the following as appropriate:  the singular form of a word as plural, and vice versa; "and" to include "or," and vice versa; and the past tense to include the present tense, and vice versa.

7.     If you object to any interrogatory or request for production of documents in whole or in part on the basis of any claimed privilege or protection, identify the statement, communication, or subject matter for which you claim privilege or protection and set forth the factual basis on which you base your privilege or protection claim.

8.     Whenever a response to a request for production of documents would include documents or materials that are subject to updates and revisions, include all versions of such documents or materials.  For each version, state the approximate date you began using it, and, if applicable, the approximate date you stopped using it.

9.     Whenever these interrogatories or requests seek information specific to persons or activities in Minnesota that you are unable to produce separately, you should provide the information without regard to geographic limitation.

10.    The following Interrogatories and Requests for Production of Documents are continuing in nature and require further and supplemental production by you as and whenever you acquire, make or discover additional responsive information and documents.

11.    Provide all information and documents for the period from January 1, 2017 through the date of your response, unless otherwise specifically indicated.  If it is necessary to refer to a prior time to fully answer an Interrogatory or respond to a Document Request, you should do so.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person who assisted You in answering these Interrogatories and Document Requests.

**INTERROGATORY NO. 2:**

From the attached list of Sponsor Organizations (Exhibit A), identify all Sponsor Organizations that contracted with You to provide a Minnesota notary or attorney or to provide services in Minnesota.

**INTERROGATORY NO. 3:**

For each entity identified in Your response to Interrogatory No. 2, provide contact information for such entity, including (1) name and all known aliases under which the entity does business; (2) address; (3) phone number; (4) web address; (5) email address; and (6) the name of the individual associated with the entity with whom You communicated.

**INTERROGATORY NO. 4:**

Identify the time, date, and location of all assignments, presentations, signings, or other work performed within Minnesota or by Minnesota notaries or attorneys hired by You pursuant to a Contract with any Sponsor Organization, including if applicable the names of any Minnesota consumers.

**INTERROGATORY NO. 5:**

For each presentation, signing, or other work identified in Your response to Interrogatory No. 4, provide:

   a. The name of the Minnesota notary or attorney You hired;
   b. The amount paid to the Minnesota notary or attorney; and
   c. The instructions You provided to the Minnesota notary or attorney

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Produce copies of all documents that You referenced or relied upon in answering the above interrogatories.

**DOCUMENT REQUEST NO. 2:**

For each Sponsor Organization identified in Your response to Interrogatory No. 2, provide copies of all Contracts, presentations, instructions, scripts, and other Documents the Sponsor

Organization sent or provided You relating to assignments and signings to be performed in Minnesota.

**DOCUMENT REQUEST NO. 3:**

For each presentation, signing, or other work identified in Your response to Interrogatory No. 4, provide any Documents that were returned to You by the Minnesota notary or attorney after performing the presentation, signing, or other work.


Dated:  January 26, 2023

KEITH ELLISON
Attorney General
State of Minnesota


**_/s/ Evan Romanoff___**
EVAN ROMANOFF
Assistant Attorney General
Atty. Reg. No. 0398223
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
Email: evan.romanoff@ag.state.mn.us
Telephone:  (651) 728-4126
Fax:  (651) 296-7438

