**Declaration of Karen Davis**

As provided by 28 U.S.C. § 1746, I, Karen Davis, hereby declare as follows:

1.      My name is Karen Davis.  I am a United States citizen over eighteen years of age. I reside in the State of New York.

2.      I am employed as a Senior Consumer Frauds Representative by the New York State Office of the Attorney General ("NYAG") and have been employed by the office for nineteen years.

3.      I make this declaration based on my personal knowledge and records on file with the NYAG.  If called as a witness, I could and would testify as follows.

4.      On November 29, 2021, the NYAG issued a subpoena to KeyBank N.A. ("KeyBank").  A true and correct copy of that subpoena is attached as **Exhibit 1**.

5.      On February 4, 2022, KeyBank made an initial production of records responsive to the subpoena.  On April 8, 2022, KeyBank made an additional production of responsive records.  On September 7, 2022, KeyBank made an additional production of responsive records.

6.      KeyBank provided a certification for each production of documents attesting to the authenticity of the business records.  These certifications are attached as **Exhibit 2**.

7.      On February 16, 2022, the NYAG issued a subpoena to ADP LLC ("ADP").  A copy of the subpoena is attached as **Exhibit 3**.

8.      On March 11, 2022, ADP made an initial production of documents in response to the subpoena.  On April 1, 2022, ADP made an additional production of documents in response to the subpoena.

9.      ADP provided a certification for its production of documents attesting to the authenticity of the business records.  A copy of the certification is attached as **Exhibit 4**.

10.     On October 20, 2023, the NYAG issued another subpoena to ADP.  A copy of the subpoena is attached as **Exhibit 5**.

11.     On November 8, 2023, ADP made a production of documents in response to the subpoena.  ADP provided a certification for its production of documents attesting to the authenticity of the business records.  A copy of the certification is attached as **Exhibit 6**.

12.     On May 5, 2022, the NYAG issued a subpoena to Deepgram Inc. ("Deepgram"). A copy of the subpoena is attached as **Exhibit 7**.

13.     On June 9, 2022, Deepgram produced materials responsive to the subpoena to the NYAG.

14.     In November 2020, NYAG staff visited the website of Ice Legal P.A. (www.icelegal.com, "Ice Legal") which publicly posted certain deposition transcripts and litigation materials from Ice Legal's debt settlement litigation.  The Ice Legal website also included a link to a "National Debt Settlement Litigation Database" that included documents relating to the firm's debt relief litigation bates stamped DSL 000001-006033.  These documents were downloaded by NYAG staff.  The documents are no longer publicly available on the Ice Legal website.

15.     In November 2020, NYAG staff visited the website for the Amherst Industrial Development Agency (https://www.amherstida.com/app/project/100022) and downloaded documents regarding Strategic Financial Solutions.  These documents are still publicly available as of the date of this declaration.

16.     The materials received by the NYAG from subpoenas KeyBank, ADP and Deepgram, and the documents downloaded by the NYAG from Ice Legal and the Amherst

Industrial Development Agency, were provided to the Consumer Financial Protection Bureau via encrypted hard drive and encrypted file transfer.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2024.

*Karen Davis*
_____
KAREN DAVIS

Davis Decl. Ex. 1



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**SUBPOENA DUCES TECUM**

**THE PEOPLE OF THE STATE OF NEW YORK**

TO:     **KeyBank N.A.**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to produce the documents and records listed below on the **29th day of November, 2021** at 10:00 o'clock in the forenoon at the New York State Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, New York pursuant to N.Y. Executive Law § 63(12).

As used herein "document" means the original and drafts of all written or graphic material, and all non-identical copies, however produced or reproduced, whether or not sent or received, including, but not limited to records, books, invoices, bills, receipts, diaries, directives, studies, contracts, agreements, correspondence, memoranda, notes, minutes, opinions, reports, summaries and charts and any other means by which information is recorded or transmitted, including, but not limited to, tape or video recordings, photographs, films, phone records, teletypes, telefax, thermafax, electronic mail, microfilm, punch cards, computer data, printouts and data processing records, translated, if necessary, by the respondent through detection devices into reasonably usable form.

