## DECLARATION OF M. LYNNE WEAVER

As provided by 28 U.S.C. § 1746, I, M. Lynne Weaver, hereby declare as follows:

1. My name is Margaret Lynne Weaver. I am a United States citizen and over eighteen years of age. I reside in the State of North Carolina.

2. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify to them.

3. I am employed as an attorney by the North Carolina Department of Justice ("NCDOJ").

4. On January 17, 2020, the NCDOJ issued a civil investigative demand ("CID") to Global Client Solutions, LLC ("Global"). A true and correct copy of the CID is attached hereto as **Exhibit 1**.

5. On March 6, 2020, Global produced responsive documents to NCDOJ via a secure link through electronic mail. Those documents are Bates numbered GCS_000001—GCS_001201.

6. On November 15, 2021, the NCDOJ issued a CID to the North Carolina State Bar ("NC State Bar"). A true and correct copy of the CID is attached hereto as **Exhibit 2**.

7. On December 1, 2021, the NC State Bar produced responsive documents to NCDOJ via a secure link through electronic mail.

8. On April 28, 2022, the documents that Global and the NC State Bar produced to NCDOJ in response to NCDOJ's CIDs were copied to thumb drives and

were sent by Federal Express, overnight delivery, to the Consumer Financial Protection Bureau.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2024.

_____
M. LYNNE WEAVER



| | | |
|---|---|---|
| Josh Stein<br>Attorney General | State of North Carolina<br>Department of Justice<br>9001 Mail Service Center<br>Raleigh, North Carolina 27699-9001<br>www.ncdoj.gov | Consumer Protection<br>toll-free in nc: 877.566.7226<br>outside of nc: 919.716.6000<br>fax: 919.716.6050 |

January 17, 2020

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Global Client Solutions LLC
4343 S. 118th East Avenue
Suite 220
Tulsa, Oklahoma 74146

Dear Sir or Madame:

     Enclosed is an Investigative Demand issued by this office pursuant to N.C. Gen. Stat. § 75-9. This Investigative Demand relates to an official, non-public investigation currently being conducted by the Attorney General into the activities of the Sponsor Organization as further identified in the attached document.

     We ask that you not disclose the existence of this Investigative Demand to the Sponsor Organization during the pendency of this investigation.

     We look forward to your prompt compliance in producing the documents requested in this Investigative Demand. Please contact the undersigned at 919-716-6039 or lweaver@ncdoj.gov if you have any questions about the Investigative Demand.

     We also ask that you notify us in advance by phone or email if the estimated cost of producing the documents requested in the Investigative Demand exceeds $200.

     Thank you in advance for your cooperation.

                                                                                 Sincerely,

                                                                                 M. Lynne Weaver
                                                                                 Special Deputy Attorney General
                                                                                 CONSUMER PROTECTION DIVISION

Enclosure:



# State of North Carolina
## Department of Justice
# INVESTIGATIVE DEMAND

TO:   Global Client Solutions, LLC
      4343 S. 118th East Avenue
      Suite 220
      Tulsa, Oklahoma 74146

    ***TAKE NOTICE: YOU ARE REQUIRED*** to produce for inspection and copying the records set forth in the attached document production request and tender such documents to the undersigned on **February 17, 2020** at 10:00 a.m. at the Office of the Attorney General, Consumer Protection Division, 2nd Floor Conference Room, 114 W. Edenton Street, Raleigh, North Carolina, or at such other time and place to which the parties may agree. In the alternative, copies of the requested documents may be delivered to the undersigned on or before the foregoing date.

    This request for production of documents relates to an investigation by the Attorney General pursuant to N.C. Gen. Stat. §§ 75-9 and 75-10 into the offering and provision of debt settlement services by the Sponsor Organization, as further identified in the attached Investigative Demand for Production of Documents.

    **Issued this 17th day of January, 2020, under my hand and seal pursuant to authority vested in me by Sections 75-9 and 75-10 of the General Statutes of North Carolina.**

                                    JOSHUA H. STEIN
                                    ATTORNEY GENERAL OF NORTH CAROLINA

By:   M. Lynne Weaver
      Special Deputy Attorney General
      Consumer Protection Division
      N.C. Department of Justice
      114 West Edenton St.
      Raleigh, North Carolina 27603
      Tel.: 919-716-6039
      Fax: 919-716-6050
      E-Mail: lweaver@ncdoj.gov

1

# INVESTIGATIVE DEMAND
# FOR PRODUCTION OF DOCUMENTS

## I. DEFINITIONS

As used in this Civil Investigative Demand ("CID"), the following definitions shall apply:

1. **"And,"** as well as **"or"** shall be construed both conjunctively and disjunctively, in order to bring within the scope of any request in this CID and all information that otherwise might be construed to be outside the scope of the request.

