UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al.<br><br>    Defendants, and<br><br>DANIEL BLUMKIN, et al.,<br><br>    Relief Defendants. | CASE NO. 1:24cv00040 JLS-MJR |

**[PROPOSED] REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**

   This Report and Recommendation concerns Plaintiffs Consumer Financial Protection Bureau, the People of the State of New York, by Letitia James, Attorney General of the State of New York, the State of Colorado *ex rel.* Philip J. Weiser, Attorney General, the State of Delaware *ex rel.* Kathleen Jennings, Attorney General, the People of the State of Illinois through Attorney General Kwame Raoul, the State of Minnesota by its Attorney General Keith Ellison, the State of North Carolina *ex rel.* Joshua H. Stein, Attorney General, and the State of Wisconsin's (collectively, Plaintiffs), Motion to Extend the Temporary Restraining Order (TRO) in this case until February 8, 2024.

**I.  FINDINGS**

1. On January 10, 2024, Plaintiffs filed a Complaint alleging Defendants have violated the Telemarketing and Consumer Fraud and Abuse Prevention Act (Telemarketing Act), 15 U.S.C. §§ 6102(c), 6105(d); the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; New York Executive Law § 63(12); New York General Business Law (GBL) Article 22-A; Wis. Stat. § 218.02; and Wis. Admin. Code § DFI-Bkg ch. 73. Dkt. #1. On this same date, Plaintiffs filed a Motion for a TRO. Dkt. #5.

2. On January 11, 2024, the Honorable Lawrence J. Vilardo issued the TRO requested by Plaintiffs. Dkt. #12. Judge Vilardo concluded that there was good cause to believe that Defendants have engaged and continue to engage in acts that violate the Telemarketing Act and the TSR, and that Plaintiffs are "likely to prevail on the merits of this action based on the declarations, bank records, and other evidence submitted" by the Plaintiffs. *Id.* at 2.

3. Judge Vilardo further found good cause to believe consumers would "suffer immediate and continuing harm from Defendants ongoing violations" if Defendants were not restrained and enjoined by order of the court. *Id.* He thus determined that it was in the public interest to: (1) appoint a temporary receiver who would have immediate access; (2) order Defendants and Relief Defendants to preserve documents; (3) freeze certain assets; and (4) permit Plaintiffs to take limited expedited discovery. *Id.* at 2-3.

4. The TRO issued by Judge Vilardo expires on January 25, 2024.

5. On January 18, 2024, this Court held a status conference at which the Court scheduled an evidentiary hearing on February 1 and 2, 2024, regarding Plaintiffs' Motion for a Preliminary Injunction.

6. On January 22, 2024, Plaintiffs filed a Motion to Extend the TRO.

## CONCLUSIONS OF LAW

1.	This Court has subject matter jurisdiction over the subject matter of this case, there is good cause to believe that it will have jurisdiction over all parties hereto, and venue in this district is proper.

2.	Federal Rule of Civil Procedure 65(b)(2) provides that TROs shall "expire at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Fed. R. Civ. P. 65(b)(2).

3.	A party can demonstrate good cause, by showing that the original grounds for granting the TRO continue to exist or "where more time is needed fully to consider the parties' arguments and motions or where the moving party need[s] additional time to prepare and present its [case for a] preliminary injunction." *Costa v. Bazron*, No. 19-cv-3185, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (internal quotations and citation omitted); *see also Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351-FPG, 2018 WL 1428254, at *4 (W.D.N.Y. Mar. 2, 2018) (extending a TRO for fourteen days because it would prevent irreparable harm to plaintiffs while giving defendants time to assert arguments against preliminary injunctive relief).

4.	Here, if the TRO is not extended beyond its current expiration date, it will expire before the evidentiary hearing occurs, before the Court has a chance to issue a Report and Recommendation (R&R) regarding Plaintiff's Motion for a Preliminary Injunction, and before the district court has the opportunity to review the R&R and rule upon Plaintiffs' Motion for a Preliminary Injunction.

5.	The public interest will be harmed if the TRO expires before there is a ruling on Plaintiffs' Motion for a Preliminary Injunction because Defendants may continue to request and receive advance fees and charge fees untethered from results related to settlements of consumer debt, destroy important documents and records, and dissipate assets.

6.      Thus, weighing the equities and considering Plaintiffs' likelihood of success on the merits, it is recommended that the Court extend the TRO until February 8, 2024 as permitted by Fed. R. Civ. P. 65(b)(2).

7.      It is further recommended that the 14-day time period permitted by Federal Rule of Civil Procedure 72 to object to this Report and Recommendation should be waived because it would be contrary to the interest of justice and inconsistent with Federal Rule of Civil Procedure 65 to permit this objection period here. Waiving this time period will preserve the district court's ability to address the motion on or before January 25, 2024.


Dated:                                                                    _____
                                                                          HONORABLE MICHAEL J. ROEMER
                                                                          UNITED STATES MAGISTRATE JUDGE