IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br> Defendants, and <br><br> DANIEL BLUMKIN, *et al.*, <br><br> Relief Defendants. | NO. 24-CV-0040-JLS-MJR <br><br> Honorable John L. Sinatra, Jr. <br> Judge Presiding <br><br> Honorable Michael J. Roemer <br> Magistrate Judge |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO ALLOW NON-PARTY WITNESSES TO TESTIFY REMOTELY AT PRELIMINARY INJUNCTION HEARING

Plaintiff the People of the State of New York by Letitia James, Attorney General of the State of New York brings this motion pursuant to Rule 43(a) of the Federal Rules of Civil Procedure requesting that Plaintiffs' non-party witnesses be allowed to appear via videoconferencing technology at the preliminary injunction hearing scheduled for February 1-2, 2024.

This Court scheduled a preliminary injunction hearing in the above-captioned matter for February 1-2, 2024 at 9:00 a.m. EST. *See* Dkt. 50. This Court's Standing Order states, "[i]t is Judge Roemer's preference that parties attend all Court proceedings in-person," but that requests to appear remotely "will be considered in special circumstances and on a case-by-case basis."

1

Magistrate Michael J. Roemer's Judges' Information Page, https://www.nywd.uscourts.gov/content/hon-michael-j-roemer (last visited on Jan. 19, 2024). Plaintiffs submit this memorandum in support of a request that this Court permit remote testimony of their non-party witnesses who live beyond the subpoena range of this Court.

A trial court has broad discretion in controlling the mode and order of interrogating witnesses and presenting evidence. *Virtual Architecture, Ltd. v. Rick*, No. 08-cv-5866, 2012 U.S. Dist. LEXIS 15118, at *5 (S.D.N.Y. Feb. 7, 2012) (citing Fed. R. Evid. 611); *see also SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) ("[W]e are mindful of the wide latitude that traditionally has been afforded to district courts both in determining whether evidence is admissible and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth"). Further, it is well-established that "on a motion for a preliminary injunction, the rules of evidence are not strictly applied. . ." *Veramark Techs. Inc. v. Bouk*, 10 F. Supp. 3d 395, 401 (W.D.N.Y. 2014); *see also Delman Fabrics Inc. v. Holland Fabrics, Inc.*, No. 84-cv-2512, 1984 U.S. Dist. LEXIS 16612, at *14 (S.D.N.Y. May 17, 1984) (noting that "the exigencies of a preliminary injunction hearing permit some relaxation of the rules of evidence"). Indeed, "[a]ffidavits are appropriate on a preliminary-injunction motion . . ." 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949. Given the acceptability of affidavits at the preliminary injunction stage, it is well within this Court's discretion to permit remote testimony by non-party witnesses at the upcoming preliminary injunction hearing.

Federal Rule of Civil Procedure 43(a) governs witness testimony in open court and provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the

court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Second Circuit has confirmed that Rule 43(a) gives judges "discretion to allow live testimony by video" when those standards are met. *Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d Cir. 2020). And courts in this Circuit have found good cause under Rule 43(a) to permit remote testimony at civil trials. *See, e.g.*, *Medina v. Angrignon*, No. 15-cv-427, 2024 U.S. Dist. LEXIS 5499, at *6-7 (W.D.N.Y. Jan. 10, 2024) (Arcara, J.).

Here, in the more "relaxed" context of a preliminary injunction hearing, a finding of good cause is warranted. Although the proposed non-party witnesses are located within the United States, these witnesses are not parties to the case and the majority are located far from the State of New York. Given the expedited timeline of these proceedings, many potential witnesses may be unable to participate in the hearing absent the ability to appear remotely. Travel on such short notice would impose a significant cost on witnesses, as they would be required to make last-second adjustments to work schedules and childcare arrangements, inflicting a further burden on both consumers who were victims of Defendants' debt-relief scheme and independent-contractor notaries.

