January 23, 2024

Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

  Re: *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*
     Case No. 24-cv-40

Dear Judge Roemer:

  We are writing to bring the Court's attention to three urgent matters that we believe merit a hearing before Your Honor at the earliest opportunity. We have presented these issues to the Government through several emails and are submitting this letter in an effort to be as efficient as possible because all parties in this case are operating under an expedited timeline. We seek rulings from Your Honor on three points.

  ***First***, Defendants respectfully ask this Court to enter a protective order that will allow the parties (and non-parties) to produce documents and information in discovery on a confidential basis. Such an order is necessary in this case. Plaintiffs have served voluminous discovery requests upon Defendants and many third parties. Those requests seek production of documents that contain highly confidential and sensitive information about Defendants and the clients represented by the intervening law firms in this case. Defendants stand ready to respond to such discovery but should not be required to do so without an appropriate protective order. In addition, Plaintiffs have asked many of the Defendants to produce financial disclosures that ask Defendants to detail every aspect of their and their families' financial lives -- highly sensitive and personal information. Again, those disclosures should be made subject to a protective order.

  Defendants have prepared a draft protective order (see attached ) and provided it to Plaintiffs for their review. Plaintiffs responded that they have not had sufficient time to review this proposed order and several (unspecified) provisions were unacceptable. Because discovery responses are due and depositions are scheduled to begin tomorrow, it is critical that an order be entered to allow discovery to proceed expeditiously.

  ***Second***, Defendants respectfully ask this Court to make it clear that all parties – not just the Government – may conduct expedited discovery in advance of the February 1-2 hearing. During the past two days, the Government has engaged in a discovery barrage. It has served over 60 deposition notices, scheduling overlapping depositions in five different cities, numerous third-party document subpoenas, and at least a dozen sets of broad discovery on Defendants.

  The Government, however, contends that Defendants have no right to conduct discovery of their own. The Government contends that Section XXIII of this Court's TRO permits **Plaintiffs** to conduct expedited discovery into five relatively narrow topics (which the Defendants contend the Government is exceeding by scheduling over 60 depositions). To be sure, the *ex parte* TRO was undoubtedly drafted by the Government and refers only to "Plaintiffs" in its description of allowable expedited discovery. But that *cannot* be allowed to stand. Defendants are fighting for their professional lives and should be entitled to

1

due process given the severity of the allegations and demand for restitution. The Government is accusing Defendants of widespread fraud, is seeking millions of dollars, and is sparing no expense in labelling Defendants as swindlers and con artists in court filings and press releases. Moreover, the Government has had years to prepare its case. By contrast, Defendants have only a few days (and much of their access to information has been cut off by the Receiver). Fundamental fairness dictates that Defendants be permitted to engage in expedited discovery on the same five topics as the Government. Frankly, given the stakes at issue, it is highly surprising that the Government is disputing this point and requiring Defendants to approach the Court on this point.

**Third**, Defendants and Intervenors seek a modification to the existing TRO. As the Court may know, , the Receiver initially closed SFS entirely. In the past couple of days, however, he has agreed to allow a "skeleton staff" to operate within SFS and provide a limited level of service to the law firms. That is certainly a step in the right direction.  However, we ask the Court to require the Receive to take an additional step (and one that is without cost ).

As Your Honor knows, the various law firms that have contracts with SFS are currently not taking fees from clients. Despite that, the law firms want to continue providing service to their clients, including litigation defense, settlement administration, document processing, and debt negotiation. Continuing those services is critical to the law firms' representation of those clients.  Unfortunately, the law firms' negotiators are not currently able to negotiate debts for consumer clients because they lack access to data housed at SFS (including access to SFS's Salesforce and SAM systems) and a backlog of document processing, client call inquiry management and litigation support continues to grow. Law firm clients are now experiencing hold times of nearly six hours and a backlog of nearly 27,000 unprocessed notices from creditors and other documents relating to litigation.  This directly harms the law firms' consumer clients because they will miss settlement opportunities. And missed settlements will lead to additional litigation against those same clients.

We have asked the Receiver to provide the access identified above, but he has refused to do so. Thus, we seek Court intervention. Because the negotiators are employed by the law firms (not by SFS), there will be no additional cost to the Receiver in providing this access, and the benefits to the firms' clients will be significant.

It also appears the Receiver has begun communicating directly with law firm clients without the law firms' permission. The Receiver has placed a banner on the law firms' portals that advises the clients of interruptions in service. The Receiver has apparently sent a communication to at least some law firm clients that advises them of this lawsuit and concludes that "the receiver's team" will provide them with future updates. With all due respect to the Receiver, the law firms – not the Receiver – are entitled to control the content and form of notices to their clients. We ask the Court to order the Receiver to immediately remove the banner from the portals and cease and desist from further mass communications with law firm clients.

We thank the Court for its thoughtful consideration in this matter.

Respectfully,

　　　　　*/s/ Dennis C. Vacco*　　　　　*/s/ Terrence M. Connors*
　　　　　Dennis C. Vacco　　　　　　Terrence M. Connors

2

cc:  Christopher.boyd@ny.ag.gov
vanessa.buchko@cfpb.gov
monika.moore@cfpb.gov
joseph.sanders@cfpb.gov
kevin.burns@coag.gov
marion.quirk@delaware.gov
kevin.kevitsky@delaware.gov
greg.grzeskiewicz@ilag.gov
Daniel.edelstein@ilag.gov
Amanda.bacoyanis@ilag.gov
Mattew.davies@ilag.gov
Evan.romanoff@ag.state.mn.us
lweaver@ncdoj.gov
beilinlw@doj.state.wi.us