UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL PROTECTION, BUREAU, *et al.*,

            Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*,

            Defendants, and

DANIEL BLUMKIN, *et al.*,

            Relief Defendants.

_____

24-CV-40-EAW-MJR

REPORT AND RECOMMENDATION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, for all pretrial matters and for hearing and reporting on dispositive motions for consideration by the District Court. (Dkt. No. 14) Before the Court is plaintiffs Consumer Financial Protection Bureau; the People of the State of New York, by Letitia James, Attorney General of the State of New York; the State of Colorado *ex rel.* Philip J. Weiser, Attorney General; the State of Delaware *ex rel.* Kathleen Jennings, Attorney General; the People of the State of Illinois through Attorney General Kwame Raoul; the State of Minnesota by its Attorney General Keith Ellison; the State of North Carolina *ex rel.* Joshua H. Stein, Attorney General; and the State of Wisconsin's (collectively "plaintiffs"), motion to extend the temporary restraining order ("TRO") in this matter until February 8, 2024. (Dkt. No. 57)

For the following reasons, the Court recommends that the motion be granted and that the TRO be extended until February 8, 2024 at 3:00 p.m.

<u>Background</u>

On January 10, 2024, plaintiffs filed a complaint alleging that defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6102(c), 6105(d); the Telemarketing Sales Rule ("TSR"), 16 C.F.R. pt. 310; New York Executive Law § 63(12); New York General Business Law ("GBL") Article 22-A; Wis. Stat. § 218.02; and Wis. Admin. Code § DFI-Bkg ch. 73. (Dkt. No. 1) Plaintiffs allege that, in the course of operating their debt-relief business, defendants unlawfully request and receive advance fees from consumers, and also unlawfully charge consumers fees which are untethered from the results of their debt-relief services. (*Id.*) Also on January 10, 2024, plaintiffs filed an *ex parte* motion for a TRO with asset freeze, appointment of a receiver, and other equitable relief, as well as a request for defendants to be ordered to show cause as to why a preliminary injunction should not issue. (Dkt. No. 5)

On January 11, 2024, the Honorable Lawrence J. Vilardo, the District Judge presiding over the matter at that time, granted plaintiffs' *ex parte* motion for a TRO. (Dkt. 12) Judge Vilardo concluded that there was good cause to believe that defendants have engaged and are likely to continue to engage in acts that violate the Telemarketing Act and the TSR, and that plaintiffs are therefore "likely to prevail on the merits of this action based on the declarations, bank records, and other evidence submitted." (*Id.* at pgs. 1-2)

Judge Vilardo further found good cause to believe that consumers would "suffer immediate and continuing harm from defendants ongoing violations" if defendants were not restrained and enjoined by order of the Court. *Id.* Judge Vilardo also concluded that, unless defendants were restrained and enjoined by the Court, there was good cause to believe that immediate and irreparable damage would occur to the Court's ability to grant

2

effective relief to consumers, in the form of restitution or disgorgement of ill-gotten gains, as a result of the transfer, dissipation, or concealment of assets by defendants. (*Id.* at pgs. 2-3) Judge Vilardo therefore determined that it was in the public interest to (1) appoint a temporary receiver who would have immediate access to defendants' business premises; (2) order defendants to preserve documents; (3) freeze certain assets; and (4) permit plaintiffs to take limited expedited discovery. (*Id.* at pgs. 2-3)

Judge Vilardo also temporarily restrained defendants from, *inter alia*, requesting or receiving payment of any fee for any debt-relief service from any consumer until and unless (1) defendants or defendants' representatives have renegotiated, settled, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other similar contractual agreement executed by the consumer; and (2) the consumer has made at least one payment pursuant to such agreement. (*Id.* at pg. 9) Judge Vilardo also temporarily restrained defendants from requesting or receiving any fee from any consumer for any debt-relief service that does not (1) bear the same proportional relationship to the total fee from renegotiating, settling, reducing, or altering the terms of the consumer's entire debt balance as the individual debt amount at the time of enrollment bears to the entire debt amount at the time of enrollment; or (2) represents a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration, where the amount saved is the difference between the amount owed at the time the debt was enrolled and the amount actually paid to satisfy the debt. (*Id.* at pgs. 9-10)

The TRO issued by Judge Vilardo expires on January 25, 2024 at 3:00 p.m., "unless within such time, the Order, for good cause shown, is extended for an additional

period not to exceed 14 calendar days, or as otherwise provided by Federal Rule of Civil Procedure 65." (*Id.* at pg. 46)

Defendants were then served with the complaint, plaintiffs' motion for the TRO and preliminary injunction, and the TRO. On January 18, 2024, this Court held a status conference with counsel for plaintiffs and defendants. (Dkt. No. 50) The Court scheduled an evidentiary hearing addressing plaintiffs' request for a preliminary injunction, to be held on February 1 and 2, 2024, with briefing to follow. (*Id.*)

