

1700 G Street NW, Washington, D.C. 20552

January 26, 2024

Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14292


Re: *CFPB et al. v. StratFS LLC et al.*, No. 24-cv-40

Dear Judge Roemer:

Plaintiffs the Consumer Financial Protection Bureau (CFPB) and People of the State of New York, by Letitia James, Attorney General of the State of New York, write to oppose the Defendants' and Intervenors' request to permit the expansive discovery already denied by this Court. Further, Plaintiffs have already either already identified individuals in the complaint, as requested by Defendants, or consented to identify such individuals as soon as a protective order is entered in this matter. Plaintiffs have submitted a proposed protective order to Defendants and hope to have it agreed to today.

1. <u>Plaintiffs have identified or agreed to identify individuals in the complaint.</u>

Addressing Defendants' second issue first, Defendants claim that they asked Plaintiffs for the identity of individuals who were "unidentified" or "identified only by their initials."  The first request was as to people quoted in the complaint from the transcript of a phone call.  The full transcript was already provided to Defendants in Exhibit 26 to the TRO motion, and Plaintiffs directed Defendants to those transcripts. *See* email correspondence attached as Attachment A. The second category is consumer declarants who were identified by their initials.  Defendants served discovery requests for "unredacted versions of all consumer declarations."  *See* Expedited Discovery Requests from Ryan Sasson to Plaintiffs attached as Attachment B. Plaintiffs agreed to provide the unredacted consumer declarations as soon as the parties agreed to a protective order. *See* Attachment A.  Plaintiffs sent a draft protective order to Defendants yesterday but have not received a response. We hope to have an agreed upon protective order today and will send the unredacted consumer declarations immediately after it is signed. Defendants' suggestion that Plaintiffs have "refused" their request is flatly untrue. *See* Attachment A. Thus, the Court should deny Defendants' and Intervenors' requests.

2. <u>Defendants and Intervenors already have access to the requested information.</u>

At the January 24, 2024 status hearing the Court expressly denied the Defendants motion to propound broad discovery on the Plaintiffs. Specifically, at the end of the hearing, Defendants raised the issue of obtaining discovery into Plaintiffs' CID responses, which the Court denied. Despite this ruling, Defendants served new discovery requests on Plaintiffs seeking the same subject matter that the Court denied on January 24. Attachment B. Plaintiffs refused to comply based on the Court's order.

Defendants now apparently concede that the discovery they served was contrary to what the Court ordered and ask the Court to reconsider its January 24, 2024 ruling. There is no basis to do so. In their letter motion, Defendants seek discovery about CIDs issued to four of the Intervenors: Rockwell, Whitestone, Bedrock and Harbor. But these firms have moved to intervene and already have access to the CIDs in question and the responses provided. Intervenors already know the identities of the notaries they provided to the CFPB. And requiring the CFPB to turn over its internal investigative information based on the CID response is improper. Such material is privileged or subject to work product protection. Defendants do not need the Bureau's privileged material in order to determine what information, if any, the notaries provided to the CFPB. Intervenors know who the notaries are and indeed even acknowledge in their letter motion that they have spoken to the same notaries. The information is otherwise available to Defendants, and they must pursue that avenue of obtaining it. Thus, the Court should deny Defendants' and Intervenors' request.

Respectfully,
/s/
Joseph Sanders
Vanessa Buchko
Monika Moore
Consumer Financial Protection Bureau

Christopher L. Boyd
State of New York

Attachments

# Attachment A

**Sanders, Joseph (CFPB)**

| | |
|---|---|
| **From:** | Boyd, Christopher <Christopher.Boyd@ag.ny.gov> |
| **Sent:** | Thursday, January 25, 2024 3:03 PM |
| **To:** | Terrence M. Connors |
| **Cc:** | Buchko, Vanessa (CFPB); Sanders, Joseph (CFPB); Rados, Genevieve; dvacco@lippes.com; rop@personiusmelber.com; Ronald Safer; Rodney Perry; sallen@lippes.com; Carmen Alexander Vacco (cvacco@lippes.com); Randall D. White; Andrew M. Debbins |
| **Subject:** | RE: CFPB v. SFS Financial |

Terry,

We have no objection to providing unredacted copies of the consumer declarations once we have a protective order in place. We plan to circulate a proposed protective order today.

The identities of the SFS employees referenced in paragraphs 82 and 119 of the Complaint are noted in the call transcripts from which we are quoting. Those transcripts were provided in Exhibit 26.

We do not consent to you noticing depositions of consumers at this time. You did not request this discovery at the Court conference yesterday and the Court's order did not otherwise allow it. The TRO limits discovery to "the identities of the injured Consumers." I fail to see how a deposition of a consumer would help to determine the identity of injured consumers.

Regards,

Chris

---

**From:** Terrence M. Connors <tmc@connorsllp.com>
**Sent:** Thursday, January 25, 2024 11:14 AM
**To:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Cc:** Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>; Rados, Genevieve <Genevieve.Rados@ag.ny.gov>; dvacco@lippes.com; rop@personiusmelber.com; Ronald Safer <rsafer@rshc-law.com>; Rodney Perry <RPerry@rshc-law.com>; sallen@lippes.com; Carmen Alexander Vacco (cvacco@lippes.com) <cvacco@lippes.com>; Randall D. White <rdw@connorsllp.com>; Andrew M. Debbins <amd@connorsllp.com>
**Subject:** CFPB v. SFS Financial

[EXTERNAL]

Chris:

As you know, we represent the intervenor law firms in this matter. We wish to conduct the depositions of E.S., P.G., C.E. and K.L., all of whom are identified only by those initials in complaint paragraphs 94, 95, 108 and 115, respectively, also, please the individuals alleged to be SFS employees in paragraphs 82 and 119. Please advise if you are authorized to accept deposition notices for those individuals. In the alternative, please provide

1

their names and addresses so that we can serve them with subpoenas for their depositions.

Obviously, we are under extreme time constraints.  We therefore would appreciate your prompt reply.

Best,  Terry



**Terrence M. Connors** | **Partner**
tmc@connorsllp.com

**Connors LLP**
1000 Liberty Building
Buffalo NY 14202
T. 716-852-5533
F. 716-852-5649
www.connorsllp.com

Note: This e-mail may contain privileged or confidential information.

2

**Sanders, Joseph (CFPB)**

| | |
|---|---|
| **From:** | Boyd, Christopher <Christopher.Boyd@ag.ny.gov> |
| **Sent:** | Thursday, January 25, 2024 2:09 PM |
| **To:** | Maegan McAdam; Rodney Perry; Ronald Safer; Matthew Kennison |
| **Cc:** | Chiu, Shirley (CFPB); Bernard, Richard J.; amd@connorsllp.com; Rados, Genevieve; dvacco@lippes.com; sallen@lippes.com; tmc@connorsllp.com; Kevin.Burns@coag.gov; Marion.Quirk@delaware.gov; Kevin.Levitsky@delaware.gov; LWEAVER@ncdoj.gov; Amanda.Bacoyanis@ilag.gov; matthew.davies@ilag.gov; Evan Romanoff; beilinlw@doj.state.wi.us; tmcnamara@mcnamarallp.com; tmcnamara@mcnamarallp.com; Imani, Roya; Pearl, Richard J.; Joseph, Andrew B; Moore, Monika (CFPB); Buchko, Vanessa (CFPB); Sanders, Joseph (CFPB) |
| **Subject:** | RE: R. Sasson Expedited Discovery to Plaintiffs |

Hi Maegan,

At the conference on January 24, 2024, the Court authorized "defendants' discovery requests regarding payment processors and the subpoenaing of notaries." This was specifically referring to the subpoenas already served on the payment processors for documents and testimony, and the subpoenas to notaries. The Court did not authorize defendants to take any other discovery.

The Court specifically denied Defendants' request to take broad discovery of Plaintiffs. Indeed, at the end of the conference Mr. Safer specifically asked the Court for permission to serve discovery requests on Plaintiffs for CID responses, including regarding payment processors. The Court expressly denied that request.

You are now purporting to serve discovery requests on Plaintiffs for "any CID or subpoena issued by any of the Plaintiffs in this case concerning any third-party notaries or third-party payment processors." Given the Court's ruling on this issue, these requests are meritless and approaching the level of being vexatious and harassing.

Given the Court's ruling, we do not intend to respond to these requests. However, we have no objection to providing unredacted copies of consumer declarations as soon as the parties have executed a protective order (or the court enters such an order if agreement cannot be reached).

Regards,

**Christopher L. Boyd | Deputy Assistant Attorney General in Charge**
New York State Office of the Attorney General
Buffalo Regional Office
Main Place Tower |350 Main Street, Suite 300A
Buffalo, New York 14202
Tel: (716) 853-8457 | Fax: (716) 853-8428

---

**From:** Maegan McAdam <mmcadam@rshc-law.com>
**Sent:** Thursday, January 25, 2024 12:20 PM
**To:** Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Bernard, Richard J. <richard.bernard@faegredrinker.com>; amd@connorsllp.com; Boyd, Christopher <Christopher.Boyd@ag.ny.gov>; Rados, Genevieve <Genevieve.Rados@ag.ny.gov>; dvacco@lippes.com; sallen@lippes.com; tmc@connorsllp.com; Kevin.Burns@coag.gov; Marion.Quirk@delaware.gov; Kevin.Levitsky@delaware.gov; LWEAVER@ncdoj.gov; Amanda.Bacoyanis@ilag.gov; matthew.davies@ilag.gov; Evan Romanoff <Evan.Romanoff@ag.state.mn.us>; beilinlw@doj.state.wi.us;

1

tmcnamara@mcnamarallp.com; tmcnamara@mcnamarallp.com; Imani, Roya <roya.imani@faegredrinker.com>; Pearl, Richard J. <rick.pearl@faegredrinker.com>; Joseph, Andrew B <andrew.joseph@faegredrinker.com>; Moore, Monika (CFPB) <Monika.Moore@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>
**Cc:** Rodney Perry <RPerry@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Matthew Kennison <MKennison@rshc-law.com>
**Subject:** R. Sasson Expedited Discovery to Plaintiffs

**[EXTERNAL]**

Counsel:

Please find attached Defendant Ryan Sasson's Expedited Request for the Production of Documents and Interrogatories to All Plaintiffs.

Best,

Maegan McAdam 
Riley Safer Holmes & Cancila LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
(212) 660-1025
mmcadam@rshc-law.com
www.rshc-law.com



---

**From:** Maegan McAdam
**Sent:** Wednesday, January 24, 2024 10:00 PM
**To:** Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Bernard, Richard J. <richard.bernard@faegredrinker.com>; amd@connorsllp.com; Christopher.Boyd@ag.ny.gov; Genevieve.Rados@ag.ny.gov; dvacco@lippes.com; sallen@lippes.com; tmc@connorsllp.com; Kevin.Burns@coag.gov; Marion.Quirk@delaware.gov; Kevin.Levitsky@delaware.gov; LWEAVER@ncdoj.gov; Amanda.Bacoyanis@ilag.gov; matthew.davies@ilag.gov; Evan.Romanoff@ag.state.mn.us; beilinlw@doj.state.wi.us; tmcnamara@mcnamarallp.com; tmcnamara@mcnamarallp.com; Imani, Roya <roya.imani@faegredrinker.com>; Pearl, Richard J. <rick.pearl@faegredrinker.com>; Joseph, Andrew B <andrew.joseph@faegredrinker.com>; Moore, Monika (CFPB) <Monika.Moore@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>
**Cc:** Rodney Perry <RPerry@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Matthew Kennison <MKennison@rshc-law.com>
**Subject:** RE: Notices of Deposition and Subpoenas

Counsel,

Please find attached Notices of Deposition and Subpoenas to be served on:

- ■ ▇▇▇▇▇▇▇▇▇▇



Best,

Maegan McAdam (bio)
**Riley Safer Holmes & Cancila LLP**
136 Madison Avenue, 6th Floor
New York, NY 10016
(212) 660-1025
mmcadam@rshc-law.com
www.rshc-law.com



---

**From:** Matthew Kennison <MKennison@rshc-law.com>
**Sent:** Tuesday, January 23, 2024 7:47 PM
**To:** Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Bernard, Richard J. <richard.bernard@faegredrinker.com>; amd@connorsllp.com; Christopher.Boyd@ag.ny.gov; Genevieve.Rados@ag.ny.gov; dvacco@lippes.com; sallen@lippes.com; tmc@connorsllp.com; Kevin.Burns@coag.gov; Marion.Quirk@delaware.gov; Kevin.Levitsky@delaware.gov; LWEAVER@ncdoj.gov; Amanda.Bacoyanis@ilag.gov; matthew.davies@ilag.gov; Evan.Romanoff@ag.state.mn.us; beilinlw@doj.state.wi.us; tmcnamara@mcnamarallp.com; tmcnamara@mcnamarallp.com; Imani, Roya <roya.imani@faegredrinker.com>; Pearl, Richard J. <rick.pearl@faegredrinker.com>; Joseph, Andrew B <andrew.joseph@faegredrinker.com>; Moore, Monika (CFPB) <Monika.Moore@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>
**Cc:** Rodney Perry <RPerry@rshc-law.com>; Ronald Safer <rsafer@rshc-law.com>; Maegan McAdam <mmcadam@rshc-law.com>
**Subject:** Notices of Deposition and Subpoenas - ▮

Counsel,

Please find attached Notices of Deposition and Subpoenas to be served on ▮.

Regards,

Matthew Kennison
**Riley Safer Holmes & Cancila LLP**
121 W. Washington St., Suite 402
Ann Arbor, MI 48104
(734) 773-4911
mkennison@rshc-law.com
www.rshc-law.com





CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.

# Attachment B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. ) <br> ) <br> Defendants, and ) <br> ) <br> DANIEL BLUMKIN, et al. ) <br> ) <br> Relief Defendants. ) | CASE NO. 24-CV-40-EAW-MJR |

**DEFENDANT RYAN SASSON'S EXPEDITED REQUEST FOR THE PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO ALL PLAINTIFFS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26(a), the Court's January 24, 2024 Order (ECF No. 68), and the terms of the Temporary Restraining Order entered in this case on January 11, 2024 (ECF No. 12), Individual Defendant Ryan Sasson ("Sasson") requests that Plaintiffs Consumer Financial Protection Bureau and People of the State of New York (collectively, "Plaintiffs") produce and permit Sasson to inspect and copy all of the documents and things in Plaintiffs' possession, custody, or control identified in the following requests for production of documents (the "Requests"). The requested documents shall be produced to Riley Safer Holmes & Cancila, LLP, 136 Madison Avenue, 6th Floor, New York, NY 10016, within five (5) calendar days of service of these Requests.

**DEFINITIONS**

1. The "Complaint" means the Complaint filed in this action on or about January 10, 2024.

2. "Including" means "including without limitation."

3. "Any" means any and all.

4. "TRO" shall mean the *Ex Parte* Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief. ECF No. 12.

5. "Defendants" shall include those defined in paragraphs D, K, N, and O of the Definitions section of the TRO.

6. "Affiliates" shall include any of the law firms identified in paragraph 6 of the January 9, 2024 Declaration of Theresa Ridder.

7. "RAM" means the payment processing company referenced in paragraph 73 of the Complaint.

8. "CID" means Civil Investigative Demand.

9. "Consumer" shall have the same definition as that contained paragraph C of the Definitions section of the TRO.

## INSTRUCTIONS

1. In producing documents the following specifications should be used:

    a. Documents should be produced in searchable PDF and/or native format, with all available metadata.

    b. Documents may be delivered via FTP to the undersigned.

    c. Each media volume should be produced with its original bates numbering, if present. Otherwise, each should have its own unique name and a consistent naming convention (e.g., CFPB_000001).

2. Unless otherwise specified in a particular Request below, the time period called for by each of these Requests shall be January 1, 2016 to the present

## INTERROGATORIES

1. Identify the names, addresses, phone numbers, and email addresses of all consumers you communicated with, interviewed, or deposed regarding Sasson, the Defendants, or their Affiliates.

## DOCUMENT REQUESTS

1. Produce all consumer complaints in your possession, custody, or control regarding any of the Defendants or their Affiliates. For the avoidance of all doubt, these consumer complaints include, but are not limited to, those referenced in paragraphs ¶¶103-104, 121 of the Complaint, as well as those described in ¶73 of the Declaration of Patrick Callahan.

2. Reproduce all documents obtained or produced in response to any CID or subpoena issued by any of the Plaintiffs in this case concerning any third-party notaries or third-party payment processors. For the avoidance of all doubt, the reproduction of documents responsive to this Request shall include the following:

   a. Documents consisting of bates numbers SUNSHINE-CID-000001 to SUNSHINE-CID-001325, identified in the Declaration of Evan Romanoff, ¶7 as documents produced by third-party notary company Sunshine Signing Connection, Inc.;

   b. Documents consisting of bates numbers NPN0000001 to NPN0000910, identified in the Declaration of Evan Romanoff, ¶9 as documents produced by National Paralegal & Notary (NPN);

   c. The "Ram Data" described as written reports that RAM produced in response to the CFPB's Civil Investigative Demands (CIDs) dates July 25, 2019 and November

3

13, 2019, as well as the March 23, 2021 letter request, as identified in the Declaration of Joanna Cohen, ¶4;

    d. Documents consisting of bates numbers GCS_000001—GCS_001201, identified in the Declaration of M. Lynne Weaver, ¶5 as documents produced by Global Client Solutions, LLC;

    e. Documents produced by Global Holdings, LLC, as identified in the January 8, 2024 Declaration of Wendy L. Phifer, ¶¶4-5;

    f. Documents produced by Global Client Solutions, LLC consisting of bates numbers Global_WI_000001 through Global_WI_008490, as identified in the January 2, 2024 Declaration of Wendy L. Phifer, ¶5.

3. Produce unredacted versions of all consumer declarations;

4. To the extent not already covered by one or more of the foregoing Requests, and if such documents pertain to any third-party processor, produce all documents referenced in paragraph 74 of the Declaration of Theresa Ridder.

Dated: January 25, 2024

/s/ Ronald S. Safer
Ronald S. Safer (*pro hac vice*)
Rodney Perry (*pro hac vice*)
Matthew Kennison (*pro hac vice*)
Maegan McAdam
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Tel: (312) 471-8700
rsafer@rshc-law.com
rperry@rshc-law.com
mkennison@rshc-law.com
mmcadam@rshc-law.com

*Attorneys for Individual Defendant Ryan Sasson and Relief Defendants Daniel Blumkin and Ian Behar*

4