UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. <br><br> Defendants, and <br><br> DANIEL BLUMKIN, et al., <br><br> Relief Defendants. | CASE NO. 1:24cv00040 JLS-MJR <br><br> **PARTIAL OPPOSITION TO DEFENDANTS' MOTION TO ALLOW NON-PARTY WITNESS WENDY MUCHMAN TO TESTIFY REMOTELY AT PRELIMINARY INJUNCTION HEARING** |

On January 26, 2024, Defendants filed an untimely[1] Motion to Allow Non-Party Witness Wendy Muchman to Testify Remotely at Preliminary Injunction Hearing (Defendants' Motion). Dkt. # 93. In their Memorandum in Support of Defendants' Motion, Defendants contend that Ms. Muchman, who they propose will testify as an expert witness on legal ethics, cannot attend the Evidentiary Hearing in this matter on February 1-2, because she will be speaking at the American Bar Association's 2024 Midyear Meeting Program in Louisville, Kentucky on the same days. Dkt. # 93-1 at 2. As such, Defendants request that Ms. Muchman be permitted to

---

[1] This Court ordered the parties to indicate by January 25, "whether they seek to offer any remote testimony by witnesses and the reasons why such defense witnesses cannot be present in-person." Dkt. # 62. Defendants do not acknowledge the Court's January 22, 2024 Order, much less offer any explanation as to why they should be permitted to submit this motion after the deadline set by the Court. This alone would be grounds to deny the motion.

1

testify on Friday, February 2 through the Court's ZoomGov videoconference software. *Id.* at 5. For the reasons stated below, Defendants' Motion should be denied in part.

Defendants' Motion has not presented compelling circumstances to permit Ms. Muchman's remote testimony. *See* Fed. R. Civ. P. 43 (permitting remote testimony "for good cause in compelling circumstances"). The basis for Defendants' Motion is that Ms. Muchman has a competing professional obligation on the same days as the Evidentiary Hearing. Dkt. 93-1 at 2. Many witnesses who appear daily in court have competing professional obligations at the time of their court hearings – Defendants have failed to show how this situation rises to "compelling circumstances." *Woodward v. Babicz*, No. 21-cv-17724, 2022 WL 14838011 at *2 (D.N.J. Oct. 25, 2022) (weighing the value of in-person expert testimony and the risks attendant to a paid witness and denying motion to present remote testimony). Plaintiffs nevertheless, acknowledge that there are equities that favor granting all parties leeway to present witnesses remotely at the preliminary injunction hearing. *See* Pltfs' Mem. in Sup. of Pltfs' Mot. to Permit Non-Party Witnesses to Testify Remotely, Dkt. 58-1 at 2-3 (noting, among other things that last-minute travel to Buffalo in winter could be difficult given increasingly common weather-related airline delays). Accordingly, Plaintiffs do not oppose Defendants' request to permit Ms. Muchman to testify remotely.

Plaintiffs do oppose Defendants' Motion insofar as it seeks an order permitting Ms. Muchman to testify on February 2, which will impede the orderly presentation of evidence. In an effort to ensure efficiency at the Evidentiary Hearing, Plaintiffs contacted counsel for Defendants about which side would present their evidence first at the hearing. *See* Attachment A. Defendants agreed that they would present their evidence first and the Plaintiffs would present their evidence following Defendants' presentation of evidence. *Id.* Indeed, this order makes sense because

Defendants bear the burden of establishing their claim that they qualify for the TSR's face-to-face exemption. *See United States v. Dish Network LLC*, 75 F. Supp. 3d 916, 937 (C.D. Ill. 2014). In order for each side to receive a fair opportunity to present its evidence, each side should have at least one day to present testimony. As such, in the event that this Court permits Ms. Muchman to testify remotely, her testimony should occur on February 1, which is the day Defendants previously agreed to present their case.

Dated: January 29, 2024

Respectfully submitted,
Attorneys for Plaintiff
Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA SHYAM DASGUPTA
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

 */s/ Vanessa Buchko*
Vanessa Buchko
E-mail: vanessa.buchko@cfpb.gov
Phone: 202-435-9593
Monika Moore

E-mail: monika.moore@cfpb.gov
Phone: 202-360-5905
Joseph Sanders
E-mail: joseph.sanders@cfpb.gov
Phone: 202-377-9846
Shirley Chiu
Email: shirley.chiu@cfpb.gov
Phone: 202-435-7592
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-7722

And


LETITIA JAMES
Attorney General of the State of New York

 */s/ Christopher L. Boyd*
Christopher L. Boyd
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Phone: (716) 853-8457
Email: Christopher.Boyd@ny.ag.gov

*Attorney for State of New York*

4