**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., | **CASE NO. 24-cv-40-EAW-MJR** |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. | |
| Defendants, and | |
| DANIEL BLUMKIN, et al., | |
| Relief Defendants. | |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure and Plaintiffs, the Consumer Financial Protection Bureau ("Bureau"), the State

of New York, the State of Colorado, the State of Delaware, the People of the State of Illinois, the

State of Minnesota, the State of North Carolina, and the State of Wisconsin (collectively, the

"States"), Defendants StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), Strategic Client

Support, LLC (f/k/a Pioneer Client Support, LLC), Strategic CS, LLC, Strategic FS Buffalo, LLC, Strategic NYC, LLC, BCF Capital, LLC, T Fin, LLC, Strategic Consulting, LLC, Versara Lending, LLC, Strategic Family, Inc. (collectively, SFS), Anchor Client Services, LLC (now known as CS 1 PAAS Services, LLC), Bedrock Client Services, LLC, Boulder Client Services, LLC, Canyon Client Services, LLC, Carolina Client Services, LLC, Great Lakes Client Services, LLC, Guidestone Client Services, LLC, Harbor Client Services, LLC, Heartland Client Services, LLC, Monarch Client Services, LLC (not known as CS 2 PAAS Services, LLC), Newport Client Services, LLC, Northstar Client Services, LLC, Option 1 Client Services, LLC, Pioneer Client Servicing, LLC, Rockwell Client Services, LLC, Royal Client Services, LLC, Stonepoint Client Services, LLC, Summit Client Services, LLC (now known as CS 3 PAAS Services, LLC), Whitestone Client Services, LLC (collectively, "Client Services Subsidiaries"), Ryan Sasson, Jason Blust (collectively, "Individual Defendants"), Daniel Blumkin, Albert Ian Behar, Strategic ESOP, Strategic ESOT, Twist Financial, LLC, Duke Enterprises, LLC, Blaise Investments, LLC, the Blust Family Irrevocable Trust Through Donald J. Holmgren, Trustee, Jaclyn Blust, Lit Def Strategies, LLC, and Relialit, LLC, as Relief Defendants, and Intervenors Anchor Law Firm, PLLC; Law Offices of Amber Florio, PLLC; Boulder Legal Group, LLC; Brandon Ellis Law Firm LLC; Clear Creek Legal, LLC; Credit Advocates Law Firm; JMS Industries, LLC; Great Lakes Law Firm, LLC; Leigh Legal Group, PLLC; The Brian A. Moore Law Firm, LLC; Hailstone Legal Group, LLC; Hallock & Associates LLC; Harbor Legal Group, LLC; Henry Legal Group, LLP; The Law Firm of Derek Williams, LLC; Michel Law, LLC; Moore Legal Group, LLC; Burnette Legal Group, LLC; Greene Legal Group, LLC; Northstar Legal Group, LLC; Gardner Legal, LLC; Gustafson Consumer Law Group, LLC; Pioneer Law Firm, P.C.; Hodyno & Associates, PLLC; Royal Legal Group, LLC; Chinn Legal Group, LLC; The Law

Office of Melissa Michel LLC; Donald Norris & Associates, PLLC; The Sands Law Group, LLP; and WyoLaw, LLC (altogether, "Parties"), having stipulated to the process set forth herein, it is hereby ORDERED:

1. PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any other purpose other than prosecuting this litigation. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties also acknowledge that the Bureau, pursuant to 12 U.S.C. § 5566 has an obligation to transmit to the Attorney General of the United States evidence that any person, domestic or foreign, has engaged in conduct that may constitute a Federal crime, and under 12 U.S.C. § 5516(d)(2)(A) has an obligation to notify prudential regulators when the Bureau has reason to believe that institutions subject to § 5516(a) have engaged in a material violation of a Federal consumer financial laws. Further, the Bureau acknowledges that it, pursuant to 12 CFR § 1070.45(a)(3), may disclose confidential information as reasonably necessary in the investigation and administration of enforcement actions, pursuant to 12 CFR § 1070.45(a)(6), may disclose confidential information in summary form to law enforcement and other government agencies to the extent necessary to notify such agencies of potential violations of laws subject to their jurisdiction and may disclose confidential information under 1070.43(b) to federal or state agencies when the information is relevant to the exercise of the agency's statutory or regulatory

authority or, with respect to confidential supervisory information, to a federal or state agency having jurisdiction over a supervised financial institution. The Bureau further acknowledges its obligations and restrictions under 12 CFR § 1070.41 on its ability to disclose confidential information except as required by law and as provided in 12 CFR Part 1070, and as provided in 5 U.S.C. § 552a. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with Local Rule 5.3 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2.   GOOD CAUSE STATEMENT

This action is likely to involve the exchange of non-publicly-available documents and other information of a sensitive and confidential or proprietary nature including client files as well as corporate and individual financial records, that may contain confidential and personally identifiable information[1] ("PII"), including social security numbers, federal and employee identification numbers, personal telephone numbers, personal addresses, personal email addresses, and bank statements. Special protection from public disclosure is warranted for these documents and other information.

Such sensitive and confidential and proprietary documents and other information consist of, among other things, confidential business or financial information, or information that may be

---

[1] Office of Management and Budget (OMB) Memorandum M-17-12, Preparing for and Responding to a Breach of Personally Identifiable Information, January 3, 2017(OMB M-17-12), defines PII as "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual. Because there are many different types of information that can be used to distinguish or trace an individual's identity, the term PII is necessarily broad. To determine whether information is PII, the [entity or individual] . . . shall perform an assessment of the specific risk that an individual can be identified using the information with other information that is linked or linkable to the individual. In performing this assessment, it is important to recognize that information that is not PII can become PII whenever additional information becomes available -in any medium or from any source -that would make it possible to identify an individual."

privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that a confidential designation will not be made for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

3.  DEFINITIONS

    3.1 <u>Action</u>: This case, *Consumer Financial Protection Bureau et al. v. StratFS LLC et al.*, No. 24-cv-40-EAW-MJR, which is pending in the United States District Court for the Western District of New York.

    3.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3 <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

    3.4 <u>Counsel</u>: attorneys who are not employees of Defendants in this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

3.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

3.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

3.8 <u>Final Disposition</u>: the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3.9 <u>Law Enforcement Personnel</u>: employees of a United States federal or state entity charged with enforcing criminal or civil laws.

3.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, trustees, and Outside Counsel of Record.

3.12 <u>Personally Identifiable Information</u> or <u>PII:</u> means any (a) Social Security number; (b) sensitive health-related data including medical records; or (c) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii)

military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

3.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.14 <u>Professional Vendors</u>: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

3.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 4. PROHIBITION ON THE DISCLOSURE OF PII

Regardless of whether such material is designated as Confidential Material, no party to this action shall publicly file any material containing PII. A party may publicly file material containing PII after appropriately redacting all PII from such material and need not file an unredacted copy under seal when the party believes the PII is not relevant to this action, unless ordered by the Court. If another party believes the redacted PII is relevant to the action, such party may move to file unredacted versions of such material under seal.

## 5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

6.   DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend CONFIDENTIAL, to each page that contains protected material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For information in non-static documentary form (e.g., spreadsheets) for which the application of the legend CONFIDENTIAL is impracticable, a slip or cover sheet with the legend CONFIDENTIAL shall be provided. If only a portion or portions of the material in such a document qualify for protection, the slip or cover sheet shall clearly identify the protected portion(s) (e.g., by specifying the row and column numbers in a spreadsheet).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material.

(b) for testimony given in depositions, that the Designating Party identify the protected testimony (i) on the record before the close of the deposition, or (ii) up to 14 days after receipt of the deposition transcript if on the record during the deposition or in writing before

the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.  With respect to the preliminary injunction hearing, all parties must identify the protected testimony in such transcripts by noon EST on January 31, 2024.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     All material containing PII shall automatically be treated as Confidential Material; provided, however, that if all PII in the relevant material is redacted, then such material shall not be automatically treated as Confidential Material.

6.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. A party objecting to the designation of any document or material as CONFIDENTIAL may challenge such designation at any time or request the party making such designation identify what information it contends is CONFIDENTIAL. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable

substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Treatment of Challenged Material</u>.  In the event a party challenges any designation of information as CONFIDENTIAL, such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

7.3 <u>Process for Challenge</u>.  A party that challenges a CONFIDENTIAL designation must do so in writing to the designating party and must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the Designating Party of a challenge, the parties shall have fourteen (14) days to meet and confer in an attempt to reach an informal resolution of the dispute.  If attempts at an informal resolution prove unsuccessful, or the Designating Party refuses to participate in the meet and confer process, the Challenging Party may notify the Designating Party in writing that it is invoking the Court Review stage of the challenge process set forth in paragraph 7.4 of this Protective Order.

7.4 <u>Court Review</u>.  After the Challenging Party notifies the Designating Party in writing that it is invoking the Court Review stage of the challenge process, the Challenging Party shall, within 14 days of such notification, file a motion with the Court pursuant to Local Rule 7(b)(2)(B).  Pursuant to Local Rule 7(d)(3) the Challenging Party shall certify to the Court that the parties have made sincere, good faith efforts to resolve the dispute.  The Designating

11

party shall have the burden to establish that the information has been appropriately designated as CONFIDENTIAL under the terms of this Order and applicable law.  Frivolous challenges and designations, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties) may expose the Challenging or Designating party to sanctions. All parties shall continue to treat the material in question as Protected Material pursuant to the terms of this Order until the Court rules on the challenge.

8.  ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or required by federal statute or regulation applicable to the Bureau, or state statute or law applicable to the States. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as required by federal statute or regulation applicable to the Bureau, or state statute or law applicable to the States. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of  CONFIDENTIAL  Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel (including in-house counsel) in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for

this Action;

(b) the officers, directors, employees and contractors of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pursuant to designations of Protected Material under section 7.2(b) above, the court reporter, or Designating Party if such designations are made after a final copy of the transcript and exhibits are made available, will identify such material that appears on any pages of transcribed deposition testimony or exhibits, and such material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j) to a federal or state agency by the Bureau or States where the disclosure is required or permitted by statute or regulation.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR SUBJECT TO STATE OR FEDERAL OPEN RECORDS REQUEST

If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL, or if a Party receives a state or federal open records, FOIA or similar request for information that the Party believes would require the production of information or items designated as CONFIDENTIAL, that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena, court order or other legal process or request;

(b) promptly notify in writing the party who caused the subpoena, order or other legal process or request to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order or other request shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order or other legal process issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection

in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the

Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material. Protected Material shall only be filed with a motion to

seal the Protected Material that complies with Local Rule 5.3 and the Administrative Procedures Guide for Electronic Filing, unless the Party introducing the material provides the Designating Party notice of its intention to publicly file the material at least 14 days in advance of filing to provide an opportunity for the Designating Party to seek further protection from the Court.  If the Designating Party files a motion seeking protection within the 14 days, the materials may only be filed with a motion to seal until the Court has ruled on the Designating Party's request.  To the extent it is practicable, the Parties may publicly file documents with Protected Material redacted.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. The fact that a Party or Non-Party has designated a document or other material as CONFIDENTIAL under this Order is insufficient to justify filing under seal. Instead, pursuant to Local Rule 5.3(b)(4), the Party(s) must include: (1) the applicable legal authority, (2) the reasons why the case, party, or complaint should be sealed, and (3) the rationale for the proposed duration of the requested order.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.  FINAL DISPOSITION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material as required by federal or state

recordkeeping requirements in a manner consistent with this Order. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with federal or state recordkeeping requirements. Whether the Protected Material is returned, destroyed, or retained pursuant to federal or state recordkeeping requirements, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed, or retained pursuant to federal or state recordkeeping requirements, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material except as required pursuant to or state federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

14. JURISDICTION

The Court shall retain jurisdiction after the resolution of this action to enforce or modify the terms of this order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/s/  Joseph Michael Sanders
Joseph Michael Sanders
Monika L. Moore
Vanessa Anne Buchko
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Ph: (202) 435-7000
Email: Joseph.sanders@cfpb.gov
            Monika.moore@cfpb.gov
            Vanessa.buchko@cfpb.gov
*Attorneys for Consumer Financial Protection Bureau*

/s/     Marion M. Quirk
Marion M. Quirk
Kevin D. Levitsky

Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Ph: (302) 683-8810
Email: Marion.Quirk@delaware.gov
            Kevin.Levitsky@delaware.gov
*Attorneys for State of Delaware*

/s/  Christopher L. Boyd
Christopher L. Boyd
NYS Attorney General's Office
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
Ph: (716) 853-8457
Email: Christopher.boyd@ag.ny.gov

Genevieve Sumner Rados
Office of the New York State Attorney
General (BUF)
Main Place Tower
350 Main Street, Suite 300A
Buffalo, NY 14202
Ph: (716)853-8485
Email: genevieve.rados1@ag.ny.gov
*Attorneys for The People of the State of New York*

/s/  Amanda E. Bacoyanis
Amanda E. Bacoyanis
Matthew Davies
Daniel Edelstein
Greg Grzeskiewicz
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Ste 26th Floor
Chicago, IL 60601
Ph: 773-590-7862
       312-814-2218
Email: amanda.bacoyanis@ilag.gov
*Attorneys for The People of the State of Illinois*

/s/     Kevin J. Burns
Kevin J. Burns
Colorado Department of Law
Consumer Protection Section
1300 Broadway, 6th Floor
Denver, CO 80203
Ph: (720) 508-6110
Email: kevin.burns@coag.gov
*Attorney for State of Colorado*

/s/     M. Lynne Weaver
M. Lynne Weaver
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
Ph: 919-716-6000
       919-716-6050 (fax)
Email: lweaver@ncdoj.gov
*Attorney for The State of North Carolina*

/s/   Evan Romanoff
Evan Romanoff
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1200
St. Paul, MN 55101
Ph: 651-757-1454
       651-296-7438 (fax)
Email: evan.romanoff@ag.state.mn.us
*Attorney for The State of Minnesota*


/s/   Scott S. Allen, Jr.
Scott S. Allen, Jr.
Dennis C. Vacco
Lippes Mathias LLP
50 Fountain Plaza
Suite 1700
Buffalo, NY 14202
Ph: 716-853-5100
       716-853-5199 (fax)
Email: sallen@lippes.com
           dvacco@lippes.com
*Attorneys for Anchor Client Services,
BCF Capital LLC, Bedrock Client Services
LLC, Boulder Client Services LLC, Canyon
Client Services LLC, Carolina Client Services
LLC, Great Lakes Client Services LLC,
Guidestone Client Services LLC, Harbor
Client Services LLC, Heartland Client
Services LLC, Monarch Client Services LLC,
Newport Client Services LLC, Northstar
Client Services LLC, Option 1 Client Services
LLC, Pioneer Client Servicing LLC, Rockwell
Client Services LLC, Royal Client Services
LLC, Stonepoint Client Services LLC,
Strategic CS LLC,
Strategic Client Support LLC, Strategic
Consulting LLC, Strategic FS Buffalo LLC,
Strategic Family Inc., Strategic NYC LLC,
Stratfs LLC, Summit Client Services LLC, T
Fin LLC, Versara Lending LLC and
Whitestone Client Services, LLC*

/s/   Lewis Beilin
Lewis Beilin
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-1221
Email: beilinlw@doj.state.wi.us

*Attorney for State of Wisconsin*


/s/      Terrence M. Connors
Terrence M. Connors
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
Ph: 716-852-5533
       716-852-5649 (fax)
Email: tmc@connorsllp.com

*Attorneys for Anchor Law Firm, PLLC,
Bedrock Legal Group LLC, Boulder Legal
Group, Bradon Ellis Law Firm LLC, Canyon
Legal Group, Chinn Legal Group, Clear
Creek Legal LLC, Credit Advocates Law
Firm LLC, Great Lakes Law Firm,
Greenstone Legal Group, Gustafson
Consumer Law Group LLC, Hailstone Legal
Group, Hallock & Associates LLC, Harbor
Legal Group, Heartland Legal Group, Leigh
Legal Group, PLLC, Level One Law,
Meadowbrook Legal Group, Michel Law
LLC, Monarch Legal Group, Moore Legal
Group LLC, Newport Legal Group LLC,
Northstar Legal Group, Option 1 Legal,
Pioneer Law Firm P.C., Rockwell Legal
Group, Royal Legal Group, Slate Legal
Group, Spring Legal Group, Stonepoint Legal
Group, The Law Firm of Derek Williams
LLC, The Law Office of Melissa Michel LLC,
Whitestone Legal Group and Wyolaw LLC*

20

/s/       *Matthew Patrick Kennison*
Matthew Patrick Kennison
Riley Safer Holmes & Cancila LLP
121 W. Washington Street
Suite 402
Ann Arbor, MI 48104
Ph: 734-773-4911
    734-773-4901 (fax)

Maegan Brianne McAdam
Riley Safer Holmes & Cancila LLP
136 Madison Avenue
6th Floor
New York, NY 10016
Ph: 212-660-1025
Email: mmcadam@rshc-law.com
*Attorneys for Albert Ian Behar, Daniel Blumkin and Ryan Sasson*

/s/ *Andrew  B. Joseph*
Andrew B. Joseph
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, NJ 07932-1047
973-549-7264
Email: andrew.joseph@dbr.com
*Attorney for Strategic ESOP and Strategic ESOT*

Dated: January 29, 2024

**SO ORDERED:**

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge