UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION BUREAU,
et al.,

                      Plaintiffs,

v.                                                  Case No. 24-cv-00040-EAW-MJR

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL
SOLUTIONS, LLC), et al.,

                      Defendants,

and

DANIEL BLUMKIN, et al.,

                      Relief Defendants.

---

# DECLARATION OF THOMAS W. MCNAMARA
# IN SUPPORT OF MOTION TO MODIFY THE TRO TO REMOVE
# STRATEGIC ESOP AND STRATEGIC ESOT AS RECEIVERSHIP
# <u>DEFENDANTS AND RELIEF DEFENDANTS</u>

I, Thomas W. McNamara declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney and the Court-appointed Receiver in the above-captioned action. I am fully familiar with all the facts and circumstances in this action.

2. I, as the Receiver, hereby move for this Court to modify this Court's Temporary Restraining Order, dated January 11, 2024 (the "TRO") to remove the Receivership over Relief Defendants Strategic ESOP and Strategic ESOT.

3. Under Paragraph IX.D of the TRO, the Receiver is responsible for managing all Receivership assets in order to prevent any irreparable loss, damage, or injury to consumers or third-party creditors of the Receivership Defendants, including by obtaining an accounting of the Receivership assets and preventing transfer, withdrawal, or misapplication of those assets.

4. Pursuant to this TRO, Strategic ESOP and Strategic ESOT were named as Relief Defendants. The TRO also designates Strategic ESOP and Strategic ESOT as Receivership Defendants.

5. During the course of my investigation, I learned that James Urbach is trustee for these two Relief Defendants. A declaration of James Urbach is attached hereto as Exhibit A.

6. I requested and have reviewed the declaration of James Urbach regarding the business and assets of Strategic ESOP and Strategic ESOT. Pursuant to that declaration, I have determined based on Mr. Urbach's representations that neither of those Relief Defendants are in possession of any assets which may be of material value to the Receivership Estate.

7. As such, removing these Relief Defendants from the Receivership will not disrupt the status quo, nor will it cause injury to any consumer or creditors or deprive the Receivership estate of any material assets.

8. I have determined that the retention of the assets of these Relief Defendants is not likely to provide a benefit to the Receivership estate as the very limited assets

held by these entities will be exceeded by the cost the Receivership will incur in continuing to exercise its supervision and control over the management of these Relief Defendants.

9. I therefore seek the Court's approval to modify the TRO to reduce the ongoing expenses of managing the Receivership Estate by removing these Relief Defendants from the Receivership.

10. I have contacted counsel for Plaintiffs to determine their position on this motion, and they indicated that they do not object to the removal of the Receivership over Strategic ESOP and Strategic ESOT.

11. Upon information and belief, given the pending motion to vacate the Receivership in its entirety, I do not believe that the Defendants would be opposed to the removal of the Receivership with respect to these Relief Defendants either.

12. As such, I respectfully request that the TRO be modified to remove Strategic ESOP and Strategic ESOT as Receivership Defendants and Relief Defendants.

Date:   January 29, 2024

_____
Thomas W. McNamara