# PERSONIUS MELBER LLP

ATTORNEYS AT LAW
2100 MAIN PLACE TOWER
350 MAIN STREET
BUFFALO, NEW YORK 14202-3750
TELEPHONE (716) 855-1050  FAX (716) 855-1052
WWW.PERSONIUSMELBER.COM

RODNEY O. PERSONIUS
PARTNER

rop@personiusmelber.com

February 16, 2024

***Via ECF***
Hon. Michael J. Roemer
U.S. Magistrate Judge
2 Niagara Square, 5th Floor
Buffalo, NY  14202

> **Re:** ***Consumer Financial Protection Bureau, et al. v. Stratfs, LLC, et al.***
> **Civ. No. 24-cv-40**
> **Our File No. 1575.01**

Dear Magistrate Judge Roemer:

The subject matter of this correspondence concerns recent actions of the Receiver. Efforts on our part to address these actions through the Receiver's counsel have not been successful. In fact, since raising our initial concern, additional action has been taken which only serves to exacerbate the situation.

The Court may recall that, while meeting with you regarding settlement negotiations late afternoon on Wednesday, February 14, 2024, we received notification that more than $1 million in funds deposited in the bank account for Relief Defendant Lit Def Strategies had been transferred by the Receiver to a different account. A copy of the wire notification for this transaction accompanies this correspondence as **Exhibit A**. It discloses that the exact amount transferred was $1,035,078.81, and that it was moved by the Receiver on February 14th to an account at "BK AMER NYC."

On the following morning, February 15, 2024, we caused correspondence regarding this transaction to be sent to James C. Thoman, Esq., local counsel for the Receiver. A copy of this letter is annexed as **Exhibit B**. We explained in this correspondence that the parties to the litigation were in the midst of settlement negotiations, and that the "sudden removal of funds from the Lit Def Strategies account materially interferes with [these settlement discussions] by removing capital that is badly-needed to fund future operations." We asked Mr. Thoman to promptly provide details regarding this transaction, including its purpose, justification, the identity of the transferee account, and the authority for the transfer. We closed by reiterating the significance of this matter in the context of ongoing settlement negotiations.

Several hours later, we received, by email, a brief four sentence response from Mr. Thoman. This email is part of a thread which accompanies this correspondence as **Exhibit C**. Section IX(P) of the TRO was cited by Mr. Thoman as authority for the transfer, enabling the

Hon. Michael J. Roemer
February 16, 2024
Page 2

Receiver "to open a bank account and to deposit the funds of the Receivership Defendants in such account." The email further stated that inquiry would be made with respect to details regarding the receivership account.

On the afternoon of February 15th, a follow-up email was forwarded to Mr. Thoman, inquiring as to whether the newly created account, as required under the TRO, was located in the WDNY. Our email once more requested details regarding the newly created bank account, including the name and location of the financial institution, the type of account, and the name and account number assigned to it. Quoting directly from the TRO, we inquired if the questioned transfer of funds constituted "part of action on the part of the Receiver to open a bank account to be used as a repository for all receivership funds." We also requested that Mr. Thoman indicate if the transfer constituted the entire balance of the Lit Def Strategies account. *See* **Exhibit C**.

When a response to this email was not provided by the end of the business day, a follow-up email was forwarded to Mr. Thoman at 6:17 pm on February 15, requesting that he provide a response by 9 o'clock this morning. *See* **Exhibit C**.

At 8:03 am, Mr. Thoman provided an email response. He first answered our question regarding whether the new receivership account was located in the WDNY, by stating that it "was opened at a Bank of America [*sic*] which has branches in the Western District." Candidly, we interpret this response as an indication the actual account may not be located in our district. The email then expressed confusion with respect to our question as to whether this new account was to be "used as a repository for all receivership funds," notwithstanding that this language was drawn directly from the TRO. The email did confirm that the entire balance in the Lit Def Strategies account had been transferred, but did not provide any of the requested detail regarding this new account. *See* **Exhibit C**.

Our expression of concern regarding the transfer of Lit Def Strategies funds discussed above notwithstanding, we have learned that, late morning yesterday, the Receiver generated yet another transfer of funds to a Bank of America, NA account. On this occasion, the amount of the transfer was $2,076,284.89. In this instance, these funds were transferred from a Schwab account held in the name of Relief Defendant Blust Family 2019 Irrevocable Trust. A copy of the notification for this second transfer is provided as **Exhibit D**.

Our concerns regarding these two transactions over the past 48 hours include the following:

1.  The timing and amount of these two transfers, exceeding $3 million.

2.  The initiation of the second transfer in the midst of communications with counsel for the Receiver raising questions as to the first transfer.

3.  The pursuit of the second transfer after Receiver's counsel had been informed that the parties were actively involved in settlement negotiations, which could be adversely impacted by the transfer of funds needed to finance future operations.

Hon. Michael J. Roemer
February 16, 2024
Page 3

_____

4.      What we interpret as intentionally nonresponsive answers to the limited number of questions regarding the first transfer that were directed to Mr. Thoman.

5.      The undisclosed location of the newly created receivership account, which may well not be within the WDNY.

We are keenly sensitive to the time of the Court that has been taken by this litigation; however, these transfers by the Receiver of substantial sums of money into a new account at an unidentified location, well knowing that the parties are actively involved in settlement negotiations, poses grave concerns. We respectfully request that a conference be scheduled with counsel for the parties, the Receiver, and his counsel at the earliest convenient date and time to the Court's schedule.

Respectfully yours,

**/s/ Rodney O. Personius**

Rodney O. Personius

ROP/amb
Atts.
c:      James C. Thoman, Esq.
        Vanessa Buchko, Esq.
        AAG Christopher Boyd
        Dennis Vacco, Esq.
        Ronald Safer, Esq.
        Terrence M. Connors, Esq.