UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al._____Plaintiffs,_____vs._____STRAFTS, LLC f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC, et al._____Defendants, and_____DANIEL BLUMKIN, et al.,_____Relief Defendants. | Case No. 24-cv-00040-EAW-MJR |

**RECEIVER'S REPLY TO DEFENDANTS' LETTER SUBMISSION
DATED FEBRUARY 16, 2024 (Dkt. 168]**

Thomas W. McNamara, Court-appointed temporary receiver ("Receiver") in the instant action, hereby submits this response to Lit Def Strategies, LLC's ("Lit Def") letter to the Court dated February 16, 2024 (Dkt. 168).

The Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver and Other Equitable Relief ("TRO") froze Defendants' assets. *See* Asset Freeze II. at pp. 10-12. The Asset Freeze specifically contemplated the transfer of Receivership Defendant assets to the possession of the Receiver: "This Section does not prohibit transfers to the temporary Receiver, as specifically required in Section XIV (Delivery of Receivership Property)." *Id*. at 12.

The Receiver was ordered to take custody, control and possession of all Assets wherever situated in several Sections of the TRO. In particular, the TRO provides:

> DUTIES OF RECEIVER
>
> IX. IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

1

B. Take exclusive custody, control, and possession of all Assets, Documents, and Electronically Stored Information of, or in the possession, custody, or under the control of, the Receivership Defendants[1], wherever situated. The Receiver shall have full power to . . . take possession of, hold, and manage all Assets and Document of the Receivership Defendants and other Persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. Provided, however, that the Receiver shall not attempt to collect or receive any amount from a Consumer if the Receiver believes that the Consumer was a victim of the unlawful conduct alleged in the Complaint in this matter;

. . .

DELIVERY OF RECEIVERSHIP PROPERTY

XIV. IT IS FURTHER ORDERED that:

A. Immediately upon service of this Order upon them or upon their otherwise obtaining actual knowledge of this Order, or within a period permitted by the Receiver, Defendants, Relief Defendants, or any other Person or entity, including but not limited to Financial Institutions . . . shall transfer or deliver access to and possession, custody, and control of the following to the Receiver:

1. All Assets of the Receivership Defendants.

<u>Transfer of Receivership Defendant Assets</u>

As directed by the TRO, on February 12, 2024 the Receiver's office contacted the financial institutions holding frozen Receivership Defendant funds and requested the funds be transferred

---

[1] Receivership Defendants are defined under the TRO Definitions heading at "N. Receivership Defendants' means the Corporate Defendants and their subsidiaries, affiliates, divisions, successors, and assigns, as well as any other business related to the Defendants' debt-relief services and which the temporary Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants, and includes fictious names under which they do business. 'Receivership Defendants' also includes Relief Defendants Strategic ESOP; Strategic ESOT; Twist Financial, LLC; Duke Enterprises, LLC; Blaise Investments, LLC; the Blust Family Irrevocable Trust through Donald J. Holmgren, Trustee; Lit Def Strategies, LLC; and Relialit, LLC; (excluding Relief Defendants Daniel Blumkin, Albert Ian Behar, and Jaclyn Blust), and their subsidiaries, affiliates, divisions . . . ."

to a Bank of America receivership account established for this receivership.[2]  Those transfers were completed on February 14 and 15, 2024.

On the morning of February 15, counsel representing Lit Def wrote to Receiver's counsel claiming "serious doubts about the propriety of the transfer [of Lit Def funds] under the terms of the TRO" and demanding a response to a series of questions "this morning" (emphasis in original). Lit Def did not identify any provisions of the TRO which it believed were not being complied with.  Receiver's counsel responded in an hour and identified for Lit Def counsel one of the relevant TRO provisions, Section IX P.

Lit Def counsel replied a couple hours later, acknowledging the Receiver's prompt response, but then raising additional questions and followed-up later in the day demanding a reply to the second email by the following morning at 9:00 a.m.  Receiver's counsel responded the following morning at just after 8:00 a.m., confirming that the receivership account was at Bank of America which has branches in the Western District and that all the frozen funds in the Lit Def account had been transferred.[3]

Lit Def has raised a number of questions in its letter to the Court, the first three relate to the timing of the "initiation" and implies the second transfer was initiated only after hearing from Lit Def counsel on February 15.  All the transfer requests were initiated on February 12.  Lit Def

---

[2] Bank of America was chosen for the receivership account in light of its numerous locations throughout the Western District of New York.  TRO IX.P.  *See e.g.,* https://locators.bankofamerica.com/ny/buffalo/ and https://locators.bankofamerica.com/ny/rochester/.

[3] Receivership Defendant funds have been transferred to the receivership Bank of America account with two exceptions, as noted by Receiver's counsel in his response to Lit Def.  StratFS accounts at CIBC and Valley bank remain open and are subject to senior liens by those banks.  Nevertheless, with their cooperation the Receiver's office has transferred (some are presently in process) almost $2 million to fund payroll and pay critical vendors from accounts at those banks.

3

next impugns Receiver's counsel by asserting "What we interpret as intentionally nonresponsive answers to the limited number of questions regarding the first transfer that were directed to Mr. Thoman."  This point does not merit a response other than to note it is rich for Lit Def and its counsel to attack the integrity of Receiver's counsel when they have contemptuously ignored the TRO obligations of Lit Def since January 12.  Finally, the receivership account is at Bank of America which has numerous locations throughout the Western District.

The Receiver is available at the Court's convenience, but in light of the clear dictates of the TRO described above believes a conference is unnecessary.

Dated: February 20, 2024

**HODGSON RUSS LLP**

*/s/ James C. Thoman*
James C. Thoman, Esq.
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
Facsimile:  (716) 849-0349
Email:  jthoman@hodgsonruss.com

**MCNAMARA SMITH LLP**

By:   */s/ Logan D. Smith*
Logan D. Smith  (*Pro Hac Vice*)
Alexander D. Wall (*Pro Hac Vice*)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone:  (619) 269-0400
Facsimile:  (619) 269-0401
Email:  lsmith@mcnamarallp.com;
awall@mcnamarallp.com

*Attorneys for Court-appointed Receiver, Thomas W. McNamara*