# EXHIBIT 4

# Cell Gramercy 2 of Contego Insurance, Inc.

## POLICY DECLARATION

In return for payment of the required premium, applicable fees and subject to all terms of this policy and any applicable endorsements, insurance will be provided as stated in this policy.

**INSURANCE COMPANY:**

| | |
|---|---|
| **Name:** | Cell Gramercy 2 of Contego Insurance, Inc. |
| **C/O:** | Ryan Smart |
| **Address:** | 5320 South 900 East, Suite 120 |
| **City, State:** | Salt Lake City, UT 84117 |

**POLICY:**

| | | |
|---|---|---|
| **Policy Number:** | GRA300202100845 | New or Renewal Policy: Renewal |
| **Effective Date:** | January 1, 2021 | at 12:01 AM Standard time at |
| **Expiration Date:** | January 1, 2022 | Insured's mailing address. |

**INSURED:**

| | |
|---|---|
| **Name:** | Strategic Financial Solutions, LLC |
| **Address:** | 711 3rd Avenue, 6th Floor |
| **City, State:** | New York, NY 10017 |

**COVERAGE:**

| | |
|---|---|
| **Name:** | Service Agreement Insurance |
| **Retroactive Date:** | January 1, 2018 |
| **Extended Reporting Period:** | 60 Days After the Expiration Date of This Policy |
| **Type:** | Claims Made / Reimbursement |
| **Limits of Liability:** | $1,000,000  occ/agg |
| **Deductible:** | $0 |
| **Annual Premium:** | $284,929.00 |

_____     12/31/2021
Luis Filipe, Duly Authorized                       Date Signed

**Exhibit 4**

**Policy Declaration**



## SCHEDULE OF INSUREDS

**POLICY NUMBER(S):**

GRA300202100845

**INSURED:**

| | |
|---|---|
| **Insured:** | Strategic Financial Solutions, LLC |
| **Address:** | 711 3rd Avenue, 6th Floor |
| **City, State:** | New York, NY 10017 |

**Insureds included on the noted coverages:**

Anchor Law Firm, PLLC d/b/a Law Offices of Stacy Robinson and Associates
Burnette Legal Group, LLC dba Monarch Legal Group
A. Florio & Associates, PLLC dba Bedrock Legal Group
Law Offices of Gardner Legal LLC d/b/a Option 1 Legal
Law Office of Crystal Banse d/b/a Great Lakes Law Firm
Henry Legal Group, PLLC dba Heartland Legal Group
Law Office of Mercedes Gustafson, d/b/a Northstar Legal Group, LLC
Law Offices of the Sands Law Group, LLP d/b/a Whitestone Legal Group
Law Office of Guillermo Geisse, d/b/a WYOLAW, LLC
Greenstone Legal Group
Hodyno & Associates, PLLC d/b/a Rockwell Legal Group
Law Offices of G. Anthony Yuthas, LLC d/b/a Harbor Legal Group, LLC
Greene Legal Group LLC d/b/a Newport Legal Group
Boulder Legal Group, LLC
Jon Schulte & Associates, LLC d/b/a Canyon Legal Group
Meadowbrook Legal Group
Gustafson Consumer Law Group, LLC, d/b/a White Oak Law
Chinn Legal Group, LLC d/b/a Slate Legal Group
Donald Norris & Associates, LLC, d/b/a Royal Legal Group, LLC
Donald Norris & Associates, PLLC, d/b/a Stonepoint Legal Group,
Hallock and Associates, LLC
The Brian A. Moore Law Firm, LLC d/b/a Guidestone Law Group
Law Office of Melissa Michel LLC d/b/a Spring Legal Group
Strategic Family, Inc.
Strategic CS, Inc.
Strategic Client Support, LLC
Strategic Consulting, LLC
Strategic CS, LLC
Strategic FS Buffalo, LLC
Strategic NYC, LLC

**Exhibit 4**

D-SAI DO5 12-17

## Service Agreement Insurance

### IMPORTANT NOTICES

THIS POLICY IS ISSUED BY AN INSURANCE COMPANY THAT IS NOT LICENSED BY NOR SUBJECT TO THE INSURANCE LAWS AND REGULATIONS OF YOUR STATE. STATE INSURANCE INSOLVENCY OR GUARANTY FUNDS ARE NOT AVAILABLE FOR THIS POLICY.

THIS POLICY CONTAINS CERTAIN PROVISIONS AND REQUIREMENTS UNIQUE TO IT AND MAY BE DIFFERENT FROM OTHER POLICIES YOU MAY HAVE PREVIOUSLY PURCHASED AND/OR BEEN COVERED UNDER. PLEASE READ THIS POLICY CAREFULLY.

Throughout this policy the words "you" and "your" refer to the "named insured" shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in **BOLD CAPS** have special meaning. Refer to Section IX – Definitions.

**Exhibit 4**

D-SAI DO5 12-17

## Service Agreement Insurance

**SECTION I - Insuring Agreement**

A. Subject to the Limit(s) of Liability stated in the Declarations; we will insure all indemnification and/or contribution obligations of the relevant Servicer for any Claim in connection with the relevant Service Agreement specified in the Declarations (the "**SERVICE AGREEMENT**"). Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to such terms in the relevant Service Agreement.

**SECTION II - Who Is an Insured**

A. If you are designated in the Declarations as a party to The **SERVICE AGREEMENT**:
   1. An individual, you and your spouse are the Insured (s).
   2. A partnership or joint venture, you are the Insured. Your partners or members are also the Insureds.
   3. A limited liability company or a professional limited liability company, you are the Insured. Your members and managers are also the Insureds.
   4. An organization other than a partnership, joint venture or limited liability company, you are the Insured. Your executive officers, stockholders and directors are also the Insureds.

**SECTION III – Exclusions**

A. This coverage does not apply to:
   1. Costs associated with or arising out of criminal actions or punitive damages.
   2. Expenses incurred as a result of litigation for which the Insured was served a complaint or summons prior to the effective date of this coverage.
   3. Anti-trust or anti-competitive actions.
   4. Discrimination by the Insured on the basis of race, creed, national origin, disability, age, sex or sexual preference.
   5. Patents, copyrights, trademarks, merchandise marks registered designs, intellectual property, secrecy and confidentiality agreements.

B. This coverage does not apply:
   1. Based on or arising out of any obligations for which an Insured or any carrier acting as his insurer may be liable under any workers' compensation, unemployment compensation, disability or pension benefits law, or any similar laws, including but not limited to, the Employee Retirement Income Security Act of 1974, Public Law 93-406 (ERISA), or any of its amendments, or any other similar state or local law, or any non-qualified plan, while any Insured is acting as a fiduciary within the meaning of said laws.
   2. Based on or arising out of any violation of the Securities Act of 1933, as amended, or the Securities Exchange Act of 1934, as amended or any state blue sky or securities law, or any similar state or federal statues, including any rules or regulations promulgated there under;
   3. Arising out of, based on, alleging or arising out of discrimination of any kind by an Insured, including but not limited to discrimination due to or on

**Exhibit 4**

the basis of age, sex, race, color, religion, disability, marital status, pregnancy, national origin, HIV or AIDS status, sexual origin, sexual orientation, or sexual preference.

### SECTION IV – Limit of Insurance
A. The Limit of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:
  1. Insureds;
  2. **CLAIMS** made.

### SECTION V – Deductible and Co-Insurance
A. This policy does not contain a Deductible or Co-Insurance clause.

### SECTION VI – General Conditions
A. In the Event of an action that results in a **CLAIM**
  1. The following must be done:
     a. Give us prompt notice of the **CLAIM**.
     b. Give us a description of the events and circumstances that led to the **CLAIM**.
     c. Take all reasonable steps to prevent any further **CLAIM (S)** other than conducting business in the ordinary and reasonable course. Keep a record of your cost/expenses involved for payment hereunder.
     d. If you previously made a payment on a CLAIM, send us evidence of payment for reimbursement, containing the information, we request. We will supply you with the necessary forms.
  2. Duty to Disclose
     When we insure you, we rely on the information you have provided us. So before you enter into this insurance contract you must tell us:
     a. If you know of or could reasonably have been expected to know information that is relevant to our decision whether, and on what terms, to insure you and did not tell us, it may reduce the amount we reimburse you for a **CLAIM** or refuse to reimburse a **CLAIM**. The foregoing language shall not apply to circumstances that should be reasonably expected given the current and past business of the Insureds.
     b. You must also do this every time you renew or change the Policy – but only for matters, you have not told us about before.
  3. Payment
     We will pay you for a covered **CLAIM** within 30 days after we receive the completed **CLAIM** form we have provided you, if you have complied with all the terms of this Policy and we have reached an agreement with you on the amount of the payment.
B. Concealment, Misrepresentation or Fraud
   This Policy is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other Insured, at any time.
C. Bankruptcy
   Bankruptcy or insolvency of the Insured or the Insured's estate will not relieve us of our obligations under this policy.
D. Legal Action Against Us
   No person or organization has a right under this policy:
   1. To join us as a party or otherwise bring us into a suit asking for damages from an Insured; or
   2. To sue us on this policy unless all the terms of this Policy have been complied with, we will also not be liable

Exhibit 4

for the Insured's share of any reimbursement due because of a settlement or judgment for which the Insured is responsible.

E. Other Insurance
   1. Excess Insurance
      The most we will pay for **CLAIMS** covered by this policy is the applicable Limit of Insurance specified in the Declarations. This policy is excess over any other valid and collectible insurance.

F. Representations
   By accepting this policy, you agree that:
   1. The statements in the Declarations are accurate and complete;
   2. Those statements are based upon representations you made to us; and
   3. We have issued this policy in reliance upon your representations.

G. Separation of Insureds
   Except with respect to the Limit of Insurance, and any rights or duties specifically assigned in this policy to the first Named Insured, this insurance applies:
   1. As if each Named Insured were the only Named Insured; and
   2. Separately to each Insured making a **CLAIM**.

H. Coverage Territory
   This policy applies to **CLAIM (S)** occurring within the United States of America and its possessions.

I. Premiums
   The Named Insured shown in the Declarations:
   1. Is responsible for the payment of all premiums; and
   2. All premiums, Limits of Liability and any other monetary amounts under this policy are expressed and reimbursable in the currency of the United States of America.

J. Cancellation
   1. You may cancel this policy at any time by mailing us a written notice stating when the cancellation will be Effective, which shall be signed by all named insureds.
   2. We may cancel this policy for any reason other than non- payment by mailing you at your address stated in the Declarations, a written notice stating when, not less than 90 days after such mailing, the cancellation will be effective; provided, however, that such cancellation shall be effective only when the Insured and we have reasonably agreed to an alternative insurance or escrow agreement.
   3. We may cancel the policy because of your failure to pay premium by mailing you at your address stated in the Declarations a written notice stating when, not less than 10 days after such mailing, the cancellation will be effective.
   4. Cancellation of this policy will not change our obligations with respect to any **CLAIM** that happened before the date and time of the cancellation of this policy.

**SECTION VII – Definitions**
A. **CLAIM (S)** means a written request for us to pay you per the terms of the **SERVICE AGREEMENT**.

**Exhibit 4**