UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*<br><br>Defendants, and<br><br>DANIEL BLUMKIN, *et al.*,<br><br>Relief Defendants. | **CASE NO. 1:24-cv-00040-EAW-MJR**<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO CIBC BANK USA AND VALLEY NATIONAL BANK'S MOTION TO INTERVENE** |

Plaintiffs Consumer Financial Protection Bureau and New York Attorney General's Office respectfully request leave of Court to file a sur-reply pursuant to Local Rule 7(a)(6) in opposition to CIBC Bank USA and Valley National Bank's Motion to Intervene for the limited purpose of correcting (1) CIBC Bank USA and Valley National Bank's mischaracterization of the 2017 SFS Memorandum submitted as part of Strategic Financial Solutions' loan application; and (2) CIBC's mischaracterization of the third party due-diligence materials as "confirm[ing] regulatory compliance of the business, including the advance fee model." Dkt. 285 at 6. Plaintiffs believe the Court should be able to review the documents at issue, and therefore request leave to file a sur-reply with the documents attached as exhibits. *See* Ex. 1 to Plaintiffs' Proposed Sur-reply, 2017 SFS Memorandum; Ex. 2 to Plaintiffs' Proposed Sur-reply, January 2020 Compliance Review of Strategic Financial Solutions, LLC; & Ex. 3 to Plaintiffs' Proposed Sur-reply, March 2022 Compliance Review of StratFS, LLC.

In their reply brief, CIBC Bank USA and Valley National Bank ("the Banks") claim that "[a]ccording to the CFPB, the 2017 SFS Memorandum contains one paragraph that explained incorrectly that advance fees were permissible where paralegals conducted face-to-face meetings under the TSR and telemarketing regulations." Dkt. 285 at 6. The CFPB did not claim or suggest that the 2017 SFS Memorandum contained only one paragraph on advance fees. *See* Dkt. 265 at 6-7; Dkt. 265-1 ¶ 9. In fact, the document contains references to advance fees throughout. Ex. 1 to Plaintiffs' Proposed Sur-reply at 15, 18, 32, 35.

The Banks further claim for the first time in their reply that "CIBC received additional third party due diligence materials to confirm regulatory compliance of the business, including the advanced fee model." Dkt. 285 at 6. A review of two Compliance Reviews conducted by third-party ProBank Austin ("the Compliance Reviews") and produced by CIBC in this matter show that contrary to confirming regulatory compliance, the Compliance Reviews raised serious questions about the legality of Strategic Financial Solutions' business practices. Indeed, the January 2020 Compliance Review found widespread misrepresentations to consumers and found that Strategic Financial Solutions' management endorsed a policy that allowed for misrepresentations. *See* Ex. 2 to Plaintiffs' Proposed Sur-reply at 9, 12-14.

Plaintiffs request leave to file a sur-reply to correct the Banks' misstatements. CIBC funded Strategic Financial Solutions even as it knew Strategic was charging advance fees and misrepresenting its services to consumers. These facts are directly relevant to Plaintiffs' equitable argument for a constructive trust over the Defendants' funds deposited at the Banks.

## ARGUMENT

This Court has broad discretion to grant leave to file a sur-reply where new factual or legal arguments are raised in a reply. "Motions for leave to file a sur-reply 'are subject to the

sound discretion of the court.'" *Bates v. Deva Concepts LLC,* No. 1:20-CV-9056, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022) (quoting *Barbour v. Colvin,* 993 F. Supp. 2d 284, 288 (E.D.N.Y. 2014)). Courts may use this discretion to address "factual misstatements" in reply briefs. *See United States v. Allam*, No. 18-CR-00681, 2023 WL 8828888, at *4 (E.D.N.Y. Dec. 21, 2023). Local Rule 7(a)(6) allows for a sur-reply with judicial permission.

Here, the Banks mischaracterize both the 2017 SFS Memorandum and Plaintiffs' characterization of the memorandum, claiming that "[a]ccording to the CFPB, the 2017 SFS Memorandum contains one paragraph that explained incorrectly that advance fees were permissible where paralegals conducted face-to-face meetings under the TSR and telemarketing regulations." Dkt. 285 at 6. It is evident on the face of Plaintiffs' Response that the CFPB did not claim or suggest that the 2017 SFS Memorandum contained only one paragraph on advance fees. *See* Dkt. 265 at 6-7; Dkt. 265-1 at 6-7. Indeed, the Declaration of Theresa Ridder references three different pages that discuss advance fees. Dkt. 265-1 ¶ 9. But the Banks' Reply implies that the document itself does not reference advance fees beyond a single paragraph, and Plaintiffs should be granted leave to correct this misstatement of fact by providing the Court with a copy of the document at issue. In fact, the document discusses advance fees at length, describing an "███████████" and highlighting it in a section of the Memorandum entitled "███ ███████████████████." *See* Ex. 1 to Plaintiffs' Proposed Sur-reply at 15, 18, 32 & 35.

Additionally, the Banks claim for the first time in their reply that "CIBC received additional third party due diligence materials to confirm regulatory compliance of the business, including the advanced fee model." Dkt. 285 at 6. Far from supporting the Banks' arguments, however, the Compliance Reviews actually raised red flags about Strategic Financial Solutions' business model. For example, both Compliance Reviews note that "███████████

3

▇." Ex. 2 to Plaintiffs' Proposed Sur-reply at 9; Ex. 3 to Plaintiffs' Proposed Sur-reply at 10. Both Compliance Reviews also note that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 2 to Plaintiffs' Proposed Sur-reply at 9; Ex. 3 to Plaintiffs' Proposed Sur-reply at 10. Each Compliance Review then goes on to identify and discuss examples of misrepresentations by SFS employees including misrepresentations about adverse impacts the program could have consumers' credit scores, with the 2020 Review finding that Strategic Financial Solutions' management endorsed a policy that allowed for misrepresentations. *See* Ex. 2 to Plaintiffs' Proposed Sur-reply at 13, Ex. 3 to Plaintiffs' Proposed Sur-reply at 3, 13. Ultimately, the 2020 Review recommended that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ noting that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 2 to Plaintiffs' Proposed Sur-reply at 13.



The Banks' Reply mischaracterizes the 2017 SFS Memorandum and the Compliance Reviews, and Plaintiffs should be granted leave to file a sur-reply with copies of the documents at issue for the Court's review.

## CONCLUSION

Given the foregoing, the Court should grant Plaintiffs leave to file the attached sur-reply for the limited purpose of correcting factual misstatements in the Banks' Reply to Plaintiffs' Opposition to the Banks' Motion to Intervene.

Dated April 16, 2024                    Respectfully submitted,

                                        Attorneys for Plaintiff

4

Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA SHYAM DASGUPTA
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

*/s/ Joseph Sanders*
Joseph Sanders
E-mail: joseph.sanders@cfpb.gov
Phone: 202-377-9846
Vanessa Buchko
E-mail: vanessa.buchko@cfpb.gov
Phone: 202-435-9593
Shirley Chiu
E-mail: shirley.chiu@cfpb.gov
Phone: 202-435-7592
Monika Moore
E-mail: monika.moore@cfpb.gov
Phone: 202-360-5905
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-7722

And

LETITIA JAMES
Attorney General of the State of New York

*/s/ Christopher L. Boyd*
Christopher L. Boyd
Phone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov
Genevieve Rados
Phone: (716) 853-8485
Email: Genevieve.Rados@ag.ny.gov
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, NY 14202

Attorneys for State of New York

5