UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*<br><br>　　　　　　　Defendants, and<br><br>DANIEL BLUMKIN, *et al.*,<br><br>　　　　　　　Relief Defendants. | **CASE NO. 1:24-cv-00040-EAW-MJR** |

**PLAINTIFFS' [PROPOSED] SUR-REPLY
IN OPPOSITION TO CIBC BANK USA AND VALLEY NATIONAL BANK'S
MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW**

　　　　In their reply brief, CIBC Bank USA and Valley National Bank ("the Banks") claim that "[a]ccording to the CFPB, the 2017 SFS Memorandum contains one paragraph that explained incorrectly that advance fees were permissible where paralegals conducted face-to-face meetings under the TSR and telemarketing regulations." Dkt. 285 at 6. The CFPB did not claim or suggest that the 2017 SFS Memorandum contained only one paragraph on advance fees. *See* Dkt. 265 at 6-7. Indeed, the 2017 SFS Memorandum contains references to advance fees throughout, going so far as to refer to its collection of advance fees as an ▮▮▮▮▮▮▮▮▮▮▮▮▮." Ex. 1 at 15, 18, 32, 35.

　　　　The Banks further claim for the first time in their reply that "CIBC received additional third party due diligence materials to confirm regulatory compliance of the business, including

the advanced fee model." Dkt. 285 at 6. CIBC produced to Plaintiffs two third-party compliance reviews of StratFS, LLC (f/k/a Strategic Financial Solutions, LLC) conducted by ProBank Austin (the "Compliance Reviews"). *See* Ex. 2 & Ex. 3. Contrary to the Banks' claim that these documents confirm regulatory compliance, the Compliance Reviews actually raise red flags about the legality of Defendants' business practices. For example, the January 2020 Compliance Review found that Strategic Financial Solutions' management endorsed a policy that allowed employees to misrepresent facts to consumers: ███████████████████████████

████████████████████████████████████████████

█████████████████████████████████████" noting that

████████████████████████████████████████." Ex. 2 at 9, 13. CIBC continued to fund Defendants' even as it knew that StratFS was charging advanced fees and misrepresenting its services to consumers. Given these facts, the Court should not allow CIBC to be unjustly enriched and should institute a constructive trust over the funds the Banks are claiming. At a minimum the Court should permit Plaintiffs to take discovery regarding this issue.

## DISCUSSION

**I.      The Banks knew Defendants charged advance and disproportionate fees.**

The Banks mischaracterize the 2017 SFS Memorandum and the Plaintiffs' description of the Memorandum in its response to the Banks Motion to Intervene. The Banks assert that "[a]ccording to the CFPB, the 2017 SFS Memorandum contains one paragraph that explained incorrectly that advance fees were permissible where paralegals conducted face-to-face meetings under the TSR and telemarketing regulations." Dkt. 285 at 6. Nowhere in Plaintiffs' response to the Banks' Motion to Intervene do Plaintiffs state or suggest that the discussion of advance fees

was limited to one paragraph. *See* Dkt. 265 at 6-7; Dkt. 265-1 at 6-7. In fact, the 2017 SFS Memorandum—which was prepared by Strategic Financial Solutions itself and thus contains Strategic's self-serving description of its services—discusses advance fees at length, noting for example that Defendants' continued charging of such fees was crucial to its business model allowing it continue operating while "███████████████████████████" because they were no longer charging advance fees following 2010 amendments to the TSR. Ex. 1 at 18. The 2017 SFS Memorandum provides:

- ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████ Ex. 1 at 15 (emphasis added).

- ███████████████████████████████████████
███████████████████████████████████████ *Id*. at 15 (emphasis added).

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████ *Id*. at 18 (emphasis added).

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████ *Id*. at 32 (emphasis added).

- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████ *Id*. at 35 (emphasis added).

3

-  *Id*. at 35 (emphasis added).

The Banks go on to claim that "CIBC received additional third party due diligence materials to confirm regulatory compliance of the business, including the advanced fee model." Dkt. 285 at 6. Those Compliance Reviews, however, actually raised red flags about StratFS's business model, including its charging of advance fees, noting that:



Ex. 2 at 9; Ex. 3 at 10 (emphasis original).

Similarly, the Banks knew from the Compliance Reviews that the Façade Firms were charging disproportionate fees, which is a violation of the TSR:



Ex. 2 at 18.

Given this knowledge and the Court's finding that Plaintiffs are likely to prevail on their TSR advance fee claims (Dkt. 184 at 7-45), it would be unjust to enrich the Banks by modifying the Preliminary Injunction to allow them to take Defendants' funds.

II. **The Banks knew that Defendants were misrepresenting their debt-relief services.**

In the recently filed First Amended Complaint, Plaintiffs add claims against Defendants for deceptive practices that violate the TSR. *See* Dkt. 281 at 10 n.6 (citing Plaintiffs' Amended Complaint). Contrary to the Banks' implied claim that "additional third party due diligence

4

materials . . . confirm regulatory compliance of the business," Dkt. 285 at 6, the third-party documents actually buttress Plaintiffs' deception claims. For example, the Compliance Reviews provided to CIBC (and conducted by ProBank Austin) note the TSR's prohibition on misrepresentations:



Ex. 2 at 9 (emphasis in original); *see also* Ex. 3 at 10 (same language).

Both Compliance Reviews then go on to find significant compliance problems at StratFS with regard to the TSR's prohibition on misrepresentations. The 2020 report is particularly damning, noting that management was allowing agents to provide consumers with their opinions, as opposed to facts about the debt-relief program:



Ex. 2 at 13 (emphasis added). The 2020 Compliance Review also cites specific categories of misrepresentations including misrepresentations about credit impact, tax consequences, settlement timetables and adverse consequences of a debt-relief program. *See* Ex. 2 at 12-14.

Despite the recommendations in the 2020 Compliance Review, the 2022 Compliance Review notes the continued existence of troubling misrepresentations. In a review of just 18 recorded calls, which were selected by StratFS, ProBank found misrepresentations:

5



Ex. 3 at 13 (emphasis added).

Despite these red flags and prior recommendations, StratFS did not have an internal audit function, which the Banks were aware of via the Compliance Reviews. *See* Ex. 3 at 14; *see also* Ex. 3 at 14 (2020 audit noting the same concern). CIBC knew that Strategic Financial Solutions was misrepresenting its services to consumers and continued to fund the company, which supports Plaintiffs' equitable argument for a constructive trust over Defendants' funds deposited at the Banks.

## CONCLUSION

Given the foregoing, the Court should deny the Banks' motion in so far as it seeks modification of the preliminary injunction to permit them to offset funds from Defendants' accounts against amounts the Banks claim are owed to them.

Dated April 16, 2024            Respectfully submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA SHYAM DASGUPTA
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

6

*/s/ Joseph Sanders*
Joseph Sanders
E-mail: joseph.sanders@cfpb.gov
Phone: 202-377-9846
Vanessa Buchko
E-mail: vanessa.buchko@cfpb.gov
Phone: 202-435-9593
Shirley Chiu
E-mail: shirley.chiu@cfpb.gov
Phone: 202-435-7592
Monika Moore
E-mail: monika.moore@cfpb.gov
Phone: 202-360-5905
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-7722

And

LETITIA JAMES
Attorney General of the State of New York

*/s/ Christopher L. Boyd*
Christopher L. Boyd
Phone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov
Genevieve Rados
Phone: (716) 853-8485
Email: Genevieve.Rados@ag.ny.gov
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, NY 14202

Attorneys for State of New York