UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

        Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL
SOLUTIONS, LLC), et al.,

        Defendants.

Case No. 24-CV-40-EAW-MJR

---

### SECURED LENDERS' [PROPOSED] RESPONSE TO PLAINTIFFS' SUR-REPLY IN OPPOSITION TO SECURED LENDERS' MOTION TO INTERVENE

In their Sur-Reply, Plaintiffs misinterpret and misstate both the Secured Lenders' references to advance fees as well as the Compliance Reports' conclusions. The Secured Lenders had produced the 2017 SFS Memorandum ("SFS Memorandum") and Compliance Reviews before the Motion to Intervene on February 8, 2024. Now, in their Sur-Reply, Plaintiffs "cherry-pick" selected incidents of noncompliance, and they ignore the conclusions of the Compliance Reviews that "███████████████████████████████████████████████████████████████████████████████████████████████████████████." (Sealed Ex. 4, Dkt. 298-4)[1]; ((Sealed Ex. 5, Dkt. 298-5).[2]

---

[1] Plaintiffs incorrectly number their exhibits in the Sur-Reply; specifically, references to Exhibits 2 and 3 should be Exhibits 4 and 5 respectively. In this Motion and Proposed Response, Secured Lenders refer to the exhibits as they appear on the Docket, Docket number 298.

[2] Plaintiffs moved to partially seal and redact exhibits to its proposed Sur-Reply (Dkt. 297). Secured Lenders do not oppose Plaintiff's motion to seal, and have redacted material quoted from the sealed filings pursuant to Local Rule 5.3(g). Secured Lenders will deliver an unredacted copy of this memorandum to the Court by hand delivery, and to counsel of record via email.

1

## DISCUSSION

### A. The Plaintiffs Mischaracterize the Secured Lenders' References to Advance Fees.

Plaintiffs argue that the Secured Lenders inaccurately "implied" that the CFPB suggested there was only one paragraph about advance fees in the SFS Memorandum (Motion for Leave to File Sur-Reply at 3). That is incorrect and not what was stated in the Secured Lenders' Reply (Secured Lenders' Reply at 6). Indeed, Plaintiffs not only misstate the Secured Lenders' Reply—but their own response.

In Plaintiffs' Response ("Plaintiffs' Response"), they asserted that the Secured Lenders "knew" that SFS was collecting advance fees (Plaintiffs' Response at 6).

> "In Q3 2017, Defendants provided CIBC with a memorandum that plainly stated that Defendants were 'charg[ing] advance fees' based on the fact that 'a paralegal conducts an in state, face to face meeting' with consumers."

(Plaintiffs' Response at 6).

The Reply responded to the face-to-face meeting exemption reference in the Response:

> "According to the CFPB, the 2017 SFS Memorandum contains one paragraph that explained incorrectly that advance fees were permissible where paralegals conducted face-to-face meetings under the TSR and telemarketing regulations."

(Secured Lenders' Reply at 6).

Therefore, while the Reply addresses is the face-to-face exemption involving paralegals, it does not state that there were no other references to advance fees. The Plaintiffs' mistaken contention that it "implies" there is only one reference "to advance fees" is the Plaintiffs' own misinterpretation (Motion for Leave to File Sur-Reply at 2).

Furthermore, in Plaintiffs' Response, Plaintiffs concede that the SFS Memorandum concluded that the fees were "in full compliance with TSR [Telemarketing Sales Rule]" pursuant

to the face-to-face meeting exemption with law firm paralegals. (Plaintiffs' Response at 6). In their Sur-Reply, Plaintiffs add several more excerpts of the SFS Memorandum, which describe the "compliant advance fee models" of Strategic (Sur-Reply at 3). By repeatedly describing the advance fee model as being "compliant" with the TSR, the SFS Memorandum did not put Secured Lenders on notice of regulatory violations.

### B. The Plaintiffs Mischaracterize the Compliance Reports' Conclusions.

Moreover, Plaintiffs mischaracterize the Compliance Reviews by ignoring that they found Strategic Financial Solutions, LLC to be in overall compliance with regulatory and industry guidance. (Sur-Reply at 2).

Specifically, in January 2020, ProBank Austin, which performed the compliance assessment and review, issued a report entitled "Report of Findings Compliance Review and Assessment" for Strategic Financial Solutions, LLC. In its cover letter, ProBank concluded:



(Sealed Ex. 4, Dkt. 298-4) (emphasis added).

Two years later, in March 2022, ProBank Austin conducted another assessment and issued a report of StratFS, LLC [f/k/a Strategic Financial Solutions]. Once again, ProBank's April 4, 2022 cover letter to the assessment concluded that: "███████████████████████████████████████████████████████████████████████████████████████████████." (Sealed Ex. 5, Dkt. 298-5). The next sentence of the cover letter explained that "███████████████████████████████████████████████████████████████████" to address previously identified compliance issues. *Id*. Contrary to the Plaintiffs' assertions, these reports,

3

once again, indicated overall compliance with the TSR. That was the information provided to the Secured Lenders. Notably, Plaintiffs do not cite to this conclusion or the cover letters in their Sur-Reply.

In addition, Plaintiffs claim that the 2022 Compliance Review revealed that Strategic made "troubling misrepresentations" to consumers (Sur-Reply at 5). The specific incident was a financial consultant ("FC") making misleading statements to consumers. (Sur-Reply at 6). Plaintiffs quote the entire paragraph of the recommendation detailing these misleading statements *except* for the last sentence which states—"▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (Sealed Ex. 5, Dkt. 298-5). They also omit the Management Response section proposing annual training and additional monitoring of calls during 2022. *Id.* at 13.

Next, Plaintiffs claim that the Compliance Reviews "actually raised red flags about StratFS's business model, including its charging of advance fees" (Sur-Reply at 4). They then quote a paragraph that begins "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (*See e.g.* Sealed Ex. 5, Dkt. 298-5). But this section is part of the Compliance Review's explanation of the TSR. It was one of the "▮▮▮▮▮▮▮▮▮▮" upon which ProBank conducted its assessment. *Id.* It did not refer to any practice or specific incident by Strategic Financial Solutions.

Plaintiffs then quote a section that they claim shows that "Façade Firms" were charging disproportionate fees. What they fail to mention is that the Compliance Review explained that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." (Sealed Ex. 4 at 19, Dkt. 298-4). In sum, these examples show that the Plaintiffs have mischaracterized the Compliance Reviews which underlie their specious argument for imposition of a constructive trust.

4

The Secured Lenders raise these examples to underscore the lack of any basis for a constructive trust. The merit of each example of non-compliance or the details of what was done years ago when these reviews were conducted are **not** the issue. What does matter is that the Secured Lenders were told 1) the companies were in overall compliance with applicable regulations and 2) remedial measures were implemented when problems were found.

## II. THE SECURED LENDERS WERE NOT UNJUSTLY ENRICHED AND THEREFORE A CONSTRUCTIVE TRUST SHOULD NOT BE IMPOSED.

Finally, Plaintiffs contend that a constructive trust should be imposed because the Secured Lenders would be "unjustly enriched" if the Preliminary Injunction is modified. Contrary to Plaintiff's assertion, the Secured Lenders are owed more than $30 million for loans that they advanced to Defendants but have not been repaid. The funds in the accounts in which the Secured Lenders hold valid, perfected first liens will not cover the full amount the Secured Lenders are owed, and those funds are being rapidly depleted by withdrawals by the Receiver, sometimes multiple withdrawals in a day. Thus, the Secured Lenders certainly would not be "enriched" by being permitted to enforce their perfected security interests; to the contrary, even if they are allowed to enforce those interests, the Secured Lenders still stand to suffer a significant loss. While Plaintiffs dispute this contention, the SFS Memorandum and the third-party Compliance Reports, do not provide a basis to argue that the Secured Lenders were on notice such that the Secured Lenders' rights in the collateral should be voided based on a nebulous and unsupported constructive trust theory.

## CONCLUSION

For the foregoing reasons, CIBC Bank USA and Valley Bank respectfully request that the Court (1) grant Secured Lenders' Motion for Leave to File a Response to Plaintiffs' Sur-Reply, (2) grant Secured Lenders' Motion to Intervene and Modify the Preliminary Injunction, (3) deny

Plaintiffs' request to impose a constructive trust, and (4) order any further relief that the Court deems necessary and just.

DATED:   Chicago, Illinois
         April 18, 2024

                                        Dykema Gossett PLLC
                                        Jonathan S. Feld (Pro hac vice)
                                        Andrew W. Berube (Pro hac vice)
                                        10 S. Wacker Drive, Suite 2300
                                        Chicago, Illinois 60606
                                        Telephone:  (312) 876-1700
                                        Fax:  (312) 876-1155
                                        JFeld@dykema.com
                                        ABerube@dykema.com

                                         /s/ Ryan A. Lema
                                        Ryan A. Lema
                                        Jacob S. Sonner
                                        Phillips Lytle LLP
                                        One Canalside
                                        125 Main Street
                                        Buffalo, NY  14203-2887
                                        Telephone: (716) 504-5790
                                        Fax: (716) 852-6100
                                        rlema@phillipslytle.com
                                        jsonner@phillipslytle.com