UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL
PROTECTION BUREAU, et al.,

        Plaintiffs,                              Civil Action No.
                                                                 24-CV-40-EAW-MJR

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.

        Defendants, and

DANIEL BLUMKIN, et al.,

        Relief Defendants.
_____

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE UNDER SEAL CONFIDENTIAL STATEMENTS PURSUANT TO PARAGRAPH 6 OF PETITION FOR ADMISSION PRO HAC VICE**</u>

      This memorandum of law is submitted pursuant to Local Rule 5.3(c) and this Court's form for attorneys petitioning for pro hac vice admission.  Paragraph 6 of that form provides that if the attorney seeking admission answers any of the questions therein in the affirmative, the applicant shall file a confidential statement under seal concerning those answers.

      The applicable law for sealing documents submitted to this Court is well settled.  "Once the court has determined that the documents are judicial documents and that therefore a common law presumption of [public] access attaches, it must determine the weight of that presumption" by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  The court must then "balance competing considerations against" the weight of the presumption. *Id.* at 120. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

This Court's petition form directs that applicants file a confidential statement under seal concerning any contempt of court, sanction, disciplinary proceeding, suspension, disbarment, admonishment by any disciplinary committee of the organized bar, or any pending complaint in any court.  The considerations of privacy with respect to that confidential statement and its contents therefore clearly outweigh the presumption of public access.  *Id.* at 119.  Indeed, this confidential statement concerning an attorney's pro hac vice admission has no relevance to the merits of this case; little, if any, role in the exercise of judicial power, and no value to "those monitoring the federal courts."  *Id.*

For this reason, the intervenor defendants respectfully request that Mr. Elliott and Ms. Shupe's supplemental confidential statements be filed under seal util further order of this Court.

Dated:   Buffalo, New York
         April 22, 2024

                                          */s/ Terrence M. Connors*
                                          Terrence M. Connors
                                          CONNORS LLP
                                          *Attorneys for Intervenor Defendants*
                                          1000 Liberty Building
                                          Buffalo, New York 14202
                                          (716) 852-5533
                                          tmc@connorsllp.com