

Gregory P. Photiadis
James W. Gresens
Michael J. Lombardo ++
Dennis P. Cleary
Gary M. Kanaley **
Robert L. Bencini
Patricia Gillen
Charles C. Ritter, Jr.
Elizabeth A. Kraengel ***

Barbara B. Strzemski-Haase
John D. Celani **
Steven W. Klutkowski +
Christopher M. Berloth
Elise L. Cassar
Thomas D. Lyons
Nicole K. Joerg
Kristine N. Celeste
Derick R. White
Kathryn E. Lawrence

Matthew J. Beck
Of Counsel
Jennifer R. Scharf *
Of Counsel

Emanuel Duke (1916-1999)
Donald J. Holzman (1930-2017)

* Also Admitted in CA
** Also Admitted in FL
*** Also Admitted in MA
+ Also Admitted in NJ
++ Also Admitted in PA

April 30, 2024

**VIA ECF**

Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United State Courthouse
2 Niagara Square
Buffalo, NY 14202

> Re: *Consumer Financial Protection Bureau et al v.*
> *Stratfs, LLC (f/k/a Strategic Financial Solutions, LLC), et al*
> 1:24-cv-00040-EAW-MJR

Dear Judge Roemer:

We are counsel for Defendant Albert Ian Behar ("Behar") and non-parties Birds Investments, Inc. ("Birds") and Timberline 1042 Management, Inc. ("Timberline 1042") in this matter.

We write on behalf of plaintiffs and defendants Ryan Sasson ("Sasson"), Behar and Daniel Blumkin ("Blumkin") to jointly request that Your Honor approve and sign the attached Stipulation and Order Regarding The Asset Freeze Related to Defendants Sasson, Behar and Blumkin and Non-Parties Birds and Timberline 1042.

Birds and Timberline 1042, through 14 separate property-owning subsidiaries (defined as Entities 1-14 in the attached) operate self-storage centers in various states and a multi-family apartment complex in Ft. Myers, Florida.   Sasson, Behar and Blumkin are the sole shareholders of Birds, and Sasson and Behar are the sole shareholders of Timberline 1042. Sasson, Behar and Birds capitalized the stock of Birds and Timberline 1042, in part, with personal loans ("Personal Loans") as detailed in the attached.

Pursuant to the Preliminary Injunction ("PI") DKT 184, Plaintiffs instructed JP Morgan Chase Bank NA ("JPM") to freeze certain bank accounts owned by Entities 1-14 (the Frozen Real Property Accounts"), Flagstar Bank NA to freeze operating accounts owned by Birds and Timberline 1042 (the Frozen Operating Accounts), JPM to freeze certain personal accounts held by Sasson, Behar and Blumkin which hold notes, instruments and/or cash that served as collateral to secure the Personal Loans ("the Frozen Collateral Accounts") and JPM to freeze certain accounts held by Sunseeker Charters, Inc. and Claudio's Holding Corp. Inc that serve as security for certain of the Personal Loans (" the Claudio's and Sunseeker Accounts").

April 30, 2024
Page 2

Sasson, Behar and Blumkin moved to modify the PI to permit Birds and Timberline 1042 and their subsidiaries to pay various operating costs and expenses in the normal course DKT. 200. Plaintiffs responded that they have directed the release of funds and that they are willing to continue to release funds to ensure that these businesses are able to operate but needed more information. DKT 224.

By Text Order DKT 282, the court denied, without prejudice, Defendants' motion to modify the PI with respect to the asset freeze and directed the parties "to continue to work together to provide plaintiffs with the requested information in order to facilitate the payments of mortgages and other operating costs so that the business entities may continue to function."

As directed by the Court, the parties continued to work together to resolve the issues related to the asset freeze. We provided additional information as requested and have reached agreement with Plaintiffs.

Plaintiffs have now agreed that, to preserve the status quo, conserve Birds' and Timberline 1042's assets pending the outcome of this matter, to prevent the seizure of the Claudio's and Sunseeker Accounts as collateral for the Personal Loans, and minimize harm to the interests of third-party investors and service providers, the Frozen Real Property Accounts, the Frozen Collateral Accounts and the Frozen Operating Accounts should be unfrozen for the sole purpose of paying Expenses and Debt Service, as defined in the attached, in the ordinary course, and defendants Sasson, Behar and Blumkin agree that no distributions or payments can be made, directly or indirectly to Birds, Timberline 1042 or their shareholders except as provided in the attached.

Entities 1-14, Birds, Timberline and Claudio's shall provide monthly financial reports to Plaintiffs and the Receiver on the results of their operations.

Finally, in the event that the Frozen Real Property Accounts, the Frozen Operating Accounts or the Frozen Collateral Accounts are used for any purpose other than paying Expenses and Debt Service, as defined in the Stipulation and Order, Plaintiffs may withdraw their consent to the unfreezing of these accounts and upon notice to the financial institutions reimpose the asset freeze provided for in the PI on these accounts.

April 30, 2024
Page 3

      Defendants Sasson, Behar and Blumkin now jointly submit with Plaintiffs the attached Stipulation and Order for Your Honor's approval and signature.

      Respectfully submitted,

      DUKE HOLZMAN PHOTIADIS & GRESENS LLP


      *s|Gregory P. Photiadis*

      Gregory P. Photiadis
      gpp@dhpglaw.com

cc:    Charles C. Ritter, Jr., Esq. (via ECF)
       Nicole K. Joerg, Esq. (via ECF)
       Joseph M. Sanders, Esq. (via ECF)
       Christopher L. Boyd, Esq. (via ECF)
       Keven J. Burns, Esq. (via ECF)
       Marion M. Quirk, Esq. (via ECF)
       Amanda E. Bacoyanis, Esq. (via ECF)
       Evan Romanoff, Esq. (via ECF)
       M. Lynne Weaver, Esq. (via ECF)
       Lewis W. Beilin, Esq. (via ECF)
       Matthew P. Kennison, Esq. (via ECF)
       Maegan B. McAdam, Esq. (via ECF)