UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

        Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.,

        Defendants, and

STRATEGIC ESOP, et al.,

        Relief Defendants

Case No.: 24-CV-40-EAW-MJR

**STIPULATION AND ORDER REGARDING THE ASSET FREEZE RELATED TO DEFENDANTS SASSON, BEHAR, AND BLUMKIN AND NON-PARTIES BIRDS AND TIMBERLINE 1042**

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the Consumer Financial Protection Bureau the Office of the New York State Attorney General, the State of Colorado, the State of Delaware, *ex rel.* Kathleen Jennings, Attorney General, the People of the State of Illinois, the State of Minnesota, the State of North Carolina, and the State of Wisconsin (collectively, "Plaintiffs"), Defendant Ryan Sasson ("Sasson"), Defendant Albert Ian Behar ("Behar"), Defendant Daniel Blumkin ("Blumkin"), and non-parties Birds Investments Inc. ("Birds") and Timberline 1042 Management Inc. ("Timberline 1042") as follows:

**WHEREAS**, on March 4, 2024, United States Magistrate Judge, Michael J. Roemer, entered a Preliminary Injunction ("PI"), ECF 184, freezing the assets of Sasson, Behar, and Blumkin;

**WHEREAS**, this Stipulation adopts all definitions from Section 9 of the PI Findings of Fact for purposes of clarity (ECF 184 at 3-8);

1

**WHEREAS**, Section II of the PI restrains Sasson, Behar, and Blumkin from accessing assets that are:

> (1) owned or controlled, directly or indirectly, by any Asset-Freeze Defendant, in whole or in part, or held, in whole or in part, for the benefit of any Asset-Freeze Defendant;
>
> (2) in the actual or constructive possession of any Asset-Freeze Defendant; or
>
> (3) owned, controlled, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Asset-Freeze Defendant, and any Assets held by, for, or under the name of any Asset-Freeze Defendant by any Financial Institution.

(ECF 184, PI, Section II(A));

**WHEREAS**, Section II of the PI "may be modified upon written instruction of the Plaintiffs to a Financial Institution, subject to the Financial Institution confirming the validity of the instruction over the telephone with the instructing Plaintiff." (ECF 184, PI, Section II);

**WHEREAS**, Section III of the PI directs Financial Institutions to:

> Hold, retain within its control, and prohibit Asset-Freeze Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, Assets, funds, or other property that are owned by, held in the name of for the benefit of, or otherwise controlled directly by, directly or indirectly, any Asset-Freeze Defendant, in whole or in part, except as directed by further order of this Court or as directed in writing by the Receiver.

(ECF 184, PI, Section III(A));

**WHEREAS**, Defendants Sasson, Behar, and Blumkin sold their interest in StratFS, LLC (f/k/a Strategic Financial Solutions, LLC) and its subsidiaries, in an employee stock ownership plan (ESOP) sale in 2017 and invested a portion of the proceeds in the following business entities, via Birds and Timberline 1042:

2

1. CSGBSH AnnArborMI I, LLC
2. CSGBSH ClintonMI I, LLC
3. CSGBSH LansingMI II, LLC
4. CSGBSH RHMI I, LLC
5. CSGBSH RiverviewFL I, LLC
6. CSGBSH SebastianFL I, LLC
7. CSGBSH MadisonAL I, LLC
8. CSGBSH HarrisburgPA II, LLC
9. CSGBSH TuscaloosaAL I, LLC
10. CSGBSH HuntsvilleAL I, LLC
11. CSGBSH OcalaFL I, LLC
12. CSGBSH OcalaFL II, LLC
13. CSGBSH ROTX I, LLC
14. Birds Fountains Forestwood, LLC

(Individually, "Entity" and collectively, "Entities 1-14");

**WHEREAS**, Entities 1-14 invest in real property, including storage units and multi-family housing;

**WHEREAS**, pursuant to the PI, Plaintiffs instructed J.P. Morgan Chase Bank, N.A. (as successor to First Republic Bank) ("JPM") to freeze all accounts related to Entities 1-14;

**WHEREAS**, at Plaintiffs' direction and pursuant to the PI, JPM froze the following accounts owned by Entities 1-14 (the "Frozen Real Property Accounts"):

1. CSGBSH AnnArborMI I, LLC x64091
2. CSGBSH ClintonMI I, LLC x35151
3. CSGBSH LansingMI II, LLC x51056
4. CSGBSH RHMI I, LLC x57366
5. CSGBSH RiverviewFL I, LLC x37535
6. CSGBSH SebastianFL I, LLC x23320
7. CSGBSH MadisonAL I, LLC x44162
8. CSGBSH Harrisburg PA II, LLC x68741
9. CSGBSH TuscaloosaAL I, LLC x88138
10. CSGBSH HuntsvilleAL I, LLC x43200
11. CSGBSH OcalaFL I, LLC x39945
12. CSGBSH OcalaFL II, LLC x87632
13. CSGBSH ROTX I, LLC x51875
14. Birds Fountains Forestwood LLC x91380
15. Birds Fountains Forestwood LLC x79104

3

**WHEREAS**, Entities 1-9 are single-member LLCs owned by 1. CSGBSH ANNARBORMI I CVD, LLC, 2. CSGBSH CLINTONMI I CVD, LLC, 3. CSGBSH LANSINGMI II CVD, LLC, 4. CSGBSH RHMI I CVD, LLC, 5. CSGBSH RIVERVIEWFL I CVD, LLC, 6. CSGBSH SEBASTIANFL I CVD, LLC, 7. CSGBSH MADISONAL I CVD, LLC, 8. CSGBSH HARRISBURGPA II CVD, LLC. 9. CSGBSH TUSCALOOSAAL I CVD, LLC, respectively, each an LLC that is owned by Birds and NC CVD Fund LLC;

**WHEREAS**, Entities 10-13 are single-member LLCs owned by 10. CSGBSH HUNTSVILLEAL I CVD, LLC, 11. CSGBSH OCALAFL I CVD, LLC, 12. CSGBSH OCALAFL II CVD, LLC, 13. CSGBSH ROTX I CVD, LLC, respectively, each an LLC that is owned by Timberline 1042 and NC CVD Fund LLC;

**WHEREAS**, Entity 14 is a single member LLC wholly owned by Birds Fountains, LLC, a subsidiary of Birds;

**WHEREAS**, Sasson, Behar, and Blumkin are the only shareholders of Birds, and Sasson and Behar are the only shareholders of Timberline 1042;

**WHEREAS**, Entities 1-13 are property-owning subsidiaries that operate self-storage facilities in various states;

**WHEREAS**, Entity 14 is a property-owning subsidiary that operates a multi-family apartment complex in Fort Myers, Florida;

**WHEREAS**, at Plaintiffs' instruction and pursuant to the PI, Flagstar Bank, N.A. froze operating accounts owned by Birds (account x31133) and Timberline 1042 (x30986) (collectively the "Frozen Operating Accounts");

**WHEREAS**, at Plaintiffs' instruction and pursuant to the PI, JPM froze accounts personally held by Sasson, Behar, and Blumkin, which hold notes, instruments, and/or cash that

4

serves as collateral to secure sixteen personal loans: six loans to Sasson, including loans associated with JPM account number ending in 3283, and loan numbers 2-6, 7-5, 4-2, 9-1, 6-7, 8-3; six loans to Behar, including loans associated with JPM account number ending in 3291, and loan numbers 2-6, 7-5, 8-3, 9-1, 6-7 and 4-2; and four loans to Blumkin, including loans associated with JPM account number ending in 4302, and loan numbers 3-4, 5-9, 8-3, and 7-5 (the "Personal Loans") that were used for the purpose of capitalizing the stock of Birds and Timberline 1042 (the "Frozen Collateral Accounts"), which accounts have the following numbers: Behar x52672, Sasson x20168, and Blumkin x27732;

**WHEREAS**, at least five of the Personal Loans are guaranteed by Sunseeker Charters, Inc. or Claudio's Holding Corp, Inc., those entities are debtors in the security agreements associated with those Personal Loans and have pledged certain JPM bank accounts which they control as security for the Personal Loans (x 074610, x46210, x28957, x 99394, x 72449 collectively "Claudio's and Sunseeker Accounts");

**WHEREAS**, the Claudio's and Sunseeker Accounts have been frozen pursuant to the PI in this matter;

**WHEREAS**, Birds, Timberline 1042, and their property-owning subsidiaries, *i.e.*, Entities 1-14, would be unable to pay normal operating and business expenses, including expenses related to their senior debt, mezzanine lenders, and property managers and vendors, the debt service on the Personal Loans, the debt payments and preferred return on equity investments to NC CVD FUND LLC, the mezzanine lender of Birds and Timberline 1042 in respect to Entities 1-13, and the debt payments to Hillcrest Fund II Lender LLC, the mezzanine lender of Birds in respect to Entity 14 (collectively, "Expenses and Debt Service");

**WHEREAS**, to preserve the status quo, conserve Birds' and Timberline 1042's assets pending the outcome of this matter, to prevent the seizure of the Claudio's and Sunseeker Accounts as collateral for the Personal Loans, and minimize harm to the interests of third-party investors and service providers, Plaintiffs have agreed that the Frozen Real Property Accounts, the Frozen Operating Accounts, and the Frozen Collateral Accounts should be unfrozen for the sole purpose of paying Expenses and Debt Service in the ordinary course;

**WHEREAS**, the ordinary course of paying the Personal Loans as part of the Expenses and Debt Service consists of distributions made from the accounts of the property-owning subsidiaries that operate self-storage facilities in various states (1-13 of Frozen Real Property Accounts) at JPM to the Frozen Operating Accounts at Flagstar Bank, and then distributions from the Frozen Operating Accounts to the personal accounts of Behar x52672, Sasson x20168, and Blumkin x27732 at JPM from which distributions are made to pay the interest on the Personal Loans.

**WHEREAS**, Defendants Sasson, Behar, and Blumkin agree that no distributions or payments can be made, directly or indirectly, to Birds, Timberline 1042, or their shareholders (*i.e.*, Sasson, Behar, and Blumkin), except as provided in this Stipulation;

**WHEREAS**, Birds, Timberline 1042 and Claudio's Holdings Corp, Inc. agree to provide monthly financial reports to Plaintiffs on the results of their operations, including but not limited to income statements, balance sheets, and cash flow statements;

**IT IS THEREFORE STIPULATED AND ORDERED THAT:**

1. The Frozen Real Property Accounts, the Frozen Operating Accounts, and the Frozen Collateral Accounts shall be unfrozen for the sole purpose of paying the Expenses and Debt Service. Provided, however, that Expenses and Debt Service does not include any

withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any accounts, assets, funds, or other property to Asset-Freeze Defendants or any entity owned by, held in the name of, for the benefit of, or otherwise controlled, directly or indirectly, by any Asset-Freeze Defendant, in whole or in part, unless expressly authorized by this Stipulation. Expenses and Debt Service also does not include any payments, assignments, foreclosures, pledges, conversions, or any other transfer to (a) CIBC Bank USA, (b) Valley National Bank, (c) JPM or (d) any other entity to the extent those payments or transfers become due upon default or due to the seizure of any collateral by any entity. The provisions of this Section may be modified upon written instruction of the Plaintiffs.

   2.  The Frozen Real Property Accounts, the Frozen Operating Accounts, and the Frozen Collateral Accounts shall be unfrozen forthwith.

   3.  Entities 1-14, Defendant Sasson, Defendant Blumkin, Defendant Behar, Birds, Timberline 1042, and all signers on the Frozen Real Property Accounts, the Frozen Operating Accounts, and the Frozen Collateral Accounts shall comply with the Preliminary Injunction in this matter (ECF 184), including Section II. Asset Freeze and Section III. Retention of Assets and Records by Financial Institutions And Other Third Parties, except as expressly permitted in this Stipulation and Order.

   4.  Entities 1-14, Birds, Timberline 1042 and Claudio's Holding Corp, Inc. shall provide monthly financial reports to Plaintiffs and the Receiver on their operations on the results of their operations, including but not limited to income statements, balance sheets, and cash flow statements by the 25th day of each month for the prior month. In addition to these reports, Defendants shall promptly comply with requests for additional documentation, including

company books and records, original invoices and account statements from service providers and Financial Institutions, and other entities or individuals who provide services to Entities 1-14.

5. This Stipulation and Order shall constitute Plaintiffs' updated written instruction to the Financial Institutions pursuant to the PI.

6. In the event that the Frozen Real Property Accounts, the Frozen Operating Accounts, or the Frozen Collateral Accounts are used for any purpose other than paying Expenses and Debt Service, Plaintiffs may withdraw their consent to the unfreezing of these accounts and upon providing written notice to the Financial Institutions the asset freeze provided for in the PI shall be reimposed on the accounts.

Dated: Buffalo, New York
April __, 2024

PLAINTIFF CONSUMER FINANCIAL PROTECTION

/s/ Joseph Sanders
Joseph M. Sanders, Esq.
1700 G Street, NW
Washington, DC 20552
(202) 377-9846
Joseph.sanders@cfpb.gov

PLAINTIFF STATE OF COLORADO, EX REL. PHILIP J. WEISER, ATTORNEY GENERAL

/s/ Kevin Burns
Kevin J. Burns
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section
1300 Broadway, 6th Floor
Denver, CO 80203
Phone: (720) 508-6110
Kevin.Burns@coag.gov

PLAINTIFF OFFICE OF THE NEW YORK STATE ATTORNEY

/s/ Chris Boyd
Christopher L. Boyd, Esq.
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
(716) 853-8457
Christopher.boyd@ag.ny.gov

PLAINTIFF STATE OF DELAWARE EX REL. KATHLEEN JENNINGS, ATTORNEY GENERAL

/s/ Marion Quirk
Marion M. Quirk
Director of Consumer Protection
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8810
Marion.Quirk@delaware.gov

PLAINTIFF PEOPLE OF THE STATE OF ILLINOIS THROUGH ATTORNEY GENERAL KWAME RAOUL

__/s/ *Amanda Bacoyanis*_____
Amanda E. Bacoyanis,
Assistant Attorney General
Consumer Fraud Bureau
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601
312-814-2218
Amanda.Bacoyanis@ilag.gov

PLAINTIFF THE STATE OF MINNESOTA, BY ITS ATTORNEY GENERAL, KEITH ELLISON

__/s/ *Evan Romanoff*_____
Evan Romanoff
Assistant Attorney General
445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
Telephone: (651) 728-4126
evan.romanoff@ag.state.mn.us

PLAINTIFF THE STATE OF NORTH CAROLINA, EX REL. JOSHUA H. STEIN, ATTORNEY GENERAL

__/s/ *Lynne Weaver*_____
M. Lynne Weaver
Special Deputy Attorney General
N.C. State Bar No. 19397
114 W. Edenton Street
Raleigh, NC 27602
Telephone: (919) 716-6039
lweaver@ncdoj.gov

PLAINTIFF STATE OF WISCONSIN

__/s/ *Lewis Beilin*_____
Lewis W. Beilin
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-1221
beilinlw@doj.state.wi.us

SO STIPULATED BY DEFENDANT ALBERT IAN BEHAR AND NON-PARTIES BIRDS INVESTMENTS, INC. AND TIMBERLINE MANAGEMENT 1042, INC.

_/s/ Gregory P. Photiadis_
Gregory P. Photiadis, Esq.
Charles C. Ritter, Jr, Esq.
Nicole K. Joerg, Esq.
Duke Holzman Photiadis & Gresens LLP
*Attorneys for Defendant Albert Ian Behar, Non-Parties, Birds Investments, Inc. and Timberline Management 1042, Inc.*
701 Seneca Street, Suite 750
Buffalo, New York 14210
(716) 855-1111
gpp@dhpglaw.com
critter@dhpglaw.com
njoerg@dhpglaw.com

SO STIPULATED BY DEFENDANT DANIEL BLUMKIN

_/s/ Joshua A. Naftalis_
Joshua A. Naftalis
**PALLAS PARTNERS (US) LLP**
*Attorney for Defendant Daniel Blumkin*
75 Rockefeller Plaza
New York, New York 10019
Telephone: (212) 970 2303
joshua.naftalis@pallasllp.com

SO STIPULATED BY DEFENDANT RYAN SASSON

_/s/ Matthew P. Kennison_
Matthew P. Kennison, Esq.
Maegan B. McAdam, Esq.
Riley Safer Holmes & Cancila LLP
*Attorneys for Defendant Ryan Sasson*
136 Madison Ave., 6th Floor
New York, New York 10016
(212) 660-1025
mkennison@rshc-law.com
mmcadam@rshc-law.com

SO ORDERED:

_Michael J. Roemer_
Michael J. Roemer
United States Magistrate Judge

May 1, 2024