UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,

                Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*,

                Defendants, and

STRATEGIC ESOP, *et al.*,

                Relief Defendants.

No. 24-cv-40-EAW-MJR

### THE BLUST FAMILY 2019 IRREVOCABLE TRUST'S PARTIAL OPPOSITION TO RECEIVER'S SECOND INTERIM APPLICATION FOR ORDER APPROVING FEES AND EXPENSES OF THE RECEIVER AND PROFESSIONALS

Relief Defendant The Blust Family 2019 Irrevocable Trust (the "Trust"), by and through its undersigned counsel, respectfully submits this partial opposition to the Second Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 432) (the "Second Fee Application") of Receiver Thomas W. McNamara (the "Receiver").

The Trust objects to the Second Fee Application to the extent that assets of the Trust would be used to pay the Receiver's fees and expenses for the same reasons and bases asserted in the Trust's Memorandum of Law in Partial Opposition to Receiver's First Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 295), which the Trust incorporates by reference as if fully stated herein.

The Trust further objects to the Second Fee Application to the extent that Trust funds would be used to pay the Receiver's Second Fee Application because this Court should not authorize the

use of Trust funds to pay for Receivership expenses during the pendency of the Trust's appeal from the Court's Decision and Order entered on May 22, 2024 (Dkt. No. 358), granting the Receiver's first fee application (Dkt. No. 241).  If the Court were to allow Trust funds to be used for Receivership expenses while that very issue is *sub judice* on appeal, that could significantly prejudice the Trust because its assets would be dissipated and the Trust would be unable to recover them in the event its appeal is successful.  Moreover, the limitation the Trust seeks on the Second Fee Application – that the Receiver's fees and expenses should not be paid from Trust funds – would not prejudice the Receiver at all.  The Receiver is in control of significant other assets from the primary Defendants (approximately $7.17 million as of January 31, 2024 (Dkt. No. 115-1, p. 13)), and he can easily (and on an equitable basis should) take from those assets before taking from the assets of a relief defendant.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court deny the Receiver's Second Application insofar as it seeks authorization for payment to be made from the Trust's funds.


Dated:   New York, New York  
        September 23, 2024

Respectfully submitted,

By: /s/  *Evan K. Farber*  
LOEB & LOEB LLP  
Evan K. Farber (admitted *pro hac vice*)  
Noah Weingarten  
345 Park Avenue  
New York, New York 10154  
Tel.: 212-407-4000  
efarber@loeb.com  
nweingarten@loeb.com

*Attorneys for Relief Defendant*  
*The Blust Family 2019 Irrevocable Trust*

239898761

2