UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.<br><br>     Plaintiffs,<br><br>vs.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al.<br><br>     Defendants, and<br><br>STRATEGIC ESOP, et al.,<br><br>     Relief Defendants. | Case No. 24-cv-00040-EAW-MJR |

**REPLY TO BLUST TRUST'S PARTIAL OPPOSITION TO RECEIVER'S SECOND INTERIM APPLICATION FOR FEES AND EXPENSES OF RECEIVER AND PROFESSIONALS**

**INTRODUCTION**

The only party to oppose the Receiver's Second Fee Application is the Blust Trust, and then only partially. The Receiver responds as follows to the arguments raised in the Blust Trust's Partial Opposition to the Receiver's fee application.

**ARGUMENT**

The Blust Trust, which Defendant Jason Blust used as a vehicle to hold title to assets generated by operations at the heart of this lawsuit, offers no new arguments in its Partial Opposition to the Receiver's fee application; instead, it adopts and incorporates by reference the arguments it made in its Partial Opposition to the Receiver's First Interim Fee Application.[1] The

---

[1] *See* Dkt. No. 436 at 1. ("The Trust objects to the Second Fee Application to the extent that assets of the Trust would be used to pay the Receiver's fees and expenses for the same reasons and bases asserted in the Trust's Memorandum of Law in Partial Opposition to Receiver's First

Court considered and rejected those arguments when granting the Receiver's First Fee Application. *See generally* Dkt. No. 358.[2]  In its Order, the Court specifically referenced Section XV of its Preliminary Injunction (entitled "Compensation For Receiver"), which ordered that: "The Receiver [is] entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by or in the possession or control of, or which may be received by the Receivership Defendants."  *Id.* at 8 n.8.

The Blust Trust first raised these same arguments – that trust funds should not be used to pay Receivership expenses – back in April 2024 when it sought to modify the Preliminary Injunction ("PI").  (*See* Dkt. No. 255-1 at 8-9.)  That matter was fully briefed,[3] and the Court thereafter rejected the Blust Trust's arguments.  *See* Dkt. No. 354 at 5-7.

For the reasons set forth in the Court's prior Orders (Dkt. Nos. 354 & 358), and those identified in the Receiver's reply in support of the First Fee Application (Dkt. No. 319) at 9-10, and in the Receiver and the Plaintiffs' briefing in opposition to the Blust Trust's Motion to Modify the PI (Dkt. Nos. 288 & 296), the Blust Trust's Partial Opposition to the Receiver's Second Fee Application is without merit.

---

Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 295), which the Trust incorporates by reference as if fully stated herein.")

[2] *See id.* at 1 & 1 n.1 ("[T]he Blust Trust filed [a] response[] in opposition to the Receiver's First Fee Application…  The Court grants the Receiver's First Fee Application in its entirety…  The Blust Family Irrevocable Trust indicates that it "does not object to the Receiver being paid for his Court-appointed services" (Dkt. No. 295, pg. 4).  Instead, it submits a "limited objection only to the extent Trust funds are used to pay the receiver's fees and expenses.").

[3] *See also* Pl. Opp, Dkt. No. 288; Receiver Opp., Dkt. No. 296.

The Blust Trust has offered nothing new in support of its position. As such, it provides no basis for the Court to depart from its prior orders. *See, e.g., Delshah 60 Ninth, LLC v. Free People of PA LLC*, Case. No. 20-cv-5905, 2024 WL 1120388, at * 8 (S.D.N.Y. Mar. 13, 2024) ("[A party's] repetition of arguments the Court has rejected does not provide a cogent or compelling basis to hold otherwise."); *Starr Indem. & Liab. Co. v. American Claims Mgmt. Inc.*, 131 F. Supp. 3d 185, 188 (S.D.N.Y. 2015) (not considering "arguments that the Court previously—and repeatedly—rejected"). *Cf. Doe v. Cigna Life Ins. Co. of New* York, 304 F. Supp. 2d 477, 503 (W.D.N.Y. 2004) ("[C]ourts generally refrain from reconsidering matters previously determined absent 'cogent' or 'compelling' reasons.") (quoting *Baden v. Koch*, 799 F.2d 825, 828 (2d Cir. 1986)).

## CONCLUSION

The Receiver respectfully requests that the Court approve the Second Interim Application for Fees and Expenses of Receiver and Professionals.

Dated: September 30, 2024

        **MCNAMARA SMITH LLP**

        By:   /s/ Logan D. Smith
        Logan D. Smith (*Pro Hac Vice*)
        Alexander D. Wall (*Pro Hac Vice*)
        McNamara Smith LLP
        655 West Broadway, Suite 900
        San Diego, California 92101
        Telephone: (619) 269-0400
        Facsimile: (619) 269-0401
        Email: lsmith@mcnamarallp.com;
        awall@mcnamarallp.com

        *Attorneys for Court-appointed Receiver,*
        *Thomas W. McNamara*