

1700 G Street NW, Washington, D.C. 20552

October 1, 2024

*Via ECF*

Honorable Michael J Roemer
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

RE: Discovery Dispute – Plaintiffs and Defendant Fidelis Legal Support Services, LLC,

Dear Judge Roemer,

Plaintiffs respectfully request that the Court order Defendant Fidelis to produce the discovery it sent to the Receiver on August 16, 2024.

On March 4, 2024, Fidelis filed a motion challenging the Receiver's determination that Fidelis is a Receivership Defendant. Dkt. 190. At a May 23, 2024 hearing, the Court indicated that an evidentiary hearing will be held on the motion. Ex. A, 5/23/24 Tr. 12:1-6; 80:3-82:1. Also, the Receiver requested permission to obtain limited discovery from Fidelis and Defendant Jason Blust to prepare for the evidentiary hearing. *Id*. at 82:2-83:22. The Court indicated that the Receiver should work with the Defendants to obtain the discovery, and that Plaintiffs should also receive the discovery provided to the Receiver so Plaintiffs could prepare for the hearing on Fidelis's motion. *Id*. at 82:14-18.

Following the May 23 hearing, the Receiver sent his limited discovery requests to Fidelis. At a status conference on August 1, 2024, the Court ordered Fidelis to produce financial disclosures to Plaintiffs by August 9 if Fidelis wished to be part of settlement discussions, or if not, to produce the discovery requested by the Receiver by August 16. *See* Dkt 428.

Fidelis did not produce the financial disclosures and so was required to produce the discovery. On August 12, Plaintiffs requested from Fidelis a copy of the materials to be produced to the

Receiver by August 16. Ex. B. Counsel for Fidelis did not respond. On September 23, Plaintiffs requested from the Receiver the discovery provided by Fidelis and Blust, but the Receiver advised that Fidelis and Blust did not consent to his sharing the production. On September 24, Plaintiffs emailed the Court and counsel in an attempt to resolve the matter. Blust then consented to the Receiver sending Plaintiffs a copy of his production, but Fidelis did not consent. The Court asked the parties to discuss and file letters pursuant to the Court's discovery dispute process if an agreement could not be reached. Plaintiffs and counsel for Fidelis conferred on September 27 and September 30. Ex C. The parties were unable to reach a resolution, as Fidelis sought, without explanation, to further delay production until 14 days prior to the evidentiary hearing.

Plaintiffs respectfully request that the Court order Fidelis to turn over the production made to the Receiver. Fidelis's position that it will turn over the material, but only 14 days before a hearing, is without basis. Such delay is prejudicial to Plaintiffs as we prepare our preliminary injunction motion and prepare for the evidentiary hearing on Fidelis's motion challenging the Receiver's designation. The Court previously indicated that Plaintiffs should receive these materials in order to prepare for the hearing on Fidelis's motion. In addition, as the Court is aware, Plaintiffs are preparing to file a motion to apply the preliminary injunction to Fidelis, which is to be addressed at the same hearing as Fidelis's motion, and Fidelis's discovery is necessary for Plaintiffs to prepare for that, as well. The issues presented by Fidelis's motion challenging the Receiver's determination that they are a Receivership Defendant and the preliminary injunction motion are substantially similar. Both turn on whether and to what degree Fidelis played a role in the debt-relief operation described in the Complaint. Contrary to Fidelis's position in their September 30 email (Ex. C), the definition of Receivership Defendant expressly includes Defendants. Dkt. 184 at 7.

Plaintiffs have made good-faith efforts to obtain a copy of the production from Fidelis directly or from the Receiver, but Fidelis has refused. The burden on Fidelis to produce the materials is negligible, as the materials have already been prepared and produced to the Receiver (or non-existent if Fidelis consents to the Receiver producing the materials). Prejudice to Plaintiffs, however, is substantial as they prepare for the evidentiary hearing on Fidelis's motion and prepare their motion to apply the preliminary injunction to Fidelis.

Sincerely,

  /s/ Joseph Sanders
Joseph Sanders
Vanessa Buchko
Shirley Chiu

Consumer Financial Protection Bureau

  */s/ Christopher Boyd*
Christopher Boyd
Genevieve Rados
Attorney General of the State of New York

*Cc via email*:

  Timothy Hoover thoover@hooverdurland.com
  Spencer Durland sdurland@hooverdurland.com

# Exhibit A

```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


CONSUMER FINANCIAL                      Docket Number:
PROTECTION BUREAU,                  1:24-cv-00040-EAW-MJR
THE PEOPLE OF THE
STATE OF NEW YORK,
By Letitia James,
Attorney General of the
State of New York,
STATE OF COLORADO,
Ex rel, Philip J. Weiser,
Attorney General,
STATE OF DELAWARE,
Ex rel. Kathleen Jennings,
Attorney General,
State of Delaware,
THE PEOPLE OF THE
STATE OF ILLINOIS,
Through Attorney General
Kwame Raoul,
THE STATE OF MINNESOTA,
By its Attorney General
Keith Ellison,
THE STATE OF NORTH CAROLINA,
Ex rel. Joshua H. Stein,
Attorney General,
THE STATE OF WISCONSIN,    *
                           *
Plaintiffs,                *
                           *
                           *          Buffalo, New York
            v.             *          May 23, 2024
                           *          11:09 a.m.
                           *
STRATFS, LLC,                         ORAL ARGUMENT
Formerly known as Strategic
Financial Solutions, LLC.,
STRATEGIC CLIENT SUPPORT,
LLC, formerly known as
Pioneer Client Services, LLC,
STRATEGIC CS, LLC,
STRATEGIC FS BUFFALO, LLC,
STRATEGIC NYC, LLC,
BCF CAPITAL, LLC,
T FIN, LLC,
STRATEGIC CONSULTING, LLC,
VERSARA LENDING, LLC,
STRATEGIC FAMILY, INC.,
```

```
 1    ANCHOR CLIENT SERVICES, LLC,
      Now known as CS1 PAAS
 2    Services, LLC,
      BEDROCK CLIENT SERVICES, LLC,
 3    BOULDER CLIENT SERVICES, LLC,
      CANYON CLIENT SERVICES, LLC,
 4    CAROLINA CLIENT SERVICES,
      LLC,
 5    GREAT LAKES CLIENT SERVICES,
      LLC,
 6    GUIDESTONE CLIENT SERVICES,
      LLC,
 7    HARBOR CLIENT SERVICES, LLC,
      HEARTLAND CLIENT SERVICE,
 8    LLC,
      MONARCH CLIENT SERVICES, LLC,
 9    Now known as CS2 PAAS
      Services, LLC,
10    NEWPORT CLIENT SERVICES, LLC,
      NORTHSTAR CLIENT SERVICES,
11    LLC,
      OPTION 1 CLIENT SERVICES,
12    LLC,
      PIONEER CLIENT SERVICING,
13    LLC,
      ROCKWELL CLIENT SERVICES,
14    LLC,
      ROYAL CLIENT SERVICES, LLC,
15    STONEPOINT CLIENT SERVICES,
      LLC,
16    SUMMIT CLIENT SERVICES, LLC,
      Now known as CS3 PAAS, LLC,
17    WHITESTONE CLIENT SERVICES,
      LLC,
18    RYAN SASSON,
      JASON BLUST,
19    JOHN DOES 1-50,
      DANIEL BLUMKIN,
20    Relief Defendant,
      ALBERT IAN BEHAR,
21    Relief Defendant,
      STRATEGIC ESOP,
22    Relief Defendant,
      STRATEGIC ESOT,
23    Relief Defendant,
      TWIST FINANCIAL, LLC,
24    Relief Defendant,
      DUKE ENTERPRISES, LLC,
25    Relief Defendant,
      BLAISE INVESTMENTS, LLC,
```

```
 1    Relief Defendant,
      THE BLUST FAMILY
 2    IRREVOCABLE TRUST THROUGH
      DONALD J. HOLMGREN, TRUSTEE,
 3    Relief Defendant,
      JACLYN BLUST,
 4    Relief Defendant,
      LIT DEF STRATEGIES, LLC,
 5    Relief Defendant,
      RELIALIT, LLC,
 6    Relief Defendant,
      CLEAR CREEK LEGAL, LLC,
 7    CREDIT ADVOCATES LAW FIRM,
      LLC,
 8    GREENSTONE LEGAL GROUP,
      BRANDON ELLIS LAW FIRM,
 9    LLC,
      HAILSTONE LEGAL GROUP,
10    HALLOCK AND ASSOCIATES,
      HARBOR LEGAL GROUP,
11    ANCHOR LAW FIRM, PLLC,
      BEDROCK LEGAL GROUP,
12    BOULDER LEGAL GROUP,
      CANYON LEGAL GROUP,
13    GREAT LAKES LAW FIRM,
      HEARTLAND LEGAL GROUP,
14    LEVEL ONE LAW,
      MEADOWBROOK LEGAL GROUP,
15    MONARCH LEGAL GROUP,
      NEWPORT LEGAL GROUP, LLC,
16    NORTHSTAR LEGAL GROUP,
      OPTION 1 LEGAL,
17    PIONEER LAW FIRM P.C.,
      ROCKWELL LEGAL GROUP,
18    SPRING LEGAL GROUP,
      ROYAL LEGAL GROUP,
19    SLATE LEGAL GROUP,
      STONEPOINT LEGAL GROUP,
20    THE LAW FIRM OF
      DEREK WILLIAMS, LLC,
21    WHITSTONE LEGAL GROUP,
      WYOLAW, LLC,
22    CHINN LEGAL GROUP, LLC,
      LEIGH LEGAL GROUP, PLLC,
23    HALLOCK & ASSOCIATES LLC,
      GUSTAFSON CONSUMER LAW GROUP,
24    LLC,
      MICHEL LAW, LLC,
25    THE LAW OFFICE OF
      MELISSA MICHEL, LLC,
```

```
 1   MOORE LEGAL GROUP, LLC.     *
                                 *
 2   Defendants.                 *
                                 *
 3   * * * * * * * * * * * * * *
```

```
 4                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MICHAEL J. ROEMER
 5                 UNITED STATES MAGISTRATE JUDGE
```

```
 6
     APPEARANCES:
 7
     For Plaintiff 1:          CONSUMER FINANCIAL PROTECTION
 8                             BUREAU,
                               By JOSEPH M. SANDERS, ESQ.,
 9                             1700 G. Street N.W.,
                               Washington, DC  20552.
10
```

```
11   For Plaintiff 2:          OFFICE OF THE NEW YORK STATE
                               ATTORNEY GENERAL,
12                             By CHRISTOPHER L. BOYD, ESQ.,
                                  GENEVIEVE S. RADOS, ESQ.,
13                             Main Place Tower
                               350 Main Street,
14                             Suite 300A,
                               Buffalo, New York  14202.
15
```

```
16   For Defendants 31,
     38-41:                    PERSONIUS MELBER LLP,
17                             By RODNEY O. PERSONIUS, ESQ.,
                               2100 Main Place Tower,
18                             350 Main Street,
                               Buffalo, New York  14202.
19
```

```
20   For the Receiver:         McNAMARA SMITH, LLP,
                               By THOMAS W. McNAMARA, ESQ.,
21                             655 West Broadway,
                               Suite 900,
22                             San Diego, California, 92101,
                               And
23                             HODGSON RUSS, LLP.,
                               By JAMES C. THOMAN, ESQ.,
24                             The Guaranty Building,
                               Suite 100,
25                             140 Pearl Street,
                               Buffalo, New York  14202.
```

```
 1   For Movant,
     Fidelis Legal
 2   Support Services, LLC:      HOOVER & DURLAND LLP
                                 By SPENCER L. DURLAND, ESQ.,
 3                                  TIMOTHY W. HOOVER, ESQ.,
                                    561 Franklin Street,
 4                                  Buffalo, New York  14202.

 5

 6
     The Courtroom Deputy:       ROSALIE A. ZAVARELLA
 7

 8   The Court Reporter:         BONNIE S. WEBER, RPR,
                                 Notary Public,
 9                               Robert H. Jackson Courthouse,
                                 2 Niagara Square,
10                               Buffalo, New York  14202,
                                 Bonnie_Weber@nywd.uscourts.gov.
11

12

13        Proceedings recorded by mechanical stenography,
                 transcript produced by computer.
14

15

16

17             (Proceedings commenced at 11:09 a.m.)

18

19        THE CLERK:  All rise.

20        The United States District Court for the Western

21   District of New York is now in session.  The Honorable Michael

22   J. Roemer presiding.

23          THE COURT:  Have a seat, please.

24          THE CLERK:  We're here on the matter of Consumer

25   Financial Protection Bureau versus Strategic Financial
```

 1          **THE COURT:**  You know what that sounds like to me,

 2   Mr. Durland, we're going to have a evidentiary hearing.  I'm

 3   going to have to get people on the stand and have them testify

 4   and make credibility determinations.

 5          Because this is you say black, they say white.  You

 6   say day, they say night, when it comes to these facts.

 7          **MR. DURLAND:**  Well, I mean, I suppose if -- if the

 8   Court feels that an evidentiary hearing is necessary in order to

 9   resolve the motion, it's certainly not within our power to say

10   no.

11          But I would, I suppose, urge the Court to take a close

12   look at what the --

13          **THE COURT:**  I have.  I read all the papers.  I looked

14   at all the e-mails.  There is a lot of damning e-mails in there.

15          I would think you would want an opportunity to try to

16   explain that.

17          **MR. DURLAND:**  Well, Judge Roemer, I -- I want to point

18   the Court though, it's not Lit Def e-mails.

19          The few Lit Def e-mails of the 550,000 Lit Def e-mails

20   that the receiver looked at, that's not the only evidence in the

21   record.

22          There are piles of documentary

23   contemporaneous documentary evidence --

24          **THE COURT:**  And those are all in the record?

25          **MR. DURLAND:**  Those are all in the record and those

1          **THE COURT:**  All right.

2          **MR. PERSONIUS:**  For your attention.

3          **THE COURT:**  Okay.  So we're going to have an

4    evidentiary hearing.

5          I would like the hearing to address, among other

6    things:  The background of Fidelis's formation; the nature and

7    extent of Blust's involvement after its formation.

8          How employees, files and work were shared when

9    employees were both working for both Lit Def and Fidelis; what

10   law firms Fidelis served and how Fidelis received this business.

11         How work was assigned at Fidelis and by whom; and how

12   compensation and hiring were determined and by whom.

13         I also want to have evidence on this issue about the

14   preparation of the invoice -- invoices, I guess, from Fidelis to

15   the law firms.

16         I also want to have evidence about -- regarding this

17   $750,000 payment from Strategic to Fidelis.  I'd like to be able

18   to find out where that money went.

19         I think the witnesses that would have to testify would

20   be Mr. Blust, Mr. Christo, Ms. Heinz, Ms. Rosenberg and

21   Mr. Evela.

22         I think this would probably take at least a day and a

23   half, if not two days for this hearing.  So we're going to look

24   for the first couple of open days that we have.

25         We're looking at July.  Is that not soon enough?  Too

1    soon?

2           **MR. PERSONIUS:**  In setting it, Judge, I have a State

3    court trial that starts on July 22nd that will probably take the

4    better part of the rest of July.

5           And then -- I'm not suggesting we are, but if we get

6    into August, I then have my next trial starting on --

7           **THE COURT:**  Well, I don't want to wait until August,

8    so we will get it in before then.

9           **THE CLERK:**  We can do July 15th and 16th.

10           **MR. PERSONIUS:**  Mr. Blust has a family commitment to

11    take his son to Cooperstown.  His son plays a lot of baseball.

12    It's a tournament in Cooperstown.

13           **THE COURT:**  When is that?

14           **MR. BLUST:**  I don't have my calendar.  I'm sorry.  I

15    don't have my phone.

16           **THE COURT:**  But you know it's the 15th and 16th?

17           **MR. BLUST:**  Yeah.

18           **THE CLERK:**  Okay.  How about July 10th and 11th?

19           **MR. BLUST:**  We're supposed to be Dayton that week for

20    baseball.  We have to figure that out.

21           **THE COURT:**  You have to be here.  I can't wait any

22    longer.

23           **MR. BLUST:**  I understand.

24           **THE COURT:**  All right?

25           **MR. PERSONIUS:**  So July 10th and 11th?

1          **THE CLERK:**  July 10th and 11th.

2          **MR. McNAMARA:**  Your Honor, in that regard, I mentioned

3    we would like to be able to get discovery much like Fidelis got

4    from us.

5          How would you like me to proceed in that way?  Do you

6    want me to talk to Mr. Hoover?  Do you want me to just --

7          **THE COURT:**  Talk to Mr. Hoover.  Only get me involved

8    if you can't come to an agreement.

9          **MR. McNAMARA:**  Okay.  I will reach out.

10         **THE COURT:**  I very much would not like to be involved

11   in that, but --

12         **MR. McNAMARA:**  I understand.

13         **THE CLERK:**  We'll start at 10 o'clock each day.

14         **MR. BOYD:**  And, Judge, I would just ask that the

15   plaintiff's get access -- I know this is the receiver's motion,

16   but the discovery that's exchanged, if we can get a copy of that

17   as well, just so we're up to speed as well for the hearing.

18         **THE COURT:**  Sure.

19         **MR. McNAMARA:**  Your Honor, it occurs to me the other

20   area that we would probably want some discovery is from

21   Mr. Blust and his, Client First Bankruptcy -- whatever that --

22   whatever that law firm e-mail that he uses to conduct a lot of

23   his business.

24         Should I address that with Mr. Personius and then --

25         **THE COURT:**  Yeah.  What are you looking for?

1          **MR. McNAMARA:**  So a lot of the e-mail traffic --

2          **THE COURT:**  Is that bankruptcy e-mail?

3          **MR. McNAMARA:**  Right.  It's his law firm and so he may

4    not have -- I don't have him on a Lit Def e-mail, but I have him

5    on a Client First Bankruptcy e-mail.

6          We would like to get access to that so we can

7    determine what he is communicating either to Fidelis or to

8    others relating to Fidelis.

9          **THE COURT:**  Mr. Personius?

10         **MR. PERSONIUS:**  I think we'll try to be as cooperative

11   as we can, but I think there will be privileged, because it's

12   law firm business.

13         Maybe -- why don't we see if we can work it out,

14   because maybe there is so narrower --

15         **THE COURT:**  Sure.

16         **MR. PERSONIUS:**  If we can figure it out, I would be

17   happy to share it.  But to get into privilege and have to review

18   all of those e-mails for privilege, there is just not time to do

19   that.

20         **THE COURT:**  Right.

21         **MR. McNAMARA:**  I understand, Your Honor.  I'll work

22   with Mr. Personius.

23         **THE COURT:**  I think you could probably narrow the

24   scope of any search with nonlawyer or whatever with the --

25         **MR. BOYD:**  You can also run keyword searches and just

# Exhibit B

**Sanders, Joseph (CFPB)**

| | |
|---|---|
| **From:** | Boyd, Christopher <Christopher.Boyd@ag.ny.gov> |
| **Sent:** | Monday, August 12, 2024 2:31 PM |
| **To:** | Timothy Hoover; Spencer Durland |
| **Cc:** | Buchko, Vanessa (CFPB); Sanders, Joseph (CFPB); Chiu, Shirley (CFPB); Rados, Genevieve |
| **Subject:** | RE: ██████████████████████████████████ |
| | ██ |

Tim,

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████

We look forward to receiving your discovery responses by the Court ordered deadline of August 16, 2024.

Regards,

Chris

**From:** Timothy Hoover <thoover@hooverdurland.com>
**Sent:** Friday, August 9, 2024 6:22 PM
**To:** Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>
**Cc:** Spencer Durland <sdurland@hooverdurland.com>; Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** ████████████████████████████████████████

[EXTERNAL]

Dear Counsel –

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

████████████████████████

Tim Hoover

Timothy W. Hoover
Partner
Hoover & Durland LLP
561 Franklin Street
Buffalo, New York 14202
Office:  (716) 800-2604
Mobile:  (716) 994-2943
thoover@hooverdurland.com
www.hooverdurland.com

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

# Exhibit C

**Sanders, Joseph (CFPB)**

| | |
|---|---|
| **From:** | Boyd, Christopher <Christopher.Boyd@ag.ny.gov> |
| **Sent:** | Monday, September 30, 2024 4:38 PM |
| **To:** | Sanders, Joseph (CFPB); Buchko, Vanessa (CFPB); Chiu, Shirley (CFPB); Desai, Akash (CFPB) |
| **Cc:** | Rados, Genevieve |
| **Subject:** | FW: CFPB v. StratFS - Access to Discovery Provided to Receiver |

**From:** Boyd, Christopher
**Sent:** Monday, September 30, 2024 5:37 PM
**To:** Timothy Hoover <thoover@hooverdurland.com>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Tim,

The definition of Receivership Defendant expressly includes "Defendants." Dkt. 184 at 7. As a party to the case who opposes your motion challenging the Receiver's designation, we have a legal right to the production. The issues presented by the Fidelis's motion challenging the Receiver's determination that they are a Receivership Defendant and the preliminary injunction motion are substantially similar. Both turn on whether and to what degree Fidelis played a role in the debt-relief operation described in the complaint. Finally, we think the Judge made his position on this matter clear. We don't think this should have to go back before him, but we are running out of options.

Regards,

Chris

**From:** Timothy Hoover <thoover@hooverdurland.com>
**Sent:** Monday, September 30, 2024 2:46 PM
**To:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Chris,

As promised during our call late last week, we've given further thought to your request for access to the productions we made to the Receiver in relation to the upcoming hearing on his designation of Fidelis as a Receivership Defendant. We continue to believe that (1) Fidelis can no longer be declared a "Receivership Defendant" because it is no longer a "nonparty entity" (Dkt. 184 at 21); (2) Plaintiffs have no legal right to the material produced to the Receiver; (3) Plaintiffs have no need for the material produced to the Receiver, since the issues raised by the Receiver's designation are entirely distinct from the issues raised by Plaintiffs' forthcoming preliminary-injunction motion; and (4) Judge Roemer's comment during the May 23, 2024 status conference, made in passing and without discussion, is not a ruling on the matter.

However, in the interest of compromise and without waiving the positions stated above, we will withdraw our objection to the requested disclosure if Plaintiffs agree to receive the material 14 days prior to the hearing, to use the material for no purpose other than the hearing, and to destroy the material after the hearing and related appeals are complete. If, as you told Judge Roemer, you merely want this material "just so we're up to speed as well for the hearing," these conditions should be acceptable.

Thank you, and happy to discuss further.

Tim

Timothy W. Hoover
Partner
Hoover & Durland LLP
561 Franklin Street
Buffalo, New York 14202
Office:  (716) 800-2604
Mobile:  (716) 994-2943
thoover@hooverdurland.com
www.hooverdurland.com

**From:** Timothy Hoover
**Sent:** Friday, September 27, 2024 9:49 AM
**To:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Thanks.  In a long meeting now but will call after that, which is likely after Noon but before your 1.  Thanks.  Tim

Timothy W. Hoover
Partner
Hoover & Durland LLP
561 Franklin Street
Buffalo, New York 14202
Office:  (716) 800-2604
Mobile:  (716) 994-2943
thoover@hooverdurland.com
www.hooverdurland.com

**From:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Sent:** Friday, September 27, 2024 9:28 AM
**To:** Timothy Hoover <thoover@hooverdurland.com>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Tim,

Please let me know when you can talk today.  I can talk anytime other than 1-3.

Regards,

Chris

---

**From:** Timothy Hoover <thoover@hooverdurland.com>
**Sent:** Wednesday, September 25, 2024 1:59 PM
**To:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** FW: CFPB v. StratFS - Access to Discovery Provided to Receiver

I'm tied up tomorrow but will call you Friday to discuss, thank you.

Timothy W. Hoover
Partner
Hoover & Durland LLP
561 Franklin Street
Buffalo, New York 14202
Office:  (716) 800-2604
Mobile:  (716) 994-2943
thoover@hooverdurland.com
www.hooverdurland.com

---

**From:** Molly Miranda <Molly_Miranda@nywd.uscourts.gov>
**Sent:** Wednesday, September 25, 2024 11:42 AM
**To:** Timothy Hoover <thoover@hooverdurland.com>
**Cc:** rop_personiusmelber.com <rop@personiusmelber.com>; Spencer Durland <sdurland@hooverdurland.com>; Thomas McNamara <tmcnamara@mcnamarallp.com>; Thoman, James (JThoman@hodgsonruss.com) <jthoman@hodgsonruss.com>; Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>; Rados, Genevieve <Genevieve.Rados@ag.ny.gov>; Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Chris and Rod: Thank you for letting me know that the issue with regard to Mr. Blust has been resolved.

Chris and Tim: Please see if you can work this out together between now and Monday. If there is still an issue next week, you can submit/file letters according to the Court's discovery dispute resolution procedure.

Thanks, Molly



**Molly L. Miranda**
*Law Clerk to the Honorable Michael J. Roemer*
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
**Phone:** 716-551-1632
**Website:** www.nywd.uscourts.gov

*We provide quality service in support of justice.*

---

**From:** Timothy Hoover <thoover@hooverdurland.com>
**Sent:** Wednesday, September 25, 2024 9:25 AM
**To:** Molly Miranda <Molly_Miranda@nywd.uscourts.gov>
**Cc:** rop_personiusmelber.com <rop@personiusmelber.com>; Spencer Durland <sdurland@hooverdurland.com>; Thomas McNamara <tmcnamara@mcnamarallp.com>; Thoman, James (JThoman@hodgsonruss.com) <jthoman@hodgsonruss.com>; Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Buchko, Vanessa (CFPB)

<Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>; Rados, Genevieve
<Genevieve.Rados@ag.ny.gov>; Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

<mark>**CAUTION - EXTERNAL:**</mark>


This is Tim Hoover, responding for Fidelis.

If the Court is going to entertain this email request, we ask for a chance to respond to it by Monday September 30.

We will defer comment on the lack of justification for this request, and Mr. Boyd's articulation of what he says he asked us in August, until our response, if directed by the Court.

Thank you.

Respectfully yours,

Tim Hoover

Timothy W. Hoover
Partner
Hoover & Durland LLP
561 Franklin Street
Buffalo, New York 14202
Office:  (716) 800-2604
Mobile:  (716) 994-2943
thoover@hooverdurland.com
www.hooverdurland.com

---

**From:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Sent:** Wednesday, September 25, 2024 9:17 AM
**To:** Molly_Miranda@nywd.uscourts.gov
**Cc:** Rodney O. Personius <rop@personiusmelber.com>; Timothy Hoover <thoover@hooverdurland.com>; Spencer Durland <sdurland@hooverdurland.com>; Thomas McNamara <tmcnamara@mcnamarallp.com>; Thoman, James (JThoman@hodgsonruss.com) <jthoman@hodgsonruss.com>; Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB) <Joseph.Sanders@cfpb.gov>; Rados, Genevieve <Genevieve.Rados@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

Molly,

Rod has now confirmed that he does not object to Plaintiffs being provided with the same materials that his clients produced to the Receiver.  My apologies if there was any miscommunication regarding Rod's prior position.

My understanding is that counsel for Fidelis and Christo continue to object to the materials they produced to the Receiver being shared with Plaintiffs.  We asked them for a copy of these materials back in August but received no response.

Regards,

Chris

**From:** Rodney O. Personius <rop@personiusmelber.com>
**Sent:** Tuesday, September 24, 2024 4:51 PM
**To:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>; Molly_Miranda@nywd.uscourts.gov
**Cc:** thoover@hooverdurland.com; sdurland@hooverdurland.com; Thomas McNamara
<tmcnamara@mcnamarallp.com>; Thoman, James (JThoman@hodgsonruss.com) <jthoman@hodgsonruss.com>; Chiu,
Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Buchko, Vanessa (CFPB) <Vanessa.Buchko@cfpb.gov>; Sanders, Joseph (CFPB)
<Joseph.Sanders@cfpb.gov>; Rados, Genevieve <Genevieve.Rados@ag.ny.gov>
**Subject:** RE: CFPB v. StratFS - Access to Discovery Provided to Receiver

[EXTERNAL]

Molly:  I apologize for having to forward this email.

As  I believe Mr Boyd will now acknowledge, his email to you does not accurately state our position on discovery
provided by us to the Receiver by any stretch.

It is a product of a communication between him and the Receiver regarding my contacts with the Receiver.

To be clear, Chris has not spoken directly to me on this topic.

I am working to clear this up.

Please give me until tomorrow morning to see if this can be worked out.

V/R, Rod


Rodney O. Personius, Esq.
Personius Melber LLP
2100 Main Place Tower
Buffalo, NY  14202
(716)  855-1050 x101
www.personiusmelber.com

Nothing in this email is intended to nor shall it constitute an "electronic signature" absent a specific, affirmative
statement to that effect.

This electronic mail transmission is intended solely for the use of the individual or entity to whom it is addressed,
and may contain confidential information belonging to the sender or recipient that is protected by the attorney-
client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying,
distribution, or initiation of any action in reliance on the contents of this information is strictly prohibited. If you
have received this transmission in error, please notify the sender immediately by e-mail and delete the original
message. Thank you for your cooperation.

**From:** Boyd, Christopher <Christopher.Boyd@ag.ny.gov>
**Sent:** Tuesday, September 24, 2024 4:17 PM
**To:** Molly_Miranda@nywd.uscourts.gov
**Cc:** Rodney O. Personius <rop@personiusmelber.com>; thoover@hooverdurland.com; sdurland@hooverdurland.com;
Thomas McNamara <tmcnamara@mcnamarallp.com>; Thoman, James (JThoman@hodgsonruss.com)
<jthoman@hodgsonruss.com>; Chiu, Shirley (CFPB) <Shirley.Chiu@cfpb.gov>; Buchko, Vanessa (CFPB)

<Vanessa.Buchko@cfpb.gov>; **Sanders, Joseph (CFPB)** <Joseph.Sanders@cfpb.gov>; **Rados, Genevieve**
<Genevieve.Rados@ag.ny.gov>
**Subject:** CFPB v. StratFS - Access to Discovery Provided to Receiver

Hello Molly,

As you know various Defendants including Jason Blust and Fidelis have provided certain discovery to the
Receiver.  Blust and Fidelis have objected to the Receiver sharing these materials with Plaintiffs.

I had previously noted on the record that Plaintiffs wanted a copy of these materials and the Judge responded
"Sure."  An excerpt from the relevant transcript is pasted below and attached.

> MR. BOYD: And, Judge, I would just ask that the plaintiff's get access -- I know this is the receiver's motion, but
> the discovery that's exchanged, if we can get a copy of that as well, just so we're up to speed as well for the
> hearing.
> THE COURT: Sure.

Tr. 5/23/24 82:14-18.

It is my hope that we can avoid wasting time and expense with a  formal motion on this issue, especially given that it
appears that the Court has agreed that Plaintiffs should receive a copy of these materials.

Regards,

**Christopher L. Boyd | Assistant Attorney General in Charge**
New York State Office of the Attorney General
Buffalo Regional Office
Main Place Tower |350 Main Street, Suite 300A
Buffalo, New York 14202
Tel: (716) 853-8457 | Fax: (716) 853-8428

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or
otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or
from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this
e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail
from your system.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.