IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. <br><br> Defendants, <br><br> and DANIEL BLUMKIN, et al. <br><br> Relief Defendants. | Case No. 24-cv-00040-EAW-MJR |

## DECLARATION OF JAMES AGOSTO

I, James Agosto, hereby declare as follows:

1. My name is James Agosto. I am over 21 years of age. The statements in this declaration are made based on my personal knowledge and I would be competent to testify to them if called upon to do so.

2. I am an attorney licensed to practice law. I am currently the managing member of Bedrock Legal Group, Brandon Ellis Law Firm LLC, Infinite Law Firm, Northstar Legal Group, and Whitestone Legal Group. The term "Law Firms" as used herein refers to the aforementioned firms.

3. On January 11, 2024, this Court entered an *ex parte* TRO that appointed a Receiver, Thomas McNamara, to operate StratFS and its various affiliates (collectively "SFS"). Dkt. 12. The Receiver has remained in control of SFS since that

date. As a result of that TRO (and the subsequent preliminary injunction), the Law Firms effectively went "dark." They lost their support staff, much of their technology, and much of their data in one fell swoop. They were (and remain) severely impaired in their ability to effectively represent their clients.

4.  Since that time, the Law Firms have continued to represent their clients, including representation in ongoing litigation. However, that representation has been hampered by a lack of support from SFS. In addition, the Law Firms have been unable to collect fees from their clients.

5.  In the absence of any revenue to fund their operations, the Law Firms have been compelled to fund their operations through existing reserves and borrowing. The Law Firms have downsized and been forced to lay off attorneys and staff. They have been forced to take many cost-cutting measures to remain in business.

6.  The Law Firms can no longer continue to provide legal representation in the absence of new fee income. In particular, the cost of representing clients in litigation (which requires compensating Law Firm attorneys to provide such representation) is not sustainable.

7.  Accordingly, the Law Firms, after consultation with counsel, have concluded they can no longer provide representation to their clients and must withdraw from representation. *See* ABA Model Rule 1.16(b)(6), (7).

8.  The Law Firms intend to withdraw from further representation of all clients ***except*** with respect to credit card accounts that are currently in litigation.

1

With respect to those accounts, the Law Firms shall complete their course of representation in the current litigation before full withdrawal.

9. The Law Firms' proposed course of action to withdraw is as follows:

1. The Law Firms shall send the Letter attached hereto as Exhibit 1 to all current Law Firm clients. The Letter advises clients of the withdrawal, alerts them to their options with respect to their Global and RAM accounts, alerts them to the importance of continuing to make payments on existing term settlements, and advises them that they may obtain their client files. The Letter will be sent via email and US mail by the Law Firms.

2. The Law Firms have established a new email account and 800 number (which are set forth in the Letter) to allow Law Firm clients to pose questions and make file requests. I am advised the Receiver has indicated that SFS staff will direct client inquiries concerning the Law Firms' withdrawal to the Law Firms' newly-established phone line and email.

3. With respect to clients who request their files, those clients may obtain the portion of their client file that is in SFS's possession by accessing the client's secure portal. The Law Firms shall provide the portion of the client file in its possession directly to the client.

4. I am advised that the Receiver will post a template letter to each client's portal that allows the clients to communicate directly with their creditors regarding the cessation of representation.

5. With respect to client credit card accounts that are in litigation, the Law Firms will continue to provide representation in those lawsuits until those suits are resolved (either through settlement or adjudication).

10. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct.

Dated: October 25, 2024

James Agosto