UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br> Defendants, and <br><br> STRATEGIC ESOP, *et al.*, <br><br> Relief Defendants. | CASE NO. 24-cv-40 EAW-MJR |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO AMEND THE PRELIMINARY INJUNCTION BY ROYAL LEGAL GROUP AND HAILSTONE LEGAL GROUP**

Plaintiffs Consumer Financial Protection Bureau and the People of the State of New York, by Letitia James, Attorney General of the State of New York submit this opposition to the motion to modify the preliminary injunction (PI) filed by Royal Legal Group and Hailstone Legal Group. Dkt. 458.

## INTRODUCTION

Royal and Hailstone continue to try to relitigate the effect of the PI on the Façade Firms, despite multiple orders denying their requested relief, an order barring them from soliciting consumers, and a contempt motion stemming from their failure to follow those orders. This motion is more of the same and should be similarly denied. For good

reason, the confidentiality provision of the PI bars SFS from disclosing Consumer information and bars third parties in active concert with SFS from using and benefiting from Consumer information, exactly what Royal and Hailstone seek to do here.

## BACKGROUND

The intervening law firms (Intervenors), including Royal and Hailstone, already moved the Court to stay the PI, Dkt. 219, and force SFS to provide them with Consumer information. Dkt. 225. Those motions were both denied. Dkt. 281 at 1. Plaintiffs opposed those motions based in part on the fact that the use of Consumer information by third parties in active concert with the Defendants is barred by the confidentiality provision of the PI. Dkt. 254 at 6.

On April 15, 2024, four days after the Court denied Intervenors' original motions for this relief, the Receiver informed the Court that Intervenors were seeking to benefit from Consumer information by soliciting over 60,000 consumers to sign new contracts with Intervenors. Dkt. 292. On April 22, 2024, the Court heard argument on the Receiver's application and found the Intervenors' solicitations to be "misleading" and "inaccurate." Dkt. 353-3 at 114:5-7. The Court expressly ordered that "no other communications be made with any of the consumers by anybody regarding this case." *Id.* at 156:6-7.

In direct contravention of the Court's order not to contact consumers, Intervenors continued their solicitations. Specifically, Intervenors continued mass outreach to consumers via email and phone. *See* Decl. of Joe O'Donnell, Dkt. 353-4. On May 6, 2024, the Receiver moved the Court for a finding of contempt against Intervenors for continuing to solicit consumers in violation of the Court's order. Dkt. 353. The Receiver's contempt motion is currently pending.

2

When Royal and Hailstone asked Plaintiffs for their position on accessing Consumer information held by SFS, Plaintiffs made clear that they opposed because the Court had already denied the relief they are seeking, the confidentiality provision of the PI precludes the relief, and a change to that provision is unwarranted given Intervenors' aggressive solicitation of consumers in violation of this Court's Order. Sanders Decl. Ex. A.

<strong>ARGUMENT</strong>

**I.    The Court Previously Denied This Motion and New Evidence Weighs Against Reconsideration**

Royal and Hailstone's attempt to relitigate the injunction is effectively a motion to reconsider. "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Mir v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) (citations omitted).

Royal and Hailstone seek just that—to relitigate whether the preliminary injunction should apply to them—and so their motion should be denied. The firms attempt to circumvent the rule against relitigating a decided issue by claiming that "[t]he Court's order does not offer any reasoning or discussion regarding Royal and Hailstone's request for relief." Dkt. 458-3. Contrary to this claim, the Court provided multiple bases for refusing the Intervenor's request to stay the injunction, which was the first time the Intervenors sought to revisit the Court's issuance of the injunction. *See* Dkt. 219. First, the Court explained that the issue of modifying the PI has been appealed, meaning the question no longer lies with the district court. Dkt. 281 at 2. Second, the Court found that "defendants have pointed to no basis to dispute [the Court's factual] conclusions other than their rehashed arguments that the Court has already considered

and rejected." *Id.* at 4. To the contrary, the Court explained that new facts *supported* the Court's decision to issue the injunction and appoint a receiver, citing to the Receiver's report alleging that Jason Blust continued to operate a company in violation of the injunction. *Id.* at 7, n. 4.

The Court's reasoning applies with even greater force here. Motions to reconsider should be denied where the movant "has not alleged any new facts or law material to [the Court's] previous determination." *Bonano v. Tillinghast*, No. 18-CV-6405G, 2021 WL 1739067, at *1 (W.D.N.Y. May 3, 2021). Facts that have changed since the Intervenors moved for this same relief weigh against reconsideration: the Intervenors sent mass solicitations to consumers in violation of this Court's order against consumer communications. Dkt. 353. Intervenors recent motion to withdraw as counsel for consumers does not change the analysis. *See* Dkt. 469-10. Intervenors previously solicited consumers to sign new retainer agreements. *See* Dkt. 353-2. opting out of their existing retainer agreements does not impact the ability of the firms or their principals to continue to make such solicitations. Indeed, Richard Gustafson was managing all the Intervenor firms when the solicitation occurred and Gustafson is the owner of Royal and Hailstone. *See* Dkt. 234-2. Because new evidence only bolsters keeping the PI in place, particularly the confidentiality provision barring the use of Consumer information, the Court's decisions should not be revisited.

## II. The Confidentiality Provision of the PI Precludes The Relief Sought for Good Reason.

Royal and Hailstone claim that "there is no legal basis for injunctive relief with respect to" them. Dkt. 458-3 at 9. They are incorrect: there are multiple legal bases that

4

preclude them from obtaining consumer information from SFS, and these legal bases should not be modified because they exist for good reason.

First, the confidentiality provision prohibits SFS "from disclosing"—to anyone—"Consumer information" that it obtained in connection with its debt-relief services. Dkt 184 at 32.[1] The PI defines "Consumer" as "any person who has or will enroll in a service or program offered by Defendants." Dkt. 184 at 4. Consumers associated with Royal and Hailstone were enrolled in Defendants' debt-relief program, meaning their information is covered by this provision. Thus, SFS (and therefore the Receiver) is prohibited from disclosing Consumer information to Royal and Hailstone.

Royal and Hailstone's entire argument is premised on their assertion that they have never collected advance fees.[2] But the prohibition against disclosure by SFS, regardless of the recipient, makes sense: the protection of the information of consumers who were harmed by Defendants is the focus of this provision – not whether the party accessing their information is a wrongdoer or charges advance fees.

---

[1] The confidentiality provision provides in full:

> Defendants, Relief Defendants, and their officers, agents, servants, employees, and attorneys, and all third parties or other Persons in active concert or participation with any Defendant who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from disclosing, using or benefitting from Consumer information including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a Consumer's account (including a credit card, bank account, or other financial account), of any Person that any Defendant or Relief Defendant obtained prior to entry of this Order in connection with any Debt-Relief Services.

[2] Plaintiffs do not concede this point. The managing member of the firms, Richard Gustafson, did not attest with certainty that they never charged advance fees, but only "to the best of [his] knowledge," Dkt. 458-2 at ¶ 3, and in any event, this Court has found Gustafson "not to be credible." Dkt. 183 at 4.

Second, in addition to prohibiting disclosure by SFS, the confidentiality provision also prohibits "Persons in active concert or participation with any Defendant" from using or benefiting from Consumer information. Dkt 184 at 32. Because Intervenors are in active concert and participation with Defendants, a fact they do not dispute, they are prohibited from using or benefitting from any Consumer information.

The need to protect Consumers from use of their information by Intervenors here is not theoretical. Intervenors have already engaged in massive solicitation of Consumers in violation of both the confidentiality provision and the Court's April 22, 2024 order to refrain from soliciting consumers. Dkt. 353; Dkt. 363. Those efforts consisted of regular emails to consumers as well as calls to consumers that had not responded to the emails. *See* Decl. of Steven Crosby, Dkt. 363-2. As the Court found at the April 22, 2024 hearing, the emails that Intervenors sent were deceptive:

> THE COURT: . . . That thing you sent out was a bunch of bologna. You are trying to trick [Consumers] into signing on with you again. Yet again. The same people that have already been victimized, sign them up again.
>
> MR. ELLIOTT: We don't believe they have been victimized.
>
> THE COURT: I do. And that's what I said in the preliminary injunction....

Dkt. 353-3, 4/22/24 Tr., at 112:11-18. While Intervenors clearly have access to some Consumer information, and at times appear to consider themselves exempt from judicial oversight despite intervening in this case, the Court should not allow them any leeway to further harm consumers.

Moreover, Royal and Hailstone are owned by Defendant Gustafson, who Plaintiffs have alleged violated the law by providing substantial assistance to the unlawful debt-relief operation, and whom the Court found "not to be credible" in its PI decision. Dkt. 183 at 4. In addition to owning and managing Royal and Hailstone,

6

Intervenors' filings also indicate that Gustafson is currently managing all the Intervenor firms, *see* Dkt. 234-2, suggesting a permeable information boundary between the entities that puts consumers at even greater risk. There is ample basis for the Court to maintain the PI provision that precludes SFS from disclosing, and law firms run by Gustafson from using, Consumer information.

## CONCLUSION

For the foregoing reasons, this Court should deny Royal and Hailstone's motion.

        Respectfully submitted,

        Attorneys for Plaintiff
        Consumer Financial Protection Bureau

        ERIC HALPERIN
        Enforcement Director

        RICHA SHYAM DASGUPTA
        Deputy Enforcement Director

        MICHAEL POSNER
        Assistant Litigation Deputy

        <u>/s/ Joseph Sanders</u>
        Joseph Sanders
        E-mail: joseph.sanders@cfpb.gov
        Phone: 202-377-9846
        Vanessa Buchko
        E-mail: vanessa.buchko@cfpb.gov
        Phone: 202-435-9593
        Shirley Chiu
        E-mail: shirley.chiu@cfpb.gov
        Phone: 202-435-7592
        1700 G Street, NW
        Washington, DC 20552
        Facsimile: (202) 435-7722

        And

        LETITIA JAMES
        Attorney General of the State of New York

/s/ Christopher L. Boyd
Christopher L. Boyd
Genevieve S. Rados
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Phone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov
