UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU, ET AL.

    Plaintiffs,

v.

STRATFS, LLC, ET AL.

    Defendants.

Case No.: 24-cv-00040

### DECLARATION OF DENNIS C. VACCO, ESQ.

DENNIS C. VACCO, ESQ., declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.    I am an attorney duly licensed to practice in the State of New York and the United States District Court for the Western District of New York, and a Partner in the law firm Lippes Mathias LLP, attorneys for Defendants Anchor Client Services, LLC, BCF Capital, LLC, Bedrock Client Services, LLC, Boulder Client Services, LLC, Canyon Client Services, LLC, Carolina Client Services, LLC, Great Lakes Client Services, LLC, Guidestone Client Services, LLC, Harbor Client Services, LLC, Heartland Client Services, LLC, Monarch Client Services, LLC, Newport Client Services, LLC, Northstar Client Services, LLC, Option 1 Client Services, LLC, Pioneer Client Servicing, LLC, Rockwell Client Services, LLC, Royal Client Services, LLC, Stonepoint Client Services, LLC, Strategic CS, LLC, Strategic Consulting, LLC, Strategic FS Buffalo, LLC, Strategic Family, Inc., Strategic NYC, LLC, Stratfs, LLC, Summit Client Services, LLC, T Fin, LLC, Versara Lending, LLC and Whitestone Client Services, LLC

(collectively "Strategic") in the above captioned action. Therefore, I have knowledge of the facts set forth in this declaration.

2. I submit this declaration in support of Strategic's Renewed Motion to motion to modify the Preliminary Injunction (Dkt. 184) to remove Atlas Debt Relief LLC and Timberline Financial LLC from the definition of "Receivership Defendants" (see Dkt. 184 §9(N)) and Versara Lending LLC from the list of "Corporate Defendants" (see Dkt. 184 §9(D)) under the Receiver's control, and (2) Motion Challenge the Receiver's Determination that Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc. are receivership entities.

3. Strategic hereby renews its motion to modify the Preliminary Injunction (Dkt. 374), incorporates all such arguments from Dkt. 374 and requests the same relief herein – particularly, a modification to the Preliminary Injunction to remove Atlas and Timberline from the definition of "Receivership Defendants" (*see* Dkt. 184 §9(N)) and Versara from the list of "Corporate Defendants" (*see* Dkt. 184 §9(D)) under the Receiver's control - and also requests an order from this Court preventing the Receiver from adding Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc. to the list of Receivership Defendants.

**Versara Lending, LLC**

4. Before January 11, 2024, Versara Lending, LLC ("Versara") was an indirect, wholly-owned subsidiary of Strategic Family, Inc.

5. Versara's business included the origination of personal loans to consumers and the servicing of personal loans to consumers (each, a "Loan").

6. Versara originated installment Loans to borrowers enrolled in third party debt resolution programs.

7. Versara disbursed funds under a Loan for the exclusive purpose of facilitating settlements of the debts in the estimated amounts as identified in the Loan documentation plus the payment of fees related to settlement of those debts owed by the borrower the borrower's third party debt resolution company (such amounts, collectively, the "Estimated Loan Amount").

8. The Estimated Loan Amounts were provided to Versara by or on behalf of the third part debt resolution program provider.

9. The Estimated Loan Amount funds were not initially disbursed to the borrower or an account controlled by the borrower. Rather, funds were disbursed initially from Versara into a separate holding account controlled by Versara (the "Versara Collateral Holding Account") and held in that account by Versara awaiting the borrower's use in accordance with the Loan documentation.

10. Third party debt resolution providers typically obtained settlements for most or all of estimated settlement amounts reflected in the Estimated Loan Amounts within 30-90 days of Versara disbursing the Estimated Loan Amounts to the Versara Collateral Holding Account.

11. To the extent a portion of the Estimated Loan Amount funds disbursed to the Versara Collateral Holding Account was not subsequently used to pay settlements on debts obtained by the third party settlement provider or fees due the third party settlement provider within 120 days of deposit in the Versara Collateral Holding Account, Versara would recall the portion of unused Estimated Loan Amount funds ("Recall Amount"). In the event Versara recalled such an amount, the loan amount of the borrower was reduced by the Recall Amount via a principal reduction. For example, if the initial loan amount was $30,000, and the unused Recall Amount was $5,000, the new loan balance was reduced to $25,000. In addition, Versara also

reimbursed the borrower for any interest that may have accrued or been paid on the Recall Amount during that period by way of a reduction of loan principal.

12. Versara typically maintained the Versara Collateral Holding Account it controlled at the same payment processor with whom the borrower maintained its borrower-controlled special purpose account related to the borrower's program with their third party debt resolution provider. The Estimated Loan Amount funds remained in that Versara Collateral Holding Account until the third party debt resolution provider obtained a settlement with a creditor for which the funds were needed by the borrower to complete payment.

13. If and when, during the 0-120 day period (and most typically within 60 days), the third party debt resolution provider obtained a settlement with a creditor pursuant to that third party's agreement with the borrower, funds needed to pay the applicable settlement and remaining fees due the third party debt resolution provider were disbursed by Versara from its Versara Collateral Holding Account into the borrower's special purpose account related to the borrower's debt resolution program with the third party debt resolution provider.

14. Shortly after receipt into the borrower's special purpose account, funds were disbursed by the borrower pursuant to the borrower's agreement with its third party debt resolution provider to pay: (a) the borrower's creditors pursuant to settlement agreements obtained with those creditors and (b) the third party debt resolution provider in amount equal to fees owed to the third party debt resolution provider upon settlement of the particular debt(s).

15. Versara's business model does not implicate the Telemarketing Sales Rule.

**Additional "Receivership Defendants"**

16. Attached as Exhibit A is a letter from the Receiver dated September 27, 2024, wherein the Receiver identifies Versara DST 2019-2 as a Receivership Defendant. As the

Receiver indicates, "Versara DST was created … to acquire funds received from borrowers on Versara Lending Loans. Internal StratFS organizational charts reflect Versara DST is a stand-alone entity within the StratFS group."

17. Attached as Exhibit B is a letter from the Receiver dated September 27, 2024, wherein the Receiver identifies Strategic LD, LLC as a Receivership Defendant. As the Receiver indicates, "Strategic LD [LLC] served as the payroll processing company for Defendant Versara Lending, LLC … and processed payroll for Versara employees using funds deposited by Versara."

18. In other words, these two entities, like Versara Lending LLC, have no connection to TSR violations whatsoever.

19. Attached as Exhibit C is a letter from the Receiver dated September 27, 2024, wherein the Receiver identifies Cell Gramercy 2 of Contego Insurance, Inc. as a Receivership Defendant.

20. Cell Gramercy 2 of Contego Insurance, Inc. is an entity completely detached from any secured liens, and could be used to fund ongoing expenses, including legal fees.

## Conclusion

21. Strategic hereby respectfully moves for an order from this Court modifying the Preliminary Injunction (Dkt. 184) to remove Atlas Debt Relief LLC and Timberline Financial LLC from the definition of "Receivership Defendants" (see Dkt. 184 §9(N)) and Versara Lending LLC from the list of "Corporate Defendants" (see Dkt. 184 §9(D)) under the Receiver's control, and (2) overruling the Receiver's determination that Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc. are receivership entities.

Dated: Buffalo, New York
October 29, 2024

Respectfully submitted,

/s/ *Dennis C. Vacco*
Dennis C. Vacco, Esq.
LIPPES MATHIAS LLP
*Attorneys for Strategic*
50 Fountain Plaza
Buffalo, New York 14202
(T) 716.853.5100
(E) dvacco@lippes.com