UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU, ET AL.

    Plaintiffs,                                                                                          Case No.: 24-cv-00040

v.

STRATFS, LLC, ET AL.

    Defendants.

**STRATEGIC'S MEMORANDUM IN SUPPORT OF
ITS RENEWED MOTION TO MODIFY THE PRELIMINARY INJUNCTION
AND ITS MOTION CHALLENGING THE RECEIVER'S
DETERMINATION OF RECEIVERSHIP ENTITIES**

On May 22, 2024, Receiver Thomas McNamara filed an "Emergency Request for Instruction and authorization" (*see* Dkt. 359-1 at 1, "Emergency Request") to "wind down … certain of the law firm debt relief operations at Strategic." *Id.* In response, the Strategic defendants respectfully requested this Court to modify the Preliminary Injunction by removing Atlas Debt Relief LLC and Timberline Financial LLC from the definition of "Receivership Defendants" and Versara Lending LLC from the Receiver's control to secure Strategic's rights. Dkt. 374-1, §IV. Oral argument for this Emergency Request is currently scheduled for October 30, 2024.

Relatedly, on September 27, 2024, the Receiver informed Strategic that it has identified three new Receivership Defendants - namely, Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc. – as "business[es] related to the Defendants' debt-relief services and which the Receiver has reason to believe [are] owned or controlled in whole or in

part by any of the Defendants, and includes fictitious names under which they do business." But Versara DST 2019-2 and Strategic LD, LLC are entities affiliated with Versara Lending LLC - an entity that is unquestionably in compliance with the Telemarketing Sales Rule ("TSR"). *See* Declaration of Dennis C. Vacco, ¶¶ 4-19.  And Cell Gramercy 2 of Contego Insurance, Inc. is an entity completely detached from any secured liens, and could be used to fund ongoing expenses, including legal fees. *Id.,* ¶ 21.

As originally argued in Dkt. 374, Atlas, Timberline, and Versara should never have been included in the Preliminary Injunction in the first instance because they do not implicate the Telemarketing Sales Rule.  Moreover, the Receiver has continuously demonstrated that he refuses to even attempt to profitably run Strategic (*but see* Dkt. 184 §IX(N)), including entities that have always operated compliantly and have no connection to the Government's TSR-related allegations, including, *inter alia,* Versara Lending LLC ("Versara").  Notably, the Second Amended Complaint (Dkt. 366) makes no allegations that Atlas, Timberline, or Versara[1] violate the TSR in any fashion - nor could it reasonably do so.  And his recent attempts to take control of Versara DST 2019-2, Strategic LD, LLC – two Versara affiliates -  demonstrate that he is attempting to unlawfully destroy Strategic even further, despite his aforementioned mandate to run the business profitably.

Accordingly, Strategic hereby renews its motion to modify the Preliminary Injunction (Dkt. 374), incorporates all such arguments from Dkt. 374 and requests the same relief herein – particularly, a modification to the Preliminary Injunction to remove Atlas and Timberline from the definition of "Receivership Defendants" (*see* Dkt. 184 §9(N)) and Versara Lending LLC

---

[1] Paragraph 159 of the Second Amended Complaint that Versara was "ostensibly a **lender**" (emphasis added) and received feeds from debt-relief consumers.

from the list of "Corporate Defendants" (*see* Dkt. 184 §9(D)) under the Receiver's control - and also requests an order from this Court preventing the Receiver from adding Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc. to the list of Receivership Defendants.  As recognized by the Receiver, "Versara DST [2019-2] was created … to acquire funds received from borrowers on Versara Lending loans."  Similarly, "Strategic LD [LLC] served as the payroll processing company for Defendant Versara Lending, LLC … and processed payroll for Versara employees using funds deposited by Versara."  In other words, these two entities, like Versara Lending, LLC itself, have no connection to TSR violations whatsoever.

Indeed, in this instance, the question raised and decided in the Preliminary Injunction Order was whether Defendants were in violation of the TSR.  But importantly, Atlas, Timberline, and Versara Lending do not operate in a manner that implicates the TSR, and therefore, they do not fall within the questions raised and decided in the subject order.  Stated differently, these entities should never have been included in the Preliminary Injunction Order in the first instance.  To be sure, there was no evidence offered during a two-day hearing implicating Atlas, Timberline, or Versara Lending in any violation of the TSR, or the violation of any federal or state statute.

For these reasons, Strategic respectfully submits that the present circumstances call for this Court to modify the Preliminary Injunction by removing Atlas and Timberline from the definition of "Receivership Defendants" and Versara Lending from the Receiver's control to secure Strategic's rights.  Moreover, the Receiver should be precluded from asserting control over Versara DST 2019-2, Strategic LD, LLC, and Cell Gramercy 2 of Contego Insurance, Inc.

Dated: Buffalo, New York
       October 29, 2024

                                              Respectfully submitted,

                                              /s/ *Dennis C. Vacco*
                                              Dennis C. Vacco, Esq.
                                              LIPPES MATHIAS LLP
                                              *Attorneys for Defendants*
                                              50 Fountain Plaza
                                              Buffalo, New York 14202
                                              (T) 716.853.5100
                                              (E) dvacco@lippes.com