UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

                Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.

                Defendants, and

DANIEL BLUMKIN, et al.,

                Relief Defendants.

CASE NO. 24-cv-40 EAW-MJR

---

## DECLARATION OF TEIA M. BUI, ESQ. IN SUPPORT OF
## MOTION TO LIFT THE STAY

I, Teia M. Bui, Esq., declare:

1.      I am currently employed as General Counsel for Clover Management, Inc. ("Clover"). I have been employed by Clover since 2014. I make this Declaration voluntarily and upon my personal knowledge and upon the business records created and maintained in the ordinary course of Clover's business.

2.      Clover is a property management company specializing in independent senior housing and multifamily apartments.

3.      As General Counsel, I am responsible for supervising the legal work for Clover and its affiliated entities, which include non-parties Clover Communities Fund V LLC ("Fund V") and Clover Communities Fund VI LLC ("Fund VI").

{9677659: }

4. My job functions include maintaining the documents relevant to litigation involving Clover and its affiliated entities. These records are maintained in the ordinary course of business at 348 Harris Hill Road, Williamsville, New York 14221.

5. On April 11, 2024, Plaintiff Consumer Financial Protection Bureau ("CFPB") sent a letter to Clover notifying that the Western District of New York entered a Preliminary Injunction freezing the assets of certain defendants identified as the "Asset-Freeze Defendants". Attached hereto as **Exhibit A** is a true and accurate copy of the letter dated April 11, 2024.

6. CFPB asked Clover to provide "certified statement containing certain information about each asset held by or for the benefit of any defendant", whether directly or indirectly, that may have an account with Clover. *See* Exh. A.

7. Blaise Investments, LLC ("Blaise") owns an approximate 4.08% membership interest in Fund V. Upon information and belief, Blaise is owned and controlled by Defendant Albert Ian Behar

8. Fusion Capital LLC ("Fusion") owns an approximate 4.08% membership interest in Fund V. Upon information and belief, Fusion is owned and controlled by Defendant Ryan Sasson.

9. Axel Development Sag Harbor, LLC ("Axel") owns an approximate 3.389% membership interest in Fund VI. Upon information and belief, Axel is owned and controlled by Defendant Ryan Sasson.

10. On April 16, 2024, and in response to the April 11, 2024 letter from the CFPB, Clover sent a letter to Receiver, Plaintiffs, Mr. Behar and Mr. Sasson outlining Blaise, Axel and Fusion's respective membership interests in Fund V and Fund VI. Attached hereto as **Exhibit B** is a true and accurate copy of the April 16, 2024 letter.

11. Clover enclosed letters on behalf of Fund V and Fund VI in further response to the CFPB's request for certain information.

12. Specifically, on April 16, 2024, Fund V sent a letter to Receiver, Plaintiffs, Mr. Behar and Mr. Sasson (the "Fund V Letter") stating Blaise and Fusion's membership interests, outlining the capital contributed by each entity as of that date and advising as to the amount of remaining capital commitment needed to prevent dilution of membership interests. Attached hereto as **Exhibit C** is a true and accurate copy of The Fund V Letter without enclosures.

13. The Fund V Letter requested that Receiver confirm in writing whether Blaise and Fusion will continue to satisfy their capital commitment obligations to Fund V. *See* Exh. C.

14. Similarly, on April 16, 2024, Fund VI sent a letter to Receiver, Plaintiffs, Mr. Behar and Mr. Sasson (the "Fund VI Letter") stating Axel's membership interests, outlining the capital contributed by each entity as of that date, and advising as to the amount of remaining capital commitment needed to prevent dilution of membership interests. Attached hereto as **Exhibit D** is a true and accurate copy of The Fund VI Letter without enclosures.

15. The Fund VI Letter requested that Receiver confirm in writing whether Axel will continue to satisfy its capital commitment obligations to Fund VI. *See* Exh. D.

16. On April 23, 2024, I received an email from James C. Thoman, Esq., counsel for Receiver, advising that the Receiver will not make capital contributions to Fund V on behalf of Blaise. Attached hereto as **Exhibit E** is a true and accurate copy of the April 23, 2024 email string.

17. The same day, I sent a reply email to Mr. Thoman inquiring if Receiver will provide a response as it relates to Fund VI. *See* Exh. E.

18. Mr. Thoman replied to my email stating that Receiver will not respond for Axel because it is not a named defendant. *See id.*

19. The litigation stay imposed by the Court in the Preliminary Injunction effectively allows Blaise, Fusion and Axel to receive the benefit of their existing percentage interest allocation of profit despite having failed to make their respective capital contributions.

20. If the stay is not lifted to effect dilution of Blaise, Fusion and Axel's respective membership interests, Fund V and Fund VI's current construction projects will be detrimentally impacted.

**Fund V: O'Fallon Project**

21. In reliance on written capital contribution commitments by Fund V investors, such as Blaise and Fusion, Fund V made irrevocable commitments to close on the acquisition and financing of a 124-unit age restricted senior apartment community in O'Fallon, Missouri (the "O'Fallon Project").

22. The acquisition and financing of the O'Fallon Project closed on September 6, 2024.

23. Timely receipt of all capital commitments for the O'Fallon Project are critical to ensuring timely payment of construction expenses and delivery of the O'Fallon Project, all of which are tied to compliance with financing conditions of an approximate $19,000,000 construction loan.

24. For example, a failure to fund the minimum required equity for the Project is a default under the terms of the construction loan. Upon such default, the lender can, *inter alia*, refuse fund the loan proceeds and call the guaranty, among other remedies.

25. Ultimately, if Blaise and Fusion's respective capital contributions are not received, money will need to be raised from other investors in order to prevent adverse impact to the O'Fallon Project. When/if money is raised from other sources, Blaise and Fusion's respective interests will be diluted pursuant to the controlling LLC Agreement.

26. The stay currently in place, however, prevents dilution.

27. Investors will not put money into the O'Fallon Project unless they receive ownership interests in exchange for their investment, which requires dilution of the interests of Blaise and Fusion. Thus, relief from stay is needed to allow for the proper dilution consistent with the terms of the Fund V Limited Liability Company Agreement.

**Fund VI: Crystal Lake Project**

28. Fund VI acquired interests in a project that commenced construction on a 121-unit age restricted senior apartment community located in Crystal Lake, Illinois (the "Crystal Lake Project").

29. The Crystal Lake Project has an anticipated construction completion date of January 3, 2025.

30. Timely receipt of capital contributions from Fund VI investors, including Axel, are critical to ensuring timely payment of construction expenses and delivery of the Crystal Lake Project, all of which are tied to compliance with financing conditions of an over $18,000,000 construction loan.

31. Ultimately, if Axel's capital contributions are not received, money will need to be raised from other sources.

32. Again, investors will not put money into the Crystal Lake Project if Axel's interests cannot be diluted. Thus, relief from stay is needed to allow for the proper dilution.

33. In summary, if the stay is not lifted, Fund V and Fund VI cannot make capital calls to dilute Blaise, Fusion, and Axel's membership interests, and the O'Fallon Project and the Crystal Lake Project will be detrimentally affected. Accordingly, Fund V and Fund VI respectfully request that the Court lift the stay to allow for dilution of Blaise, Fusion, and Axel's membership interests, as required by the controlling limited liability company agreements.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of November, 2024, in Williamsville, New York.

_____
Teia A. Bui, Esq.