UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

        Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.

        Defendants, and

DANIEL BLUMKIN, et al.,

        Relief Defendants.

CASE NO. 24-cv-40 EAW-MJR

---

## DECLARATION OF BRIAN D. GWITT IN SUPPORT OF MOTION TO LIFT THE STAY

I, Brian D. Gwitt, declare:

1.    I am a partner in the law firm of Woods Oviatt Gilman, LLP, attorneys for non-parties Clover Communities Fund V LLC ("Fund V") and Clover Communities Fund VI LLC ("Fund VI") in the above-referenced action. As such, I am fully familiar with the facts and circumstances set forth herein, and with the pleadings and proceedings had to date, and am competent to testify about these matters.

2.    I offer this declaration in Support of Fund V and Fund IV's motion to lift the stay first imposed by the temporary restraining order entered by the Court on January 12, 2024 (the "TRO") (Dkt. No. 12), and ultimately by the Preliminary Injunction entered on March 4, 2024 (Dkt. No. 184).

3.      It is my understanding that in an email dated April 23, 2024, James C. Thoman, Esq., counsel for Receiver in this action, informed Teia M. Bui, Esq., General Counsel for Fund V and Fund VI, that Receiver will not make capital contributions to Fund V on behalf of Blaise Investments, LLC ("Blaise"), and that Receiver will not respond as it relates to Fund VI because Axel Development Sag Harbor, LLC ("Axel") is not a named defendant in this action. Further, it is my understanding Mr. Thoman did not respond behalf of Fusion Capital LLC ("Fusion") as it relates to Fund V.

4.      On September 4, 2024, I sent an email to Mr. Thoman, informing him that I represent Fund V and Fund VI. I informed him that if timely contributions of remaining capital commitments are not made, Axel, Blaise and Fusion's membership interests will be diluted. Attached hereto as **Exhibit A** is a true and accurate copy of the email dated September 4, 2024.

5.      In my September 4, 2024 email, I requested that Receiver confirm in writing whether he objects to the dilution of membership interests if capital contributions are not made. In addition, I requested Receiver to advise if he will object to a motion by my client seeking relief from the stay imposed by the Court in order to dilute membership interests. *See* Exh. A.

6.      The next day, Mr. Thoman sent me an email and informed me that Receiver will not be making additional capital contributions to Fund V on behalf of Blaise. Mr. Thoman further advised that Receiver does not take a position as to Fusion's contributions to Fund V and Axel's contributions to Fund VI because Fusion and Axel are not named defendants. Attached hereto as **Exhibit B** is a true and accurate copy of the email dated September 5, 2024.

7.      Mr. Thoman further advised that subject to reviewing the draft motion papers, he did not presently contemplate that the Receiver would object to a motion to lift the stay to effect dilution. *See* Exh. B.

8.      On November 19, 2024, I sent the motion papers to Mr. Thoman. On November 20, 2024, Mr. Thoman advised that the Receiver does <u>not</u> oppose the motion to lift stay but "the Receiver does reserve all rights to review and determine whether any of the entities involved may properly be named Receivership Defendants pursuant to the Preliminary Injunction."

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 21, 2024 in Buffalo, New York.


                                        /s/ Brian D. Gwitt
                                        Brian D. Gwitt