# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br> Defendants, and <br><br> STRATEGIC ESOP, *et al.*, <br><br> Relief Defendants. | **CASE NO. 24-cv-40 EAW-MJR** |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE PRELIMINARY INJUNCTION AND CHALLENGE THE RECEIVER'S DETERMINATION OF RECEIVERSHIP ENTITES**

Plaintiffs Consumer Financial Protection Bureau and the People of the State of New York, by Letitia James, Attorney General of the State of New York, submit this surreply in opposition to the motion to amend the preliminary injunction (PI) and motion to challenge the Receiver's determination of receivership entities filed by Defendants Anchor Client Services, LLC, BCF Capital, LLC, Bedrock Client Services, LLC, Boulder Client Services, LLC, Canyon Client Services, LLC, Carolina Client Services, LLC, Great Lakes Client Services, LLC, Guidestone Client Services, LLC, Harbor Client Services, LLC, Heartland Client Services, LLC, Monarch Client Services, LLC, Newport Client Services, LLC, Northstar Client Services, LLC, Option 1 Client Services, LLC, Pioneer Client Servicing, LLC, Rockwell Client Services, LLC, Royal

Client Services, LLC, Stonepoint Client Services, LLC, Strategic CS, LLC, Strategic Consulting, LLC, Strategic FS Buffalo, LLC, Strategic Family, Inc., Strategic NYC, LLC, Stratfs, LLC, Summit Client Services, LLC, T Fin, LLC, Versara Lending, LLC, and Whitestone Client Services, LLC (collectively, Strategic). Dkt. 472. The Court granted leave to file this surreply. 11/20/2024 Tr. 41:14-24.[1]

## INTRODUCTION

In its Reply, Strategic belatedly contends—without analysis—that it is being denied procedural due process. Strategic's argument is entirely devoid of merit. Indeed, it makes its cursory lack-of-process assertion after filing numerous motions to remove Versara, Atlas, and Timberline from the PI and having such arguments directly addressed and ruled on by this Court. Moreover, this Court afforded Versara, Atlas, and Timberline plenty of time to assert their concerns: the Court entered the PI that enjoined named-defendant Versara Lending, LLC (Versara) and named-receivership defendants Atlas Debt Relief, LLC (Atlas) and Timberline Financial, LLC (Timberline) from engaging in Strategic's debt-relief services, only *after* holding a multi-day evidentiary hearing, ordering post-hearing briefing, and carefully considering the arguments raised by all parties.

Despite the two-day evidentiary hearing and months of motion practice, Strategic now claims that the Receiver is shuttering these entities and other appropriately-designated receivership entities without due process. Despite this case being pending for

---

[1] As Plaintiffs noted during the November 20, 2024 hearing, Strategic's cursory procedural due process contentions lack merit and should be swiftly rejected. Because the Court expressed interest in having fulsome briefing, however, Plaintiffs submit this detailed brief. *See* 11/20/2024 Tr. 41:21-22 (advising Plaintiffs to "lay it all out for me in your papers").

2

less than a year, this Court has entertained dozens of motions and had regular hearings on a wide range of issues, including multiple on the specific arguments Strategic raises here. Defendants received all the process they are due and then some—their desire for more hearings and more time to relitigate sound rulings does not rise to the level of a constitutional violation. Plaintiffs respectfully request denial of Strategic's latest attempt to challenge the appropriate application of the PI.

## BACKGROUND

Strategic has received extensive process in this case, as revealed by reviewing even a limited portion of the lengthy procedural history to date:

- On January 10, 2024, Plaintiffs filed their motion for temporary restraining order and preliminary injunction. That motion and supporting documents included evidence that the Strategic entities, including Versara, operated as a common enterprise and that Versara accepted unlawful fees under the TSR. *See* Dkt. 5-1 at 32–35; Dkt. 8-6, Decl. of Theresa Ridder ¶¶ 29–30; Dkt. 8-7, Decl. of Timothy Hanson ¶ 31. After Judge Vilardo entered a temporary restraining order against Strategic and other Defendants and appointed a Receiver, the Receiver designated Atlas and Timberline as receivership defendants on January 15, 2024.

- On January 18, 2024, the Court scheduled a two-day preliminary injunction hearing for February 1 and 2, 2024. Dkt. 50. On January 31, 2024, defendants submitted a pre-hearing brief. Dkt. 118-1. The preliminary injunction hearing was held on February 1 and 2, 2024. On February 6, 2024, defendants submitted their proposed findings of fact and conclusions of law. Dkt. 137. The Court entered the PI naming and enjoining Versara, Atlas, and Timberline on March 4, 2024. Dkt. 184.

3

- On June 7, 2024, Strategic filed its first motion to modify the PI to remove Versara, Atlas, and Timberline, from the PI. Dkt. 374. The accompanying memorandum of law was also a response to the Receiver's Request for Instruction. Dkt. 359. The procedural due process argument raised in Dkt. 374 solely related to the Request for Instruction regarding the wind-down of the law-firm model and does not mention Versara, Atlas, or Timberline. *See* Dkt. 374-1 at 3–4. On June 14, Plaintiffs responded to the motion. Dkt. 380. On September 20, 2024, the Court denied Strategic's motion to modify the PI (Dkt. 374) as moot. Dkt. 487-1 at 13. Counsel for Strategic was present and did not object to the denial. *See id.* at 4, 13.

- On October 30, 2024, Strategic filed a "Notice of Renewed Motion to Modify the Preliminary Injunction and Motion C[h]allenging the Receiver's Determination of Receivership Entities," seeking in part to revive its previously denied motion. Dkt. 472. The motion did not address procedural due process but, in passing, "incorporate[d] all such arguments from Dkt. 374," the motion that was previously denied as moot. *See id.* at 2; Dkt. 487-1 at 13. Plaintiffs and the Receiver responded to Dkt. 472, the new motion. Dkt. 487, Dkt. 490.

- On November 18, 2024, Strategic filed a Reply that, for the first time, raised a procedural due process defense purportedly applied to Versara, Atlas, and Timberline. *See* Dkt. 495 at 3–4.

**ARGUMENT**

As appropriately noted by the defendants, "due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). Indeed,

4

it requires balancing the public and private interests in the property and the probative value versus burden that any additional process would entail. *See Mathews,* 408 U.S. at 335 (holding respondent was not entitled to a pre-deprivation hearing prior to termination of social security benefits and establishing this balancing test). "All that is necessary is that the procedures be tailored, in light of the decision to be made, to the capacities and circumstances of those who are to be heard, to insure that they are given a meaningful opportunity to present their case." *Id.* at 349 (internal citations omitted). Longstanding precedent demonstrates that due process does not always require oral argument, let alone a full-blown evidentiary hearing. *FCC v. WJR, The Goodwill Station,* 337 U.S. 265, 276 (1949) ("[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations. Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised"); *cf. Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (holding no constitutional right to oral hearing on motion to dismiss).

      Here, Strategic's due process argument, raised only in passing, must fail. The Court has held multiple hearings on whether to issue, and how to apply, the preliminary injunction, and this process is more than adequate to satisfy constitutional requirements. Indeed, Strategic is pursuing questions related to the issuance of the PI in not one, but two, appeals to the Second Circuit. Further, to the extent this argument is extended to the other receivership entities included in the renewed motion, the Court implemented an appropriate process for the Receiver to include additional nonparties as

receivership defendants. In short, ample process has been provided, and this Court should reject Strategic's contention otherwise.

## I. The Court has already held an evidentiary hearing on the preliminary injunction.

Strategic appears to move the Court for an additional hearing—*see* Dkt. 495 at 3-4 (explaining case law as requiring that "some form of hearing is required"), 11/20/2024 Tr. 57:11-12 (calling for a "due process hearing")—but this argument reveals the frivolous nature of Strategic's position. Defendants have had multiple hearings and have been afforded ample process in this case, including a two-day evidentiary hearing to determine whether a preliminary injunction was warranted. That threshold fact, that an evidentiary hearing was held, distinguishes this case from those that Strategic cites in its Reply brief, where the defendants received no such hearing. *See Rodriguez v Barr* 488 F.Supp.3d 29, 39 (W.D.N.Y. 2020); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 568 (1972); *Mathews*, 408 U.S. at 324; *Armstrong v. Manzo*, 380 U.S. 545, 547 (1965) (defendant received only a post-decree hearing); *Morrissey*, 408 U.S. at 471.[2] The one case where a hearing was held prior to the appeal, *Wolff v. McDonnell*, is easily distinguishable because those defendants were not provided with written advance notice of the claims, the right to call witnesses and present documentary evidence, or the right

---

[2] *Allocco Recycling, Ltd. v. Dougherty*, 378 F. Supp. 2d 348 (S.D.N.Y. 2005) does not address the need for a hearing because those defendants lacked the requisite property and liberty interests to state a due process claim. *Id.* at 374. In any event, defendants' citation of *Allocco* simply quotes *Mathews,* which, as demonstrated above, did not require a pre-deprivation hearing.

to cross examination. 418 U.S. 539, 563–564, 566–568 (1974). In this case, Strategic received all of these procedural opportunities.

Strategic had multiple opportunities to present evidence that Versara, Atlas, and Timberline were not part of a common enterprise and were not involved in the TSR violations. Its failure to do so is not evidence that Strategic was denied due process. Plaintiffs' preliminary injunction motion presented evidence that Strategic and its subsidiaries operated as a common enterprise, that Versara accepted unlawful fees, and that Versara paid a lead generator. *See* Dkt. 5-1 at 32-35; Dkt. 8-6, Decl. of Theresa Ridder ¶¶ 29–30; Dkt. 8-7, Decl. of Timothy Hanson ¶ 31. Strategic neither objected to the scope of the PI hearing, nor submitted evidence before or after it that Versara, Atlas, and Timberline were incorrectly included in the TRO and PI. *See* Dkt. 118-1; Dkt. 137; 2/1/2024 Tr. at 8–9. After consideration of the evidence placed before it, this Court entered the PI that expressly names Versara, Atlas, and Timberline as part of the receivership. Dkt. 184.

Strategic now suggests this extensive briefing and the two-day hearing was not enough. Instead, it baselessly claims that "Versara, Atlas, and Timberline have received no such due process here." Dkt. 495 at 4. Defendants are not entitled to a second hearing on the imposition of the PI based on the idea that some subset of defendants didn't raise an argument during the initial hearing.

Given the evidence of a common enterprise, procedural due process does not require a hearing for each of the thirty plus subsidiaries under the parent company Strategic Family. Even assuming the Court stripped these entities from the receivership and granted them a separate hearing, Strategic could not show that Versara, Atlas, and Timberline are entirely distinct from the debt-relief scheme. The Receiver found that

7

both Atlas and Timberline (a) are wholly-owned subsidiaries of Strategic Family, Inc., (b) sell debt relief via telemarketing, and (c) were run by Defendant Sasson or other former Strategic executives. Dkt. 490 at 3. With regard to Versara, the Receiver noted that (a) every Versara borrower was also a client of Strategic's debt-relief enterprise, (b) the company still depends on access to Strategic's documents, and (c) the company is owned or controlled by Strategic Family, Inc. *Id.* at 4.  Due process requires an opportunity to be heard, which Strategic and its subsidiaries have had aplenty.

Strategic offers no insight into what was deficient about the prior PI hearing or, in other words, what in its view would constitute a sufficient hearing. Outside of noting that a hearing should happen before the imposition of the PI (which it did) and defendants should have a full and fair opportunity to defend themselves (which they had), Strategic hasn't demonstrated how the previous hearing was insufficient. Defendants, in connection with the PI hearing, never argued or demonstrated that Versara, Atlas, and Timberline should not be considered part of Strategic's overall operations and included to ensure effective relief. Defendants could have objected to the inclusion of these entities in the receivership in their pre-hearing briefing (Dkt. 118), during the two-day hearing (2/1/2024 Tr. at 8–9), or in their post-hearing briefing (Dkt. 137). They did not, effectively waiving this contention. *See, e.g.*, *Nielsen Consumer LLC v. NPD Grp., Inc.*, No. 22-CV-3235 (JPO), 2023 WL 5534694, at *4 (S.D.N.Y. Aug. 28, 2023) ("A party can waive or forfeit a right to an evidentiary hearing.") (*citing Consol. Gold Fields PLC v. Minorco, S.A.,* 871 F.2d 252, 256 (2d Cir. 1989)). At best, defendants objected to the closing of Versara, Atlas, and Timberline *after* the PI hearing, asserting

8

in a letter that Atlas and Timberline should "operate as they have previously done."[3] *See, e.g.*, Dkt. 143 at 3. Strategic made no argument that the scope of the hearing violated procedural due process before the hearing, during the hearing, or in its immediate aftermath. Procedural due process has been satisfied here, regardless of Strategic's current position.

The Court should stand by its previous determination and not grant an additional hearing on matters settled months ago that resulted from robustly litigated hearings. Strategic's decision to emphasize certain arguments then does not entitle them a mulligan to press new arguments now.

## II. The provisions allowing the Receiver to name Cell Gramercy 2, Strategic LD, LLC, and Versara DST 2019-2 as receivership defendants comport with procedural due process.

Plaintiffs read defendants' due process argument to apply to only Atlas, Timberline, and Versara. Nevertheless, to the extent that defendants' motion can also be read to assert that the three entities identified by the Receiver in late September as receivership entities (Cell Grammercy 2, Strategic LD, LLC, and Versara DST 2019-2) were also deprived of due process, *see* Dkt. 495 at 3 (referring to "the Receiver's recent attempts to take control of" these entities), the Court should reject this argument.

The PI established a reasonable procedure allowing entities to challenge the extension of the injunction to them. Specifically, the PI directs the Receiver to identify nonparties including "subsidiaries, affiliates, divisions, successor, and assigns, as well as any other business related to the Defendants' debt-relief services and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the

---

[3] These entities are no longer closed. The Receiver has been operating Versara, Atlas, and Timberline since, at least, "the imposition of the PI." 11/20/2024 Tr. 28:15-20.

defendants" as part of the overall receivership. Dkt. 184 at 8. The Receiver must promptly notify the entity as well as the parties and tell the entity that it can challenge the Receiver's determination. *Id.* at 22. He may also initially take control of the entity prior to notice if the Receiver determines that notice may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity. *Id.* The Court adopted this provision based on its findings of fact that it should enjoin defendants to prevent them from transferring, dissipating, or concealing their ill-gotten gains. *Id.* at 3.

Accordingly, the Court gave the newly-identified receivership entities all the process that was due. Procedural due process does not always demand a hearing prior to initial deprivation, nor that any such hearing be oral or evidentiary. *FDIC v. Mallen*, 486 U.S. 230, 240 (1988) ("An important government interest accompanied by a substantial assurance that the deprivation is not baseless or unwarranted may in limited cases demanding prompt action justify postponing the opportunity to be heard until after the initial deprivation."); *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) ("An evidentiary hearing is not required on [a motion for a preliminary injunction] . . . when the disputed facts are amendable to complete resolution on a paper record."). The Receiver appropriately identified Cell Gramercy 2, Strategic LD, LLC, and Versara DST 2019-2 as receivership entities pursuant to the Court's PI and provided these entities (and all parties) notice. Dkt. 472-2, 472-3, 472-4. The Receiver's control of these entities which are part of Strategic's tangled web of companies is necessary to ensure effective potential relief.

The Court's PI provides Cell Gramercy 2, Strategic LD, LLC, and Versara DST 2019-2 the chance to be heard through their papers, and the Court further allowed

10

Strategic a chance to present an oral argument that the entities should not be included in the receivership. *See* 11/20/2024 Tr. 44–49 (Strategic presenting arguments on the inclusion of these entities after filing its Reply discussing due process). No additional hearing is necessary based on the clearly-established facts. Neither Plaintiffs nor defendants dispute that Strategic LD, LLC and Versara DST 2019-2 are affiliates of Versara Lending, LLC. Moreover, Strategic has all but conceded that it funded the Cell Grammercy 2 policy. *See* 11/20/2024 Tr. 46–47. This would "clearly make it a Strategic-related entity, that's subject to receivership." *Id.* at 47. Another court analyzing virtually the same process for identifying and challenging receivership entity designation has held it did not violate due process. *See, e.g.*, *FTC v. Noland,* No. 20-cv-47, 2020 WL 4530459, at *8–9 (D. Ariz. Aug. 8, 2020) (denying motion to release entity from receivership when it had the opportunity to move the court in writing, submit evidence in support of its argument, and to present oral argument). Strategic's argument that due process was denied is entirely inconsistent with the facts and the law.

## CONCLUSION

For the reasons above and identified in Plaintiffs' prior filings on the modification of the PI—that Versara's, Atlas's and Timberline's actions implicated the TSR, that they are either in common enterprise or that the newly identified entities are correctly identified as assets of the receivership, and that the PI is necessary to ensure effective relief—the Court should deny Strategic's motion as an unjustified attempt to relitigate the scope of the PI and the duties of the Receiver. The Court has provided appropriate due process to the moving defendants.

Dated: December 10, 2024	Respectfully submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau

ERIC HALPERIN
Enforcement Director

RICHA SHYAM DASGUPTA
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

/s/ Joseph Sanders
Joseph Sanders
E-mail: joseph.sanders@cfpb.gov
Phone: 202-377-9846
Vanessa Buchko
E-mail: vanessa.buchko@cfpb.gov
Phone: 202-435-9593
Akash Desai
Email: akash.desai@cfpb.gov
Phone: 681-507-1800
1700 G Street, NW
Washington, DC 20552
Facsimile: (202) 435-7722

And

LETITIA JAMES
Attorney General of the State of New York

/s/ Christopher L. Boyd
Christopher L. Boyd
Genevieve S. Rados
Assistant Attorney General
350 Main Street, Suite 300A
Buffalo, NY 14202
Phone: (716) 853-8457
Email: Christopher.Boyd@ag.ny.gov