

EVAN K. FARBER
Partner

345 Park Avenue
New York, NY  10154

**Direct**     212.407.4018
**Main**      212.407.4000
**Fax**         212.407.4990
efarber@loeb.com

Via ECF

December 17, 2024

Hon. Elizabeth A. Wolford
Chief United States District Judge
United States District Court
For the Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

Re:     *Consumer Financial Protection Bureau, et al. v. Stratfs, LLC, et al.*, No. 24-cv-40
         The Blust Family 2019 Irrevocable Trust's Request to File a Reply in
         Response to the Government's and Receiver's Responses to the Trust's Objection

Dear Chief Judge Wolford:

We represent The Blust Family 2019 Irrevocable Trust (the "Trust") in the above-referenced matter.  We write in connection with the Trust's objection (Dkt. No. 505) to the Magistrate Judge's Decision and Order (Dkt. No. 488), granting the Receiver's Second Fee Application (Dkt. No. 432).

We write to request permission to file a reply to respond to arguments raised by the Government and Receiver for the first time in their respective responses to the Trust's objection to the Second Fee Application decision, which were filed last night.  *See* Dkt. Nos. 528 and 529.  Because these arguments were raised for the first time despite multiple prior rounds of briefing on this issue, permitting the Trust to file a reply would only be fair, and would also assist the Court in resolving the pending objection.

By way of example only, the Receiver argued that the Trust's position would upset receivership law and make it impossible to impose a receiver in any case.  That concern is a straw man.  The law requires a court to make certain findings before imposing the equitable relief of an asset freeze over a relief defendant – findings that the Magistrate Judge did not make here.  These arguments do not apply to the primary defendants who have contributed over $7 million in funds that the Receiver could otherwise use to fund receivership expenses – rendering a receivership eminently workable.

Another example: The Government argues that the Trust cannot seek reconsideration of the preliminary injunction, but then proceeds to rely on many facts that the Magistrate Judge found not in connection with the preliminary injunction, but rather found for the very first time in connection with the motions which resulted in the instant breifing.  Thus, the Government seems to argue that when it benefits from supplemental findings, that is perfectly fine, but when the Trust

Los Angeles     New York     Chicago     Nashville     Washington, DC     San Francisco     Beijing     Hong Kong     www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Hon. Elizabeth A. Wolford
December 17, 2024
Page 2

benefits from supplemental findings, that is an impermissible reconsideration of the preliminary injunction.

In any event, the Government fundamentally misunderstands the Trust's arguments. The Trust does not seek reconsideration of the preliminary injunction. Rather, the Trust challenges the Magistrate Judge's authority to use Trust funds. This challenge to the fundamental ability to order certain relief is akin to a defendant attacking subject matter jurisdiction, which can be raised at any time.

These are but a few samplings of issues that the Trust wishes to address on reply. Given the upcoming holidays, counsel's travel plans, and the fact that the Government and Receiver have filed two separate briefs, the Trust requests permission to file a reply by January 10, 2024.

Respectfully submitted,

/s/ *Evan K. Farber*
Evan K. Farber
Partner

cc:   Counsel of Record (via ECF)

240540821