

**Timothy W. Hoover**
Partner
561 Franklin Street
Buffalo, New York 14202
Telephone: (716) 800-2604
Facsimile: (716) 885-8569
*thoover@hooverdurland.com*
*www.hooverdurland.com*

January 21, 2025

<u>**Via CM/ECF**</u>

Hon. Michael J. Roemer
United States Magistrate Judge
United States District Court
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    *CFPB et al. v. StratFS, LLC, et al.*, No. 24-CV-40-EAW-MJR (W.D.N.Y.) – *Plaintiffs' attempt to introduce the testimony of Cameron Christo at the forthcoming preliminary-injunction hearing*

Dear Judge Roemer:

      My firm represents defendant Fidelis Legal Support Services, LLC ("Fidelis") and relief defendants Cameron Christo and The Bush Lake Trust ("Bush Lake"). We write to provide the Court with advance notice of our position on Plaintiffs' attempt to secure Mr. Christo's testimony for the upcoming hearing on their motion for a second preliminary injunction.

      On December 19, 2024, the Court scheduled an evidentiary hearing for January 23 and 24, 2025. The hearing is devoted to Plaintiffs' motion for a second preliminary injunction and the Receiver's motion to hold Jason Blust and Lit Def Strategies, LLC ("Lit Def") in contempt. Plaintiffs bear the burden on their motion; the Receiver bears the burden on his.

      On the afternoon of January 15, 2025, Plaintiffs' counsel emailed my firm a subpoena purporting to require Mr. Christo to appear and give testimony in Buffalo on January 23, 2025 at 9:30 a.m. (the "Subpoena"). The Subpoena is invalid, however, because it violates the geographical limits set forth in Federal Rules of Civil Procedure 45(c)(1)(A) (rule for all witnesses) and 45(c)(1)(B)(i) (rule for party-witnesses). We have not waived this invalidity or the failure to effect proper service. (We believe Plaintiffs would concede both that the Subpoena is invalid and that it was not properly served.) We understand that, last May, the Court had anticipated hearing from Mr. Christo and believed that his testimony would be relevant to the motions pending at the time. But because Mr. Christo is not willing to voluntarily appear as a witness for Plaintiffs on their motion for a second preliminary injunction, and because Plaintiffs have failed to compel his appearance, he will not be present. We will, of course, be prepared to proceed without him.

      Finally, we wish to note that even if Mr. Christo's appearance could be compelled—and we do not believe it can be—he would respond to questions by invoking his Fifth Amendment privilege against self-incrimination. The Receiver's latest filing

Hon. Michael J. Roemer
United States Magistrate Judge
January 21, 2025
Page 2

makes clear that he wishes to prove not just that his view of the facts is more persuasive, but that Mr. Christo, Michelle Gallagher, and Jason Blust have conspired to advance a materially false account of the facts. Much as we believe that Plaintiffs' preliminary-injunction motion should be denied, and much as we are eager to make a complete record of the facts favorable to our position, we cannot expose our client to this level of jeopardy, particularly when the Receiver and the Court have already discussed the prospect of a criminal referral to the U.S. Attorney's Office (*see* 05/23/2024 Tr. at 76-77), and the Court has already stated that the emails the Receiver relies on are "damning" (*id.* at 11-12; *see also id.* at 15 ("They presented e-mails supporting their side. I don't know what you want me to look at or what you presented that would change the fact that these e-mails exist.")).

We appreciate that, without Mr. Christo's testimony, it will be more difficult for him, Fidelis, and Bush Lake to establish or contest certain facts. But we continue to believe that Plaintiffs cannot carry the heavy burden the law imposes, and that their motion for a second preliminary injunction should be denied.

Respectfully submitted,

Timothy W. Hoover

TWH/
cc:     All counsel (via CM/ECF)