UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,

    Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*,

    Defendants, and

STRATEGIC ESOP, *et al.*,

    Relief Defendants.

CASE NO.: 24-CV-40-SAW-MJR

**DECLARATION IN SUPPORT OF MICHELLE GALLAGHER'S MOTION FOR RECONSIDERATION OF TEXT ORDER, and TO QUASH SUBPOENA**

---

Mark A. Molloy, an attorney duly licensed to practice law in the State of New York and in the United States District Court, Western District of New York, declares as follows

1. I am a Partner with the law firm of Nixon Peabody LLP, attorneys for the Defendant Michelle Gallagher ("Ms. Gallagher" or "Defendant").

2. I submit this Declaration in support of Ms. Gallagher's request: (1) that the Court reconsider its Text Order (Dkt. 587) as it relates to Ms. Gallagher alone, and (2) to quash any subpoena directed to Defendant.

3. The Text Order followed a letter filed on behalf of Mr. Christo, which was interpreted as a motion to quash a subpoena. In response to Mr. Christo's letter, CFPB and the Receiver filed submissions which, for the first time, addressed Ms. Gallagher's presence during the hearing.

4. The Receiver and CFPB did not file their submissions until 11:39 p.m. and 11:41 p.m. yesterday, January 21. Those submissions were the first time plaintiffs or the Receiver asked this Court to order Ms. Gallagher's appearance.

4885-2724-8846.1

5. Because of the lateness of those filings, I did not see them until this morning.

6. Upon reviewing the submissions this morning, I and an associate immediately began drafting a submission to the Court contesting the inaccuracies contained in the plaintiff's submissions and seeking to either quash the invalid subpoena or ask the Court to reject CFPB's motion to compel compliance with a subpoena.

7. Many of the inaccuracies presented by CFPB were accepted as true by this Court and formed the basis for the Text Order.

8. The Text Order was issued so quickly after the CFPB's and Receiver's submissions that it preempted Ms. Gallagher's opportunity to get her motion to quash filed, which was being finalized in response to CFPB's late-night filing at the time the Text Order issued, or otherwise advise the Court of truer facts that this Court should consider before issuing an Order impacting Ms. Gallagher.

9. Unlike counsel for Mr. Christo and Mr. Blust, no prior submission or request had been made to the Court on behalf of Ms. Gallagher. Therefore, Ms. Gallagher should have been afforded an opportunity to respond to the CFPB and the Receiver, a courtesy that was granted to them by this Court when both were given nearly two days to respond to Mr. Christo's and Mr. Blust's letters.

10. The Text Order directs Ms. Gallagher to appear in person tomorrow morning on two grounds: (a) a Subpoena, and (b) the Court's inherent authority to compel a witness to appear.

<u>Court's inherent power to Order Ms. Gallagher's presence</u>

11. It is fully recognized that the Text Order did not rely only on the issuance of a subpoena, but also on the Court's own authority as articulated in <u>Backdrop Licensing LLC v.</u>

Canary Connect, Inc., 107 F.4th 1335 (Fed. Cir. 2024). Based on the Court's inherent powers discussed in that Decision, this Court ordered Ms. Gallagher to be present and testify tomorrow.

12. While also recognizing the Backdrop Licensing ruling, which was offered by the plaintiffs, the Court should consider another Decision from the same D.C. Circuit, In re LaFande, 919 F.3d 554, (D.C.Cir. 2019), holding that a Magistrate's order of a witness's presence and testimony should be limited to the unusual circumstances of that case. ("We express no general approval, beyond the unusual circumstances of this case, of a court order as an adequate substitute for a subpoena.")

13. The Text Order does not address whether Ms. Gallagher was ordered to attend because of comments during the May 23, 2024 hearing. Because that point was not addressed in the Text Order, and in the event the Court considers that statements in that hearing equated to an order to Ms. Gallagher, the Court is asked to consider the following.

14. The Receiver's position that the Court's statements during the hearing equate to an order is largely based on who was present in Court during that hearing. Ms. Gallagher is in a fundamentally different position than Mr. Christo or Mr. Blust as to any comments made or orders flowing from the May 2024 hearing.

15. Ms. Gallagher was not a party to this litigation on May 23, 2024.

16. Ms. Gallagher did not have counsel present at the hearing.

17. I was not present at the hearing and did not become involved with this case until the following month.

18. Mr. McNamara did not share with me a transcript of the hearing until last week.

19. Because Ms. Gallagher was not a party to the litigation and was not represented at the hearing, she did not have the opportunity to assert objections or preserve rights of which she

is afforded under the federal rules. She certainly cannot be deemed to have waived any rights, including the valid objection that she cannot be compelled to appear in court beyond the geographic restrictions set forth in Rule 45(c).

20. Nor should it be construed that comments during the hearing can now be deemed an enforceable order directed to Ms. Gallagher.

21. Because Ms. Gallagher was not a party to this litigation at the time of the hearing, and was not present or represented at the time, this Court would effectively be taking the position that it has independent authority to order all people to travel from anywhere in the country to attend and testify on any date in the future.

*If Ms. Gallagher was not ordered during the May 2024 hearing, the first issuance of any Order regarding Ms. Gallagher is today's Text Order*

22. If it is not construed that the Court issued any Order relating to Ms. Gallagher during the May 23, 2024 hearing, then the very first Order from this Court directing Ms. Gallagher to appear did not issue until today, January 22, 2025, at 1:12pm. The Order directs Ms. Gallagher to appear in Buffalo by 9:30am tomorrow morning.

23. This point is raised to alert the Court of the inherent impracticability of compliance with such Order.

24. Ms. Gallagher needs to find travel arrangements from Chicago to Buffalo on less than 15-hours notice. If Ms. Gallagher is unable to afford or find flights, she would need to travel by car, which is an eight-hour, thirty-minute drive that would require driving through the night.

25. Ms. Gallagher also needs to make arrangements with her current employer, which will be impractical on short notice.

26.     For this reason, it is respectfully requested that the Court reconsider its Text Order as applicable to Ms. Gallagher and permit the hearing to proceed in her absence.

*Ms. Gallagher was not served with a Subpoena*.

27.     The arguments in this section relate only to whether the Court's ruling depends on a finding that Ms. Gallagher is obligated to attend due to an enforceable subpoena.

28.     The Text Order accepted as a fact that CFPB served a subpoena on Ms. Gallagher:

> **Plaintiffs have served defendants Blust and Gallagher, relief defendant Christo, and third-party witness Avila with subpoenas compelling them to appear and provide testimony at the hearing.**

29.     But CFPB never served Ms. Gallagher.

30.     The Federal Rules of Civil Procedure, which govern here, clearly state how to do it and what is necessary for service to be valid:

> **Rule 45. Subpoena**
>
> (b) Service.
>
> (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. **Serving a subpoena requires delivering a copy to the named person** …
>
> (4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

31.     Mr. Sanders does not say that a subpoena was ever delivered "to the named person," Ms. Gallagher, nor could he. No proof of service, certified by the server, has been filed showing the date and manner of service, nor could such proof be filed.

32.     In his letter (Dkt. 583, page 2), Mr. Sanders says that "On January 21, 2025, Plaintiffs *personally served* the subpoenas on counsel for Gallagher." That statement is false. I

was not present on January 21 when an employee of the New York Attorney General left an unsigned copy of the Subpoena at the reception of my office, and no subpoena was "***personally served***" on me as Mr. Sanders falsely claims.

33. In the absence of service on Ms. Gallagher, a subpoena cannot be enforced.

*Regardless of the failure to serve, a Subpoena would not valid*.

34. "[T]he court for the district where compliance is required ***must*** quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Cleary v. Kaleida Health, 2024 U.S. Dist. LEXIS 55136, at *5-6 (W.D.N.Y. Mar. 27, 2024, No. 1:22-cv-00026(LJV)(JJM)) (emphasis added); citing In re Smerling Litigation, 2022 U.S. Dist. LEXIS 41120, 2022 WL 684148, *2 (S.D.N.Y. 2022).

35. The text of the rule states:

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required **must quash or modify** a subpoena that:

> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c).

36. The language of the rule does not permit discretion to enforce a subpoena if it does not comply with Rule 45(c).

37. Ms. Gallagher resides and works in Chicago, Illinois.  She is no longer employed with Fidelis, or any other entity or person associated with this litigation.  She resigned her prior employment in June 2024.  Mr. Sanders, and other attorneys representing CFPB here, have personal knowledge of these facts.

38. Mr. Sanders effectively conceded that the subpoena is not valid.  On two occasions I questioned the validity of the subpoena and informed CFPB that the subpoena

violates Rule 45. Specifically, in my January 21 communication to Mr. Sanders, Ms. Cabanez, and four other attorneys with CFPB, I state:

> … unless you say otherwise, I assume you agree a subpoena would not be valid.

39. In multiple communications since January 15 wherein I specifically ask for CFPB's explanation as to why they believe a subpoena is valid, Mr. Sanders has never provided any position.

40. If CFPB did not believe the Subpoena was valid, it should not have been served.[1] If Mr. Sanders does not believe the Subpoena is valid, and does not believe the attempts at service were valid, he should not have made the statements in his submission to the Court, which formed the basis for at least part of the Court's Text Order as it relates to the subpoena.

*A Motion to Quash Would be Timely*

41. If Ms. Gallagher had been served, a motion to quash would have been made. However, in the absence of service, there is no procedural basis to move to quash. That duty arises when service has been completed.

42. If Ms. Gallagher had filed her motion to quash, the facts set forth herein would have been before the Court for consideration.

43. While Ms. Gallagher intended to address the issues raised in the various letters filed by Plaintiffs, the Court's Text Order preempted her submission, and thus she respectfully

---

[1] Attempting to serve a knowingly invalid subpoena may be considered a sanctionable act of professional misconduct, including disbarment, especially if the attorney has been advised of the invalidity of the subpoena and the inappropriateness of the attempted service. See In re Christensen & Kluesner, 159 OhioSt.3d 374 (Sup.Ct. Ohio 2020); Atty Grievance Comm'n of Maryland v. Cocco, 442 Md. 1 (Ct. of App. 2015).

requests reconsideration of the Court's Findings in Dkt. 587 as it relates to enforcement of a subpoena.

44.     "In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena." <u>Bouchard Transp. Co. v. Associated Elec. & Gas Ins. Servs.</u>, 2015 U.S. Dist. LEXIS 150097, at *3 (S.D.N.Y. Nov. 4, 2015) quoting <u>Brown v. Hendler</u>, 09 cv 4486 (RLE), 2011 U.S. Dist. LEXIS 9476, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing Fed. R. Civ. P. 45).

45.     If the Court finds that mailing a subpoena to a lawyer qualifies as valid service of a Subpoena, that act did not happen until 10:56 a.m. on January 21, 2025:



46.     Ms. Gallagher was prepared to file her motion to quash today, within 30 hours of the delivery of that mailing and within 16 hours of the CFPB's late-night filing wherein the asked the Court for the first time to compel compliance with a Subpoena. For the Court to reject this motion on the basis that it is untimely, the Court would need to expressly hold that this time frame constitutes untimeliness.

WHEREFORE, your declarant respectfully requests that the Court reconsider the Text Order as it relates to Ms. Gallagher and grant an Order quashing the subpoena for Michelle Gallagher to testify at the January 23, 2025 hearing.

DATED:   Buffalo, New York
         January 22, 2025

NIXON PEABODY LLP

By:   /s/ Mark A. Molloy
      Mark A. Molloy

40 Fountain Plaza, Suite 500
Buffalo, New York 14202
(716) 853-8100
E-mail: mmolloy@nixonpeabody.com
*Attorneys for Defendant Michelle Gallagher*