UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br> Defendants, and <br><br> STRATEGIC ESOP, *et al.*, <br><br> Relief Defendants. | 24-CV-40 (EAW) (MJR) |

## DECLARATION OF TIMOTHY W. HOOVER IN RESPONSE TO THE CONSUMER FINANCIAL PROTECTION BUREAU'S MOTION TO STAY DEADLINES

TIMOTHY W. HOOVER, pursuant to 28 U.S.C. § 1746, states and declares under penalty of perjury that the following is true and correct:

1. I am a partner with Hoover & Durland LLP, counsel for defendant Fidelis Legal Support Services, LLC ("Fidelis"), relief defendant Cameron Christo ("Christo"), and relief defendant The Bush Lake Trust ("Bush Lake" and, with Fidelis and Christo, the "Fidelis Parties").

2. On February 4, 2025, the Consumer Financial Protection Bureau ("CFPB") moved to stay briefing deadlines regarding (i) objections to a report and recommendation on the Fidelis Parties' motion to dismiss; and (ii) the CFPB's motion for a preliminary injunction against the Fidelis Parties. (Dkt. 598.)

3. The Court requested a response by noon on February 5, 2025. (Dkt. 599.)

4. The Fidelis Parties do not oppose a brief stay, so long as it applies equally to both sides. If the CFPB wishes to pause its participation in motion practice while it reevaluates its litigation positions, the Fidelis Parties should not be required to

unilaterally proceed with expensive and time-consuming briefing, particularly if the Court is not inclined to resolve those motions in the CFPB's absence.

5. In particular, with respect to the briefing on the CFPB's motion for a second preliminary injunction, the Fidelis Parties should not be required to proceed with post-hearing briefing on the expedited schedule originally set by the Court.

6. We read the CFPB's proposed order (Dkt. 598-2) to envision a unilateral stay with respect to the Fidelis Parties' objections. The Fidelis Parties oppose a unilateral stay but do not oppose a bilateral stay. We read the CFPB's proposed order to envision a bilateral stay of all briefing deadlines on the pending preliminary-injunction motion and, on that understanding, the Fidelis Parties do not oppose.

7. If the Court denies the CFPB's stay motion, or does not stay deadlines for parties other than the CFPB, we respectfully request that the Court modestly adjust the schedule for post-hearing briefing on the second preliminary-injunction motion, which currently provides for post-hearing memoranda to be filed on February 10, responses to be filed on February 17, and oral argument to be heard on February 25. We make this request in light of, and in accord with, the CFPB's motion, because the undersigned needs and respectfully requests more time to work on the post-hearing briefing and to prepare for oral argument, and because of a slew of deadlines in other cases, including pre-trial filings for two cases due February 10, an out-of-town deposition today, out-of-town travel for a court appearance during the week of February 17, and fulfillment of other court commitments. Our suggestion would be that responses be filed by February 24, replies by March 4, and oral argument in March as scheduled by the Court. If a litigant seeking injunctive relief is to be entirely relieved of its expedited-briefing obligations for an unspecified duration, it seems reasonable that the opposing litigant be granted, at a minimum, a limited extension of its time to file.

Dated:   Pittsford, New York
         February 5, 2025

Respectfully submitted,

**HOOVER & DURLAND LLP**
*Attorneys for Defendant Fidelis Legal Support Services, LLC and Relief Defendants Cameron Christo and The Bush Lake Trust*

By: s/Timothy W. Hoover
    Timothy W. Hoover
    Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*thoover@hooverdurland.com*
*sdurland@hooverdurland.com*