UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al. | |
| Plaintiffs, | Case No. 1:24-cv-00040-EAW-MJR |
| vs. | |
| STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al. | |
| Defendants, and | |
| STRATEGIC ESOP, et al., | |
| Relief Defendants. | |

**STIPULATION AND ORDER RE: RECEIVER'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE WHY INTERVENOR LAW FIRMS SHOULD NOT BE HELD IN CIVIL CONTEMPT**

The receiver, Thomas W. McNamara ("Receiver"), and Intervenor Law Firms ("Law Firms"), jointly through counsel, stipulate as follows:

WHEREAS, the Receiver has alleged that the Law Firms have, in May of 2024, violated the Court's Orders, as described below;

WHEREAS, the Law Firms denied any such alleged violations and have taken steps to ensure that any mass communications to consumers have ceased and agreed to abide by the Court's Orders in the future;

WHEREAS, the Law Firms have represented that these automated communications to consumers were in fact terminated, and that no unauthorized mass communications to consumers have been sent since that time;

WHEREAS, the Law Firms have agreed to pay $17,500 to the Receiver, to cover the costs and expenses incurred by the Receiver in connection with the Receiver's investigation of

the Law Firms' conduct and the steps taken to remedy the alleged violations, including bringing an Emergency Motion for an Order to Show Cause Why Intervenor Law Firms Should Not Be Held in Civil Contempt (Doc. No. 353), which sought an order holding the Law Firms in civil contempt ("Contempt Motion"), and filing a Reply to the Law Firms' Opposition to the Contempt Motion (Doc. No. 371);

WHEREAS, based on the steps taken by the Law Firms to comply with the Court's Orders in response to the Receiver's Contempt Motion, the Law Firms' representations of their compliance going forward, and their agreement to pay the Receiver's legal fees, the Receiver has agreed to withdraw his Contempt Motion upon the entry of this Stipulation.

**BACKGROUND RECITALS**

WHEREAS, the Preliminary Injunction (Doc. No. 184) enjoined the Law Firms as "entities in active concert" with Defendants from engaging in unlawful conduct, including the Telemarketing Sales Rule's ban on misrepresenting material aspects of debt relief services (*see* Doc. No. 184 at § I.C), and from "using[] or benefiting from Consumer information … that any Defendant or Relief Defendant obtained prior to entry of this Order in connection with any Debt-Relief Services" (Doc. No. 184 at § XIX);

WHEREAS, in April 2024, without notifying the Court or the Receiver, the Law Firms did send communications to approximately 60,000 consumers requesting they electronically sign amended engagement agreements with the Law Firms;

WHEREAS, in response the Receiver filed a Report re: Protection of Consumers and Emergency Request for Instruction (Doc. No. 292-1), and the Court held a hearing on April 22, 2024 where it, among other things, stated that no party was permitted to send mass communications to consumers without notifying the parties and the Court;

WHEREAS, as a result of learning about the Law Firms' communications to consumers occurring after the April 22nd hearing, the Receiver filed the Contempt Motion (Doc. No. 353), which sought an order holding the Law Firms in civil contempt, ordering their immediate compliance with the Court's April 22nd order prohibiting mass communications to consumers, ordering a sanction of $1,000 per day per Law Firm until the violation was remedied, and awarding attorney's fees to the receivership estate;

WHEREAS, the Receiver incurred attorney's fees in excess of $17,500 in connection with the Law Firm's violation of the April 22nd order, including investigating the violation, bringing the Contempt Motion, and filing a Reply to the Law Firms' Opposition to the Contempt Motion (Doc. No. 371);

WHEREAS, after reviewing the Contempt Motion on May 6, 2024, the Law Firms represented they contacted their communications vendor and learned that automated communications to some consumers were still ongoing, and instructed the vendor to immediately terminate all automated communications to consumers;

WHEREAS, based on the actions of and representations by the Law Firms, the alleged violations of the Preliminary Injunction and the Court's April 22 order have been remedied,

NOW, THEREFORE, the Receiver, Plaintiffs and Law Firms hereby stipulate and agree as follows:

1. The Law Firm are presently in compliance with the Court's April 22, 2024 Order and have remedied any prior violations;

2. During the pendency of the lawsuit, the Law Firms will obtain the prior approval of the Court before sending any mass communications to their current or former clients; and

3. Within seven days of the entry of this Stipulation and Order, the Law Firms shall pay the amount of $17,500 to the Receivership Estate.

4. Upon payment of this amount, the Receiver shall promptly withdraw his Contempt Motion (Doc. No. 353) with prejudice and on the merits.


Dated: February 10, 2025

**MCNAMARA SMITH LLP**

By:  _/s/ Logan D. Smith_
Logan D. Smith  (*Pro Hac Vice*)
Alexander D. Wall (*Pro Hac Vice*)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone:  (619) 269-0400
Facsimile:  (619) 269-0401
Email:  lsmith@mcnamarallp.com;
awall@mcnamarallp.com

*Attorneys for Court-appointed Receiver,*
*Thomas W. McNamara*

Dated: February 10, 2025

**CONNORS LLP**

By:  _/s/ Terrence M. Connors_
Terrence M. Connors, Esq.
Andrew M. Debbins, Esq.
CONNORS LLP
1000 Liberty Building
Buffalo, New York 14202
Telephone:  (716) 852-5533
tmc@connorsllp.com;
amd@connorsllp.com
*Attorneys for Intervenor Law Firms*


**IT IS SO ORDERED.**


Dated:_____          _____
                                        Hon. Michael J. Roemer
                                        United States Magistrate Judge