UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

        Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.,

        Defendants, and

STRATEGIC ESOP, et al.,

        Relief Defendants

Case No.: 24-CV-40-EAW-MJR

**STIPULATION AND ORDER REGARDING ROYAL AND HAILSTONE'S MOTION TO MODIFY THE PRELIMINARY INJUNCTION AND DIRECT THE RECEIVER**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the Office of the New York State Attorney General (collectively, "Plaintiff"), Intervenor Royal Legal Group ("Royal") and Intervenor Hailstone Legal Group ("Hailstone"), and the Court-appointed Receiver (together with Royal, Hailstone and Plaintiff, the "Parties") as follows:

**WHEREAS,** on March 4, 2024, this Court entered a Preliminary Injunction. Dkt. 184. On October 17, 2024, Royal and Hailstone moved the Court to (1) modify the preliminary injunction to exclude Royal and Hailstone (and their clients and operations) from the scope of injunctive relief; and (2) instruct the Receiver to provide Royal and Hailstone with full access to their client data and cooperate with Royal and Hailstone as necessary to transition the support services previously provided by SFS to personnel at those law firms. Dkt. 458-1. On October 29, 2024, Plaintiffs opposed Royal and Hailstone's motion in part because the confidentiality provision of the PI, Section XIX, bars defendants from disclosing Consumer information and bars third parties

1

in active concert with defendants from using or benefiting from Consumer information. Dkt. 471. On November 20, 2024, this Court ordered the "[p]arties to report back on 12/10/2024 regarding the progress of a proposed stipulation to resolve this issue." Dkt. 500.

**IT IS THEREFORE STIPULATED AND ORDERED** that Royal and Hailstone's motion, Dkt. 458-1, is granted solely to the extent that:

1. The Receiver shall promptly provide Royal and Hailstone with all information pertaining to current Royal and Hailstone clients (and shall cooperate with Royal and Hailstone to determine which clients are current and which have terminated Royal and Hailstone or completed their course of representation). For purposes of this order, any person who was a Royal or Hailstone client and made a payment into their Global account on or after July 19, 2024 (i.e. 90 days before Royal and Hailstone filed their motion to modify the preliminary injunction on October 17, 2024; Dkt. 458) is presumptively a current Royal or Hailstone client. No information pertaining to other clients or other firms' clients will be disclosed to Royal and Hailstone.

2. The Receiver shall cooperate with Royal and Hailstone as necessary to transition the support services previously provided by SFS and its affiliates to personnel at Royal and Hailstone.

3. Royal and Hailstone, their employees, independent contractors, principals, agents and attorneys shall maintain this client information in confidence and use this information solely for purposes of completing the representation of their current clients. They shall not sell or market this information to others, share this information with others, except as provided in paragraph 5, or use this information for any other purpose, including for any type of advertising, solicitation or referral to any other business or program.

4.      Royal and Hailstone will use attorneys or non-legal personnel working under the supervision and at the direction of attorneys to perform all work on behalf of consumers. All attorneys and non-legal personnel referred to in this paragraph shall be employees of Royal and Hailstone or independent contractors who individually contract with Royal or Hailstone and who are supervised and operate under the direction of attorneys at Royal or Hailstone.

5.       Royal and Hailstone shall handle all functions formerly handled by SFS affiliates (or any other receivership entity) in-house. To the extent either firm works with independent entities to provide ancillary services such as payment processors, accounting services, and IT vendors (*e.g.*, Global, K2, National Data Services), Royal and Hailstone shall obtain such entities signatures on the "Acknowledgment and Agreement to Be Bound" to this Order attached as Exhibit A. Royal and Hailstone will provide all signed copies of Exhibit A to Plaintiffs and the Receiver upon request.

6.      Royal and Hailstone will not solicit, accept, or otherwise engage new clients.

7.      The Court has continuing jurisdiction over Royal and Hailstone for purposes of this Stipulation.

8.      Provided they comply with the other provisions of this Order, Royal and Hailstone are excluded from Section XIX of the March 4, 2024 preliminary injunction solely for consumers disclosed pursuant to paragraph 1 above and may charge fees and costs to clients that comply with Section I of the preliminary injunction.

9.      No other portion of Royal and Hailstone's motion (Dkt. 458-1) is granted.

Dated: Buffalo, New York
      February 12, 2025

| PLAINTIFF OFFICE OF THE NEW YORK STATE ATTORNEY | INTERVENORS ROYAL LEGAL GROUP AND HAILSTONE LEGAL GROUP, LLC. |
|---|---|

*Christopher L. Boyd*
Christopher L. Boyd, Esq.
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202
Telephone: (716) 853-8457
Email: Christopher.boyd@ag.ny.gov

/s/ *Terrence M. Connors*
Terrence M. Connors, Esq.
Connors LLP
1000 Liberty Building
Buffalo, NY 14202
Telephone: (716) 852-5533
Email: tmc@connorsllp.com

COURT-APPOINTED RECEIVER,
THOMAS W. MCNAMARA

/s/ *Thomas W. McNamara*
Thomas W. McNamara
Logan D. Smith (Pro Hac Vice)
Alexander D. Wall (Pro Hac Vice)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101 Telephone: (619) 269-0400
Facsimile: (619) 269-0401
Email: lsmith@mcnamarallp.com;
awall@mcnamarallp.com

SO ORDERED:

_____
Michael J. Roemer
United States Magistrate Judge

4

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

---

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

        Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.,

        Defendants, and

STRATEGIC ESOP, et al.,

        Relief Defendants

Case No.: 24-CV-40-EAW-MJR

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATION AND ORDER**

---

I, _____ [print or type full name], of _____ [print or type full company name], declare that I have read in its entirety and understand the Stipulation and Order ("Order") that was issued by the United States District Court for the Western District of New York on _____, 2025 in the above-captioned case.

I agree, on behalf of myself and my organization, to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I and my organization will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed name: _____

Signature: _____