# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF NEW YORK


CONSUMER FINANCIAL                    Docket Number:
PROTECTION BUREAU,                  1:24-cv-00040-EAW-MJR
THE PEOPLE OF THE
STATE OF NEW YORK,
By Letitia James,
Attorney General of the
State of New York,
STATE OF COLORADO,
Ex rel, Philip J. Weiser,
Attorney General,
STATE OF DELAWARE,
Ex rel. Kathleen Jennings,
Attorney General,
State of Delaware,
THE PEOPLE OF THE
STATE OF ILLINOIS,
Through Attorney General
Kwame Raoul,
THE STATE OF MINNESOTA,
By its Attorney General
Keith Ellison,
THE STATE OF NORTH CAROLINA,
Ex rel. Joshua H. Stein,
Attorney General,
THE STATE OF WISCONSIN,      *
                             *
Plaintiffs,                  *
                             *
                             *      Buffalo, New York
              v.             *      May 23, 2024
                             *      11:09 a.m.
                             *
STRATFS, LLC,                       ORAL ARGUMENT
Formerly known as Strategic
Financial Solutions, LLC.,
STRATEGIC CLIENT SUPPORT,
LLC, formerly known as
Pioneer Client Services, LLC,
STRATEGIC CS, LLC,
STRATEGIC FS BUFFALO, LLC,
STRATEGIC NYC, LLC,
BCF CAPITAL, LLC,
T FIN, LLC,
STRATEGIC CONSULTING, LLC,
VERSARA LENDING, LLC,
STRATEGIC FAMILY, INC.,
```

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 3 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 37 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    37

1   issue in terms of whether or not Fidelis is a receivership

2   defendant.

3       THE COURT:  Mr. Personius, I negligently left you out.

4   I ask you now if you want to say anything, sir.

5       MR. PERSONIUS:  May I stand up, Judge?

6       THE COURT:  Sure.  You can stand up, sit down.  I draw

7   the line at laying down.

8       MR. PERSONIUS:  Something else I want to, Judge -- and

9   I prepared --

10       THE COURT:  Let me just clarify.  Right now, we're

11   talking Fidelis.  We're not to your being held in contempt.

12       MR. PERSONIUS:  Okay.  Well, this was an issue you

13   raised when you were talking to Mr. Durland and I know what it

14   was based on.

15       It was based upon a statement that was made by the

16   receiver and a filing that's at document 347, the receiver's

17   further reply, in support of emergency motion.

18       And it's on page eight, where the -- do you have that

19   document?

20       THE COURT:  I'm with you.

21       MR. PERSONIUS:  Great.  Down at the bottom, this is

22   where he's talking about this Javier Evela and --

23       THE COURT:  The accountant.

24       MR. PERSONIUS:  I'm sorry.

25       THE COURT:  The accountant?

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 4 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 38 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24      38

1        **MR. PERSONIUS:**  Yes, sir.

2        **THE COURT:**  Yeah.

3        **MR. PERSONIUS:**  In the last ten lines on page eight,

4   he definitively says that Evela is the one that prepared the

5   invoices for the law firm.

6        No -- just absolutely no question about it.  That's --

7   that's what his position is.  That's what he represents to the

8   Court.  And apparently he's still representing that in the

9   courtroom today.

10       And what I did, Judge, I went to the exhibit that

11  contains these invoices, which is Exhibit O and that exhibit is

12  at document 237-17.

13       And what I did is I took the documents that are part

14  of that exhibit and I put them in the proper order.

15       If you go to Exhibit O -- and I'm not suggesting this

16  was done intentionally, but the way the documents are put in

17  Exhibit O, they are out of order.

18       And it -- it would lead somebody causally looking at

19  the exhibit, it lead me to believe it when I first looked at it,

20  I said, wait a minute.  It looks as though Evela is preparing

21  the invoices for Fidelis.

22       And, of course, that would be a problem, but it's

23  absolutely not the case.  I put them in the proper order.

24       May I share that with you and counsel?

25       **THE COURT:**  Sure.  Please.

Case 1:24-cv-00040-EAW-MJR     Document 619-1     Filed 02/24/25     Page 5 of 38

Case 1:24-cv-00040-EAW-MJR     Document 367     Filed 05/29/24     Page 39 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24      39

1           MR. PERSONIUS:  And what I've given you, Judge -- just

2    so it's identified for the record, are three pages.  They are

3    taken from document 237-17.

4           And what is telling in terms of the order is that at

5    the upper right, the document that I put first, says page four

6    of 29.

7           The document I've put second says page five of 29.

8    But the one I put third says page two of 29, because that's how

9    they were put in Exhibit O, that was part of this pleading.

10          But what we need to start with is the invoice.  Not

11   with something that happened later on that involved Mr. Evela.

12          If we start with page four of 29, the first page which

13   says invoice on the left-hand side, and it says who to bill it

14   to.

15          And importantly, what it says on the right-hand side

16   is that it's invoice 1122.  And it provides a date of 05/03/2022

17   for $28,750.

18          If we then go to page five of 29, that identifies

19   itself as a final audit report.  And it's created on 5/6/22,

20   which is three days after the invoice, and it's created by

21   Mr. Evela.

22          So he's preparing a field audit report based on an

23   invoice that was prepared three days earlier not by him, but by

24   somebody at Fidelis.

25          And then below that, he provides a history regarding

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 6 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 40 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24        40

1    this invoice, which first indicates this field audit report.

2        Not the invoice, but the field audit report was

3    prepared by him.  And that this field audit report, which is

4    three days older than the invoice, was sent for signature to

5    Michelle Heinz by him on that same date, May 6th.

6        That then it was reviewed by her on that date -- I'm

7    sorry.  It was reviewed by her actually on May 8th, so it was

8    two days later.

9        She then signs it and it shows the agreement being

10   completed on that date, which is May 8th.  And if you go back

11   again to the first page, page four of 29, you see at the top

12   Michele Heinz, May 8, 2002, which is totally consistent with the

13   field audit report.

14       And then if you go to the -- the third page, which on

15   what was provided in the exhibit was page two of 29, which would

16   have been the first page you see when you look at it, it says

17   you're done signing.

18       And it says attached is the final agreement.  And,

19   again, the date is May 8th of 2022, which is five days after the

20   invoice was prepared.

21       And what happened here, if I may, Judge, is that

22   Fidelis prepared the invoice.  Sent it to Evela, who works for

23   the law firms, not for Fidelis.

24       And reviewing the material and sending it to the law

25   firms to review, he uses an Adobe software.  And the Adobe

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 7 of 38
Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 41 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24      41

1    software is from days or years before is registered to Client

2    First Bankruptcy.

3            Because Evela at one time performed work for Client

4    First Bankruptcy, and just never bothered to change who the

5    software was registered to.

6            But it by no means is an indication that he was doing

7    anything for Client First Bankruptcy when these documents were

8    prepared.

9            And so the point is, it couldn't be clearer than day

10    that what the receiver has said is dead wrong.

11            And I know you adopted it, because in questioning

12    Mr. Durland, when he was explaining certain things to you, you

13    immediately went to this and said what about it.  This was

14    important to you.

15            And I understand that and I kind of picked up on that

16    when I looked through the papers and I said, you know, I'm going

17    to prepare a document for the Court that puts this in the proper

18    order, so that you can see firsthand that -- how this has been

19    represented to you is dead wrong.

20            It's false.  I'm not saying it was done intentionally,

21    but it's wrong.  And I know it was a big part of your

22    decisionmaking.

23            It just wasn't done properly.  And whoever put this

24    exhibit together, shame on them.  Because it's not in the right

25    order.

1           And I came to the same conclusion as you did when I

2    first looked -- and I looked at every single one and they are

3    all in the wrong order.

4           They are all done backwards to make it appear -- I'm

5    not saying it was done on purpose, but it makes it appear that

6    it was Evela that was preparing the invoices, because it's the

7    first document you see.

8           And it is not the -- it wasn't the way it went.  And

9    if you pay careful attention to the dates and how the documents

10   are identified, it shows a whole different scenario.

11          So I wanted to say that and add that to this

12   discussion.  You mentioned having a hearing.  And as you

13   probably know, I enjoy hearings.

14          I'm never crazy about putting a client on.  And often

15   in criminal cases, I don't do that.  It may be, Judge, that we

16   have to do that here.

17          It may well be, because as much as I would like to

18   stand up here and fall on my sword and say, you know -- because

19   I -- now, I'm getting along with Mr. McNamara.

20          I think he would agree with that.  We get along now,

21   but I don't agree with much of what he says in his papers.

22          I absolutely don't agree when he puts in his papers

23   that there were all these outreaches to either Mr. Blust or me

24   and there were only three.  And I've cataloged those in my

25   papers.

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 9 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 43 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    43

1          And if you want me to get into that further when I get

2    to speak about Jason, I will, but I can't stand here and say,

3    you know, you are right?

4          When he did that, that original declaration, he --

5    Jason was lying.  I'm not sure he was.

6          When those e-mails -- and Mr. Durland talks about the

7    fact that he had on his law firm cap, I think there is some

8    truth to that.

9          I think a lot of that has to do with who Jason Blust

10   is as a person.  He's certainly not me.  I'm anal retentive.

11   Mr. Detail.  I review things five times.

12         Ask anybody in my office, when I put a pleading

13   together, it goes through at least five iterations.

14         I would guess with Jason, it might go through one and

15   it's in good enough to go, because his mind works that way.

16         He's a total different person than I am and I think he

17   is a total different person than you are.

18         Certainly, Spencer Durland is not a Jason Blust, but

19   I'm getting beyond what you wanted me to talk about, but I just

20   wanted to clear that up because I think it's an extremely

21   important point.

22         **THE COURT:**  Thank you.

23         **MR. PERSONIUS:**  Thank you.

24         Mr. McNamara --

25         **MR. McNAMARA:**  Your Honor, we would be glad to go back

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 10 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 44 of 86
                CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    44

```
 1    and look at how the exhibits were put together.

 2            I think these are the e-mails that we pulled off the

 3    system that weekend where we were scrambling to get this done.

 4            And this -- I mean, it couldn't be clearer.  It is

 5    coming from a document created by Javier Evela and he's using

 6    Mr. Blust's e-mail account to create the documents.

 7            And that's the essential part of this is the timing --

 8    you know, we can sort that out if we have an evidentiary

 9    hearing.

10            But the fact is that these were created by Mr. Evela

11    using Mr. Blust's e-mail accounts, which is why we included it.

12            MR. BOYD:  And, Judge, if I might be heard briefly on

13    this -- all due respect to Mr. Personius, I don't think he's

14    reading this the right way in terms of the ordering.

15            So what you have in the original ordering, they put an

16    e-mail first and its attachments after it, which is -- that's

17    kind of how everybody does it.

18            You have the e-mail first and then the attachments.

19    What he's done is he's taken the attachments and you put them

20    first and the e-mail after, which -- you know, no document

21    review program would do that and I don't think I've ever

22    submitted an exhibit that way.

23            So, you know, working through this -- at least to

24    just -- looking at the face of this, what you have -- the third

25    page is now -- this is the e-mail that's getting sent from
```

                    CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    45

1    Mr. Evela using the Adobe software.

2            There is an attachment, there is a signed PDF, right?

3    And it is getting sent to Michelle Heinz.  The PDF itself is the

4    very first document, is the invoice.

5            What Acrobat allows you to do is have an audit trail

6    for signatures.  And that's what the second page is.

7            And what's that showing is you have the PDF itself

8    apparently gets created on the third, right?  The actual

9    invoice.

10           It then gets put into Acrobat for signing by Mr. Evela

11   on the 6th.  And at that point, it's then e-mailed to Michelle

12   Heinz.

13           You see each of these steps.  She then views it.  She

14   E-signs it and it's completed, but it's clearly -- the invoice

15   is coming from Mr. Evela.

16           I don't think there can be any real dispute about

17   that.  The audit trail shows that.  The e-mail shows it.

18           And as far as the ordering of documents, you put an

19   e-mail first and put attachments second.  That's just how you do

20   it.

21           **THE COURT:**  Well, just so I understand plaintiffs and

22   Mr. McNamara's position.  This page four of 29, this invoice --

23           **MR. McNAMARA:**  Yes.

24           **THE COURT:**  -- this invoice was created by Mr. Evela.

25           **MR. BOYD:**  That is the way it appears to be.  Because

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 12 of 38
Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 46 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    46

```
 1    it -- it -- it wouldn't make sense otherwise, right?

 2          If you look at page two in the audit trail and it

 3    shows the invoice for signing is -- it says document created by

 4    Javier Evela.

 5          Look, Judge, you know, I have no personal knowledge

 6    about this, so you may be right.  We may need an evidentiary

 7    hearing with maybe Mr. Evela or someone actually who knows what

 8    happened to talk about it.

 9          But, you know, I have used Adobe Acrobat for signing

10    before and this is how it works.

11          You create a PDF, right?  Your invoice software

12    generates an invoice.  It's dated on the 3rd.  You then take

13    your invoice and say, hey, we have to send this invoice out,

14    right?

15          So it's then created.  It's then put in the system to

16    be sent.  Michelle Heinz takes a look.  Michelle Heinz signs,

17    apparently, on the 8th, and it then says agreement completed.

18          All of that is an attachment to the e-mail, which is

19    page two of the original exhibit or the last page here.

20          So -- you know, again, all due respect, but I don't --

21    I don't think putting e-mails first, attachments second is as

22    nefarious as Mr. Personius is suggesting.

23          THE COURT:  He never said nefarious.  He made it a

24    point to say he didn't know whether it was intentional or not.

25          MR. BOYD:  Anyway, I think he said shame on whoever
```

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 13 of 38
Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 47 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    47

1    put the exhibit together.  I'll say, Judge, every exhibit I have

2    ever put together has e-mail first, attachment after.

3         **MR. PERSONIUS:**  Judge, Mr. Boyd -- and I won't say

4    with all due respect, because Judge Elfin always told me that

5    when you say that, Mr. Personius, it suggests when you don't say

6    it, you are not being respectfully, so I never ever say it.

7         And you know how smart Judge Elfin was, but be that as

8    it may, Mr. Boyd is now essentially testifying as a witness

9    about something that he knows nothing about.

10        As I understand from what Mr. Durland says, there is

11   information in his papers from Fidelis that will support exactly

12   the way I've explained this.

13        And when Mr. Boyd says document created by Mr. Evela,

14   that's on May 6th, 2022.  It's the field audit report, because

15   the invoice is dated May 3rd, 2022.

16        But, again, we're probably -- as you keep suggesting,

17   we're probably going to have a hearing, but I believe

18   Mr. Durland can confirm that the Fidelis papers already

19   submitted support my interpretation of this.

20        And it's just concerning to me that Mr. McNamara says

21   the things he says.  Not on information and belief, but as

22   though it's proof positive fact.

23        And maybe we all can do that and maybe we shouldn't,

24   but my point here is this certainly isn't proof positive fact

25   that it is the way he way he says it is.  And I know when you

CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    48

```
 1    came out here, you thought it was.
 2              THE COURT:  Well, you certainly raised a question.
 3              MR. DURLAND:  Judge Roemer, can I just heard very
 4    briefly -- I'm sorry.  It's me.
 5              THE COURT:  Yeah.
 6              MR. DURLAND:  On the invoice issue, Mr. Personius is
 7    correct.  There are e-mails -- I'm looking at 320-2, from our
 8    submission.
 9              This is an e-mail from Cameron Christo to Javier
10    Evela.  Javier, hope you are well and enjoying the week.  Please
11    find attached all of Fidelis's billing for the month.  Best,
12    Cameron.
13              Attachments -- 25 attachments.  All PDFs.  All Fidelis
14    invoices.  Each one corresponding to a different law firm.
15              Those are the law firms for which Mr. Evela performs
16    accounting services.  That's from Fidelis's file.  That's just
17    an exemplar.
18              320-8, this is one of the e-mails that we pulled from
19    the pool of Lit Def data that the receiver provided to us.
20              Original e-mail -- this was back in 2021.  That first
21    one was 2023:  Javier, please find attached invoices for
22    Guidestone and Hallock, H-A-L-L-O-C-K, for October of 2021.
23    Best, Cameron.
24              Then the next e-mail in the thread is Mr. Evela to
25    Michelle Heinz.  Approve for payment.
```

CFPB, et al v. StratFS, et al - Proceedings - 5/23/24        49

1          The next e-mail is Michelle Heinz back to Mr. Evela.

2    Approved.

3          I don't really think that there is -- I know

4    Mr. Personius is talking about a hearing and the Court is

5    talking about a hearing.

6          I think on this point, it's pretty clear, Judge, that

7    the history that the receiver is talking about and that the

8    plaintiffs are talking about is the history from Mr. Evela's

9    perspective.

10         He takes the PDFs he receives from Mr. Christo and he

11   creates them in the Adobe signed environment, so that the law

12   firm managers can approve and sign them.

13         So I know that we've spent a lot of time -- and this

14   is just one piece of the receiver's argument and it's just one

15   piece of our rebuttal.

16         But I think on this particular point, I'm surprised

17   that there is even a debate.  I think the documents are very

18   clear.

19         Mr. Christo creates Fidelis's invoice.  He sends them

20   to Mr. Evela, to the extent that Mr. Evela performs the relevant

21   accounting services.

22         **THE COURT:**  When you say Mr. Christo, he himself

23   creates these invoices?

24         **MR. DURLAND:**  Yes, Judge.  These e-mails are from him.

25         **THE COURT:**  Okay.  And he creates the invoices?

CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    50

1      **MR. DURLAND:**  I believe that's correct, Judge.  I know

2  he receives reports on billing and I believe that he is the one

3  that --

4      **THE COURT:**  Why don't you ask him.  He's sitting next

5  to you.

6      **MR. DURLAND:**  Sure.

7      Mr. Christo creates them, Judge.

8      **THE COURT:**  He personally does his own invoices?  No

9  one else in the office does them?  He does them?

10     **MR. DURLAND:**  That's correct, Judge.

11     **THE COURT:**  Okay.  That's interesting.  You seem to be

12 hesitant to have an evidentiary hearing, Mr. Durland.

13     **MR. DURLAND:**  Well, I guess, Judge, what I would say

14 is I'm --

15     **THE COURT:**  Do you want me to make a determination on

16 this, just based on what I have in front of me now?

17     We have already brought up about five different

18 inconsistencies, but you want me to go on the papers?

19     **MR. DURLAND:**  Well, I think what I -- what I tried to

20 explain -- maybe I didn't do it clearly enough, Judge, is I --

21 I'm not -- I'm not saying that we can't have an evidentiary

22 hearing.

23     I'm just saying that I also think that it's our

24 position --

25     **THE COURT:**  You don't think we need one.

1          And we do acknowledge that Mr. Blust and Lit Def

2     violated the TRO.  We have said that.  And it's in the -- that

3     period from when the TRO was issued on January 11th, through the

4     end of that month.

5          And what happened during that period of time is that

6     employees at Lit Def attempted to assist existing law firms with

7     existing files in getting litigation material.

8          There was no new work that was undertaken.  There were

9     no -- no money that was made from what was being done.

10          It was trying to -- to keep the ball rolling on

11     existing cases.  That -- that is essentially the violation

12     that -- that occurred.

13          And as to the later allegations by Mr. McNamara

14     regarding Fidelis, I think without getting deeply into that, I

15     think we do have to have a hearing.

16          Because as I told you earlier -- again, from my

17     criminal practice, when I have a client that's done something

18     wrong, I know you accept responsibility, because that goes a

19     long way with the Court and then you cite mitigation.

20          And I can't here say definitively when Jason Blust

21     prepared his declaration about his lack of involvement with

22     Fidelis -- I can't stand in front of you right now with

23     certainty, Judge, and say, yeah.

24          Those statements by him were intentionally false,

25     because I'm not convinced they were.  I have certainly seen no

Case 1:24-cv-00040-EAW-MJR     Document 619-1     Filed 02/24/25     Page 18 of 38

Case 1:24-cv-00040-EAW-MJR     Document 367     Filed 05/29/24     Page 70 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24     70

1    circumstantial evidence, present it as fact, and argue I have

2    established by clear and convincing evidence this is true.

3           I think the standard that applies here is an important

4    consideration.

5           Thank you, Judge.  Appreciate it.  Do you have any

6    questions?

7           **THE COURT:**  We'll hear from Mr. McNamara and I'll have

8    a couple of questions.  I want to hear from him first.

9           **MR. PERSONIUS:**  Okay.  Thank you.

10          **MR. McNAMARA:**  Do you want me to approach?

11          **THE COURT:**  Sure.

12          **MR. McNAMARA:**  There is a lot to unpack.  That was a

13   lot to unpack.  I was going to -- a lot of different spaces that

14   Mr. Personius went to.

15          First, as to clear this word backwards, clear and

16   convincing, I just heard Mr. Personius admit that they -- they

17   violated.

18          You know, once that admission is in place, then we

19   look for what the remedy is.

20          In this case, that remedy has to be, I believe, an

21   award of attorneys fees for us to have to bring that motion.

22          So let me step back a little bit.  So we went on the

23   12th of January.  And as you know, we had taken control of the

24   business.  And for a period of time, it was indeed shut down.

25          We brought back people five work days later on the

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 19 of 38
Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 74 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    74

1    to show cause.

2        Now, I don't know Mr. Personius.  He seems like a

3    great guy.  I think that that's -- you know, I think this is my

4    all due respect part.

5        You know, I'll take him at his word that that's just

6    not the way he operates, but that's where we were at.

7        And so there is contempt.  They have admitted it.  And

8    then the question becomes the remedy.

9        At this point, I can't say I believe Mr. Personius has

10   done a good job for his client, you know, in getting us the

11   e-mails, which we finally got -- giving us access to the

12   accounting records, doing other things that I can say to you

13   that I believe the contempt has been remedied, right?

14       So there is no longer any ongoing contempt.  The issue

15   is whether -- is the remedy that we seek.  We can certainly talk

16   about that.

17       And then when we go to -- I do think it's probably

18   worth addressing, because Mr. Personius addressed it,

19   Mr. Blust's declaration that he filed with the Court on

20   March 14th.

21       That declaration, in light of the e-mails that we

22   found, was pejorative.  There was no other way to say it, Judge.

23   I don't say it lightly, but it was false.

24       He says several times:  The receiver's assertion that

25   I own and/or control a company called Fidelis Legal Service and

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 20 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 75 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    75

1    Support Services is just patently false.  I do not control or

2    owned and I never owned or controlled Fidelis.

3        He later goes on to say this, in paragraph 12:  After

4    the issuance of the TRO and the cessation of LDS's limited

5    operation referred to above, three employees of LDS, Michelle

6    Heinz, Dean Komis, K-O-M-I-S and Surva (phonetic) Saavedra,

7    S-A-A-V-E-D-R-A, went on to work for a time for Fidelis.

8        Since the transfer, the LDS nor I played any role

9    whatsoever either in the supervision -- in the supervision of

10   their work or their compensation.

11       He did not participate -- in paragraph nine, he did

12   not participate in any way in the funding or the formation of

13   LDS or in the funding or operations or all its formation.

14       I had no direct or indirect and financial or

15   otherwise.  That's just not born out by the contemporaneous

16   e-mails.

17       That he's making bonuses because he's making personnel

18   decisions, et cetera.

19       I understand we're going to have a hearing and we'll

20   be prepared to do that.  The one thing I would address is that

21   I'm fighting with my hand behind my back.

22       They have gotten and we turned over all of the Lit Def

23   e-mails to Mr. Hoover's firm.

24       If we are going to have a hearing, I would like an

25   opportunity to take some discovery so we can get the Fidelis

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 21 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 76 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24      76

1    e-mails and other Fidelis documents, which may help us in an

2    evidentiary hearing.

3          **THE COURT:**  Well, you talked about the running.  Okay.

4          They have admitted to running Lit Def when they

5    weren't supposed to.

6          **MR. McNAMARA:**  Right.

7          **THE COURT:**  Right?  You say that that's ended, so

8    there is really -- so you're not asking for any type of penalty

9    or anything based on what happened with that?

10         **MR. McNAMARA:**  No.  I'm asking for the remedy that you

11   are allowed to provide, which is --

12         **THE COURT:**  Attorneys fees.

13         **MR. McNAMARA:**  -- attorneys fees for having to bring

14   the motion to actually get their attention.

15         **THE COURT:**  Yeah.  Yeah.  Now, what about this perjury

16   allegation?

17         What would be the remedy?  What would I do if that

18   were, in fact, correct?

19         **MR. McNAMARA:**  Well, there are a number of things you

20   could do.

21         You know, whether that's a referral to the U.S.

22   Attorneys Office, whether it's a sanction.  Mr. Blust is an

23   officer of the Court and I believe his declaration --

24         **THE COURT:**  But that's apart from, right, this -- the

25   violating the TRO?

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 22 of 38
Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 77 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24        77

1          **MR. McNAMARA:**  It is.

2          **THE COURT:**  Right?  This is a whole other topic?

3          **MR. McNAMARA:**  Right.  I think his declaration relates

4   more to the Fidelis matter, that we're going to have to address.

5          And I think that at the end of that hearing, we might

6   be in a position where we would ask for some sort of sanctions

7   as a result of that -- the declaration of a false declaration.

8          **THE COURT:**  Or a referral to the U.S. Attorneys

9   Office.

10         **MR. McNAMARA:**  Or a referral.

11         **THE COURT:**  Okay.  Thank you.

12         Mr. Personius --

13         **MR. PERSONIUS:**  Yes, Judge.  Just a couple of things,

14  Judge.  Thank you.

15         I do appreciate the tone of Mr. McNamara

16  presentation --

17         **THE COURT:**  He's always calm and cool and collected.

18         **MR. PERSONIUS:**  There you go again.

19         **THE COURT:**  Yeah.

20         **MR. PERSONIUS:**  Mr. McNamara indicated again as fact

21  that Lit Def operated through February of 2024.  That's not our

22  understanding.

23         I don't think that's accurate.  I think there are

24  individuals who had worked at Lit Def, who were there then

25  working for Fidelis.

Case 1:24-cv-00040-EAW-MJR    Document 619-1    Filed 02/24/25    Page 23 of 38

Case 1:24-cv-00040-EAW-MJR    Document 367    Filed 05/29/24    Page 84 of 86
CFPB, et al v. StratFS, et al - Proceedings - 5/23/24          84

1    look for the communications with the Fidelis employees and the

2    Lit Def employees.

3            THE COURT:  I think that was what I was going to

4    suggest, Mr. Boyd.

5            MR. BOYD:  You are ten steps ahead of me, Your Honor.

6            MR. HOOVER:  Judge, can I be heard please.

7            THE COURT:  Sure.

8            MR. HOOVER:  Tim Hoover.  Mr. Christo's calendar is

9    downstairs.  Nothing jumps out at him that -- can he go check it

10   before we accept this or would the Court --

11           THE COURT:  Tell you what, Mr. Hoover, it's awful hard

12   to get all of these people together.  So it's going to be July

13   10th and 11th and Mr. Christo will have to be here.

14           So he will have to rearrange his schedule to be here,

15   okay?

16           MR. HOOVER:  Okay, Judge.  Understood.

17           THE COURT:  All right.  Now, there is another issue

18   that I'm throwing out there.  I want you to think about it.

19           I'm not sure I can do this.  I'm sure I can do the

20   issue of whether or not Fidelis can be brought in as a

21   receivership defendant under the consent.

22           I'm not sure about the TRO violation.  I didn't issue

23   that order.  Judge Vilardo, who is no longer in the case.

24           I don't know if I can do that now on a decision and

25   order or it has to be a report and recommendation, which would

CFPB, et al v. StratFS, et al - Proceedings - 5/23/24    85

1    go now to chief Judge Wolford.

2            I'm not looking for an answer today.  I just want you

3    to -- I'm looking for help as to what you think should be done,

4    okay?

5            I'm trying to stick with the consent the way it is,

6    okay?

7            All right.  Anything else?

8            **MR. PERSONIUS:**  Thank you, no, Judge.

9            **THE COURT:**  Mr. McNamara?

10           **MR. McNAMARA:**  No, Your Honor.  Thank you.

11           **THE COURT:**  Plaintiffs?

12           **MR. BOYD:**  Nothing further, Judge.  Thank you.

13           **THE COURT:**  Mr. Durland?

14           **MR. DURLAND:**  No, Judge.  Thank you.

15           **THE COURT:**  Mr. Hoover?

16           **MR. HOOVER:**  No, Your Honor.

17           **THE COURT:**  All right.  Have a good rest of the day.

18

19               (Proceedings concluded at 12:54 p.m.)

20                        *    *    *

21

22

23

24

25

# EXHIBIT B

AO 85A (Rev. 02/17) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  24-CV-40 |
| StratFS, LLC, et al. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

Motions: Motion for a Preliminary Injunction, Docket No. 5

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| Consumer Financial Protection Bureau, Vanessa Buchko | /s/ Vanessa Buchko | 02/13/2024 |
| People of the State of New York, Christopher Boyd | /s/ Christopher Boyd | 02/13/2024 |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date:  _____          _____

                                                    *District Judge's signature*

                                                _____

                                                    *Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

AO 85A (Rev. 02/17) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, et al., | ) | |
| *Plaintiff* | ) | Civil Action No.  24-CV-40 |
| v. | ) | |
| StratFS, LLC, et al. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.* The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

Motions: Motion for a Preliminary Injunction, Docket No. 5

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| State of Colorado, Kevin Burns | /s/ Kevin Burns | 02/13/2024 |
| State of Delaware, Marion Quirk | /s/ Marion Quirk | 02/13/2024 |
| State of North Carolina, M. Lynne Weaver | /s/ M. Lynne Weaver | 02/13/2024 |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____          _____
                                                                                   *District Judge's signature*

                                                                                   _____
                                                                                   *Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

AO 85A (Rev. 02/17) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   24-CV-40 |
| StratFS, LLC, et al. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.* The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

Motions: Motion for a Preliminary Injunction, Docket No. 5

| Printed names of parties and attorneys | Signatures of parties or attorneys | Dates |
|---|---|---|
| State of Wisconsin, Lewis Beilin | /s/ Lewis Beilin | 02/13/2024 |
| State of Minnesota, Evan Romanoff | /s/ Evan Romanoff | 02/13/2024 |
| State of Illinois, Amanda Bacoyanis | /s/ Amanda Bacoyanis | 02/13/2024 |

## Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____                    _____
                                            *District Judge's signature*

                                            _____
                                            *Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

AO 85A  (Rev. 02/17)  Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

| | | |
|---|---|---|
| Consumer Financial Protection Bureau, et al. | ) | |
| _Plaintiff_ | ) | Civil Action No.    24-cv-00040-EAW-MJR |
| v. | ) | |
| StratFS, et al. | ) | |
| _Defendant_ | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

     *Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

     You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

     *Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

     **Motions:**  Plaintiffs' Motion for Preliminary Injunction [Dkt. 5]

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| Ryan Sasson<br>Albert Ian Behar | /s/ Rodney Perry | 02/09/2024 |
| Daniel Blumkin<br>Duke Enterprises, LLC | /s/ Rodney Perry | 02/09/2024 |
| Blaise Investments, LLC<br>Twist Financial, LLC | /s/ Rodney Perry | 02/09/2024 |

### Reference Order

     **IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

AO 85A (Rev. 02/17)  Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

Western District of New York  ☑

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et a | ) |
| *Plaintiff* | ) |
| v. | ) |
| S, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LI | ) |
| *Defendant* | ) |

Civil Action No.  24-CV-40-EAW-MJR

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

**Motions:** Dkt. 5 - Plaintiffs' Motion for a Preliminary Injuction

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| Jason Blust; Jaclyn Blust | /s/ Rodney O. Personius, Esq. | 02/09/2024 |
| Lit Def Strategies, LLC Relialit, LLC. | /s/ Rodney O. Personius, Esq. | 02/09/2024 |
| The Blust Family Irrevocable Trust Through Donald Holmgren | /s/ Rodney O. Personius, Esq. | 02/09/2024 |

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____

*District Judge's signature*

*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

AO 85A  (Rev. 02/17)  Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

| | |
|---|---|
| CFPB et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    24-CV-40-EAW-MJR |
| STRATFS, LLC et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

    *Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

    You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

    *Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title).*

**Motions:**    [5] MOTION for Preliminary Injunction .

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

## Reference Order

    **IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

HON. ELIZABETH A. WOLFORD, CHIEF JUDGE
*Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

| Printed names of parties and attorneys | Signatures of parties or attorneys | Dates |
|---|---|---|
| Bedrock Client Services, LLC | | 02/13/2024 |
| Boulder Client Services, LLC | | 02/13/2024 |
| Canyon Client Services, LLC | | 02/13/2024 |
| Carolina Client Services, LLC | | 02/13/2024 |
| Great Lakes Client Services, LLC | | 02/13/2024 |
| Guidestone Client Services, LLC | | 02/13/2024 |
| Harbor Client Services, LLC | | 02/13/2024 |
| Heartland Client Services, LLC | | 02/13/2024 |
| Monarch Client Services, LLC | | 02/13/2024 |
| Newport Client Services, LLC | | 02/13/2024 |
| Northstar Client Services, LLC | | 02/13/2024 |
| Option 1 Client Services, LLC | | 02/13/2024 |
| Pioneer Client Services, LLC | | 02/13/2024 |
| Rockwell Client Services, LLC | | 02/13/2024 |
| Royal Client Services, LLC | | 02/13/2024 |
| Stonepoint Client Services, LLC | | 02/13/2024 |
| Strategic CS, LLC | | 02/13/2024 |
| Strategic Client Support, LLC | | 02/13/2024 |
| Strategic Consulting, LLC | | 02/13/2024 |
| Strategic FS Buffalo, LLC | | 02/13/2024 |
| Strategic Family, Inc. | | 02/13/2024 |
| Strategic NYC, LLC | | 02/13/2024 |
| StratFS, LLC | | 02/13/2024 |

| Printed names of parties and attorneys | Signatures of parties or attorneys | Dates |
|---|---|---|
| Summit Client Services, LLC | | 02/13/2024 |
| T Fin, LLC | | 02/13/2024 |
| Versara Lending, LLC | | 02/13/2024 |
| Whitestone Client Services, LLC | | 02/13/2024 |
| BCF Capital, LLC | | 02/13/2024 |
| Anchor Client Services, LLC | | 02/13/2024 |

AO 85A  (Rev. 02/17)  Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| Consumer Financial Protection Bureau, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.   1:24-cv-00040-EAW-MJR |
| v. | ) | |
| StratFS, et al. | ) | |
| *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*  The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

Motions:  Plaintiffs' Motion for Preliminary Injunction [Dkt. 5]

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| Terrence M. Connors | *Terrm Connors* | 02/13/2024 |
| Intervenor Law Firms | | |

## Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in  accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.

EXHIBIT C

1

1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF NEW YORK

3    - - - - - - - - - - - - X          24-CV-0040
4    CONSUMER FINANCIAL
     PROTECTION BUREAU ET AL,
5                 Plaintiff

6          Vs.                          Buffalo, New York
     STRATFS, LLC (f/k/a STRATEGIC
7    FINANCIAL SOLUTIONS LLC et al       January 23, 2025
                 Defendants
8
     STRATEGIC ESOP, et al
9                 Relief Defendants
     - - - - - - - - - - - - X
10

11          TRANSCRIPT OF EVIDENTIARY HEARING
         BEFORE THE HONORABLE MICHAEL J. ROEMER
12          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23          COURT REPORTER:Brandi A. Wilkins
                 scalisba@gmail.com
24               Kenneth B. Keating Federal Building
                 100 State Street, Room 1250A
25               Rochester, New York 14614

168

1    them we're happy to stand on the declarations and the

2    exhibits that are already there.  I've also spoken

3    with the receiver about Mr. Avila and I'll let the

4    receiver explain about the status of Mr. Avila.

5            THE COURT:  Mr. McNamara?

6            MR. MCNAMARA:  You may remember that Mr.

7    Avila was an accountant and when we were here in May

8    we found these documents reflected that cutting to the

9    chase I think I now understand what happened.  Fidelis

10   through Cameron Christo would beginning of the month

11   create invoices for Fidelis.

12           They would be forwarded to Avila who was

13   using a Client First Bankruptcy email address and then

14   Avila would send it to the law firm managers what I'll

15   call the front attorneys to sign off and to say okay

16   yeah this bill is fine.  We weren't sure what was

17   going on because we saw you know when we were here in

18   May we first filed all of this happening pretty

19   quickly we weren't sure exactly what was happening but

20   we have now confirmed that that was the case.

21           I thought that it was different and I think

22   I probably made that argument to the court but now

23   we've cleared it up that the process was like this

24   Christo issued invoices every month to different law

25   firms sent them to Avila.  Avila then sent them out to

169

those managers.  They had to sign them and then they

would be sent back to Avila so they had a paper trail

and what we had seen in the Lit Def files we had seen

those come in to Ms. Hinds and Ms. Hinds as it turns

out is one of the front attorneys for like three of

the firms.

        So we were seeing them come into her as the

manager of one of those firms and we weren't sure

exactly what was going on so for what it's worth and I

probably should have got to the court earlier I don't

think Mr. Avila we won't need to call them I talked to

the CFPB and I don't think they need to call them and

I think we cleared up that concern.

        THE COURT:  All right.  So we're done with

Mr. Avila?

        MR. MCNAMARA:  We are.

        THE COURT:  And it sounds like we are done

with witnesses other than Mr. Christo.

        MR. SANDERS:  Other than Mr. Christo, yes.

Like I said, we agreed to counsel that neither side

needs to question Hanson, Walker or Callahan.

        THE COURT:  All right.  So we're done from

today?

        MR. SANDERS:  From the Bureau's perspective,

Judge, I think we can wrap up today.