UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION BUREAU, et al.,

Plaintiffs,

Civ. No. 24-cv-40-EAW-MJR

v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al.,

Defendants,

and

STRATEGIC ESOP,

Relief Defendant.

---

**DECLARATION OF COUNSEL SUPPORTING POST-HEARING SUBMISSION OF DEFENDANT BLUST AND RELIEF DEFENDANT LITDEF STRATEGIES, LLC**

RODNEY O. PERSONIUS, Esq. declares under the penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am a member of Personius Melber LLP, attorneys for Defendant Jason Blust and Relief Defendant LitDef Strategies, LLC (LitDef).

2. This Declaration is submitted as part of the parties' post-hearing submission.

3. The hearing in this matter was conducted before Magistrate Judge Michael J. Roemer on January 23 and January 24, 2025.

4. One of the issues addressed in the parties' Post-hearing Memorandum is the appropriate sanction should the Court choose to recommend a sanction as part of its duties in this contempt proceeding pursuant to 28 United States Code §636(e).

5. Relevant to this issue, should reimbursement of counsel fees of the Receiver be considered as part of the Court's recommended sanction, are past efforts on the part of Declarant to explore settlement of the contempt allegations advanced by the Receiver.

6. The first such attempt to explore settlement of these issues was communicated by Declarant to the Receiver immediately after the conclusion of oral argument conducted on May 23, 2024.

7. That brief discussion was followed up by an email directed to the Receiver and his local counsel sent on May 23, 2024 at 4:49 pm. A copy of this email is included as part of a thread of emails annexed as **Exhibit A**.

8. Approximately one week later, on May 31, 2024, local counsel for the Receiver submitted a response in an email dated May 31, 2024 at 8:40 am. The email stated that a telephone call among counsel "makes sense," and proposed this call be conducted either later that day or on the following Monday. *Id.*

9. A call among counsel did in fact take place on the afternoon of May 31, 2024. Rather than being centered upon the prospect for a stipulated resolution of the outstanding civil contempt issues, the focal point of the call concerned the Receiver's request for additional documentary and electronic discovery, principally from LitDef.

10. The follow up to this telephone conversation consisted of the exchange of additional emails on June 6 and June 10, 2024, which also focused upon the question of discovery, rather than settlement. *Id.*

11. Then, following the two day hearing held on February 23 and February 24, 2025, the prospect of settlement was again raised by Declarant with the Receiver at the conclusion of proceedings on February 24, 2025. The Receiver's reaction was non-committal.

12. After no additional contact between counsel over the next 2-1/2 weeks, Declarant sent another email to the Receiver, dated February 10, 2025. A copy of that email and the Receiver's response are part of an email thread annexed as **Exhibit B**.

13. Declarant's February 10, 2025 email referred to prior attempts to initiate meaningful discussions regarding a stipulated resolution of the Blust/LitDef contempt issues, observed that no substantive consideration of the subject had ever been undertaken, and again invited discussion on this subject.

14. Approximately 10 days later, on February 19, 2025, the Receiver responded to this email, raising for the first time a new issue, framed as follows: "Given that Fidelis has not been turned over, and we believe your client controls it, we cannot discuss a settlement." *Id.*

15. The Receiver unquestionably is not obliged to substantively participate in settlement discussions regarding the outstanding civil contempt issues involving Mr. Blust and LitDef, nor is he prohibited after the passage of eight months from announcing an entirely new condition with respect to his willingness to participate in those discussions.

16. However, from a standpoint of fairness in formulating a recommendation regarding counsel fees of the Receiver that should be considered as part of a sanction, if any, to be assessed against Mr. Blust and LitDef, the Receiver's silence on the terms of settlement over the preceding eight months is a relevant consideration.

17. This is particularly the case when the condition that is announced is, on the one hand, unreasonable, and otherwise a demand that contemplates the participation of third parties who themselves were never informed of this prerequisite.

18. These circumstances weigh heavily in favor of setting the date when the feasibility of settlement was first raised, at the conclusion of oral argument on May 23, 2024, as a cutoff for any required reimbursement of the Receiver's fees and expenses associated with litigation of the contempt issues involving Jason Blust and LitDef.

Dated: Buffalo, New York
February 24, 2025.

**/s/ Rodney O. Personius**
Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
JASON BLUST
And
*Relief Defendant*
LITDEF STRATEGIES, LLC
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 855-1050
rop@personiusmelber.com