

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

March 27, 2025

*Via ECF*

Honorable Elizabeth A. Wolford
Chief United States District Judge
United States District Court
100 State Street
Rochester, NY 14614

RE:   *CFPB v. StratFS, LLC et al.*, 24-cv-40 (W.D.N.Y.)
      Fidelis' Motion to Expedite, Motion to Stay, Objections to Order

Dear Chief Judge Wolford,

Plaintiff, People of the State of New York by Letitia James, Attorney General of the State of New York ("NYAG"), writes in response to your Text Order of March 26, 2025 (ECF No. 650) directing any party objecting to the issuance of an administrative stay to file a letter of no more than five pages.  The NYAG objects to the issuance of an administrative stay.

Fidelis Legal Support Services, LLC ("Fidelis") seeks a stay of the March 26, 2025 Report, Recommendation and Order ("Order," ECF No. 646) issued by Magistrate Judge Roemer rejecting Fidelis' challenge to its designation as a Receivership Defendant.  There is no basis for a stay in law or fact.  Granting a stay, even a brief one, would create a likelihood of irreparable injury, while no harm would result from rejecting Fidelis' request for a stay.

   1. **Granting a Stay Would Cause Irreparable Harm**

Absent a stay, the Court appointed receiver, Thomas McNamara, will take over operations of Fidelis and ensure that relevant data is preserved, and the business is operated in a lawful manner.  The Receiver has been tasked by the Court with running the Receivership Defendants lawfully and profitably ("Preliminary Injunction" or "PI," ECF No. 184, §IX).[1]  The Receiver is an agent of the Court and is answerable to the Court.  If the Court ultimately determines that Judge Roemer's Order should have been a report and recommendation, or that Fidelis is not

---

[1] Capitalized terms not defined herein have the meaning given in the PI.

properly a Receivership Defendant, the Court can direct the Receiver to cede control of the company.

If a stay is granted, Cameron Christo (and Jason Blust) will remain in control of Fidelis despite Judge Roemer's conclusion that Fidelis is properly a Receivership Defendant. In the Order, Judge Roemer referred Blust, Christo and Michelle Gallagher to the United States Attorney's Office based on his finding that their sworn declarations "contained material false statements." (Order at 37.) Judge Roemer has also recommended that Blust be held in contempt.

Given the significant new peril in which Christo and Blust find themselves, there is a substantial risk that they may spoliate relevant evidence to attempt to shield themselves from liability. Given their willingness to submit false statements to the Court to attempt to evade liability, it is reasonable to assume that they would spoliate evidence to do the same. Keeping Fidelis under the control of Christo and Blust for even one day longer increases the likelihood that irreversible spoliation will occur.

### 2. Judge Roemer Properly Concluded That Fidelis is a Receivership Defendant

Fidelis' argument also fails on the merits. Fidelis claims that the Court cannot issue an order as to it, only a report & recommendation. ("Fidelis Mem.," ECF No. 649 at 18-19.) Fidelis ignores the fact that Judge Roemer has concluded that Fidelis was controlled by Jason Blust and is a successor to Blust's companies Lit Def Strategies LLC and Relialit finding that "Fidelis is a successor to Lit Def and is controlled by Jason Blust." (Order at 28.) Jason Blust and Lit Def were both parties to the Preliminary Injunction. And both consented to Magistrate Judge Roemer determining the Preliminary Injunction (ECF No. 158.) And at the time he consented, Blust was well aware of the mechanism that allowed for designation of receivership defendants, since that provision was in the TRO (ECF No. 12) and remained unchanged in the PI. The fact that Christo—the straw man owner of Fidelis—did not sign a consent is of no moment.

Fidelis incorrectly suggests that placing an entity into receivership is an award of injunctive relief. This is incorrect. *See Dunn v. Savage (In re Saffady)*, 524 F.3d 799, 804 (6th Cir. 2008) ("By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions."); *see also CFTC v. Walsh*, 618 F.3d 218, 225 n.3 (2d Cir. 2010) (distinguishing between injunction and order appointing receiver).

Even if Fidelis were correct, injunctive relief as to Fidelis is entirely warranted since Judge Roemer concluded that the company is controlled by Blust (a party) and is a successor to Lit Def (also a party). The law is clear that those in active participation and concert may be bound by an injunction. Fed. R. Civ. P. 65(2)(C) (specifying that injunction may bind "other persons who are in active concert or participation").

### 3. Fidelis Has Not Met Its Burden in Moving for a Stay

A stay is "an exercise of judicial discretion" and the party requesting it "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (citations omitted). "The party seeking the stay bears a heavy burden." *NRDC v.*

*FDA*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012). Fidelis has not met any of the factors warranting a stay. *Nken*, 556 U.S. at 434 (articulating four factor test).

*First*, Fidelis' challenge rests on its argument that the designation of "receivership defendants" "violates longstanding Second Circuit precedent." (Fidelis Mem. at 24.) This is simply false. The receivership defendant mechanism used in this case has been used in myriad federal courts in this circuit and others and has not been rejected by the Second Circuit.[2]

Fidelis hangs their hat on *Alemite Manufacturing Corp. v. Staff*, 42 F.2d 832 (2d Cir. 1930). But *Alemite* stands for the uncontroversial proposition that a non-party may be subject to an injunction only when the non-party "either abet[s] the defendant, or [is] legally identified with him." *Id*. at 833. Here, Judge Roemer has found that Fidelis is a successor to Lit Def (a party) and is controlled by Blust (a party). Fidelis is thus both legally identified with and has been aiding and abetting parties bound by the PI. Fidelis was thus properly made a Receivership Defendant under the PI.

And while Fidelis claims that once it was named a defendant the Receivership Defendant designation became moot, it provides no legal authority for this proposition. Fidelis claims that the device is "ultra vires," but this is just a rehash of its prior argument.

*Second*, Fidelis makes the wholly unsupported claim that its placement into receivership will result in the "destruction of its business." (Fidelis Mem. at 25.) As Fidelis acknowledges, its main clients are already under control of the Receiver. And Fidelis does not explain why the Receiver would be less likely to do business with the company once it is under his control. While Fidelis speculates that "it is entirely possible that Turnbull will cease using Fidelis for litigation support services if Fidelis is taken over" (Fidelis Mem. at 26), the evidence shows, and Judge Roemer has found, that Turnbull is "controlled by or connected to Blust." (Order at 29.) So, Fidelis is essentially speculating that Blust will decide to stop doing business with himself. This is not a basis to grant a stay.

*Third*, as explained above, keeping Fidelis under the control of Christo and Blust for even a day longer risks the possible irreversible spoliation of evidence. Fidelis has the temerity to cite the long delay in bringing Fidelis within the Receivership as a reason to grant a stay. But this delay has been occasioned by Fidelis' obstreperous conduct, including submitting sworn declarations that Judge Roemer has found to be materially false. (Order at 37.) Had Blust and Christo been

---

[2] *See, e.g.*, *FTC v. Campbell Capital*, No. 18-cv-1163-LJV-MJR, 2018 WL 5781458, at *4-5 (W.D.N.Y. Oct. 24, 2018); *FTC v. 4 Star Resolution LLC*, No. 15-cv-112S (W.D.N.Y. Feb. 10, 2015), ECF No. 29; *FTC v. Vantage Point Servs., LLC*, No. 15-cv-0006S (W.D.N.Y. Jan. 5, 2015), ECF No. 11; *FTC v. Graham, et al.*, 3:22-cv-00655-MMH-JBT (M.D. Fla, July 15, 2022), ECF No. 19; *CFPB, et al. v. Consumer Advocacy Center Inc., D/b/a Premier Student Loan Center, et al.*, 8:19-cv-01998 JVS (JDEx) (C.D. Cal., November 15, 2019); *FTC v. American Home Servicing Center, LLC*, SACV 18-00597-JLS-KESx, 2018-1 (C.D. Cal., April 27, 2018), ECF No. 20; *FTC v. Cardiff, et al.*, No. ED 5:18-cv-02104-SJO-PLAx (C.D. Cal., November 08, 2018), ECF No. 46.

honest in their testimony regarding Fidelis, it would likely have been part of the Receivership long ago.  The Court should not reward their perfidy with a stay.

*Fourth*, Fidelis makes the wholly unsupported assertion that "[t]here is not dispute that the service Fidelis provides helps consumers."  (Fidelis Mem. at 26.)  This statement is at odds with reality.  New York has alleged that Fidelis engaged in fraudulent and deceptive conduct.  (ECF No. 366, Counts 7-8.)  Judge Roemer has recommended that Fidelis' motion to dismiss those claims be denied.  (ECF No. 532 at 35-37.)  And if Fidelis' business "helps consumers," it is undoubtedly the case that the Receiver, an agent of the Court, is better positioned to operate the company in a lawful manner that protects consumers.  The public interest therefore favors denial of a stay.

In conclusion, the NYAG respectfully requests that the Court decline to grant a stay of Judge Roemer's Order.

Respectfully submitted,

/s/ Christopher Boyd
Christopher Boyd
Genevieve Rados
Assistant Attorneys General

CC via ECF: Counsel of Record