# EXHIBIT B

**REGULATORY RESOLUTIONS**
Receivers | Examiners | Monitors

THOMAS W. MCNAMARA
DIRECT    619-269-0499
OFFICE    619-269-0400
FAX        619-269-0401
tmcnamara@regulatoryresolutions.com
https://regulatoryresolutions.com

April 4, 2025

*Via Email (thoover@hooverdurland.com)*

Timothy W. Hoover
Hoover & Durland LLP
561 Franklin Street
Buffalo, NY 14202

Re:    *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*
       U.S. District Court (W.D.N.Y.), Case No. 1:24-cv-00040-EAW-MJR
       <u>Determination of Additional Receivership Defendants</u>

Dear Mr. Hoover:

As you are aware, on January 11, 2024, the U.S. District Court for the Western District of New York issued a Temporary Restraining Order with an Asset Freeze, Appointment of a Receiver, and Other Equitable Relief ("TRO") in the above-referenced case, appointing me as the temporary receiver ("Receiver") of the Receivership Defendants. On March 4, 2024, the Court entered a Preliminary Injunction ("PI"), which continues the terms of the TRO and asset freeze and confirms my appointment as Receiver.

In February of 2024, I informed you of my determination that Fidelis Legal Support Services, LLC ("Fidelis") was a Receivership Defendant. Fidelis challenged that determination. As you are also aware, last week the Court denied Fidelis's challenge to my determination, and on March 25, 2025, the Court found that Fidelis was a Receivership Defendant.

On August 16, 2024, I informed you via letter that Fidelis's sole member, The Bush Lake Trust, was also a Receivership Defendant. At the time, I indicated that I would not take steps to enforce this determination until a decision was issued on the then pending Fidelis motion.

While the Receivership Defendant challenge motion was being litigated, Fidelis was named a Defendant in the Second Amended Complaint. Your clients Cameron Christo and The Bush Lake Trust were named Relief Defendants.

Now that the Court has ruled on Fidelis's challenge and confirmed my designation of Fidelis as a Receivership Defendant, I gave you verbal notice yesterday that we have taken steps to take control of the Assets and records of The Bush Lake Trust as well as three other entities that I have determined are also Receivership Defendants, based on their relationship to Fidelis and Christo.

Timothy W. Hoover
Hoover & Durland LLP
April 4, 2025
Page 2

### Receivership Defendants

The Court has now determined that Fidelis is a Receivership Defendant. The Preliminary Injunction defines "Receivership Defendants" as the Corporate Defendants and their subsidiaries, affiliates, divisions, successors, and assigns, as well as any other business related to the Defendants' debt-relief services and which the Receiver has reason to believe is owned or controlled in whole or in part by any of the Defendants and includes fictious names under which they do business. *See* PI, Definitions, ¶ N.[1]

### Determinations Regarding Receivership Defendants

As noted above, I provided you notice on August 16, 2024 that The Bush Lake Trust was a Receivership Defendant. As a result of the March 25, 2025 Order, we have been able to access and conduct a preliminary review of some Fidelis's books and records, including bank statements. These materials confirm that The Bush Lake Trust is a Receivership Defendant. The materials also reveal three other entities are also Receivership Defendants as "subsidiaries, affiliates, divisions, successors, and assigns" of Fidelis, and also as "other business[es] related to the Defendants' debt-relief services and which the Receiver has reason to believe is owned or controlled in whole or in part" by Fidelis, Blust, and/or Christo. These entities are: (1) BDC Group LLC, (2) Two Square Enterprises Inc., and (3) Veteris Capital LLC.

My team's initial review of Fidelis's bank account statements confirms that from 2021 forward, The Bush Lake Trust, BDC Group, and Veteris Capital received millions of dollars in transfers directly from Fidelis, were all formed or incorporated after Fidelis's incorporation in early 2021, operate under the common control of Fidelis and Cameron Christo, in whole or in part, and are related to Defendants' debt-relief businesses.

We obtained Fidelis's most recent balance sheet from Fidelis's outside accountant. As for current assets, the financial report lists three bank accounts, with a total reported value of only $3,838.59, and identifies Bush Lake Trust and Veteris as "other current assets" of Fidelis with a total value of $13,505,681.06 and $12,909,000.00, respectively. Fidelis's accounting treatment of The Bush Lake Trust and Veteris Capital as company assets is compelling evidence that they are subsidiaries, affiliates, divisions, and/or assigns of Fidelis and, therefore, Receivership Defendants.

The bank records also reveal a disturbing and concerted effort to transfer assets out of accounts in Fidelis's name shortly after the TRO was made public. In a series of furtive asset liquidations

---

[1] The Receiver is directed and authorized to "[r]etain exclusive custody, control, and possession of all Assets, Documents, and Electronically Stored Information of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated". PI, Section IX.B. Immediately upon service of the PI or otherwise obtaining actual knowledge of the Order, all persons are required to immediately "deliver access to and possession, custody and control" of all Assets, Documents and Electronically Stored Information of the Receivership Defendants to the Receiver. PI, XIV.A.1.-2.

Timothy W. Hoover
Hoover & Durland LLP
April 4, 2025
Page 3

and bank transfers, Fidelis's accounts were emptied into accounts held in the name of these affiliates over a two-week period in January of 2024.  These actions to secret assets are all the more egregious behavior, because at the time, Blust and Christo were expressly restrained from making such transfers and were both specifically required to cooperate with the Receiver in identifying these assets.  Despite these Court-ordered mandates, Blust and Christo worked together to hide the existence of Fidelis from the Receiver, the Parties, and the Court.

And the fact that Christo was not a named Defendant at the time can offer no excuse, because the TRO specifically restrained "all other Persons in active concert or participation with [Defendants]" from "Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Asset owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants" and from "Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the Assets or Documents subject to this Receivership; or to harass or to interfere with the Receiver in any way[.]"  TRO § XIII(B)(3) & (7), Dkt. No. 12 at 32-33.

In short order after the Court's issuance of the TRO, Fidelis transferred more than $14,000,000 out of its bank accounts and into accounts of affiliates.  This included more than $5,000,000 to Fidelis's sole member, The Bush Lake Trust, in January 2024.[2]  Two weeks later, another $8,000,000 was transferred to The Bush Lake Trust – resulting in more than $13,000,000 transferred from Fidelis to The Bush Lake Trust in the month after the TRO.[3]

Fidelis also transferred $8,000,000 to BDC Group LLC, of which Christo is a member, in the two weeks after the TRO.  And it transferred $1,000,000 to Two Square Enterprises shortly after the TRO.  Two Square is another company purportedly owned and controlled by Christo and which he periodically used to invoice the Intervening Law Firms for purported software support and "consulting."

Finally, Fidelis transferred $11,100,000 to Veteris Capital LLC, another company purportedly controlled by Christo, from February to December of 2023.  Veteris Capital's operating agreement reflects that The Bush Lake Trust is the sole member of Veteris and Christo is the manager.  And, as noted, above Veteris is listed as an "asset" on Fidelis's internal accounting reports.

**Delayed Notice**

As I indicated to you in a telephone call yesterday, we have taken steps to freeze the bank accounts of which we are aware in the names of The Bush Lake Trust, Two Square Enterprises,

---

[2] As discussed above, The Bush Lake Trust is included as an "asset" on Fidelis's internal accounting.

[3] Fidelis funded these affiliate transfers by emptying investment accounts, liquidating a total of $7,700,000 from investment accounts in the month of January 2024 alone.

Timothy W. Hoover
Hoover & Durland LLP
April 4, 2025
Page 4

BDC Group, and Veteris Capital.[4]  We provided notice to Wells Fargo and JP Morgan Chase. As expressly permitted under the PI, we delayed notice of our actions to you until the banks confirmed the freeze notices were in place.  This delay was necessary in light of Christo's efforts to dissipate Fidelis's assets immediately after the TRO and his behavior in the Receivership Defendant challenge litigation, which included filing false sworn statements with the Court on three occasions.  These actions strongly suggest that Christo is likely to interfere with our access to Receivership Defendant assets and take further steps to secret assets and keep them from the receivership.[5]

### Cooperation Regarding New Receivership Defendants

Under the PI, I am required to exercise custody and control of the Assets and Documents of Receivership Defendants, and Christo and third-party service providers to the Receivership Defendants are required to cooperate, among other things, in (1) identifying the Assets of these entities and assisting in taking possession of same, and (2) identifying and assisting in taking possession of these entities' documentation and data.  That cooperation is expressly required under the TRO and PI entered into this case.[6]

As noted above, Fidelis's balance sheet lists The Bush Lake Trust and Veteris Capital as "other current assets" and reflect there should be over $26,000,000 million held by these two companies.  While we have not heard from JP Morgan Chase bank yet, only $226,402.78 was identified by Wells Fargo in these Receivership Defendants' accounts.  Thus far, the explanations about the transfer of assets offered by the outside accountant to these Receivership Defendants and where those assets are now (and what they are composed of) can be charitably characterized as scrambled and incomplete.  We spoke to her twice yesterday by phone – in the morning and in the afternoon and made clear that the entities discussed above are Receivership Defendants.  She spoke with Cameron Christo in between our calls.  Despite indicating that she would be turning over access these Receivership Defendants' QuickBooks (which I understand is a simple process) in our call yesterday afternoon, at this point we are still waiting.  Given we remain in the dark about the status of more than $25,000,000 in Receivership Defendants' Assets, if the accountant does not take steps to provide that access today, it will be necessary to file an Affidavit of Non-Compliance and seek the Court's immediate assistance.  *See* PI, Delivery of Receivership Property Section XIV, ¶ B.

---

[4] We anticipate identifying additional Assets as our review is very preliminary at this stage.

[5] Our data forensics vendor reports that in reviewing the Google Drive logs, 121 items were deleted from Christo's Google Drive on March 28, the day before we were provided administrative access to the Fidelis documents and email.  We have asked our vendor to investigate and report back.  We will reach out to you or file with the Court as necessary when we have further information.

[6] Indeed, Christo has been required to provide fulsome cooperation dating back to the implementation of the TRO, since he is, and has been, a "Person[] in active concert or participation with [Defendants]."

Timothy W. Hoover
Hoover & Durland LLP
April 4, 2025
Page 5

We will reach out to you to discuss next steps and the cooperation required by Blust, Christo and anyone else related to these entities. Given that you represent Fidelis and Christo – and the identified Receivership Defendants are related to your clients – we expect that you will represent them in connection with this case. If we are incorrect, please let us know. Thank you.

Very truly yours,

Thomas W. McNamara

TWM:jej

Timothy W. Hoover
Hoover & Durland LLP
April 4, 2025
Page 6


cc's:
*Counsel for Plaintiffs*
Joseph M. Sanders (joseph.sanders@cfpb.gov)
Vanessa Anne Buchko (vanessa.buchko@cfpb.gov)
Christopher L. Boyd (christopher.boyd@ag.ny.gov)
Genevieve Sumner Rados (genevieve.rados1@ag.ny.gov)
Kevin J. Burns (kevin.burns@coag.gov)
Nikolai N. Frant (nikolai.frant@coag.gov)
Marion M. Quirk (marion.quirk@delaware.gov)
Amanda E. Bacoyanis (amanda.bacoyanis@ilag.gov)
Matthew C. Davies (matthew.davies@ilag.gov)
Greg Grzeskiewicz (Greg.Grzeskiewicz@ilag.gov)
Evan Romanoff (evan.romanoff@ag.state.mn.us)
M. Lynne Weaver (lweaver@ncdoj.gov)
Lewis W. Beilin (beilinlw@doj.state.wi.us)

*Counsel for Defendant Jason Blust; Relief Defendants Jaclyn Blust, Lit Def Strategies, LLC, Relialit, LLC, and Hedgewick Consulting, LLC*
Rodney O. Personius (rop@personiusmelber.com)

*Counsel for Fidelis Legal Support Services, LLC*
Spencer L. Durland (sdurland@hooverdurland.com)

*Counsel for Receiver*
James C. Thoman (jthoman@hodgsonruss.com)
Logan D. Smith (lsmith@mcnamarallp.com)
Alexander D. Wall (awall@mcnamarallp.com)