UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

    Plaintiffs,

                                            Case No. 24-CV-40

v.

STRATFS, LLC, (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), *et al.*,

    Defendants, and

STRATEGIC ESOP, *et al.*,

    Relief Defendants.
_____

**<u>REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION
CHALLENGING THE RECEIVER'S
PURPORTED DETERMINATIONS OF
RECEIVERSHIP DEFENDANT STATUS</u>**

_____

**ORAL ARGUMENT REQUESTED**

                                    Daniel J. Brady, Esq.
                                    Michael A. Brady, Esq.
                                    HAGERTY & BRADY
                                    69 Delaware Avenue, Suite 1010
                                    Buffalo, NY 14202
                                    (716) 856-9443

                                    Attorneys for Nonparties
                                    Two Square Enterprises, Inc.,
                                    BDC Group, LLC, and Veteris
                                    Capital, LLC

This Reply Memorandum of Law is respectfully submitted on behalf of Two Square, BDC, and Veteris, in further support of their motion challenging the Receiver's determination that each is a "Receivership Defendant" per the terms of the Preliminary Injunction entered in this action.

Naming an entity a Receivership Defendant is a drastic measure with potentially devastating implications for that entity. This Court did not empower the Receiver to freeze businesses based on mere hunches and/or guilt by association. As explained further below, the Receiver has not come forward with the required evidentiary showing that these entities are properly Receivership Defendants, and his determination should therefore be annulled.

As a preliminary matter, to avoid needless repetition to the Court, Two Square, BDC, and Veteris again hereby incorporate fully the arguments set forth by The Bush Lake Trust in its reply (Dkt. No. 673). As carefully explained therein, for Two Square, BDC, or Veteris to qualify as a Receivership Defendant, the Receiver would have to prove that they are (i) a successor, assign, or affiliate of one of the specified "the Corporate Defendants" or "Relief Defendants" or that they are (ii) a business related to Defendant's debt-relief services that is owned or controlled by one of "the Defendants." These definitions, *by the terms of the preliminary injunction*, do not include Fidelis or Cameron Christo. The Receiver makes no effort to explain how Two Square, BDC, or Veteris can be considered Receivership Defendants under these definitions, and his determination should be annulled for this reason alone.

1

At a more fundamental level, the power that this Court has granted to the Receiver under the Preliminary Injunction is serious and potentially crippling in its application. A Receivership Defendant is effectively restrained from carrying out virtually all of its basic business activities: making payroll, paying bills, engaging in normal business decisions, let alone conducting long term planning or strategy. For that reason, under the very terms of the Court's grant of power and pursuant to Rule 65, the Receiver is required to have and cite facts that merit a designation of an entity a "Receivership Defendant."

Two Square, BDC, and Veteris filed the present motion because the Receiver relied on only bare and conclusory assertions when attempting to designate Two Square, BDC and Veteris as "Receivership Defendants." The terms of the Preliminary Injunction and Rule 65 both set a much higher standard.

In response, the Receiver, rather than setting forth clear and convincing evidence that these entities are properly subject to the potentially devastating impacts of the Preliminary Injunction, relies instead on what amounts to a combination of innuendo and indignation to support his determination. Puffery aside, the Receiver offers precious little factual basis to support his determination that these entities are Receivership Defendants.

The Receiver does not dispute this Court's definition of Receivership Defendant: "any other business related to Defendants' debt-relief services and which the Receiver has reason to believe is owned in whole or in part by any of the Defendants." Decision of February 7, 2025, Dkt. No. 607, at 10 (quoting Dkt. No.

2

184).  Yet the Receiver offers simply no explanation as to how these entities can in fact qualify as businesses "related to Defendants' debt-relief services."

We begin with the most glaring example of this overreach, Two Square.  The Receiver suggests that all of the newly purported Receivership Defendants were incorporated shortly after Fidelis was formed in 2021, but Two Square was in fact incorporated in *2001*.  *See* Exhibit A to this Reply Memorandum, from the website of the Illinois Office of the Secretary of State.  This is a business that has been established for nearly two and a half decades.  The Receiver's suggestion—an extremely tenuous suggestion to begin with—that these entities are related to debt relief services simply because of when they were formed therefore does not even apply to Two Square.

Nevertheless, the Receiver posits that Two Square is related to "Defendants' debt-relief services" merely on the basis that Cameron Christo is the President of Two Square.  *See* Receiver's Memo, at 18; Jones Declaration at ¶ 15.  But this reasoning would collapse the two requirements set forth by this Court into one. As this Court held, a Receivership Defendant is (1) a business related to debt-relief services which is (2) owned in whole or part by any of the Defendants.  The Receiver simply fails to come forward with any evidence that Two Square is "related" to debt-relief services, instead only pointing to its purported control by Mr. Christo. *Id*.

Similarly, the Receiver points to certain transactions between Fidelis and Two Square as some kind of self-evident indicia of wrongdoing.  The Receiver identifies transfers from Fidelis to Two Square from 2022 through 2024, but offers no evidence to suggest these transactions are not ordinary business transactions.  What's more, as

3

the Receiver himself admits, the majority of these transfers occurred *before* this action was even commenced and any TRO was in effect.

In other words, purportedly implementing the power of the Preliminary Injunction, the Receiver seeks to freeze and halt the business of Two Square, an entity that has been in existence for nearly twenty-four (24) years, based on only the fact that its President is Mr. Christo. The Receiver goes on to paint a series of financial transactions—the majority of which took place before this action was even commenced—as some kind of evidence that Two Square was acting in concert with Fidelis and engaged in wrongdoing to avoid the effects of the TRO. Again, the Receiver's conclusions are bare and conclusory and fall far short of meeting the requirements of the PI and Rule 65 for him to impose the drastic measures effected by making Two Square a Receivership Defendant.

The same analysis applies to the Receiver's arguments regarding BDC and Veteris. In both cases, the Receiver simply relies on the mere association of Mr. Christo as proof of the entities' relationship to debt-relief services. As the receiver does with Two Square, the Receiver again points to financial transactions, the majority of which occurred prior to this action being commenced and before the TRO being imposed, as some kind of clear evidence of a campaign to evade the TRO's reach. But this evidence does not even make sense on its own terms. For Veteris Capital, the Receiver identifies *only financial transactions that occurred before the action was commenced*. *See* Receiver's Memo, 18.

4

In short, the drastic effects of being named a Receivership Defendant demand a convincing evidentiary showing that an entity should be subject to those effects under the terms of the Preliminary Injunction and Rule 65. The Receiver's sweeping approach to name these entities Receivership Defendants based on mere innuendo and hunches does not satisfy those standards.

For the above reasons, as well as the arguments submitted in the Bush Lake Reply, it is respectfully requested that this Court annul the "Receivership Defendant" designation for Two Square, BDC, and Veteris.

Dated:     Buffalo, New York
           April 28, 2025

                                        Respectfully Submitted,

                                        　 /s/ *Daniel J. Brady*
                                        Daniel J. Brady, Esq.
                                        Michael A. Brady, Esq.
                                        HAGERTY & BRADY
                                        69 Delaware Ave. Suite 1010
                                        Buffalo N.Y. 14202
                                        (716) 856-9443 office
                                        (716) 856-0511 fax
                                        dbrady@hagerty-brady.com

                                        *Attorneys for Two Square Enterprises, Inc., BDC Group, LLC, and Veteris Capital, LLC*