UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.<br><br>       Plaintiffs,<br><br>vs.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al.<br><br>       Defendants, and<br><br>STRATEGIC ESOP, et al.,<br><br>       Relief Defendants. | Case No. 24-cv-00040-EAW-MJR |

**REPLY TO BLUST TRUST'S PARTIAL OPPOSITION TO
RECEIVER'S THIRD INTERIM APPLICATION FOR FEES AND EXPENSES
OF RECEIVER AND PROFESSIONALS**

The sole response presently filed to the Receiver's Third Fee Application is the Blust Family 2019 Irrevocable Trust's ("Blust Trust") Partial Opposition. Dkt. No. 675.[1] The Blust Trust does not offer any new argument in its latest objection, but instead incorporates by reference arguments it made in its Partial Oppositions to the Receiver's First and Second Interim Fee Applications. The Court considered and rejected those arguments when granting the

---

[1] Pursuant to the Court's Scheduling Notice of April 23, 2025, responses to the Receiver's Third Fee Application were required to be filed by May 7, 2025. On May 7, 2025, non-parties Ice Legal, P.A., Thomas Ice, and Ariane Ice (the "Ice Defendants") filed a motion to intervene in this action, styled "Motion to Intervene for Purposes of Filing an Objection to Receiver's Report and a Motion to Appoint Special Receiver and for Other Purposes." (Dkt. No. 680.)

If the intervention is granted, the Ice Defendants seek to file "objections" to the fee application, a copy of which they attach to their motion to intervene. *See* Dkt. No. 680-2. The Ice Defendants' objections center on a disagreement with descriptions in the body of the fee application. The Ice Defendants do not object to the amount of the fees requested and, as such, there is no impediment to the Court deciding the fee application.

Receiver's First and Second Fee Applications. *See generally* Dkt. Nos. 358[2] & 488.[3]  In the Order Granting the Receiver's Second Fee Application, the Court specifically referenced Section XV of its Preliminary Injunction (entitled "Compensation For Receiver"), which provides: "The Receiver … [is] entitled to reasonable compensation for the performance of duties pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by or in the possession or control of, or which may be received by the Receivership Defendants."  Dkt. No. 488 at 3.

The Blust Trust's argument that trust funds should not be used to pay Receivership expenses was first raised more than a year ago, in April 2024, when it sought to modify the Preliminary Injunction ("PI").  *See* Dkt. No. 255-1 at 8-9.  That matter was fully briefed[4], and the Court ultimately rejected the Blust Trust's arguments.  *See* Dkt. No. 354 at 5-7.  The Blust Trust offered the same argument in opposition to the Receiver's First and Second Interim Fee Applications and does so once again in its opposition to the Third Interim Fee Application.  The Blust Trust has offered nothing new in support of its position.  It therefore provides no basis for

---

[2] *See* Dkt. No. 358 at 2 & n.1 ("[T]he Blust Family Irrevocable Trust filed [a] response[] in opposition to the Receiver's First Fee Application…  The Court grants the Receiver's First Fee Application in its entirety…  The Blust Family Irrevocable Trust indicates that it 'does not object to the Receiver being paid for his Court-appointed services' (Dkt. No. 295, p. 4)[.]  Instead, it submits a 'limited objection only to the extent Trust funds are used to pay the receiver's fees and expenses.'").

[3] *See* Dkt. No. 488 at 3, n. 1 ("The Blust Family Irrevocable Trust (the 'Blust Trust') was the only party to file a response in opposition to the Receiver's Second Fee Application.  (*Id*.)  The Blust Trust partially opposes the Second Fee Application to the extent that assets of the Blust Trust may be used to pay the fees and expenses of the Receiver and his team.  (*Id*.)  The Blust Trust also argues that because its appeal of the Court's Decision and Order granting the Receiver's First Fee Application remains pending, funds from the Blust Trust should not be dissipated.  (*Id*.)").

[4] *See also* Pl. Opp, Dkt. No. 288; Receiver Opp., Dkt. No. 296.

the Court to depart from its prior orders. *See, e.g., Delshah 60 Ninth, LLC v. Free People of PA LLC*, Case. No. 20-cv-5905, 2024 WL 1120388, at * 8 (S.D.N.Y. Mar. 13, 2024) ("[A party's] repetition of arguments the Court has rejected does not provide a cogent or compelling basis to hold otherwise."); *Starr Indem. & Liab. Co. v. American Claims Mgmt. Inc.*, 131 F. Supp. 3d 185, 188 (S.D.N.Y. 2015) (not considering "arguments that the Court previously—and repeatedly—rejected"). *Cf. Doe v. Cigna Life Ins. Co. of New* York, 304 F. Supp. 2d 477, 503 (W.D.N.Y. 2004) ("[C]ourts generally refrain from reconsidering matters previously determined absent 'cogent' or 'compelling' reasons.") (quoting *Baden v. Koch*, 799 F.2d 825, 828 (2d Cir. 1986)).

For the reasons set forth in the Court's prior Orders (Dkt. Nos. 354, 358, & 488) and those set forth in the Receiver and Plaintiffs' briefing in opposition to the Blust Trust's Motion to Modify the PI (Dkt. Nos. 288 & 296) and in the Receiver's replies in support of the First Fee Application (Dkt. No. 319 at 9-10) and Second Fee Application (Dkt. No. 439), the Blust Trust's Partial Opposition to the Receiver's Third Fee Application is without merit.

## CONCLUSION

The Receiver respectfully requests that the Court approve the Third Interim Application for Fees and Expenses of Receiver and Professionals.

Dated: May 12, 2025   **MCNAMARA SMITH LLP**

By: _____*/s/ Logan D. Smith*_____
Logan D. Smith  (*Pro Hac Vice*)
Alexander D. Wall (*Pro Hac Vice*)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400 / Facsimile: 619-269-0401
Email:  lsmith@mcnamarallp.com;
awall@mcnamarallp.com
*Attorneys for Court-appointed Receiver,*
*Thomas W. McNamara*

3