# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., | **CASE NO. 24-cv-40 EAW-MJR** |
| Plaintiffs, | |
| v. | **STIPULATED PRELIMINARY INJUNCTION:** |
| STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), et al., | **TIMOTHY F. BURNETTE** |
| Defendants, and | |
| STRATEGIC ESOP, et al., | |
| Relief Defendants. | |

## STIPULATED PRELIMINARY INJUNCTION

On November 1, 2024, Plaintiffs Consumer Financial Protection Bureau (CFPB), the People of the State of New York by Letitia James, Attorney General of the State of New York (NYAG), the State of Colorado ex rel. Philip J. Weiser, Attorney General, the State of Delaware, the People of the State of Illinois through Attorney General Kwame Raoul, the State of Minnesota by its Attorney General Keith Ellison, the State of North Carolina ex rel. Jeff Jackson, Attorney General, and the State of Wisconsin (collectively, Plaintiffs) filed a motion seeking a preliminary injunction against Defendants Fidelis Legal Support Services, LLC, Michelle Gallagher, Richard K. Gustafson II, Timothy F. Burnette, and Hedgewick Consulting, LLC, and Relief Defendants Cameron Christo and the Bush Lake Trust, with supporting papers (the "Motion"). (ECF No. 477.)

An evidentiary hearing was held on January 23-24, 2025, regarding: (1) that portion of the Motion addressing Defendant Fidelis Legal Support Services, LLC, and Relief Defendants Cameron Christo, and the Bush Lake Trust; and (2) the Receiver's motion for an order to show cause why Defendants Lit Def Strategies, LLC and Jason Blust should not be held in civil contempt. (ECF No. 179.)

Plaintiffs and Defendant Burnette ("Defendant") subsequently conferred and have agreed to the entry of this Stipulated Preliminary Injunction.

Nothing in this Stipulated Preliminary Injunction is intended or should be read to modify in any way the Preliminary Injunction entered by this Court on March 4, 2024 (ECF No. 184), including any duties and responsibilities of the Defendant under the March 4, 2024, Preliminary Injunction.

1

Upon the agreement of the parties and due consideration, the Court hereby makes the following Order:

## FINDINGS OF FACT

1. This Court has jurisdiction over the subject matter of this case and over the undersigned parties hereto, and venue in this district is proper.

2. For purposes of fully resolving the pending Motion (ECF No. 477) only, the Plaintiffs and Defendant have consented to the entry of this Stipulated Preliminary Injunction as to the Defendant.

3. Defendant waives all rights to seek judicial review or otherwise contest either the validity or the entry of this Stipulated Preliminary Injunction.

4. The CFPB is an Executive Branch agency of the United States of America, and no security is required by any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

## DEFINITIONS

A. "**Consumer**" means any person who has or will enroll in a service or program offered by the Defendant.

B. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

C. "**Debt-Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the Debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

D. **"Defendant"** means Defendant Timothy F. Burnette.

E. "**Document**" and "**Electronically Stored Information**" are synonymous in meaning with and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure, and include but are not limited to:

   a. the original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, email or other correspondence, messages, memoranda, paper, interoffice communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, files, charts, logs, and electronic files, stored in any medium; and

   b. any electronically created or stored information, including but not limited to electronic mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in an deleted items folder), word processing files, spreadsheets, databases, Document metadata, presentation files, and sound recordings, whether stored on any cell phones, smartphones, flash drives, personal digital assistants ("PDAs"), cards, desktop personal computers and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, backup discs and tapes, archive discs and tapes, and other forms of offline storage, whether assigned to individuals or in pools of computers available for shared use, or personally owned but used for work-

3

    related purposes, whether stored on-site with the computer used to generate them, stored offsite in another company facility, or stored, hosted, or otherwise maintained off-site by a third party; and computers and related offsite storage used by Defendant or Defendant's participating associates, which may include Persons who are not employees of the company or who do not work on company premises;

F. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

G. The term "**and**" and "**or**" shall be construed conjunctively and disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## PROHIBITED FEE-COLLECTION ACTIVITIES

I.  **IT IS THEREFORE ORDERED** that in connection with the resolution or attempted resolution of any Debt, the Defendant, her agents, servants, employees, and attorneys, and those Persons or entities in active concert or participation with the Defendant who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby preliminarily restrained and enjoined from:

 A. Requesting or receiving payment of any fee or consideration for any Debt-Relief Service from any Consumer, or any fee or any consideration from any third party derived from Consumer fees for Debt-Relief Service, until and unless:

      i. Defendant or Defendant's representatives or agents have renegotiated, settled, reduced, or otherwise altered the terms of at least one Debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the Consumer; and

      ii. the Consumer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the Consumer and the creditor or debt collector.

B. To the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, requesting or receiving payment of any fee or consideration for any Debt-Relief Service from any Consumer that does not:

      i. bear the same proportional relationship to the total fee from renegotiating, settling, reducing, or altering the terms of the Consumer's entire Debt balance as the individual Debt amount at the time of enrollment bears to the entire Debt amount at the time of enrollment; or

      ii. represent a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration, where the amount saved is the difference between the amount owed at the time the Debt was enrolled and the amount actually paid to satisfy the Debt; and

C. Engaging in any other conduct that violates the TSR.

## CONFIDENTIALITY

**II.**   **IT IS FURTHER ORDERED** that, except as required by a law enforcement agency, law, regulation, or court order, Defendant, and her agents, servants, employees, and attorneys, and all third parties or other Persons in active concert or participation with

        Defendant who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from disclosing, using, or benefitting from Consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a Consumer's account (including a credit card, bank account, or other financial account), of any Person that Defendant obtained prior to entry of this Order in connection with any Debt-Relief Services that are the subject of this action.

## PRESERVATION OF RECORDS AND TANGIBLE THINGS

**III.** **IT IS FURTHER ORDERED** that Defendant, and her successors, assigns, agents, servants, employees, coworkers, and attorneys, and those Persons or entities in active concert or participation with Defendant, including third-party service providers such as computing providers and email providers, who receive actual notice of the Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices of Defendant, any entity for which Defendant performed services at any time since 2017, or any entity directly or indirectly under the control of Defendant.

## DURATION OF ORDER

**IV.** **IT IS FURTHER ORDERED** that this Order shall expire upon entry of a final order or judgment fully resolving all Plaintiffs' claims against Defendant.

## CORRESPONDENCE WITH PLAINTIFFS

**V.     IT IS FURTHER ORDERED** that, for purposes of this Order, because mail addressed to the Plaintiffs may be subject to delay due to heightened security screening, all correspondence and service of pleadings on:

A. Plaintiff CFPB shall be sent either via electronic transmission or via Federal Express to: Vanessa Buchko, CFPB, 1700 G Street, NW; Washington, DC 20552. Email: vanessa.buchko@cfpb.gov; Telephone: (202) 295-7246; and

B. Plaintiff State of New York shall be sent either via electronic transmission or via Federal Express to Christopher Boyd, Assistant Attorney General, 350 Main Street, Suite 300A, Buffalo, NY 14202. Email: Christopher.Boyd@ag.ny.gov; Telephone: (716) 853-8457;

C. Plaintiff State of Colorado shall be sent either via electronic transmission or via Federal Express to Kevin Burns, Senior Assistant Attorney General, 1300 Broadway, 6th Floor, Denver, CO 80203. Telephone: (720) 508-6110; Email: Kevin.Burns@coag.gov;

D. Plaintiff State of Delaware, *ex rel.* Kathleen Jennings, Attorney General, shall be sent either via electronic transmission or via Federal Express to Maryanne Donaghy, Deputy Attorney General, 820 N. French St., 5th Floor, Wilmington, Delaware 19801. Telephone: (302) 683-8843; Email: Maryanne.Donaghy@delaware.gov;

E. Plaintiff People of the State of Illinois shall be sent either via electronic transmission or via Federal Express to Amanda Bacoyanis and Matthew Davies, Assistant Attorneys General, 115 S. LaSalle St., 26th Floor; Chicago, Illinois 60603. Telephone: 312-814-2218; Email: Amanda.Bacoyanis@ilag.gov; Matthew.Davies@ilag.gov;

   F.  Plaintiff State of Minnesota shall be sent either via electronic transmission or via Federal Express to Evan Romanoff, Assistant Attorney General, 445 Minnesota Street, Suite 600, St. Paul, Minnesota 55101-2130. Telephone: (651) 728-4126; Email: evan.romanoff@ag.state.mn.us;

   G.  Plaintiff State of North Carolina shall be sent either via electronic transmission or via Federal Express to M. Lynne Weaver, Special Deputy Attorney General, 114 W. Edenton Street, Raleigh, NC 27602. Telephone: (919) 716-6039; Email: lweaver@ncdoj.gov; and

   H.  Plaintiff State of Wisconsin shall be sent either via electronic transmission or via Federal Express to Lewis W. Beilin, Assistant Attorney General, 17 West Main Street, Madison, WI 53703. Telephone: (608) 266-3076; Email: Lewis.Beilin@wisdoj.gov.

## JURISDICTION

**VI.**   **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

      IT IS SO ORDERED, this \_\_\_\_ day of _____, 2025 at \_\_\_\_\_ a.m./p.m.

 

_____
UNITED STATES MAGISTRATE JUDGE