## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br>          Plaintiffs, <br><br>   v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br>         Defendants, and <br><br> STRATEGIC ESOP, *et al.*, <br><br>         Relief Defendants. | No. 24-cv-40-EAW-MJR <br><br> Hon. Elizabeth A. Wolford |

## THE BLUST FAMILY 2019 IRREVOCABLE TRUST'S PARTIAL OBJECTION TO MAGISTRATE JUDGE'S (I) ORDER GRANTING RECEIVER'S THIRD INTERIM APPLICATION FOR FEES AND EXPENSES OF THE RECEIVER AND PROFESSIONALS (DKT. NO. 748) AND (II) REPORT, RECOMMENDATION AND ORDER (DKT. NO. 749) <u>GRANTING THE RECEIVER'S THIRD FEE APPLICATION</u>

LOEB & LOEB LLP
Evan K. Farber (admitted *pro hac vice*)
Noah Weingarten
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
efarber@loeb.com
nweingarten@loeb.com

Relief Defendant The Blust Family 2019 Irrevocable Trust (the "Trust"), respectfully submits this partial objection (this "Objection"), pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 72 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, to the (I) Order Granting Receiver's Third Interim Application for Fees and Expenses of the Receiver and Professionals (Dkt. No. 748) (the "Order") and (II) Report, Recommendation and Order (Dkt. No. 749) (the "R&R") of Magistrate Judge Michael J. Roemer (the "Magistrate Judge"), which granted the Third Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 669) (the "Third Fee Application") of the Court-appointed receiver, Thomas W. McNamara (the "Receiver").

## **BACKGROUND**

On April 23, 2025, the Receiver filed his Third Fee Application, seeking payment of fees and expenses for the Receiver and his professionals. On May 5, 2025, the Trust filed its objection to the Third Fee Application. Dkt. No. 675 (the "Trust Objection").

The Trust Objection objected to the Third Fee Application for the same reasons and bases asserted in response to the Receiver's first and second fee applications as well as the Trust's appeal to this Court from the second fee application. Specifically, the Trust's arguments were asserted in:

(1) The Trust's Objection to Magistrate Judge's Decision and Order (Dkt. No. 488) Granting the Receiver's Second Fee Application (Dkt. No. 505) (the "District Court Appeal") – *which the Trust submitted to this Court*.

(2) The Trust's Partial Opposition to Receiver's First Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 295); and

(3) The Trust's Partial Opposition to Receiver's Second Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 436).

The Trust further objected to the Third Fee Application to the extent that Trust funds would be used to pay the Receiver's fees in light of the Trust's appeal from (1) the Receiver's first fee application to the Second Circuit and (2) the Receiver's second fee application to this Court. The Trust further explained that it would be inappropriate to allow any Trust funds to be used while that very issue was *sub judice* to the Second Circuit and this Court.

Finally, the Trust explained that the Receiver would not prejudiced at all because he was in control of significant other assets from the primary Defendants (approximately $7.17 million as of January 31, 2024 (Dkt. No. 115-1, p. 13)), and he easily could – and on an equitable basis should – take from those assets before taking from the assets of a relief defendant.

The Trust felt compelled to raise these arguments – yet again – because the Trust raised the same exact arguments to the Magistrate Judge twice in response to the first and second fee applications (as referenced above) and the Magistrate Judge **has never addressed the Trust's arguments or explained why he has apparently rejected the Trust's argument**.

On May 12, 2025, the Receiver filed a reply (Dkt. No. 684) that purported to address the Trust Objection. Indeed, the reply was styled as the Receiver's "Reply to Blust Trust's Partial Opposition to Receiver's Third Interim Application for Fees and Expenses of Receiver and Professionals." **Yet the Receiver never contested that he would not be prejudiced by the Court prohibiting him from using Trust funds.** Instead, the Receiver incorrectly argued that the Magistrate Judge considered and rejected the Trust's arguments when the Magistrate Judge granted the Receiver's first and second fee applications.

That is incorrect. **The Magistrate Judge has never once addressed the Trust's arguments. He has merely acknowledged the Trust's arguments but never actually addressed them.** *See* Dkt. Nos. 358 and 432 (orders granting first and second fee applications). That is exactly the point that

the Trust repeatedly raised in its appeal of the second fee application to this Court. *See* Dkt. No. 505 at Background Section E (titled "The Trust partially objects to the Receiver's First Fee Application; the Magistrate Judge ignores the Trust's arguments"); Background Section F (titled "The Trust partially objects to the Receiver's Second Fee Application; the Magistrate Judge again ignores the Trust's arguments."); and Argument Section II (titled "The Second Fee App Decision was 'clearly erroneous' because the District Court ignored the Trust's arguments without any explanation – for a second time.").

On July 24, 2025, the Magistrate Judge entered the Order and R&R ***and for the third time completely ignored the Trust's arguments***. In the Magistrate Judge's 22-page R&R, he noted the Trust's arguments in a single footnote. There, the Magistrate Judge noted that:

> The [Trust] was the only named party to this litigation to file a response in opposition to the Receiver's Third Fee Application. (Dkt. No. 675) Consistent with its objections to the First and Second Fee Applications, the Blust Trust partially opposes the Third Fee Application to the extent that assets of the Blust Trust may be used to pay the fees and expenses of the Receiver and his team. (*Id.*) The Blust Trust also continues to argue that because its various appeals of this Court's Decisions and Orders granting the Receiver's First and Second Fee Applications remain pending, funds from the Blust Trust should not be dissipated. (*Id.*)

Dkt. 749 at 3 n.2.

Clearly, the Magistrate Judge did not overlook the Trust's arguments or misconstrue them. He simply ignored them – for a third time. While the Trust is doing what it should be doing – *i.e.*, appealing the Magistrate Judge's erroneous decisions – the Magistrate Judge continues to prejudice the Trust by allowing further Trust funds to be spent.

## **ARGUMENT**

For the sake of brevity, the Trust objects in part to the Order and the R&R for the same reasons set forth in the Trust Objection and the District Court Appeal, which are incorporated by reference as set forth in full herein. The arguments made in the District Court Appeal apply with

equal force to the Order and R&R because the same error in the Magistrate Judge's order granting the second fee application pervades the Order and R&R.

## <u>CONCLUSION</u>

WHEREFORE, the Trust respectfully requests that this District Court (i) sustain the Trust Objection, (ii) reverse the Order and R&R and deny it to the extent that it permits Trust assets to be used to pay the Third Fee Application; and (iii) grant such other and further relief in the Trust's favor as the District Court deems appropriate.

Dated:  New York, New York
        August 4, 2025

Respectfully submitted,

By: /s/ *Evan K. Farber*
LOEB & LOEB LLP
Evan K. Farber (admitted *pro hac vice*)
Noah Weingarten
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
efarber@loeb.com
nweingarten@loeb.com

*Attorneys for Relief Defendant*
*The Blust Family 2019 Irrevocable Trust*

## CERTIFICATION PURSUANT TO LOCAL RULE 72(c)

I, EVAN K. FARBER, hereby certify that the foregoing Objection to Magistrate Judge's (I) Order Granting Receiver's Third Interim Application for Fees and Expenses of the Receiver and Professionals (Dkt. No. 748) and (II) Report, Recommendation and Order (Dkt. No. 749) Granting the Receiver's Third Fee Application does not raise new legal/factual arguments and no new legal/factual or new arguments that were not raised to the Magistrate Judge are raised herein.

Dated: New York, New York
      August 4, 2025

                                        /s/ *Evan K. Farber*
                                        EVAN K. FARBER

241608931