UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

               Plaintiffs,

       v.

STRATFS, LLC (f/k/a STRATEGIC FINANCIAL
SOLUTIONS, LLC), *et al.*,

               Defendants, and

STRATEGIC ESOP, *et al.*,

               Relief Defendants.
_____

**ORDER**

1:24-cv-00040 EAW

On August 14, 2025, the Court issued an Order, concluding that pursuant to 28 U.S.C. § 636(e), it was required to hold a *de novo* hearing on the motion filed by receiver Thomas McNamara ("the Receiver") at Docket 179, seeking an order to show cause as to why defendants Lit Def Strategies, LLC ("Lit Def") and Jason Blust ("Blust") should not be held in civil contempt. (Dkt. 769). The Court solicited from the parties supplemental filings as to how the Court should proceed at this juncture, including by staying and holding in abeyance the *de novo* hearing until the Second Circuit Court of Appeals' resolution of the interlocutory appeal filed by Fidelis Legal Support Services, LLC ("Fidelis") as to whether it was properly brought within the receivership, or by proceeding with the *de novo*

-1-

hearing and, to the extent it was required to address the issue of whether Fidelis was properly designated as a receivership defendant in connection with that hearing, by issuing an indicative ruling.  (*Id*. at 5).

The parties have filed responses to the Order.  (*See* Dkt. 775 (response filed by Blust and Lit Def); Dkt. 776 (response filed by Receiver); Dkt. 777 (response filed by the State of New York); Dkt. 778 (response filed by Cameron Christo and Fidelis); Dkt. 779 (response filed by Michelle Gallagher)).  Blust, Lit Def, Fidelis, Christo, and Gallagher argue that further proceedings on the Receiver's contempt motion should be stayed pending resolution of the appeal before the Second Circuit, whereas the Receiver and the State of New York contend that the Court should proceed with the *de novo* hearing and issue an indicative ruling if necessary.  For the reasons that follow, the Court concludes that further proceedings on the Receiver's contempt motion should be stayed pending the outcome of the interlocutory appeal before the Second Circuit.

First, as the Court referenced in the August 14 Order, Fidelis has filed an interlocutory appeal to the Second Circuit, challenging the Magistrate Judge's determination that Fidelis is a receivership defendant.  (Dkt. 695).  The appeal remains pending.  The Receiver takes the position that "the issue of contempt by Blust and Lit Def is separate and distinct from the question of whether Fidelis was properly designated as a Receivership Defendant."  (Dkt. 776 at 3).  The Court disagrees with this position, including because one of the means by which Blust and Lit Def are alleged to have violated

the temporary restraining order is by the continued operation of Fidelis as a successor company to Lit Def that should accordingly be within the scope of the receivership. In other words, resolution of one issue necessarily implicates the other.

Second, neither the Receiver nor the State of New York has identified any prejudice caused by the Court's staying further proceedings on the contempt motion. To that end, the Court has reviewed the Second Circuit's docket for the interlocutory appeal. *See Consumer Financial Protection Bureau v. Stratfs, LLC*, Docket No. 25-1377 (2d Cir. May 29, 2025). The docket reflects that on August 15, 2025, the Second Circuit granted a motion to expedite the appeal, denied a motion to stay the appeal, and set briefing deadlines of September 12, 2025, and September 26, 2025, to be calendared before the next available panel. (*Id.*, Dkt. 80). In other words, it appears that the appeal will be before the Second Circuit in short order, and therefore considerations of judicial economy and efficiency counsel in favor of awaiting the Second Circuit's determination on these issues. Otherwise, the Court may hold a hearing and issue an indicative ruling, which it may be required to re-visit following resolution of the appeal.

For those reasons, further proceedings on the Receiver's contempt motion filed at Docket 179 are hereby stayed pending the Second Circuit's ruling on Fidelis's appeal and until further order of the Court. Fidelis is directed to notify the Court <u>immediately</u> of the Second Circuit's resolution of the interlocutory appeal.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      September 8, 2025
            Rochester, New York