

**Timothy W. Hoover**
Partner
561 Franklin Street
Buffalo, New York 14202
Telephone: (716) 800-2604
Facsimile: (716) 885-8569
*thoover@hooverdurland.com*
*www.hooverdurland.com*

February 2, 2026

**Via CM/ECF**

Hon. Elizabeth A. Wolford
Chief United States District Judge
United States District Court
Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

> Re:   *CFPB v. StratFS, LLC*, No. 24-CV-40 (W.D.N.Y.) –
> Decision on interlocutory appeal

Dear Chief Judge Wolford:

    We represent defendant Fidelis Legal Support Services, LLC ("Fidelis").
On September 8, 2025, the Court issued an order holding certain proceedings in
abeyance pending the Second Circuit's resolution of an interlocutory appeal filed under
Second Circuit Docket No. 25-1377. (Dkt. 790.) The order directs Fidelis to notify the
Court once the Second Circuit issues its decision. (*Id.*) On January 29, 2026, the Second
Circuit issued a summary order dismissing the appeal. The summary order is attached
to this letter.

                                   Respectfully yours,

                                   Timothy W. Hoover

TWH/
Attach.
cc:     All counsel of record (via CM/ECF)

25-1377-cv (L)
McNamara v. Fidelis

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

PRESENT:  AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                    STEVEN J. MENASHI,
                            *Circuit Judges*.

------------------------------------------------------------------

CONSUMER FINANCIAL PROTECTION BUREAU, THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, STATE OF COLORADO, EX REL. PHILIP J. WEISER, ATTORNEY GENERAL, STATE OF DELAWARE, EX REL. KATHLEEN JENNINGS, ATTORNEY GENERAL, STATE OF DELAWARE, THE PEOPLE OF THE STATE OF ILLINOIS, THROUGH ATTORNEY GENERAL KWAME

Nos. 25-1377-cv (L);
25-1379-cv (CON);
25-1418-cv (CON)

RAOUL, THE STATE OF
MINNESOTA, BY ITS ATTORNEY
GENERAL KEITH ELLISON, THE
STATE OF NORTH CAROLINA, EX
REL. JOSHUA H. STEIN,
ATTORNEY GENERAL, THE
STATE OF WISCONSIN,

       *Plaintiffs-Appellees*,

THOMAS W. MCNAMARA,

       *Receiver-Appellee*,

       v.

FIDELIS LEGAL SUPPORT
SERVICES, LLC, THE BUSH LAKE
TRUST THROUGH TIMOTHY
MILLER, TRUSTEE, RELIEF
DEFENDANT, VETERIS CAPITAL
LLC,

       *Defendants-Appellants*,

STRATFS, LLC, FKA STRATEGIC
FINANCIAL SOLUTIONS, LLC,
STRATEGIC CLIENT SUPPORT,
LLC, FKA PIONEER CLIENT
SERVICES, LLC, STRATEGIC CS,
LLC, STRATEGIC FS BUFFALO,
LLC, STRATEGIC NYC, LLC, BCF
CAPITAL, LLC, T FIN, LLC,
STRATEGIC CONSULTING, LLC,
VERSARA LENDING, LLC,
STRATEGIC FAMILY, INC.,

2

ANCHOR CLIENT SERVICES, LLC,
NOW KNOWN AS CS 1 PAAS
SERVICES, LLC, BEDROCK CLIENT
SERVICES, LLC, BOULDER CLIENT
SERVICES, LLC, CANYON CLIENT
SERVICES, LLC, CAROLINA
CLIENT SERVICES, LLC, GREAT
LAKES CLIENT SERVICES, LLC,
GUIDESTONE CLIENT SERVICES,
LLC, HARBOR CLIENT SERVICES,
LLC, HEARTLAND CLIENT
SERVICES, LLC, MONARCH
CLIENT SERVICES, LLC, NOW
KNOWN AS CS 2 PAAS SERVICES,
LLC, NEWPORT CLIENT
SERVICES, LLC, NORTHSTAR
CLIENT SERVICES, LLC, OPTION 1
CLIENT SERVICES, LLC, PIONEER
CLIENT SERVICING, LLC,
ROCKWELL CLIENT SERVICES,
LLC, ROYAL CLIENT SERVICES,
LLC, STONEPOINT CLIENT
SERVICES, LLC, SUMMIT CLIENT
SERVICES, LLC, NOW KNOWN AS
CS 3 PAAS SERVICES, LLC,
WHITESTONE CLIENT SERVICES,
LLC, RYAN SASSON, JASON
BLUST, JOHN DOES 1–50,
UNIDENTIFIED, DANIEL
BLUMKIN, ALBERT IAN BEHAR,
STRATEGIC ESOP, RELIEF
DEFENDANT, STRATEGIC ESOT,
RELIEF DEFENDANT, TWIST
FINANCIAL, LLC, DUKE
ENTERPRISES, LLC, BLAISE
INVESTMENTS, LLC, THE BLUST

3

FAMILY IRREVOCABLE TRUST
THROUGH DONALD J.
HOLMGREN, TRUSTEE, JACLYN
BLUST, RELIEF DEFENDANT, LIT
DEF STRATEGIES, LLC, RELIALIT,
LLC, RICHARD K GUSTAFSON II,
TIMOTHY F. BURNETTE,
MICHELLE GALLAGHER,
HEDGEWICK CONSULTING, LLC,
CAMERON CHRISTO, RELIEF
DEFENDANT, THE BLUST FAMILY
2019 IRREVOCABLE TRUST
THROUGH PAUL HULL, JR.,
TRUSTEE, RELIEF DEFENDANT,

   *Defendants*,

CLEAR CREEK LEGAL, LLC,
CREDIT ADVOCATES LAW FIRM,
LLC, GREENSTONE LEGAL
GROUP, BRADON ELLIS LAW
FIRM LLC, HAILSTONE LEGAL
GROUP, HALLOCK AND
ASSOCIATES, HARBOR LEGAL
GROUP, ANCHOR LAW FIRM,
PLLC, BEDROCK LEGAL GROUP,
BOULDER LEGAL GROUP,
CANYON LEGAL GROUP, LLC,
GREAT LAKES LAW FIRM,
HEARTLAND LEGAL GROUP,
LEVEL ONE LAW,
MEADOWBROOK LEGAL GROUP,
MONARCH LEGAL GROUP,
NEWPORT LEGAL GROUP, LLC,
NORTHSTAR LEGAL GROUP,
OPTION 1 LEGAL, PIONEER LAW

FIRM P.C., ROCKWELL LEGAL
GROUP, SPRING LEGAL GROUP,
ROYAL LEGAL GROUP, SLATE
LEGAL GROUP, STONEPOINT
LEGAL GROUP, THE LAW FIRM
OF DEREK WILLIAMS, LLC,
WHITSTONE LEGAL GROUP,
WYOLAW, LLC, CHINN LEGAL
GROUP, LLC, LEIGH LEGAL
GROUP, PLLC, HALLOCK &
ASSOCIATES LLC, GUSTAFSON
CONSUMER LAW GROUP, LLC,
MICHEL LAW, LLC, THE LAW
OFFICE OF MELISSA MICHEL LLC,
MOORE LEGAL GROUP, LLC, CIBC
BANK USA, VALLEY NATIONAL
BANK,

       *Intervenors*.

      v.

BDC GROUP LLC, TWO SQUARE
ENTERPRISES, INC.,

       *Movants-Appellants*.[*]

----------------------------------------------------------------

FOR APPELLANTS:                  ALEX H. LOOMIS, Quinn
Emanuel Urquhart & Sullivan,
LLP, Boston, MA (Stephen E.
Frank, Quinn Emanuel
Urquhart & Sullivan, LLP,
Boston, MA, Alec A. Levy,
Quinn Emanuel Urquhart &

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

|                          | Sullivan, LLP, Washington, DC, *on the brief*)                                                                                                    |
|--------------------------|----------------------------------------------------------------------------------------------------------------|
| FOR RECEIVER-APPELLEE:    | THOMAS S. D'ANTONIO (James C. Thoman, William G. Fassuliotis, *on the brief*), Hodgson Russ LLP, Rochester, NY |

Appeals from orders of the United States District Court for the Western District of New York (Michael J. Roemer, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeals are DISMISSED.

Appellants Fidelis Legal Support Services, LLC, the Bush Lake Trust, Two Square Enterprises, Inc., BDC Group LLC, and Veteris Capital LLC appeal from two orders of the United States District Court for the Western District of New York (Roemer, *M.J.*) that they contend expand the scope of a receivership.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss.

In January 2024 the Consumer Financial Protection Bureau and seven state Attorneys General (collectively, "Plaintiffs") sued several individuals and entities for allegedly violating the Federal Trade Commission's Telemarketing Sales Rule

and related federal and state laws.  Plaintiffs sought a temporary restraining order ("TRO") and a preliminary injunction ("PI").  The District Court granted Plaintiffs' application for a TRO, issued an asset-freeze injunction, and appointed Thomas W. McNamara as receiver (the "Receiver").  The Receiver was authorized to assume control of all "Receivership Defendants," defined in the TRO to encompass the corporate defendants and certain relief defendants, as well as their "subsidiaries, affiliates, divisions, successors, and assigns."  Spec. App'x 8–9.

Following entry of the TRO, the defendants consented to resolution of the pending motion for a PI by a magistrate judge pursuant to 28 U.S.C. § 636(c), and the district judge referred the motion to Magistrate Judge Michael J. Roemer.  On March 4, 2024, Judge Roemer issued a PI that reaffirmed the terms of the TRO and continued the receivership.  This Court upheld the PI on appeal.  *See Consumer Fin. Prot. Bureau v. Sasson*, No. 24-697-CV, 2025 WL 1554514, at *1–2 (2d Cir. June 2, 2025).

Acting pursuant to his authority under the TRO and the PI, the Receiver determined that Appellants were "Receivership Defendants" as defined in the TRO and the PI and were therefore subject to the receivership.  Appellants

challenged their designation as "Receivership Defendants."  In the two orders at

issue in this appeal, Judge Roemer rejected Appellants' challenges and affirmed

the determination of the Receiver that Appellants were subject to the

receivership, concluding that Appellants fit the definition of "Receivership

Defendants" in the TRO and PI.  *See* Spec. App'x 118–19, 137–40.

Appellants argue that we have jurisdiction to review Judge Roemer's

orders pursuant to 28 U.S.C. §§ 1292(a)(1) and (a)(2) because the orders "grant[]"

or "modify[]" an injunction and "appoint[]" a receiver.  We disagree.  "As a

general rule, we lack jurisdiction to hear an appeal unless the decision is, or is

embodied in, an order or judgment that is 'final' within the meaning of 28 U.S.C.

§ 1291."  *Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219 (2d Cir.

2006) (quotation marks omitted).  Sections 1292(a)(1) and (a)(2) are "narrowly-

drawn exceptions to the finality requirement."  *Ibeto Petrochemical Indus. Ltd. v.

M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007).  Orders that merely interpret or clarify

an earlier appealable order "do not create appellate jurisdiction."  *See JLM

Couture, Inc. v. Gutman*, 91 F.4th 91, 100 (2d Cir. 2024).  Here, Judge Roemer

concluded that Appellants already fell within the scope of the previously created

receivership because they were "successors," "assigns," and "affiliates" of

8

entities specifically identified in the TRO and PI. *See* Spec. App'x 118–19, 137–38.

The orders were thus "merely interpretive, and did not change the meaning of"

the TRO or PI. *In re Tronox Inc.*, 855 F.3d 84, 98 (2d Cir. 2017) (quotation marks

omitted).

Appellants also petition this Court for a writ of mandamus. Mandamus is

a "drastic" remedy, "to be invoked only in extraordinary situations." *Kerr v.

United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 402 (1976). We

decline to invoke it where, as here, the movants have benefitted from an

extensive review process in the district court, and have otherwise failed to

demonstrate "exceptional circumstances amounting to a judicial usurpation of

power or a clear abuse of discretion." *In re Roman Cath. Diocese of Albany, N.Y.,

Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (quotation marks omitted).

For the foregoing reasons, the appeals are DISMISSED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court