UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*, <br><br> Defendants, and <br><br> STRATEGIC ESOP, *et al.*, <br><br> Relief Defendants. | No. 24-cv-40-EAW-MJR |

### THE BLUST FAMILY 2019 IRREVOCABLE TRUST'S PARTIAL OPPOSITION TO RECEIVER'S FIFTH INTERIM APPLICATION FOR ORDER APPROVING FEES AND EXPENSES OF THE RECEIVER AND PROFESSIONALS

Relief Defendant The Blust Family 2019 Irrevocable Trust (the "Trust"), by and through its undersigned counsel, respectfully submits this partial opposition to the Fifth Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 832) (the "Fifth Fee Application") of Receiver Thomas W. McNamara (the "Receiver").

The Trust objects to the Fifth Fee Application to the same extent and for the same reasons and bases asserted in connection with the Receiver's first, second, third, and fourth fee applications, including the following submissions, which the Trust incorporates by reference herein:

1. The Trust's Partial Opposition to Receiver's First Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 295);

2. The Trust's Partial Opposition to Receiver's Second Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 436);

3. The Trust's Objection to Magistrate Judge's Decision and Order (Dkt. No. 488) Granting the Receiver's Second Fee Application (Dkt. No. 505);

4. The Trust's Partial Opposition to Receiver's Third Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 675);

5. The Trust's Objection to Magistrate Judge's (I) Order Granting Receiver's Third Interim Application for Fees and Expenses of the Receiver and Professionals (Dkt. No. 748) and (II) Report, Recommendation and Order (Dkt. No. 749) Granting the Receiver's Third Fee Application (Dkt. No. 757);

6. The Trust's Partial Opposition to Receiver's Fourth Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Dkt. No. 758); and

7. The Trust's Partial Objection to Magistrate Judge's (I) Decision and Order (Dkt. No. 814) and (II) Order Granting Receiver's Fourth Interim Application for Fees and Expenses of the Receiver and Professionals (Dkt. No. 815) Granting the Receiver's Fourth Fee Application (Dkt. No. 816).

The Trust further objects to the Fifth Fee Application to the extent that Trust funds would be used because this Court should not authorize the use of Trust funds to pay for Receivership expenses during the pendency of (1) the Trust's appeal to the U.S. Court of Appeals for the Second Circuit from the Court's order approving the Receiver's first fee application (Dkt. No. 358); and (2) the Trust's objection addressed to District Judge Wolford from the Court's order approving the Receiver's second, third, and fourth fee applications (Dkt. Nos. 505, 757, and 816). It is inappropriate to allow further and additional Trust funds to be used for Receivership expenses while that very issue is on appeal.

Moreover, the Receiver would not be prejudiced by the limitation that the Trust seeks to impose. In the Fifth Fee Application, the Receiver represented that "[s]ince restarting operations in January 2024, . . . contingent fee operations have generated monthly average revenue of $1,078,893.73, through the end of January 2026, with a total of $26,972,343 in revenues" and "venues generated by the [direct-to-consumer] operations continue to all allow the Receiver to pay the banks interest of approximately $300,000 per month." *Id.* at 3. Given this abundance of cash flow (in addition to the funds that the Receiver has held since the outset of the case), the Receiver would not be prejudiced by the comparatively modest limitation sought by the Trust.

## **CONCLUSION**

WHEREFORE, the Trust respectfully requests that the Court deny the Receiver's Fifth Application insofar as it seeks authorization for payment to be made from the Trust's funds.

Dated:  New York, New York
        February 27, 2026

Respectfully submitted,

By: /s/ *Evan K. Farber*
LOEB & LOEB LLP
Evan K. Farber (admitted *pro hac vice*)
Noah Weingarten
345 Park Avenue
New York, New York 10154
Tel.: 212-407-4000
efarber@loeb.com
nweingarten@loeb.com

*Attorneys for Relief Defendant*
*The Blust Family 2019 Irrevocable Trust*

243039247.3
922222-13466

3