UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

               Plaintiffs,

                                          Civ. No. 24-cv-40-EAW-MJR

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.,

               Defendants,

and

STRATEGIC ESOP, et al.,

               Relief Defendants.

_____


# DEFENDANT BLUST AND RELIEF DEFENDANT LIT DEF'S MEMORANDUM ADDRESSING COURT'S DISCRETION UNDER 28 U.S.C. §636(e)


Dated:  Buffalo, New York
        June 18, 2026

Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
 JASON BLUST
      and
*Relief Defendant*
 LIT DEF STRATEGIES, LLC
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
rop@personiusmelber.com

## ISSUE PRESENTED

In adjudicating a civil contempt application following the holding of a full evidentiary hearing before the Magistrate Judge, does a district court have discretion under 28 U.S.C. §636(e), with the consent of the parties to the motion, to rely upon that evidentiary record in lieu of conducting a second *de novo* hearing?

## SUMMARY OF ARGUMENT

There is a split of circuit court authority with respect to the meaning of §636(e)'s directive that "[a] judge of the district court shall thereupon, in a summary manner, hear the evidence." The Third Circuit holds that the district court must conduct a full fact finding hearing without regard to proceedings conducted at the magistrate judge level. The Fourth Circuit disagrees. The Second Circuit has not spoken to this issue and district court precedent within the Circuit is not consistent. The conflicting judicial precedent empowers the Court with discretion in addressing this issue. Due to the fact the vast majority of the evidentiary record before the Magistrate Judge consists of witnesses repeatedly asserting their privilege under the Fifth Amendment in lieu of providing substantive testimony, and that both parties to the motion are willing to rely upon the existing record, holding another hearing where the very same evidence will be presented is unnecessary.

## FACTUAL BACKGROUND

Following the filing of a civil contempt motion by the Receiver in early 2024 against defendant Jason Blust and relief defendant Lit Def Strategies, an evidentiary hearing was then conducted before Magistrate Judge Michael Roemer on January 23 and 24, 2025. At

1

the hearing, four witnesses testified.  Three of the witnesses, including Jason Blust, asserted their Fifth Amendment privilege in response to all questions posed to them.  Substantive testimony was only taken from a fourth witness, who was not cross-examined by defense counsel.  On March 24, 2025, Magistrate Judge Roemer issued a written ruling, styled as a Report, Recommendation and Order, which was then filed at Doc. 646.  That decision recommends that both Mr. Blust and Lit Def Strategies be held in civil contempt and proposes various sanctions based upon that determination.

Mr. Blust's and Lit Def's formal objections to this ruling, embodied in a pleading dated April 15, 2025 and filed at Doc. 663, addresses the civil contempt jurisdiction of Magistrate Judge Roemer at pages 1-3.  After submitting that the Magistrate Judge had not fully understood his civil contempt authority, the Third Circuit's decision in *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888 (1992), is cited for its holding that §636(e) requires  a district judge to conduct a *de novo* hearing notwithstanding the nature of the proceedings undertaken at the magistrate judge level.  In raising this point, we nonetheless cautioned that "conducting another hearing in this instance, if avoidable, may not be warranted."  Doc. 663 at 2.  Elaborating on this point, the following further observation is made:

> This precedent is presented to the Court for its consideration.  As noted, under the specific circumstances of this case, conducting another fact-finding hearing would not seem necessary, provided the Court otherwise adjudicates this matter in

2

accordance with the requirements of Section 636(e).

*Id.* at 3.

In the reply pleading filed on behalf of defendants Blust and Lit Def Strategies (Doc No. 689) in support of their objections, the statement that a new hearing might not be necessary is repeated, as follows:

> In our Objections at pages 2-3, we acknowledge that, under the circumstances of this case, including the fact the three principal witnesses each relied upon their Fifth Amendment privilege in response to all questions posed to them at a hearing conducted on January 23 and 24, 2025, a further formal fact-finding involving witness testimony seems to be both impractical and unnecessary. Again, we raise the procedural differences between the typical report and recommendation by a Magistrate Judge pursuant to Section 636(b), as compared to the certification procedure outlined in Section 636(e), solely for the purpose of ensuring that these differences are considered by the Court. Should it be determined that the holding of another fact-finding hearing is avoidable under the rule, provided all parties consent, we are prepared to agree that another hearing is not needed.

Reply of Defendant Blust and Relief Defendant Lit Def Supporting Objections (Doc. 663), at 2-3 (Doc. 689).

A second evidentiary hearing regarding the Receiver's civil contempt motion is now scheduled to be conducted before the District Court on Monday, June 29, 2026, commencing at 9:30 a.m. Based upon discussions with the Receiver and his co-counsel, we understand the very same evidence will be presented at this hearing as was offered before Magistrate Judge

Roemer in January 2025.  In the context of these discussions, the undersigned proposed that an inquiry be directed to the District Court regarding the need to conduct another evidentiary hearing, when both parties to the motion are willing to stipulate to the evidentiary record from the earlier hearing conducted in January 2025.

In response to this inquiry, the Court issued a Text Order (Doc. No. 878), which acknowledges this informal inquiry and provides the following directive: "The Court is not aware of any authority under 28 U.S.C. Section 636(e) that would permit the parties to proceed in that fashion [relying upon the record of the contempt hearing before Judge Roemer], but if any party has identified authority indicating otherwise, they may submit it for the Court's consideration."  The Text Order further directs that any such filing be made on or before Thursday, June 18, 2026.  This pleading is submitted in response to the Court's invitation.

## **ARGUMENT**

### A. **28 U.S.C. §636(e)**

Subdivision (e) of Section 636 addresses the contempt authority of district court and magistrate judges.  With respect to the issue being addressed herein, the critical language is contained in subdivision (e)(6)(B)(iii), which discusses civil contempt jurisdiction:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why the person should not be adjudged in contempt by reason of the facts so certified.  The **district judge shall thereupon hear the evidence as to the act or conduct complained of** and, if

4

> it is such as to warrant punishment,
> punish such person in the same manner
> and to the same extent as for a contempt
> committed before the district judge.

28 U.S.C. §636(e)(6)(B)(iii) [bold type added for emphasis].  Within the highlighted

language, the core issue is the meaning of the phrase "hear the evidence."

### B.  Circuit Court Authority

The Third Circuit's decision in the *Taberer* case discusses its interpretation of the

interplay between the civil contempt authority of a magistrate and district court judge at pages

903-904 of the opinion.  The Court, at 904, relies upon the decision of the Supreme Court in

*United States v. Raddatz*, 447 U.S. 667 (1980), to draw a distinction between a *de novo*

determination and a *de novo* hearing.  The language of subdivision (e)(6)(B)(iii) is interpreted

to require that, in the case of a civil contempt, the district judge conduct a *de novo* hearing.

Based upon the *Raddatz* holding, the *Taberer* opinion states that "a *de novo* hearing entails a

new proceeding at which the decision is based solely on the evidence freshly presented at the

new proceeding."  954 F2d at 904.

The Court supports its position by referring to the legislative history of Section 636(e);

however, its discussion of the thrust of the 1966 Senate bill focuses upon the relative authority

in the case of a civil contempt as between a magistrate and district court judge.  Pointedly, the

cited history does not speak to the question of what is meant by the phrase "hear the evidence."

*Id.* at 904-905.

Next, the Third Circuit addresses the decision of the Fourth Circuit in *Proctor v. State

Government of North Carolina*, 830 F2d 514 (1987).  The parallels between Section 636(e)

and a former Bankruptcy Code provision, 11 U.S.C. §69(b) are recognized by the Court.  954

F.2d at 905.  At page 907, the *Taberer* opinion acknowledges that *Proctor* outlines an entirely

5

different protocol for a district court's treatment of proceedings conducted at the magistrate judge level. In direct contrast to *Taberer's* holding, *Proctor* concludes that the district court is <u>not</u> obliged to conduct a *de novo* hearing. Rather, the district court is required to review the magistrate judge's certification, evaluate whether the burden of persuasion has been satisfied, and then determine whether to hold the party in contempt; all subject to the explicit proviso that, upon request, any party should be given the opportunity to introduce new evidence prior to the district court's determination. 830 F.2d at 521-522.

Taberer disagrees with this alternative procedure for two reasons. 954 F2d at 907. First, the Court concludes that Section 636(e) prohibits a magistrate judge from trying a contempt committed in proceedings before them. This being the case and without further elaboration as to its reasoning, the Third Circuit interprets the phrase "hear the evidence" to require a *de novo* hearing be conducted by the district court. The second basis for the *Taberer* panel's disagreement is that, in *Proctor*, the reputed contemnor had consented to being tried before a magistrate judge. In finding this to be a distinction with a difference, the *Taberer* panel cites to 18 U.S.C. Section 3401(b), which addresses the trial jurisdiction of a magistrate judge. The Court, however, does not explain how this statute supports its conclusion that the phrase "hear the evidence" mandates that the district court conduct a *de novo* hearing. In reaching its differing conclusion as to how this phrase is to be treated by a district court upon receipt of a certification of contempt from a magistrate judge, the *Proctor* opinion neither references nor relies upon the consent issue for good reason. In discerning the meaning of the directive that a district court "hear the evidence," the presence or absence of a magistrate

6

judge's consent is not controlling.  It certainly does not mandate the conclusion that "hear the evidence" requires a *de novo* hearing when there has not been a consent.

The question that is posed in the Court's Text Order (Doc. No. 878) is whether there is authority that would permit the parties to the instant proceeding to stipulate to the hearing record created before Magistrate Judge Roemer.  The above discussion confirms such authority does exist, as exemplified by the decision of the Fourth Circuit in the *Proctor* case. Reasonable minds can differ as to the pervasiveness of the reasons cited in *Taberer* for its different conclusion.  The fact is that there are conflicting circuit court authorities.  We are not aware of other precedent at the circuit court level addressing the issue under consideration, aside from *Taberer* and *Proctor*.  That being the case, the competing holdings in *Taberer* and *Proctor* do provide a basis for granting the request of the parties herein that the evidentiary record created before Magistrate Judge Roemer be adopted in lieu of conducting a *de novo* hearing.

C.  **District Court Precedent Supportive of *Proctor's* Analysis**

There are district court decisions within the Second Circuit that, without consideration of the *Proctor* holding, adopt the procedure articulated in *Taberer* (*e.g.*, *Bowens v. Atlantic Maintenance Corp,* 546 F. Supp. 2d 55, 71 (E.D.N.Y 2008); *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999)).  By comparison, the opinion of District Judge Thomas L. Ludington in *Jones v. Dow Chemical Company*, Case No. 1:23-cv-11814, 2025 WL 1261107 (E.D.MI. decided May 1, 2025), first considers and then endorses the different procedure outlined in *Proctor*.  The opinion includes a detailed discussion of the meaning of the phrase "hear the evidence", first citing to the Fourth Circuit's decision in *Proctor*, and then contrasting the holding in *Taberer*.  2025 WL 1261107*7.  After observing that the majority

of district courts "err on the side of caution and schedule a hearing," Judge Ludington concludes that the case before him "presents sound reasons to follow the procedure in *Proctor*, instead." 2025 WL 1261107*8. Cited as the principal basis for arriving at this conclusion is the "evidence supporting civil contempt already in the record." *Id.* A different expedient in our case, also arising from the known record evidence, supports a similar result in the present case – following *Proctor* instead of *Taberer*.

Here, it is undeniable that three of the four anticipated witnesses, if a new hearing is conducted, will simply assert their Fifth Amendment privilege in response to each question posed to them, making the exercise of limited value. The record from the hearing conducted before Magistrate Judge Roemer, which already embodies this testimony, counsels in favor of adopting the same practical approach chosen by Judge Ludington in the *Jones* decision. As framed by him: "At this juncture, what good would a *Taberer* hearing do?" 2025 WL 1261107*9. *Id.* As part of his practical approach to the circumstances presented, Judge Ludington ruled that both sides would be permitted to present new evidentiary arguments in writing that would be evaluated to determine if a hearing was necessary. In the event no showing was made as to the need for a hearing, "this Court will review the record as supplemented by the Parties and – consistent with *Proctor* – make a *de novo* determination addressing Plaintiff's Counsel's alleged civil contempt." *Id.*

*Coan v. Dunne*, 602 B.R. 429 (D. Conn. 2019), represents another instance where the District Judge adjudicated a civil contempt without conducting a hearing. The procedure to be followed is described in the opinion as follows:

> Under 28 U.S.C. Section 636(e)(6), a magistrate judge may certify facts constituting civil contempt to a district judge. The district judge must then 'make

8

> an independent determination of the facts certified and consider any additional evidence.' *Sistem Muhendislik Insaat Sanayi VeTicaret, A.S. v. Kyrgyz Republic*, 2018 WL 5929900, at *1(S.D.N.Y. 2018).

602 B.R. at 436.  Then referring to the "expanded record I have before me," dehors a *de novo* hearing, the Court concluded the Trustee had failed to prove a civil contempt violation by clear and convincing evidence.

The *Sistem Muhendislik* decision, cited in *Coan*, is also instructive.  After making the observation cited in the *Coan* opinion, the Court based its determination upon "a *de novo* review of the record", as well as the legal conclusions of the magistrate judge, after first noting that the defendant had failed to appear at a scheduled order to show cause hearing.  2018 WL 5629900*2. That is, rather than insist upon proceeding with a *de novo* hearing notwithstanding the non-appearance of the defendant as mandated by the *Taberer* precedent, the Court concluded as an expedient that a *de novo* review of the record was appropriate.  In a similar vein, under the circumstances prevailing in our case, where the majority of the hearing evidence would consist of rote repetition by witnesses of their Fifth Amendment right, and the parties to the motion are willing to rely upon the evidentiary record created before Magistrate Judge Roemer, the more practical approach, supported by ample authority, is to not proceed with the hearing now scheduled for June 29, 2026.

## CONCLUSION

For the reasons set forth above, Defendants Blust and Lit Def Strategies respectfully submit that authority does exist to forego the scheduled evidentiary hearing and, instead, adopt the

9

evidentiary record created at the two-day hearing conducted before Magistrate Judge Roemer on

January 23 and 24, 2025.

Dated:  Buffalo, New York
        June 18, 2026

Respectfully submitted,

**/s/ Rodney O. Personius**
Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
  JASON BLUST
      and
*Relief Defendant*
  LIT DEF STRATEGIES, LLC
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
rop@personiusmelber.com

10