

Gregory P. Photiadis
James W. Gresens
Michael J. Lombardo ++
Dennis P. Cleary
Gary M. Kanaley **
Patricia Gillen
Charles C. Ritter, Jr.
Elizabeth A. Kraengel ***
Barbara B. Strzemski-Haase
John D. Celani **

Steven W. Klutkowski +
Christopher M. Berloth
Thomas D. Lyons
George S. Van Nest
Sean P. Balkin
Elise L. Cassar
Nicole K. Joerg
Kristine N. Celeste
Madison A. Burns
Claire E. Hofmeister

Matthew J. Beck
Of Counsel
Jennifer R. Scharf *
Of Counsel

Emanuel Duke (1916-1999)
Donald J. Holzman (1930-2017)

* Also Admitted in CA
** Also Admitted in FL
*** Also Admitted in MA
+ Also Admitted in NJ
++ Also Admitted in PA

June 22, 2026

**VIA ECF**

Hon. Michael J. Roemer
United States Magistrate Judge
Robert H. Jackson United State Courthouse
2 Niagara Square
Buffalo, NY 14202

Re: CFPB, et al. v. StratFS, LLC, et al.; Case No. 24-cv-00040-EAW-MJR

Dear Judge Roemer:

We write on behalf of our clients, Albert Behar ("Mr. Behar") and Ryan Sasson ("Mr. Sasson") (collectively, "Defendants"), and non-parties Birds Investments Inc. ("Birds") and Timberline 1042 Management, Inc. ("Timberline 1042") to (1) address several inaccuracies in Plaintiffs' June 15, 2026 Notice to Reimpose Asset Freeze (Dkt. 876) ("June 15 Notice"), and (2) request an immediate conference and the Court's assistance to restore the status quo.

The CFPB's most recent actions -- undertaken in concert with the Receiver[1] -- is the latest in what has become a string of alarming and dangerous, prejudgment, regulatory acts of overreach by the Bureau aimed far more at punishment than any plausible equity, fairness, or consumer protection objectives. The decision to freeze, without notice, meet and confer discussions, nor judicial authority, over a dozen more corporate assets, nearly two and half years into this complex and hotly contested enforcement action, is legally unfounded and more importantly, will, if not stopped immediately, trigger devastating and irreversible financial consequences that would contradict any notion of legitimate, "consumer protection." (Please *see* Duke Holzman correspondence delivered to the CFPB dated June 18, 2026, attached hereto as *Exhibit A*).

Defendants dispute Plaintiffs' claims that they violated the Preliminary Injunction (Dkt. 184) ("Preliminary Injunction") and the May 1, 2024 Stipulation and Order (Dkt. 349) ("Stipulation and Order"). Defendants have been transparent about business operations at Birds and Timberline 1042, provided monthly financial reports pursuant to the Stipulation and Order, and responded to Plaintiffs' requests for documentation and information. The record reflects constant communication between counsel and a broad exchange of information.

---

[1] On June 15, 2026, the Receiver filed an Emergency Motion to Add New Receivership Defendants (Dkt. 877) ("Motion"), issued directives to financial institutions serving the 17 entities identified in its Motion, and declared those entities to be Receivership Defendants before any court order authorizing those actions had been entered. The Receiver's own papers describe those 17 entities as "active, profit-generating, presumptively lawful businesses operating outside the debt-relief space." (Dkt. 877-3.) The practical effect of the present posture is not preservation of assets; it is the imposition of prejudgment consequences on lawful operating businesses before liability has been adjudicated and before the Court has reviewed the evidentiary basis for the requested relief.

701 Seneca Street, Suite 750, Buffalo, New York 14210    t 716.855.1111  f 716.855.0327 (NOT FOR SERVICE OF PAPERS)
www.dukeholzman.com

June 22, 2026
Page 2

Plaintiffs' generic claims that Defendants utilized the unfrozen accounts to pay personal credit cards in "amounts that vastly exceed any plausible reimbursable business expenses" are without merit. For two years, Defendants provided Plaintiffs monthly credit-card statements and bank-account statements detailing business expenses. Plaintiffs received those materials without raising the objections now asserted, and in fact, authorized, approved, and allowed such business expenses. Over the last several months, Defendants have also provided additional explanations for expenses related to Birds and Timberline 1042, which are ordinary-course business expenses and properly reimbursable. There has been no violation of the Stipulation and Order related to the reimbursement of these business expenses.

Plaintiffs' claim that Defendants violated the Preliminary Injunction and Stipulation and Order by causing Birds to enter into a $2.5 million corporate loan (the "Tripoli Loan") is also incorrect. The Tripoli Loan was not concealed. The Tripoli Loan was clearly disclosed for months, starting in March 2026, in Birds' monthly financial statements, bank statements, and conversations with counsel. (Birds' Profit & Loss Summary for 2026, showing the Tripoli Loan payments is attached hereto as *Exhibit B*). Additionally, the complete purpose of the loan was explained in detail to Plaintiffs in a May 8, 2026 letter (May 8, 2026 letter is attached hereto as *Exhibit C)*.

Likewise, the Tripoli Loan did not violate the Preliminary Injunction. The Tripoli Loan is an unsecured corporate debt obligation of Birds, not a personal loan to any Defendant. It does not grant a lien or other security interest, encumber, or otherwise dispose of any funds in violation of the Preliminary Injunction. The Tripoli Loan also did not violate the Stipulation and Order. The Tripoli Loan involved funds flowing into Birds from Tripoli, not disbursements from frozen accounts to prohibited parties. Moreover, the Tripoli Loan was used only to fund property renovation costs and business operations, which fit squarely within the permitted purpose of the Stipulation and Order, i.e., normal operating and business expenses. Importantly, Defendants acted upon counsel's advice in entering into the Tripoli Loan, after counsel advised that the loan was not a violation of the Preliminary Injunction or the Stipulation and Order.

Defendants maintain that they have not violated the Preliminary Injunction or the Stipulation and Order. Far from engaging in any self-interest or self-dealing activity, Mr. Behar and Mr. Sasson - out of business necessity -- have properly exercised reasonable and sound business judgment in furtherance of their fiduciary duties to not only preserve but enhance corporate value. Those "loan" activities pretextually complained of by the CFPB relating to the Birds entities have zero to do with Plaintiffs' yet unproven allegations regarding Strategic Financial or debt settlement involving consumers and are not "individual" in nature.

Additionally, Defendants have contributed approximately $31,000,000 of their own capital to these real estate and self-storage assets. That equity represents the primary potential source of consumer recovery in this litigation. Receivership designation, if entered, would trigger a cascade of lender defaults and enforcement remedies—detailed in *Exhibit A*—that would consume that equity entirely, leaving nothing for consumers. Plaintiffs' June 15 Notice and the Receiver's

June 22, 2026
Page 3

related actions, which threaten receivership-level consequences across the broader portfolio, are not tailored to the alleged issues raised and risk destroying value in assets that remain the primary potential source of consumer recovery.

Overall, the CFPB's most recent freeze of assets, its notifications to financial institutions of same, and the totality of its actions, generally, continue to offend basic principes of fundamental fairness, and remain an affront to due process. Nevertheless, Defendants remain ready to work in good faith with Plaintiffs, with or without judicial intervention, to resolve these operational issues. Consistent with the Court's prior direction that the parties attempt to address operational issues through a defined framework, Defendants have proposed a comprehensive amendment to the Stipulation and Order, as set forth in *Exhibit A*. That proposal would provide enhanced reporting, advance notice, records access, and a standstill while preserving the value of the operating assets.

Due to the severe and regrettable exigencies created solely by the Plaintiffs' actions here, Defendants respectfully request an immediate conference as soon as is practicable for the Court.

Respectfully submitted,

DUKE HOLZMAN PHOTIADIS & RITTER LLP

*s/Gregory P. Photiadis*

Gregory P. Photiadis, Esq.
gpp@dukeholzman.com

Enclosures
cc:  (via ECF): All Counsel of Record