UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

                    Plaintiffs,

v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), et al.,

                    Defendants,

and

STRATEGIC ESOP, et al.,

                    Relief Defendants.

_____

Civ. No. 24-cv-40-EAW-MJR

## DEFENDANT BLUST AND RELIEF DEFENDANT LIT DEF'S PRE-CIVIL CONTEMPT HEARING SUBMISSION

Dated:  Buffalo, New York
       June 22, 2026

Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
 JASON BLUST
     and
*Relief Defendant*
 LIT DEF STRATEGIES, LLC
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050

## PRELIMINARY STATEMENT

In a Text Order filed on June 21, 2026 (Doc. 884), the Court determined that a *de novo* hearing with respect to the Receiver's civil contempt motion filed against defendant Jason Blust and relief defendant Lit Def Strategies ("Lit Def") should proceed as scheduled on Monday, June 29, 2026, commencing at 9:30 a.m.  The Text Order does include an accommodation for witnesses who had relied upon their Fifth Amendment privilege in response to all posed questions at an earlier hearing presided over by Magistrate Judge Michael Roemer on January 23 and 24, 2025.  With the consent of the parties, after taking the stand, these witnesses, which includes Mr. Blust, would be required to simply affirm that, if asked the same questions as were posed at the earlier hearing, they would again assert their Fifth Amendment privilege.  We are in the process, as of this filing, of determining whether or not the Receiver is amenable to this protocol being followed in the case of Mr. Blust.

Below, we identify the issues that we request the Court focus on at the June 29, 2026 hearing.  Blust and Lit Def do not intend to otherwise call any witnesses or introduce any exhibits as evidence at the hearing.  While not likely, we respectfully reserve the opportunity, dependent upon their testimony, to cross-examine other witnesses called to testify at the hearing.

## ISSUES ASSOCIATED WITH RECEIVER'S CIVIL CONTEMPT MOTION

On March 25, 2025, following completion of the hearing referred to above and briefing by the parties, Magistrate Judge Roemer issued a ruling styled as a Report, Recommendation and Order (Doc. 646).  We observed in our Objections pleading (Doc. 663), at pages 1-2, that this description of the Judge's ruling is more consistent with a

1

proceeding conducted under the authority of 28 U.S.C. §636(b) as compared to §636(e)(6)(B). As the matter before the Court consists of a civil contempt proceeding, the protocol set forth in subdivision (e)(6)(B) controls. Recasting the findings by Magistrate Judge Roemer in his ruling filed at Doc. 646 as a Certification rather than a Report, Recommendation and Order, we set forth below, in summary form, our objections to those findings.

As a backdrop for the Court's consideration of the evidence to be offered by the Receiver, we long ago acknowledged that Mr. Blust and Lit Def did violate the terms of the Temporary Restraining Order ("TRO") [Doc. 12] issued on January 11, 2024. In particular, at a court appearance regarding the Receiver's motion held on May 23, 2024, we conceded that, through Lit Def, Mr. Blust did continue to conduct business activities into February 2024 in violation of the TRO. In connection with the post-hearing briefing in February and March 2025, we also conceded that Mr. Blust had violated the TRO by managing personnel employed by, and overseeing the day-to-day operations of, Fidelis Support Services, LLC ("Fidelis"), also through February 2024.

Our objections to the factual findings by Magistrate Judge Roemer, as reflected in his March 25, 2025 ruling, are as follows:

1.   That, with respect to Fidelis, Mr. Blust had the power to control all of its business operations and its financial affairs.

2.    That Mr. Blust had the ability to control the strategy and arguments advanced by Fidelis's attorneys in connection with both the Receiver's civil contempt motion and Fidelis's separate motion contesting the Receiver's designation of Fidelis as a relief defendant.

3. That Fidelis is a "successor" to Lit Def.

4. That Mr. Blust is the beneficial owner of Fidelis.

5. That pleadings filed on behalf of Mr. Blust and Lit Def, Mr. Christo and Fidelis, and a relief defendant named Michelle Gallagher, in response to the Receiver's motion and in connection with a separate motion by Fidelis contesting its receivership defendant designation, were part of an improper coordinated, concerted effort on the part of these parties and their counsel.

6. That Mr. Blust's March 14, 2024 Declaration (Doc. 211) be referred to the United States Attorney's Office for the Western District of New York for consideration as the basis for filing a criminal perjury charge against him.

Dated: Buffalo, New York
      June 22, 2026

Respectfully submitted,

**/s/ Rodney O. Personius**
Rodney O. Personius, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
  JASON BLUST
     and
*Relief Defendant*
  LIT DEF STRATEGIES, LLC
2100 Main Place Tower
350 Main Street
Buffalo, NY  14202
(716) 855-1050
rop@personiusmelber.com

3