*Attorneys for State of Minnesota*

Exhibit A

| |
|---|
| A. Floria & Associates, PLLC, d/b/a Bedrock Legal, fka Raggio & Associates, PLLC |
| Agosto Law Group |
| American Financial Law Group, LLC |
| American Litigation Law Group, PLLC aka Amerilit |
| Anchor Law Firm, PLLC |
| Atlas Law |
| Boulder Legal Group |
| Canyon Legal Group, aka Jon Schulte & Associates LLC, aka JMS Industries, LLC |
| Carolina Legal Services, aka Daniel Rufty Legal, PLLC |
| Chinn Legal Group, aka Halo Group |
| Colonial Law Group |
| Consumer First Legal Group, LLC, aka Consumer First Legal Network |
| Cornerstone Legal Group, aka Cornerstone Law Group |
| Credit Advocates Law Firm |
| Crimson Legal Group |
| Donald Norris Associates PLLC |
| Dubin Legal Group |
| F Solutions, LLC, aka Elimadebt, LLC |
| Fast Track Debt Relief |
| Fontana Law Group, LLC, aka Crimson Legal Group, LLC |
| Freedom Financial Network |
| Frontier Consumer Law Group |
| Gardner Legal |
| Glacier Bay Law, aka Heiser Legal Group, LLC |
| Golden Law, aka Chabner Legal and Associates, LLP |
| Great Lakes Law Firm |
| Gustafson Legal, P.C. |
| Hailstone Legal Group |
| Harbor Legal Group, fka Atlas Law Group, LLC, aka Law Offices of George Anthony Yuthas |
| Heartland Legal Group, LLC |
| Henry Legal Group d/b/a Heartland Legal Group |
| Hinds Law, aka First America Law, aka Law Offices of Michelle Hinds, LLC |
| Law Office of Stacy Robinson and Associates |
| Law Offices of Daniel Ruggiero, aka Bella LG, Inc. |
| Magnuson Law |
| Monarch Legal Group, aka Burnette Legal Group, LLC |
| Newport Legal Group, aka Greene Legal Group |
| Northstar Legal Group |
| Option 1 Legal |
| Palisade Legal Group |
| Phoenix Legal Group |
| Pinnacle Law Group, PC |
| Pioneer Law Firm, aka Law Offices of John Dougherty and Associates |
| Protection Legal Group, aka PLG Operations, aka Jason Blust and Associates |
| Rockwell Legal Group, aka Hodyno & Associates |

Exhibit A

| |
|---|
| Royal Legal Group, LLC, aka Hodyno & Associates |
| Spring Legal Group, aka Law Office of Melissa Michel |
| Stonepoint Legal Group, aka Donald Norris Associates, PLLC |
| Strong Law Group, PLLC |
| The Commonwealth Law Group, aka Law Offices of Amber Florio, LLC |
| The Sands Law Group d/b/a Whitestone Legal Group |
| Turnbull Law Group, LLC, aka Turnbull & Associates |
| Watson Law, LLC |
| Whitestone (or White Stone or Whitestone Canyon) Legal Group, aka The Sands Law Group, LLP |
| WyoLaw, LLC, aka Summit Law Firm, LLC |
| |
| |
| |
| |
| |
| |
| |
| |

**Office of the Minnesota Attorney General**
**Production Format Specifications**

Electronically Stored Information ("ESI") and paper documents must be produced in a format consistent with loading into document review software, including images, native files, text, and associated metadata. **If you are unable to produce data in this manner, then you must provide the information in native electronic format with unaltered metadata.** (Note: An Adobe PDF file is not considered a native file unless the document was initially created as a PDF.) All paper documents must be scanned for production.

## I.   SPECIFICATIONS

**A.   Document Numbering.** Documents must be numbered and identified with a sequential, padded identifier (e.g., ABC000001). Document numbering must contain no spaces between the prefix and number. Document numbering must avoid ambiguous characters such as "O" or "l" or "I" unless the prefix is separated by a hyphen ("-") or underscore ("_"). If suffixing is required, the producing party must utilize a four-digit dot format (e.g., ABC00000001.0001). Parties producing documents in response to a Civil Investigative Demand (CID) are encouraged to include "CID" in the document numbering (e.g., ABC-CID-000001).

**B.   Images.** Paper documents and ESI that is conducive to being displayed in an image form must be produced as black & white single page TIFF images. All pages in color must be produced as color images and must be delivered as JPEG images. Production images must be named to match the corresponding page document number endorsement (e.g., ABC000001.tif).

- Production images for presentations (PowerPoint) must contain the presentation slides, presentation notes, and any other speaker information or hidden content.
- Production images for word processing documents (Word) must contain track changes, comments, and any other hidden content.

**C.   Image Cross-Reference File**. Each production set must include an image cross-reference file (.OPT) which links the images to the database records.

Sample OPT image load file:

IMG0000001,,..\001\ IMG0000001.TIF,Y,,,
IMG0000002,,..\001\ IMG0000002.TIF,,,,
IMG0000003,,..\001\ IMG0000003.TIF,,,,
IMG0000004,,..\001\ IMG0000004.TIF,Y,,,

**D.   Data File**. Each production set must include a delimited load file (.DAT) that contains all the fielded information that will be loaded into the database.

**E.   Text Files**. Each production must include searchable text files (.TXT) which must be produced as separate document-level text files, not as fields within the .DAT file. Text

1

files must be named to correspond to the first page document number of the corresponding document being produced (e.g., ABC000001.txt). For unredacted documents, provide the unaltered extracted text. For redacted documents or documents without extracted text, provide the OCR-generated text.

**F. Native Files**. Electronic files that cannot be readily converted to an image format must be produced with a TIFF image placeholder and in their native file format. Examples of files that cannot readily be converted to image format include spreadsheets (Excel), databases, AutoCAD drawings, audio files, and video files. Native files must be named to match the endorsed document number on the corresponding TIFF image placeholder page (e.g., ABC000001.xlsx). In the event produced files require the use of proprietary software not commonly found in the workplace, the AGO will explore other format options with the producing party.

- **Spreadsheets**. Excel spreadsheets must be produced as a native file along with the extracted text and relevant metadata identified below for the entire spreadsheet, plus a document-numbered TIFF image slip-sheet stating the document has been produced in native format.

- **Presentations**. PowerPoint presentations must be produced as a native file along with the extracted text and metadata identified below for the entire presentation.

- **QuickBooks.** QuickBooks data should be produced in native format as either the company file (.qbw) or as a backup file (.qbb).

- **Audio from Telephone Recording Systems.** Audio files from telephone recording systems must be produced in a format that is playable using common media players. Additionally, the call information (metadata) related to each audio recording must be provided. The metadata file must be produced in a delimited text format. Field names must be included in the first row of the text file. The metadata must include, at a minimum, the following fields if they are maintained:

| Field Name | Description of Field |
|---|---|
| Caller Name | Caller's name |
| Caller Account Number | Caller's account number or similar identifier |
| Originating Number | Caller's phone number |
| Called Party Name | Called party's name |
| Terminating Number | Called party's phone number |
| Date | Date of call |
| Duration | Duration of call |
| Time | Time of call |
| Filename | Filename of audio file |

**G. Social Media Data.** Social media content should be preserved and produced in a format which includes metadata such as the URL or location/path, date/time captured, and other available properties. Most social media platforms, including Facebook[1], Instagram[2], and Twitter[3], provide a free data download tool which allows an account user to download their own data in electronic format.

**H. Mobile Device Data.** Mobile device data (e.g., text messages and chat/instant messaging) should be preserved and produced in electronic format. There are several low-cost applications which allow a user to extract text messages and other content from Android and iOS devices in electronic format. A forensic collection may also be appropriate depending on, for example, if relevant data has been deleted from the device.

**I. Deduplication**. Removal of duplicate documents must only be done on exact duplicate documents (based on MD5 or SHA1 or SHA256 hash values at the document level) *across all custodians* (global), and the All Custodians field will list each Custodian, who was a source of that document prior to deduplication. If a party is unable to provide such information within the All Custodians field, or if global deduplication would otherwise limit the ability to provide that a particular document was possessed by a custodian, then removal of duplicate documents must only be done on exact duplicate documents (based on MD5 or SHA1 or SHA256 hash values at the document level) *within a custodian*. If your production will be deduplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name and file location and, 2) make that unique metadata part of your production.

**J. Redactions**. ESI and scanned paper documents requiring redaction must be redacted prior to production. If available, native spreadsheet redactions are preferred over TIFF redactions to maintain the usability of the spreadsheet.

**K. Family Groups.** All document family groups, including email attachments and embedded files, must be produced together and children files must follow parent files sequentially in the document numbering. Section II identifies how the family documents must be produced to maintain the relationships.

**L. System Files**. Common operating system and program files need not be produced when removed as part of a DeNIST[4] process.

**M. Endorsements**. The producing party will brand all images with its corresponding document number (e.g., ABC000001) in the lower right-hand corner, using a consistent font type and size. The document number must not obscure any part of the underlying data. The producing party will brand all TIFF/JPEG images in the lower left-hand corner with applicable confidentiality designations (e.g., Confidential)., if any.

---

[1] https://www.facebook.com/help/212802592074644
[2] https://help.instagram.com/contact/505535973176353
[3] https://help.twitter.com/en/managing-your-account/how-to-download-your-twitter-archive
[4] https://www.nist.gov/itl/ssd/software-quality-group/national-software-reference-library-nsrl

**N. Malware**. All produced data must be free of viruses, malware, or other malicious content. Any files with viruses or malware must be quarantined by the producing party and noted in a log provided with the production data, which shall include all available metadata associated with the file(s), including Custodian information.

**O. Password Protected**. Documents must be produced decrypted. For any files where passwords are required, the producing party must provide a list of passwords necessary to view the document. If such protected data is encountered but unable to be processed, each file or container shall be reported as an exception in an accompanying log and shall include all available metadata associated with the file(s), including Custodian information.

**P. Paper Documents**. Paper documents must be scanned in a unitized format to clearly identify where one document starts and stops. **Combined scans of entire folders or boxes of documents are not acceptable**. Scanned documents must <u>not</u> be deduplicated – either by hash value or by human review. Custodian information must be provided for all paper documents to readily identify the source of the document.

## II.   METADATA AND CODED FIELDS

**A. Metadata**. The exchange of select metadata significantly enhances the usability and search characteristics of each production set. The producing party is not obligated to manually populate any of the fields below if such fields cannot be extracted from a file or generated by a document review software. Absent an agreement to the contrary, the metadata fields and coded field information listed below must be provided in a delimited file for every production.

| Field Name | Example / Format | Description of the Field | Scanned Paper | ESI |
|---|---|---|---|---|
| Begin Bates | ABC0000001 (Unique ID) | Document number associated with the first page of a document. | X | X |
| End Bates | ABC0000003 | Document number associated with the last page of a document. | X | X |
| Beg Attach | ABC0000001 | Document number associated with the first page of the parent document. | | X |
| End Attach | ABC0000008 | Document number associated with the last page of the last attachment. | | X |
| Protective Designation | Confidential | The protective designation, if any, for the document | X | X |
| Page Count | 10 | The number of pages for a document. | X | X |

4

| Has Redactions | Y/N | Y/N indicating if document has redactions. | X | X |
|---|---|---|---|---|
| Was Hard Copy | Y/N | Y/N field indicating if the document is a hard copy which has been scanned | X | X |
| Custodian | Smith, John | <u>Email</u>: Mailbox where the email resided. <u>Native</u>: Name of the individual, department, or data source from where the document originated from. | X | X |
| All Custodians | Smith, John; Jones, Mary | All custodians with same document prior to deduplication | | X |
| Author | jsmith | The author of a standalone e-file or attachment from metadata | | X |
| File Name | Document Name.xlsx | The file name of the native (original) file | | X |
| File Size | Numeric | Size of the original file processed, regardless of whether the file is produced in native format. | | X |
| File Extension | XLSX | The file extension of the original file processed, regardless of whether the file is produced in native format. | | X |
| Date Created | 1/1/2018 | For e-files and attachments, the document's creation date or operating system creation date. | | X |
| Date Last Modified | 3/1/2018 | For e-files and attachments, the document's last modified date or operating system last modified date. | | X |
| Date Sent | 1/1/2018 | The sent date of the email message. | | X |
| Date Received | 1/1/2018 | The received date of the email message. | | X |
| Time Sent | 7:00 AM | The sent time of the email message. | | |
| Time Received | 7:00 AM | The received time of the email message. | | |
| MD5 or SHA1 Hash | Alphanumeric | The calculated MD5 or SHA1 hash value of the document. | | X |

| | | | | |
|---|---|---|---|---|
| Document Title | New Document | The extracted document title of native file from file properties. | | X |
| From | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email. If only email address is given, then just list the email address. | | X |
| To | Joe Smith <jsmith@email.com>; tjones@email.com | Recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | Carbon copy recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | Blind carbon copy recipient(s) **semi-colon must be used to separate multiple entries. | | X |
| Subject | Re: Urgent Message | The subject of the email message. | | X |
| Time Zone Processed | PST, CST, EST, etc. | The time zone files were processed in to properly identify date and time values. | | X |
| Native Link | NATIVES/ABC00001.xls | The full path to a native file of the document. | | X |
| Text Link | TEXT/ABC00001.txt | The full path to the extracted or OCR text of the document. | X | X |

**B. Optional Coded Fields.** The exchange of coded fields can significantly enhance the efficiency of responding to requests for production, interrogatories and preparing redaction logs. The producing party is not required to provide any of the coded fields below but may reference these coded fields when responding to requests for production of documents and interrogatories in lieu of document number ranges.

| Field Name | Example / Format | Description | Scanned Paper | ESI |
|---|---|---|---|---|
| Document Request | 01; 09 | A list of numbers that correspond to an associated request for production of documents. **semi-colon must be used to separate multiple entries. | X | X |
| Interrogatory | 14; 23 | A delimited list of numbers that correspond to an associated interrogatory. | X | X |

6

| | | **semi-colon must be used to separate multiple entries. | | |
|---|---|---|---|---|
| Redaction Reason | Attorney-Client Communication; Work Product | A delimited list of the reason for a redaction on each document. **semi-colon must be used to separate multiple entries. | X | X |