Document shall further mean transcripts of accounts, opening account records and signature cards, bank statements, withdrawal tickets and checks drawn on the account, deposit tickets, copies of checks deposited, wire transfers, all credit, loan and correspondence files, safe deposit box records including contract and access records, credit and debit memos, all records and supporting documents regarding purchases of traveler's checks, cashier's checks, bank checks, and wire transfers charged to the account or paid in cash, confirmation and investigative files, all documentation in support of letters of credit and corporate bank resolutions.

The term "Bank" means KeyBank N.A. and its subsidiaries and affiliates.

The applicable time period for the records requested is from **January 1, 2016 to the present**.

"Applicable Account" shall mean:

1.     Any corporate account for the following entities:

     1.   Anchor Client Services, LLC
     2.   Atlas Client Services, LLC
     3.   Atlas Debt Relief, LLC
     4.   BCF Capital, LLC
     5.   Bedrock Client Services, LLC
     6.   Boulder Client Services, LLC

7.  Canyon Client Services, LLC
8.  Carolina Client Services, LLC
9.  Gardner Client Services LLC
10. Great Lakes Client Services LLC
11. Harbor Client Services, LLC
12. Heartland Client Services, LLC
13. Monarch Client Services, LLC
14. Northstar Client Services, LLC
15. Option 1 Client Services, LLC
16. Pioneer Client Servicing, LLC
17. Rockwell Client Services, LLC
18. Royal Client Services, LLC
19. Stonepoint Client Services, LLC
20. Strategic Client Support, LLC
21. Strategic Consulting, LLC
22. Strategic CS, LLC
23. Strategic Family, Inc.
24. Strategic Financial Solutions, LLC
25. Strategic FS Buffalo, LLC
26. Strategic NYC, LLC
27. Summit Client Services, LLC
28. T Fin, LLC
29. Timberline Financial, LLC
30. Value Credit, LLC
31. Versara Lending, LLC
32. Whitestone Client Services, LLC; and

2.  Any account that is in the name of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the Right to Financial Privacy Act, and for which any principal of any account identified above is a signatory.

For each Applicable Account, produce any and all documents in your possession or control that refer or relate to that account, including but not limited to:

1.  All signature cards, corporate resolutions, powers of attorney, history sheets, all documents relating to the opening of such account, and all other documents regarding signatories on the account;

2.  All monthly or periodic statements;

3.  All correspondence between the Bank and any person or entity regarding such account;

4.  All documents relating to deposits into such account, including but not limited to deposit tickets, checks, credit and wire transfers, ACH transfers, money orders, certified checks, cashier's checks, and any other deposit instruments, including any agreements and instructions regarding such credit instruments;

5.  All documents relating to withdrawals from such account, including but not limited to withdrawal tickets, checks, drafts, wire transfers, ACH transfers, money orders, certified checks, cashier's checks, and any other debit instruments, including any agreements and instructions regarding such debit instruments;

6. All documents referring or relating to any occasions on which the Bank suspended or terminated any of the Applicable Accounts, or suspended or terminated any service(s) to any of the Applicable Accounts;

7. All documents referring or relating to complaints from consumers and other third parties about any Applicable Account including, but not limited to:

    a. written complaints;

    b. notes of telephone conversations between the Bank and the consumer or other third party; and

    c. any reply or response.

8. To the extent an Applicable Account is a merchant account:

    a. All merchant account statements and transaction logs for such account;

    b. Documents sufficient to identify the volume (on a monthly basis) of charge backs, credits, and refunds processed through the Bank for such account, including all documents referring or relating to charge backs, credits, and refunds processed through the Bank for such account for the most recent three-month period;

    c. All documents referring or relating to fees and other payments that the Bank has charged or received for services provided to such account;

    d. All documents referring or relating to the amounts of any funds held in reserve or escrow on behalf of, in association with, or for the purpose of doing business with such account; and

    e. Documents sufficient to identify all deposit banks, merchant banks, clearing banks, or other financial institutions associated with such account.

**NOTE: The documents demanded by this subpoena exclude any information for which prior customer notice is required under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, *et seq.*   If you have any questions about these requests, please contact Assistant Attorney General Christopher L. Boyd at (716) 853-8457 before providing responsive documents.**

Under the provisions of Article 23 of the CPLR, you are bound by this subpoena to produce the requested items.   For a failure to attend on the above-designated date or any adjourned date, and to produce the items specified, you may be liable, in addition to any other lawful punishment, for the damages sustained by the State of New York, and for a penalty not to exceed Fifty Dollars.

WITNESS, Honorable LETITIA JAMES, Attorney General of the State of New York, the 25th day of October, 2021.

By:   *Christopher L Boyd*
_____
CHRISTOPHER L. BOYD
Assistant Attorney General
New York State
Office of the Attorney General
350 Main Street, Ste. 300A
Buffalo, New York 14202
(716) 853-8457
christopher.boyd@ag.ny.gov

**<u>YOU ARE REQUESTED NOT TO DISCLOSE</u>**

**This *subpoena duces tecum* relates to an official, nonpublic, law enforcement investigation currently being conducted by the Office of the Attorney General ("OAG"). You are requested not to disclose the existence of this *subpoena duces tecum* until you have been notified that the investigation has been completed. Premature disclosure could impede the OAG's investigation and interfere with its enforcement of the law.  If compliance with this request may result in a permanent or temporary termination of service(s), or otherwise alert the customer(s) or subscriber(s) as to your actions to produce the referenced information, please contact the OAG before taking such actions.   Questions regarding the disclosure of the existence of this *subpoena duces tecum* should be addressed to Christopher L. Boyd at (716) 853-8457 or christopher.boyd@ag.ny.gov.**

**<u>CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>**

**Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena the Bank to testify at future proceedings in order to establish the admissibility of documents produced in response to this *subpoena duces tecum*.   You are asked to execute this Certification and provide it with your response.**

**You may avoid the need to appear to produce the requested records by sending the records to Christopher L. Boyd, Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, NY 14202 on or before the date for compliance specified in the subpoena.**

## <u>CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>

1.      I, _____, have personal knowledge of the facts set forth
         (print name)
         below and am competent to testify as follows:

2.      I have authority to certify the authenticity of the records produced by KeyBank N.A. and

         attached hereto.

3.      The documents produced and attached hereto by KeyBank N.A. are originals or true

         copies of records of regularly conducted activity that:

         a)      Were made at or near the time of the occurrence of the matters set forth by, or

                 from information transmitted by, a person with knowledge of those matters;

         b)      Were kept in the course of the regularly conducted activity of KeyBank N.A.; and

         c)      Were made by the regularly conducted activity as a regular practice of KeyBank

                 N.A.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2021.


                                          _____
                                          Signature

Davis Decl. Ex. 2

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

1. I, _Chrisitne Allen_____, have personal knowledge of the facts set forth
   (print name)
   below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by KeyBank N.A. and

   attached hereto.

3. The documents produced and attached hereto by KeyBank N.A. are originals or true

   copies of records of regularly conducted activity that:

   a)   Were made at or near the time of the occurrence of the matters set forth by, or

        from information transmitted by, a person with knowledge of those matters;

   b)   Were kept in the course of the regularly conducted activity of KeyBank N.A.; and

   c)   Were made by the regularly conducted activity as a regular practice of KeyBank

        N.A.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on __February 3, 2022____, ☒☒☒.


_Christine Allen_ ꝏ_____
Signature

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**

1.    I, _Christine Allen_____, have personal knowledge of the facts set forth
          (print name)
      below and am competent to testify as follows:

2.    I have authority to certify the authenticity of the records produced by KeyBank N.A. and

      attached hereto.

3.    The documents produced and attached hereto by KeyBank N.A. are originals or true

      copies of records of regularly conducted activity that:

      a)    Were made at or near the time of the occurrence of the matters set forth by, or

            from information transmitted by, a person with knowledge of those matters;

      b)    Were kept in the course of the regularly conducted activity of KeyBank N.A.; and

      c)    Were made by the regularly conducted activity as a regular practice of KeyBank

            N.A.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on _April 8,2022_____, ☒⟨⟩☒

                              _Christine Allen_____
                              Signature

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

1.   I, Christine Allen                          , have personal knowledge of the facts set forth
        (print name)
     below and am competent to testify as follows:

2.   I have authority to certify the authenticity of the records produced by KeyBank N.A. and

     attached hereto.

3.   The documents produced and attached hereto by KeyBank N.A. are originals or true

     copies of records of regularly conducted activity that:

     a)   Were made at or near the time of the occurrence of the matters set forth by, or

          from information transmitted by, a person with knowledge of those matters;

     b)   Were kept in the course of the regularly conducted activity of KeyBank N.A.; and

     c)   Were made by the regularly conducted activity as a regular practice of KeyBank

          N.A.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on  September 7,2022        20  .


_____  ECN
                Signature

Davis Decl. Ex. 3



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

SUBPOENA DUCES TECUM
THE PEOPLE OF THE STATE OF NEW YORK

TO:  **ADP LLC**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to produce the documents and records listed below on the **1st day of March, 2022** at 10:00 o'clock in the forenoon at the New York State Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, New York pursuant to N.Y. Executive Law § 63(12).

The Attorney General deems the documents listed below relevant and material.   As used herein "document" means the original and drafts of all written or graphic material, and all non-identical copies, however produced or reproduced, whether or not sent or received, including, but not limited to records, books, invoices, bills, receipts, diaries, directives, studies, contracts, agreements, correspondence, memoranda, notes, minutes, opinions, reports, summaries and charts and any other means by which information is recorded or transmitted, including, but not limited to, tape or video recordings, photographs, films, phone records, teletypes, telefax, thermafax, electronic mail, microfilm, punch cards, computer data, printouts and data processing records, translated, if necessary, by the respondent through detection devices into reasonably usable form.

The applicable time period for the records requested is from **January 1, 2015 to the present**.

"Customer" shall mean Strategic Client Support, LLC and any of its subsidiaries, parents or affiliates.

For each Customer, produce the following documents in your possession, custody, or control:

1.  Documents sufficient to show all contact or identifying information relating to any Customer, including, but not limited to:
    a)  Full names, including any aliases, assumed names, also known as ("a/k/a"), or doing business as ("d/b/a") of the Customer;
    b)  Addresses;
    c)  Telephone and/or fax numbers; and
    d)  Email addresses and/or Web site addresses.

2.  All documents relating to contracts, applications, or agreements with each Customer.

3.  Documents sufficient to show all payroll records processed for each Customer and payroll processed with funds deposited by the Customer into an ADP client trust account.

4. Documents sufficient to identify each bank account from which you received payment for services from any Customer; and

5. All payment history information pertaining to payments made by or on behalf of the Customer, including, to the extent applicable:

    a) A copy of any check or draft used to pay;

    b) Information about any bank account used to pay through automatic debit, including the name of the bank account holder, the name of the bank, the account number debited, the amount of the debit, and the date of the debit; and

    c) Information about any credit card used to pay, including the name of the person or entity appearing on the credit card, the credit card account number, the type of credit card, the amount of the charge, and the date of the charge.

Under the provisions of Article 23 of the CPLR, you are bound by this subpoena to produce the requested items.   For a failure to attend on the above-designated date or any adjourned date, and to produce the items specified, you may be liable, in addition to any other lawful punishment, for the damages sustained by the State of New York, and for a penalty not to exceed Fifty Dollars.

WITNESS, Honorable LETITIA JAMES, Attorney General of the State of New York, the 16th day of February, 2022.

By:     *Christopher L Boyd*

CHRISTOPHER L. BOYD
Assistant Attorney General
NYS Office of the Attorney General
350 Main Street, Ste. 300A
Buffalo, New York 14202
(716) 853-8457
Christopher.Boyd@ag.ny.gov

2

## YOU ARE REQUESTED NOT TO DISCLOSE

This *subpoena duces tecum* relates to an official, nonpublic, law enforcement investigation currently being conducted by the Office of the Attorney General ("OAG"). You are requested not to disclose the existence of this *subpoena duces tecum* until you have been notified that the investigation has been completed. Premature disclosure could impede the OAG's investigation and interfere with its enforcement of the law. If compliance with this request may result in a permanent or temporary termination of service(s), or otherwise alert the customer(s) or subscriber(s) as to your actions to produce the referenced information, please contact the OAG before taking such actions. Questions regarding the disclosure of the existence of this *subpoena duces tecum* should be addressed to Christopher L. Boyd at (716) 853-8457 or christopher.boyd@ag.ny.gov.

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to issue a subpoena for testimony at future proceedings in order to establish the admissibility of documents produced in response to this *subpoena duces tecum*. You are asked to execute this Certification and provide it with your response.

You may avoid the need to appear to produce the requested records by sending the records to Christopher L. Boyd, Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, NY 14202 or christopher.boyd@ag.ny.gov on or before the date for compliance specified in the subpoena.

## PRODUCTION FORMAT

Production of documents in electronic format is preferred.   Production can be accepted via DVD, thumb drive or secure FTP.   Records maintained electronically in the ordinary course of business should be produced electronically to the extent possible. Spreadsheets, databases and similar files should be produced in native format.

## <u>CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>

1.    I, _____, have personal knowledge of the facts set forth
      (print name)
below and am competent to testify as follows:

2.    I have authority to certify the authenticity of the records produced by ADP, LLC and

attached hereto.

3.    The documents produced and attached hereto by ADP, LLC are originals or true copies

of records of regularly conducted activity that:

    a)    Were made at or near the time of the occurrence of the matters set forth by, or

from information transmitted by, a person with knowledge of those matters;

    b)    Were kept in the course of the regularly conducted activity of ADP, LLC; and

    c)    Were made by the regularly conducted activity as a regular practice ADP, LLC

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2022.


                              _____
                              Signature

Davis Decl. Ex. 4

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**

1.    I, _Nancy Pennella_, have personal knowledge of the facts set forth
(print name)
below and am competent to testify as follows:

2.    I have authority to certify the authenticity of the records produced by ADP, LLC and

attached hereto.

3.    The documents produced and attached hereto by ADP, LLC are originals or true copies

of records of regularly conducted activity that:

a)    Were made at or near the time of the occurrence of the matters set forth by, or

from information transmitted by, a person with knowledge of those matters;

b)    Were kept in the course of the regularly conducted activity of ADP, LLC; and

c)    Were made by the regularly conducted activity as a regular practice ADP, LLC


I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___3/11___, 2022.


_____
Signature

Davis Decl. Ex. 5



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**SUBPOENA DUCES TECUM**
**THE PEOPLE OF THE STATE OF NEW YORK**

TO:     **ADP LLC**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to produce the documents and records listed below on the **25th day of October, 2023** at 10:00 o'clock in the forenoon at the New York State Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, New York pursuant to N.Y. Executive Law § 63(12).

The Attorney General deems the documents listed below relevant and material.   As used herein "document" means the original and drafts of all written or graphic material, and all non-identical copies, however produced or reproduced, whether or not sent or received, including, but not limited to records, books, invoices, bills, receipts, diaries, directives, studies, contracts, agreements, correspondence, memoranda, notes, minutes, opinions, reports, summaries and charts and any other means by which information is recorded or transmitted, including, but not limited to, tape or video recordings, photographs, films, phone records, teletypes, telefax, thermafax, electronic mail, microfilm, punch cards, computer data, printouts and data processing records, translated, if necessary, by the respondent through detection devices into reasonably usable form.

"Customer" shall mean Strategic Client Support, LLC and Strategic CS LLC and any of their subsidiaries, parents or affiliates.

The applicable time period for the records requested for Strategic Client Support, LLC is from **April 1, 2022 to the present**. You need not produce records previously produced in response to the subpoena issued by the New York State Office of the Attorney General to ADP on February 16, 2022.

The applicable time period for the records requested for Strategic CS LLC is **January 1, 2018 to the present**.

For each Customer, produce the following documents in your possession, custody, or control:

1.  Documents sufficient to show all contact or identifying information relating to any Customer, including, but not limited to:
    a)  Full names, including any aliases, assumed names, also known as ("a/k/a"), or doing business as ("d/b/a") of the Customer;
    b)  Addresses;
    c)  Telephone and/or fax numbers; and
    d)  Email addresses and/or Web site addresses.

2. All documents relating to contracts, applications, or agreements with each Customer.

3. Documents sufficient to show all payroll records processed for each Customer and payroll processed with funds deposited by the Customer into an ADP client trust account.

4. Documents sufficient to identify each bank account from which you received payment for services from any Customer; and

5. All payment history information pertaining to payments made by or on behalf of the Customer, including, to the extent applicable:

   a) A copy of any check or draft used to pay;

   b) Information about any bank account used to pay through automatic debit, including the name of the bank account holder, the name of the bank, the account number debited, the amount of the debit, and the date of the debit; and

   c) Information about any credit card used to pay, including the name of the person or entity appearing on the credit card, the credit card account number, the type of credit card, the amount of the charge, and the date of the charge.

Under the provisions of Article 23 of the CPLR, you are bound by this subpoena to produce the requested items.   For a failure to attend on the above-designated date or any adjourned date, and to produce the items specified, you may be liable, in addition to any other lawful punishment, for the damages sustained by the State of New York, and for a penalty not to exceed Fifty Dollars.

WITNESS, Honorable LETITIA JAMES, Attorney General of the State of New York, the 20th day of October, 2023.

By:  *Christopher L. Boyd*
CHRISTOPHER L. BOYD
Assistant Attorney General
NYS Office of the Attorney General
350 Main Street, Ste. 300A
Buffalo, New York 14202
(716) 853-8457
Christopher.Boyd@ag.ny.gov

2

## YOU ARE REQUESTED NOT TO DISCLOSE

This *subpoena duces tecum* relates to an official, nonpublic, law enforcement investigation currently being conducted by the Office of the Attorney General ("OAG"). You are requested not to disclose the existence of this *subpoena duces tecum* until you have been notified that the investigation has been completed. Premature disclosure could impede the OAG's investigation and interfere with its enforcement of the law. If compliance with this request may result in a permanent or temporary termination of service(s), or otherwise alert the customer(s) or subscriber(s) as to your actions to produce the referenced information, please contact the OAG before taking such actions. Questions regarding the disclosure of the existence of this *subpoena duces tecum* should be addressed to Christopher L. Boyd at (716) 853-8457 or christopher.boyd@ag.ny.gov.

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to issue a subpoena for testimony at future proceedings in order to establish the admissibility of documents produced in response to this *subpoena duces tecum*. You are asked to execute this Certification and provide it with your response.

You may avoid the need to appear to produce the requested records by sending the records to Christopher L. Boyd, Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, NY 14202 or christopher.boyd@ag.ny.gov on or before the date for compliance specified in the subpoena.

## PRODUCTION FORMAT

Production of documents in electronic format is preferred. Production can be accepted via DVD, thumb drive or secure FTP. Records maintained electronically in the ordinary course of business should be produced electronically to the extent possible. Spreadsheets, databases and similar files should be produced in native format.

## **CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**

1.  I, _____, have personal knowledge of the facts set forth
      (print name)
    below and am competent to testify as follows:

2.  I have authority to certify the authenticity of the records produced by ADP, LLC and

    attached hereto.

3.  The documents produced and attached hereto by ADP, LLC are originals or true copies

    of records of regularly conducted activity that:

    a)  Were made at or near the time of the occurrence of the matters set forth by, or

         from information transmitted by, a person with knowledge of those matters;

    b)  Were kept in the course of the regularly conducted activity of ADP, LLC; and

    c)  Were made by the regularly conducted activity as a regular practice ADP, LLC


I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2023.


                                                      _____
                                                      Signature

Davis Decl. Ex. 6

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

1. I, _____Alice Quinn_____, have personal knowledge of the facts set forth
   (print name)
   below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by ADP, ~~LLC~~ *Inc.* and
   attached hereto.

3. The documents produced and attached hereto by ADP, ~~LLC~~ *Inc.* are originals or true copies
   of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or
      from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of ADP, ~~LLC~~ *Inc.*; and

   c) Were made by the regularly conducted activity as a regular practice ADP, ~~LLC~~ *Inc*

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _November 8_, 2023.

_____alie Quinn_____
Signature

Davis Decl. Ex. 7



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

## SUBPOENA DUCES TECUM
## THE PEOPLE OF THE STATE OF NEW YORK

TO:    **Deepgram, Inc.**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY REQUIRED to produce the documents and records listed below on the **14th day of June, 2022** at 10:00 o'clock in the forenoon at the New York State Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, New York pursuant to N.Y. Executive Law § 63(12).   This subpoena is direct to Deepgram, Inc., including its subsidiaries and affiliates.

The Attorney General deems the documents listed below relevant and material.   As used herein "document" means the original and drafts of all written or graphic material, and all non-identical copies, however produced or reproduced, whether or not sent or received, including, but not limited to records, books, invoices, bills, receipts, diaries, directives, studies, contracts, agreements, correspondence, memoranda, notes, minutes, opinions, reports, summaries and charts and any other means by which information is recorded or transmitted, including, but not limited to, audio or video recordings, photographs, phone records, mail, electronic mail, text message, computer data, printouts and data processing records, translated, if necessary, by the respondent through detection devices into reasonably usable form.

The applicable time period for the records requested is from **January 1, 2018 to the present**.

"Company" shall mean Strategic Consulting, LLC; Strategic Client Support, LLC; Strategic Client Services, LLC; Strategic Financial Solutions, LLC; Timberline Financial, LLC; Strategic Family, Inc. and any of their subsidiaries, parents or affiliates.

"You" shall mean Deepgram, Inc., including its subsidiaries and affiliates.

Produce all documents in your possession, custody, or control relating to each Company, including, without limitation:

- i.    Communications between You and the Company, including emails, text messages, and correspondence.
- ii.   Your internal communications regarding the Company.
- iii.  Documents sufficient to show all methods and sources of payment used by the Company to pay You.
- iv.   All audio data provided to You by the Company.
- v.    All audio transcript data provided to the Company by You.
- vi.   All contracts or agreements between You and Company.
- vii.  All applications and onboarding documents submitted by the Company to You.

Under the provisions of Article 23 of the CPLR, you are bound by this subpoena to produce the requested items.  For a failure to attend on the above-designated date or any adjourned date, and to produce the items specified, you may be liable, in addition to any other lawful punishment, for the damages sustained by the State of New York, and for a penalty not to exceed Fifty Dollars.

WITNESS, Honorable LETITIA JAMES, Attorney General of the State of New York, the 5th day of May, 2022.

By:       *Christopher L Boyd*

CHRISTOPHER L. BOYD
Assistant Attorney General
NYS Office of the Attorney General
350 Main Street, Ste. 300A
Buffalo, New York 14202
(716) 853-8457
Christopher.Boyd@ag.ny.gov

2

## YOU ARE REQUESTED NOT TO DISCLOSE

This *subpoena duces tecum* relates to an official, nonpublic, law enforcement investigation currently being conducted by the Office of the Attorney General ("OAG"). You are requested not to disclose the existence of this *subpoena duces tecum* until you have been notified that the investigation has been completed. Premature disclosure could impede the OAG's investigation and interfere with its enforcement of the law.  If compliance with this request may result in a permanent or temporary termination of service(s), or otherwise alert the customer(s) or subscriber(s) as to your actions to produce the referenced information, please contact the OAG before taking such actions. Questions regarding the disclosure of the existence of this *subpoena duces tecum* should be addressed to Christopher L. Boyd at (716) 853-8457 or christopher.boyd@ag.ny.gov.

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY

Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to issue a subpoena for testimony at future proceedings in order to establish the admissibility of documents produced in response to this *subpoena duces tecum*. You are asked to execute this Certification and provide it with your response.

You may avoid the need to appear to produce the requested records by sending the records to Christopher L. Boyd, Office of the Attorney General, 350 Main Street, Ste 300A, Buffalo, NY 14202 or christopher.boyd@ag.ny.gov on or before the date for compliance specified in the subpoena.

## PRODUCTION FORMAT

Production of documents in electronic format is preferred.   Production can be accepted via DVD, thumb drive or secure FTP.   Records maintained electronically in the ordinary course of business should be produced electronically to the extent possible. Spreadsheets, databases and similar files should be produced in native format.

**CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY**

1.      I, _____, have personal knowledge of the facts set forth
         (print name)
        below and am competent to testify as follows:

2.      I have authority to certify the authenticity of the records produced by Deepgram, Inc. and

        attached hereto.

3.      The documents produced and attached hereto by Deepgram, Inc. are originals or true

        copies of records of regularly conducted activity that:

        a)      Were made at or near the time of the occurrence of the matters set forth by, or

                from information transmitted by, a person with knowledge of those matters;

        b)      Were kept in the course of the regularly conducted activity of Deepgram, Inc.;

                and

        c)      Were made by the regularly conducted activity as a regular practice Deepgram,

                Inc.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2022.


                                          _____
                                          Signature