2. **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include the word **"any."**

3. **"Communication(s)"** means every disclosure, transfer, exchange, or transmission of information, whether oral, written, or electronic, and whether face to face, by telecommunications, computer, U.S. Mail, corporate internal mail, telecopier, telephone, text, email, facsimile machine, or otherwise.

4. **"Document,"** shall mean any written matter of every type and description, including any book, record, report, memorandum, paper, communication, tabulation, chart, log, electronic file, or other data or data compilation stored in any medium. "Document" shall also mean any non-identical copy (such as a draft or annotated copy) of the foregoing, however and by whomever prepared, produced, disseminated or made, regardless of origin or location. "Document" shall also include **Electronically Stored Information**.

5. **"Each"** shall be construed to include **"every,"** and **"every"** shall be construed to include **"each."**

6. **"Electronically Stored Information,"** or **"ESI,"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata or otherwise), regardless of origin or location, of electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a deleted items folder), word processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, whether stored on cards, magnetic or electronic tapes, disks, computer files, computer or other drives, cell phones, Blackberry, or other storage media, and such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

7. **"North Carolina consumer"** means a consumer who has a North Carolina residential address.

8. **"Person"** shall mean an individual, partnership, company, corporation, association

2

(incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

9. **"Sponsor Organization"** means **Carolina Legal Services** with a listed business address of 3440 Toringdon Way, Suite 05, Charlotte, North Carolina 28277, or alternatively, the debt settlement provider that contracted to provide services to North Carolina consumer Ronald Davis Sr., 2627 Old Northeast Rd, Lake Waccamaw, NC 28450-9341, Global Account # 6036335097846028, as identified in the attached **Attachment A**.

10. **"You," "your"** and **"Global"** mean **Global Client Solutions, LLC** and any company related to Global Client Solutions, LLC, including but not limited to any company sharing any common ownership with Global Client Solutions, LLC.

11. Any verb used in any tense shall be read to mean such verb in all of its tenses; the singular shall include the plural, and vice versa.

## II. INSTRUCTIONS

1. **Confidentiality:** This CID relates to an official, nonpublic, law enforcement investigation being conducted by the Attorney General. We ask your voluntary cooperation in not disclosing the existence of the CID outside your organization, except to legal counsel, until you have been notified that the investigation has been completed. Premature disclosure could impede the Attorney General's investigation and interfere with its enforcement of the law.

2. **Scope:** This CID requests production of all described documents in your possession, custody or control without regard to the person or persons by whom or for whom the documents were prepared.

3. **ESI:** Your responses to these requests for production should include all relevant electronically stored information in your possession, custody, or control.

4. **Privileged Documents:** This request includes documents in possession of your employees, agents, representatives, and attorneys, unless privileged. If any document or information is withheld under claim of privilege, identify the document and state the basis for the privilege, and provide a detailed privilege log that contains at least the following information for each document or information that you have withheld:

   a. The name of each author, writer, sender, creator, or initiator of such document;
   b. The name of each recipient, addressee, or party for whom such document was intended or to whom the document was sent;
   c. The date of such document, or an estimate thereof if no date appears on the document;
   d. The general subject matter of the document; and

3

  e. The claimed grounds for withholding the document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

  5. **Page Numbering:** You shall consecutively number each page of all documents or information produced with your response and indicate the total number of pages produced with your response. This page numbering must be separate from and must not alter any original page numbering on the responsive documents or information.

  6. **Incomplete Response:** If you are unable to fully respond to any request for documents, supply all of whatever information is actually available. Designate such incomplete information as incomplete and accompany the information with an explanation that includes the reasons for the incomplete answer; a description of any and all of your efforts to obtain the information; and the source from which the Office of the Attorney General may obtain information to complete your response. If books, records, or other sources that provide accurate answers are not available, provide your best estimates and describe how you derived the estimates, including the sources or bases of such estimates. Designate estimated data as such by marking it with the "est." notation. If there is no reasonable way for you to make an estimate, provide an explanation.

  7. **Documents No Longer Exist:** If particular documents responsive to this CID no longer exist for reasons other than the ordinary course of business but you have reason to believe they have been in existence, describe the documents, state the circumstances under which such documents were lost or destroyed, and identify persons having knowledge of the content of the documents.

  8. **Applicable Time Period for Responsive Materials:** Unless otherwise directed, the applicable time period for the request shall be <u>from January 1, 2017 until the date of full and complete compliance with this CID.</u>

  9. **Certification:** The person to whom the CID is directed or, if not a natural person, any person having knowledge of the facts and circumstances relating to the production, shall certify that the response to this CID is true, correct, and complete. This certification shall be made on the form declaration included with this CID, or by a sworn affidavit.

## III.  <u>INFORMATION REQUESTED TO BE PRODUCED</u>

  1. A list or other documents identifying all consumers, both active and inactive, who have contracted with the Sponsor Organization for the provision of debt settlement services, and/or all consumers whose bank accounts have been debited or drafted by Global pursuant to its agreement with the Sponsor Organization or with such consumer.

  2. For each such consumer identified in response to Request No. 1, provide a summary report or other documents identifying the following:

4

    a. The consumer's full name;
    b. The consumer's address, including the street, city, state and zip code;
    c. The consumer's telephone number; and
    d. The consumer's e-mail address.

3. For each **North Carolina consumer** identified in response to Request No. 1, **provide an Excel spreadsheet in native electronic form** that contains the following information:

    a. The special purpose or other specialized account's (hereafter, "account") set-up date, specifically, the date on which an account was established on behalf of the consumer;

    b. Identification of the bank at which the account was established;

    c. All debits by Global from the consumer's primary bank account, including the date and amount of each such debit;

    d. All disbursements by Global to the Sponsor Organization for payment of the Sponsor Organization's fees, including the date and amount of each disbursement;

    e. All disbursements of fees made to any other person, including the date and the amount of each disbursement, and the name of the third party payee;

    f. All disbursements made to Global for Global's fees, including the date of the disbursement and the amount of the disbursement;

    g. All disbursements made by Global to the consumer's creditors, including the creditor's name, date of disbursement, and the amount of the disbursement;

    h. All disbursements made to the bank at which the account is established, including the date of the disbursement and the amount of the disbursement;

    i. Whether the consumer's account is active or closed;

    j. If the account is active, the amount of the current reserve balance available for settlement with the consumer's creditors;

    k. If the account is closed, the date on which the account was closed; and

    l. All amounts refunded or disbursed to the consumer, including the date of such disbursement and the amount of the refund or disbursement.

4. The Account Statement attached as **Attachment A** indicates that fees were withdrawn from the bank accounts of North Carolina consumers to compensate individuals or

5

persons for services, other than for services provided by Global. For example, **Attachment A** references a "Service Fee," a "Retainer Fee," and an "Admin Fee," among others. With respect to every individual or person to whom Global transferred fees that Global withdrew from the bank account of a North Carolina consumer, please provide the following, to the extent not previously provided in response to Request No. 3:

    a. The name of each individual or person that was the actual recipient of the disbursement of fees;

    b. The address and phone number of each individual or person;

    c. To the extent that Global transferred the fees to the identified individual or person via ACH transfer or other electronic transfer, the name and location of the financial institution to which the fees were transferred and all information that Global used to transfer the fees to the financial institution, including but not limited to the account number and routing number used by Global to make the transfer. As part of your response, produce the wire transfer instructions or other documents that instruct (or instructed) Global regarding how to wire or otherwise physically transfer the fee payments.

    d. To the extent that Global transferred or otherwise distributed the fees to the identified individual or person via means other than electronic transfer, a description of the manner in which Global transferred the fees and a description of the identifying information that Global used to transfer the fees to the intended recipient.

Please limit your response to exclude fees paid to Global, and to individuals or persons who were creditors of North Carolina consumers and received a transfer of funds as payment for the settlement of a debt alleged to be owed by a North Carolina consumer to such third party creditor.

    5. All documents referring to or relating to the Sponsor Organization, including but not limited to the following:

    a. All contracts, agreements, or memoranda of understanding entered into between Global and the Sponsor Organization;

    b. A copy of any exemplar debt settlement services agreement used by the Sponsor Organization; and

    c. All documents, including electronic mail, memoranda, or other written correspondence, relating to the establishment and ongoing provision of services by Global for the Sponsor Organization and the Sponsor Organization's customers.

6

      6.     To any extent not produced in response to Request No. 5, all communications relating to the Sponsor Organization, including but not limited to all communications between Global and the Sponsor Organization, or between Global and any third party relating to the Sponsor Organization or referring to the Sponsor Organization.

      7.     Copies of any complaints or inquiries received by Global from any consumer customer of the Sponsor Organization(s), or any documents evidencing such complaint or inquiry, such as electronic mail, telephone logs, written correspondence, or any other documents; <u>and</u> any and all documents referring to or relating to such inquiry or complaint, <u>including but not limited to</u>: correspondence to and from the Sponsor Organization(s) relating to the inquiry or complaint; correspondence to and from any third party relating to the inquiry or complaint; any response by the Sponsor Organization or any third party to the inquiry or complaint.

## **CERTIFICATION**

I, _____, having made the foregoing responses to the Civil Investigative Demand issued by the North Carolina Attorney General on January 17, 2020, certify under penalty of perjury, that I have authority to certify the authenticity of the records produced by Global Client Solutions LLC and attached hereto; and I know the responses herein to be true, correct and complete.

      Signature: _____

      Title or Position: _____

      Date: _____

      City and State: _____

8

Global Client Solutions LLC
4343 S. 118th East Ave, Suite 220
Tulsa, OK 74146



May 24, 2019

**RETURN SERVICE REQUESTED**

Ronald ███████
███████████
Lake Waccamaw, NC  28450-9341



Global Client Solutions LLC
Account #: ███████████

## Welcome to Global Client Solutions LLC

Welcome to Global Client Solutions LLC (Global)! We are the account provider for your dedicated account (Account). We invite you to read the following carefully and in its entirety because it contains important information regarding your Account. Let's start with frequently asked questions about your Account.

The first question most customers ask is: "How do I access my Account?"

- Your Account may be accessed via the Internet or by calling our Customer Support line at (800) 398-7191. See below for more details on how to access your Account through these different methods.

- Internet access requires that you create a User Name and Password. Simply go to https://myaccount.globalclientsolutions.com and click the "New User" link on the log in screen. You'll need your 16-digit Global Account ID, your zip code, and the last 4 digits of your Social Security Number. Follow the prompts to complete the set up. You may also contact Customer Support at (800) 398-7191 for assistance.

- Telephone access requires that you use your 4-digit IVR Passcode to access Account Information. Additionally, your Passcode may be used for verification purposes if you need to contact a customer support representative. To obtain your Passcode, please contact Customer Support at (800) 398-7191.

- We encourage you to take advantage of these access methods to monitor your Account on a regular basis.

---

**CUSTOMER SUPPORT INFORMATION**

**Website Address:**

https://myaccount.globalclientsolutions.com

**Correspondence Address:**

4343 S. 118th East Ave, Suite 220
Tulsa, OK 74146
Telephone: (800) 398-7191
Fax: (866) 355-8228
Email: customersupport@globalclientsolutions.com

**DEPOSIT INSTRUCTIONS**

**Payment Address:**

PO Box 690870
Tulsa, OK 74169

**Express Mail Payment Address:**

Attn: Banking Services
4343 S. 118th East Ave, Suite 220
Tulsa, OK 74146
Telephone: (800) 398-7191

**Wire Transfer Instructions:**

US Bank N.A.
Kansas City, MO 64105
ABA: 101000187
For Credit to: Global Client Solutions LLC
Administrator - Master Account for Consumers on File
4343 S. 118th East Ave, Suite 220
Tulsa, OK 74146
Account #: 145592004215
For further credit to: Ronald Davis Sr.,
6036335097846028

**MoneyGram Instructions:**

The MoneyGram Agent Locator can be found at: www.moneygram.com

Sending Instructions:
Pay to: Global Client  US BANK
Receive Code: 7926
Account #: DR97846028

---

Attachment A

From: Customer Support <customersupport@globalclientsolutions.com>
To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Subject: [#2628878]: cancellation instructions
Date: Fri, Aug 16, 2019 1:14 pm

Hello,

Please provide us with the following information to process the cancellation of your Global Client Solutions account.

- Name (first & last)
- 16 digit account number or SSN
- Mailing address
- Phone number
- Amount of monthly draft
- Statement to close/cancel my account

*** You must use the words 'close my account' or 'cancel my account' in your request to have your account closed. Your email reply must also come from the email we have on file. ***

You may send your request any of the following ways.

**Email**
CustomerSupport@GlobalClientSolutions.com or by clicking on 'Reply' on your email.

**Fax**
1-866-355-8228

**Mail**
4343 S. 118th E. Ave., Suite 220
Tulsa, OK 74146


Upon receipt, we will verify your information and close your account. **There is a minimum of five (5) business days** of processing time on all cancellations. After the fifth day, your available balance, if applicable, will be returned to you.

Thank you,


Global Client Solutions
tel 800.398.7191 | fax 866.355.8228
www.globalclientsolutions.com



Ticket Details

Ticket ID: 2628878
Department: Customer Service
Type: Issue
Status: Closed
Priority: Medium


**GLOBAL Client Solutions**

Welcome Back Ronald

## Completed Transactions

Displaying completed transactions for the account

☐ Display Posted Transactions Only

**Displaying transactions of**
(●) All Transaction Types  ( ) Deposits  ( ) Fees  ( ) Payments

**Transaction Period**
( ) Current Month  ( ) Last Month  (●) Last 3 Months
( ) Custom Date Range

[ Submit ]

### Transactions

Download Documents

| Date | Amount | Transaction Type | Payee Name | Status | Draft Type | Memo | Check Images |
|---|---|---|---|---|---|---|---|
| 19 Jun 2019 | ($114.37) | Fee | | Clear | Customer Fee | Service Fee | |
| 19 Jun 2019 | ($50.00) | Fee | | Clear | Customer Fee | Retainer Fee | |
| 19 Jun 2019 | $243.29 | Deposit | | Clear | Deposit | ACH Monthly Draft | |
| 17 Jun 2019 | ($27.50) | Fee | | Clear | Customer Fee | Admin Fee ($55) Mo 1-9 | |
| 5 Jun 2019 | ($114.37) | Fee | | Clear | Customer Fee | Service Fee | |
| 5 Jun 2019 | ($27.50) | Fee | | Clear | Customer Fee | Admin Fee ($55) Mo 1-9 | |
| 5 Jun 2019 | ($50.00) | Fee | | Clear | Customer Fee | Retainer Fee | |
| 5 Jun 2019 | ($10.95) | Fee | | Clear | Transaction Fee | Monthly Service Charge | |
| 5 Jun 2019 | $243.29 | Deposit | | Clear | Deposit | ACH Monthly Draft | |
| 3 Jul 2019 | ($114.37) | Fee | | Clear | Customer Fee | Service Fee | |
| 3 Jul 2019 | $243.29 | Deposit | | Clear | Deposit | ACH Monthly Draft | |

1  2  ▶  ℋ  10 ⌄

Total Records: 14

Global Client Solutions
Customer Support

Ronald ▮

Acct: ▮

▮ Rd.
Lake Waccamaw, NC 28450
▮

$ 486.58

Please close my account as of today 8/16/2019 and stop future draft from my Checking acct.

If you want to know the reason, you can contact me.

Thank You

Ronald ▮



JOSH STEIN
ATTORNEY GENERAL

REPLY TO:
M. LYNNE WEAVER
SPECIAL DEPUTY ATTORNEY GENERAL
LWEAVER@NCDOJ.GOV

# State of North Carolina
## Department of Justice
# INVESTIGATIVE DEMAND

TO:   The North Carolina State Bar
      217 E. Edenton Street
      Raleigh, NC 27601
      Attn:  Alice N. Mine
             Executive Director

**TAKE NOTICE:**   The North Carolina State Bar is requested to produce to the undersigned on or before Wednesday, December 1, 2021, either electronically to Lweaver@ncdoj.gov or to the physical address shown below, the following documents and records:

Certain documents and records relating to the North Carolina State Bar's investigation and discipline of Daniel S. Rufty, and specifically, the following documents and records: (1) Documents produced to the North Carolina State Bar by Daniel S. Rufty and/or Carolina Legal Services; (2) Transcripts of all hearings, depositions, witness interviews, meetings, and/or any other proceeding that was transcribed, together with all documents introduced or produced at any such hearing, deposition, interview, meeting, or other proceeding; and (3) Affidavits and formal grievance complaints.

This investigative demand expressly does not seek documents protected by the work product privilege; reports of counsel to the Grievance Committee; or any internal communications among counsel, investigators, and/or any other employees of the North Carolina State Bar.

This investigative demand relates to an investigation by the Attorney General of North Carolina of the business activities of Carolina Legal Services and related entities and persons for possible violations of North Carolina's Debt Adjusting Act, N.C.G.S. § 14-423, et seq., and Unfair and Deceptive Practices Act, N.C.G.S. § 75-1.1.

**Issued this 15th day of November, 2021, under my hand and seal pursuant to authority vested in me by Sections 75-9 and 75-10 of the General Statutes of North Carolina.**

                                        **JOSHUA H. STEIN**
                                        **NORTH CAROLINA ATTORNEY GENERAL**

By: _____
                                        M. Lynne Weaver
                                        North Carolina State Bar No. 19397
                                        Special Deputy Attorney General
                                        Consumer Protection Division
                                        114 W. Edenton Street
                                        Raleigh, North Carolina 27603
                                        Telephone: (919) 716-0039
                                        Mobile: (919) 413-1367
                                        Facsimile: (919) 716-6050
                                        E-mail: lweaver@ncdoj.gov