Last minute travel to Buffalo in the winter could also prove difficult and time-consuming for many potential witnesses. Courts in this district have recognized that the difficulties associated with travel can be sufficient to warrant relief under Rule 43(a). *See Medina v. Angrignon*, No. 15-cv-427, 2024 U.S. Dist. LEXIS 5499, at *6-7 (W.D.N.Y. Jan. 10, 2024) (Arcara, J.) citing *Virtual Architecture, Ltd.*, 2012 U.S. Dist. LEXIS 15118, at *3-6. Weather- and airline-related delays are becoming more common, and the length of the witnesses' minimum travel, two or three days, is a significant expenditure of time. For several of the

possible witnesses, specific health and safety concerns make it even more difficult for them to testify in person. The Advisory Committee on the Federal Rules of Civil Procedure has explained that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Wisconsin notary Stephen Pavlow is willing to testify as to his experience conducting consumer contract signings. But recent knee replacement surgery prevents him from traveling to Buffalo. *See* Declaration of Steven Pavlow, filed herewith. Similarly, consumer Mark Miller from North Carolina is willing to testify regarding his experience with Defendants' debt relief program, but cannot travel because his wife is disabled and he is her primary caregiver. *See* Declaration of NC Investigator David M. Fox, filed herewith (detailing Investigator Fox's conversation with Miller). These medical issues alone constitute good cause for allowing remote testimony of these witnesses.

Courts have also found support for permitting remote testimony where the nature and scope of the testimony to be presented is limited. *See Argonaut Ins. Co. v. Manetta Enters.*, No. 19-cv-482, 2020 U.S. Dist. LEXIS 103625, at *5 (E.D.N.Y. June 11, 2020). For the preliminary injunction hearing, Plaintiff does not expect any non-party witness's testimony to last longer than one hour, including time for cross-examination.

Lastly, many of the proposed non-party witnesses are outside of the subpoena range of this Court under Federal Rule of Civil Procedure 45(c). Fed. R. Civ. P.45(c) (limiting a court's

4

enforcement jurisdiction to those within 100 miles or within the state). This further demonstrates good cause to allow for remote testimony.

Plaintiffs are also fully committed to taking all reasonable and necessary steps to ensure that Rule 43(a)'s "appropriate safeguards" are in place so that the Court and all counsel are able to examine the witnesses and evaluate their testimony. Numerous courts have found that the powers of modern videoconferencing technology, including its ability to simultaneously allow the questioning of a witness and the presentation of exhibits, is sufficient for courts to assess credibility and satisfies the goals of in-person testimony. *See Rinaldi v. SCA La Goutee, d'Or*, No. 16-cv-1901, 2022 U.S. Dist. LEXIS 26024, at *6 (S.D.N.Y. Feb. 14, 2022); *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020); *Guardant Health, Inc. v. Found. Med., Inc.*, No. 17-cv-1616, 2020 U.S. Dist. LEXIS 192477, at *8 (D. Del. Oct. 16, 2020). Plaintiffs propose using the Court's ZoomGov videoconference software, requiring witnesses to show the Court their government-issued identification cards, and requiring witnesses to testify in a room, alone, without any electronic equipment that would enable them to communicate with another person.

Requiring the personal attendance of non-party witnesses at a preliminary injunction hearing with less than two-weeks' notice goes beyond mere inconvenience, it would place an unnecessary and costly burden on them and Plaintiffs. Such a burden is unwarranted, especially given the nature of the proceedings and the limited scope of any non-party testimony. For all these reasons, Plaintiffs respectfully request this Court enter an order allowing for remote testimony for Plaintiffs' non-party witnesses during the February 1-2, 2024 preliminary injunction hearing, and for such other relief as this Court deems appropriate and just.

DATED:     Buffalo, New York
             January 22, 2024

BY:

LETITIA JAMES
Attorney General of the State of New York
 */s/ Genevieve Rados*
Christopher L. Boyd
Genevieve Rados
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, NY 14202
Phone: (716) 853-8400
Emails: Christopher.Boyd@ny.ag.gov
Genevieve.rados1@ag.ny.gov