On January 22, 2024, plaintiffs filed a motion, pursuant to Federal Rule of Civil Procedure 65(b)(2), to extend the TRO until February 8, 2024. (Dkt. No. 57) That same day, the Court issued an order indicating any response by defendants to the motion to extend the TRO shall be filed by January 23, 2023. (Dkt. No. 63) On January 23, 2024, individual defendant Ryan Sasson and relief defendants Daniel Blumkin and Albert Ian Behar filed a response in opposition to plaintiffs' motion to extend the TRO.[1] (Dkt. No. 71)

---

[1] In support of their response in opposition to an extension of the TRO, the individual defendants and relief defendants cite the reasons stated in the corporate defendants' January 16, 2024 motion to dissolve the TRO. (Dkt. Nos. 36, 71) In support of their motion to dissolve the TRO, the corporate defendants noted the extreme hardship defendants' business will suffer as a result of the TRO, and raised legal arguments about the applicability of the Telemarketing Act in this case and plaintiffs' likelihood of success on the merits. (Dkt. No. 36) The Court addressed corporate defendants' motion to dissolve the TRO at the status conference held on January 18, 2024. The Court stated that Judge Vilardo already found good cause to issue the TRO based upon all of the evidence and briefing submitted by plaintiffs, notwithstanding the hardship that such temporary relief would presumably cause defendants' business operations. Thus, the Court stated that it would not recommend that the TRO be dissolved or altered in any manner. Instead, it was the Court's intention to now hear and evaluate all evidence, testimony, and arguments to be submitted by both plaintiffs and defendants, during an evidentiary hearing, with regard to plaintiffs' request that the relief in the TRO should be continued in the form of a preliminary injunction, in order to make a recommendation to the District Court. On January 23, 2024, defendants Strategic Employee Stock Ownership Plan ("ESOP") and Strategic Stock Ownership Trust filed a motion to dissolve the TRO. (Dkt. No. 69) The motion does not argue the merits of the lawsuit but instead takes the position that the TRO is preventing the ESOP Trustee from complying with ERISA, the Internal Revenue Code, and the ESOP Plan documents. (*Id.*) The Court entered a briefing schedule instructing plaintiffs to respond to the ESOP's motion on or before January 29, 2024. (Dkt. No. 73)

4

*Discussion*

Federal Rule of Civil Procedure 65 provides that TROs shall "expire at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension". *See* Fed. R. Civ. P. 65(b)(2). The reasons for an extension must be entered in the record. *Id*. A party can demonstrate good cause for an extension by showing that the original grounds for granting the TRO continue to exist. *See Costa v. Bazron*, 19-cv-3185, 2020 U.S. Dist. LEXIS 83565, at *6 (D.D.C. May 11, 2020); *accord Wright & Miller*, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed. Apr. 2020 Update). Courts have also found good cause to extend a TRO where "more time is needed to fully consider the parties' arguments and motions or where the moving party need[s] additional time to prepare and present its [case for a] preliminary injunction." *Costa*, 2020 U.S. Dist. LEXIS 83565, at *6 (internal quotations and citation omitted). *See also Snyder Corp. v. Fitness Ridge Worldwide*, LLC, 18-cv-351-FPG, 2018 WL 1428254, at *4 (W.D.N.Y. Mar. 2, 2018) (extending a TRO for fourteen days because it would prevent irreparable harm to plaintiffs while giving defendants time to assert arguments against preliminary injunctive relief).

The Court finds good cause exists to extend the TRO here. First, for all of the same reasons stated by Judge Vilardo in his January 11, 2024 order, the original grounds for granting the TRO still exist. Indeed, consumers may be irreparably injured, and the Court may be precluded from granting appropriate restitution or relief, if defendants' are not enjoined and restrained while the merits of the preliminary injunction request are determined by the Court. An evidentiary hearing in this matter is scheduled for February 1 and 2, 2024. If the TRO is not extended beyond its current expiration date, it will expire

5

before the evidentiary hearing occurs; before this Court is able to make a recommendation to the District Cout as to whether plaintiffs' motion for a preliminary injunction should be granted; and before the District Court is able to review that recommendation and issue a final ruling. Thus, an extension of the TRO, for the 14-day period expressly prescribed in Federal Rule of Civil Procedure 65(b)(2), is necessary to prevent irreparable harm to consumers while the Court holds an evidentiary hearing, the parties fully present their evidence, witnesses, and arguments, and the Court fully considers the factual and legal merits of the preliminary injunction request. Thus, the Court finds that plaintiffs' motion to extend the TRO should be granted.

## Conclusion

For the foregoing reasons, it is recommended that the Court extend the TRO until February 8, 2024 at 3:00 p.m., as permitted by Federal Rule of Civil Procedure 65(b)(2). It is further recommended that the 14-day time period permitted by Federal Rule of Civil Procedure 72 to object to this Report and Recommendation be waived because it would be contrary to the interest of justice and inconsistent with Federal Rule of Civil Procedure 65. Waiving the objection period will preserve the District Court's ability to address the extension motion on or before the expiration of the TRO on January 25, 2024. Without waiver of the objection period, the TRO will expire prior to the District Court's ability to extend the relief specified therein, and the harm to the public, which the TRO is specifically designed to prevent, is likely to occur.

**SO ORDERED.**

DATED: January 24, 2024
Buffalo, New York

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge