UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

        Plaintiffs,

   v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), *et al.*,

        Defendants, and

STRATEGIC ESOP, *et al.*,

        Relief Defendants.

24-CV-40 (EAW) (MJR)

---

# RELIEF DEFENDANT CAMERON CHRISTO'S MEMORANDUM REGARDING TEXT ORDERS TO APPEAR

**HOOVER & DURLAND LLP**
Timothy W. Hoover
Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*thoover@hooverdurland.com*
*sdurland@hooverdurland.com*

*Attorneys for Relief Defendant Cameron Christo*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF THE CASE ................................................................................................. 1

ARGUMENT............................................................................................................................ 3

    I.      MR. CHRISTO HAS NOT BEEN AND CANNOT BE SUBPOEANED TO
            TESTIFY AT THE BLUST AND LIT DEF CONTEMPT HEARING. ................. 3

    II.     THE COURT DOES NOT HAVE INHERENT AUTHORITY TO ORDER
            MR. CHRISTO'S APPEARANCE. ....................................................................... 5

CONCLUSION ........................................................................................................................ 9

**INTRODUCTION**

Relief defendant Cameron Christo submits this memorandum to register his very respectful objection to the Court's text orders (Dkts. 878 and 884) requiring him to personally appear at the June 29, 2026 hearing regarding the Receiver's motion to hold Jason Blust and Lit Def Strategies, LLC in contempt. We believe that the Court's text orders were erroneously issued and should be rescinded. Mr. Christo resides in Miami, Florida. He has not been and cannot be subpoenaed to attend the hearing, given the geographic and other limits imposed by Federal Rule of Civil Procedure 45. And a district court's inherent authority does not include the authority to issue orders that contravene a specific limitation imposed by federal statute or rule.

Defendant Michelle Gallagher joins in this submission, as it applies equally to the Court's orders requiring her in-person appearance.

**STATEMENT OF THE CASE**

In February 2024, the Receiver moved to hold Blust and Lit Def in contempt. The Receiver's motion alleged that Blust continued to operate Lit Def for a brief period after Hon. Lawrence J. Vilardo issued a Temporary Restraining Order requiring that Lit Def's operations be turned over to the Receiver. (Dkt. 179-1 at 1.)

Also in February 2024, the Receiver designated Fidelis Legal Support Services, LLC as a receivership defendant, and Fidelis challenged that designation. (Dkt. 190-1.) In late May 2024, Plaintiffs filed a Second Amended Complaint naming Fidelis as a defendant and naming Mr. Christo as a relief defendant. (Dkt. 366.[1]) In November 2024, Plaintiffs moved to preliminarily enjoin Fidelis and Christo. (Dkt. 477.)

Hon. Michael J. Roemer scheduled a combined hearing for January 23 and January 24, 2025, which would address both the Receiver's motion to hold Blust and Lit Def in contempt and Plaintiffs' motion to preliminarily enjoin Fidelis and Christo. (Scheduling Notice, Dkt. N/A (Dec. 19, 2024).) After the hearing, the

---

[1] On September 30, 2024, Fidelis and Christo moved to dismiss the complaint. (Dkts. 440, 441, 442.) Those motions remain pending.

Magistrate Judge recommended that Blust and Lit Def be held in contempt (Dkt. 646 (the "R&R")) and Plaintiffs withdrew their motion to preliminarily enjoin Fidelis and Christo (Dkt. 735).

Blust duly objected to the R&R's recommendation that he be found in contempt. After briefing on his objections was complete, the Court requested further submissions on whether conducting the necessary contempt hearing should be stayed pending a decision on an interlocutory appeal then pending before the Second Circuit. (Dkt. 769.) The Receiver, as part of his submission arguing that the contempt hearing should proceed, asked the Court to order Gallagher and Christo to appear. (Dkt. 776 at 3-4.) This request was not relevant to the stay-and-abeyance issue the parties were directed to brief and did not include any citation to authority. The Court subsequently issued an order staying the contempt hearing. (Dkt. 790.)

This spring, following the Second Circuit's decision on the interlocutory appeal (Dkt. 829), the Court issued a series of text orders relating to the contempt hearing.

- On April 20, the Court issued an order setting the hearing for May 28. (Dkt. 866.) The hearing the Court scheduled relates only to the contempt motion directed at Blust and Lit Def, and the only parties to the motion and the hearing are Blust, Lit Def, and the Receiver.

- On May 5, the Court issued an order adjourning the hearing without date, indicating that "the Court is skeptical that it will be able to reschedule the hearing in this case before the Fall of 2026," and advising that "the Court will contact the parties once it is in a position to reschedule it." (Dkt. 869.)

- On June 12, the Court issued an order scheduling the hearing for June 29. (Dkt. 874.)

- On June 16, the Court issued an order stating that "[a]s requested by the Receiver at Docket 776 [*i.e.*, the Receiver's submission regarding the stay-and-

abeyance issue], the undersigned hereby orders defendants Jason Blust, Cameron Christo, and Michelle Hinds Gallagher to appear in person at the hearing scheduled for Monday, June 29, 2026, at 9:30 a.m., in Rochester, NY." (Dkt. 878 (emphasis omitted).)

- On June 21, the Court issued an order stating: "As the Court previously ordered, defendants Blust, Gallagher, and Christo must be personally present at the hearing." (Dkt. 884.)

## ARGUMENT

### I.    MR. CHRISTO HAS NOT BEEN AND CANNOT BE SUBPOEANED TO TESTIFY AT THE BLUST AND LIT DEF CONTEMPT HEARING.

Federal Rule of Civil Procedure 45 governs the compelled appearance of a person (whether or not a party) to testify at a federal civil hearing or trial. Rule 45 provides that an appearance is compelled by the issuance of court process and command in the form of a subpoena, and it sets forth the circumstances in which a subpoena may validly issue.

Chief among Rule 45's restrictions is the geographical limit. Rule 45(c), entitled "Place of Compliance," provides:

> (c) Place of Compliance.
>
> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>>
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>
>>> (i) is a party or a party's officer; or
>>>
>>> (ii) is commanded to attend a trial and would not incur substantial expense.
>
> (2) For Other Discovery. A subpoena may command:
>
>> (A) production of documents, electronically stored information, or tangible things at a place within 100

miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

Rule 45 also specifies the method of service required to compel a person's appearance. While service can be made anywhere in the United States, "a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1), (2). Courts generally interpret this language as requiring personal service. *See, e.g.*, *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-54 (E.D. Mich. 2011) (stating majority rule and collecting cases). Even where non-personal service on a person is approved on motion, "courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service." *Id.* at 754 (cleaned up).

A subpoena that fails to allow reasonable time to comply, or that "requires a person to comply beyond the geographical limits specified in Rule 45(c)" must be quashed. FED. R. CIV. P. 45(d)(3).

Applying these restrictions here, it is clear that Mr. Christo cannot be compelled to travel over one thousand miles to Rochester to testify at the upcoming contempt hearing. Mr. Christo has not been served with any subpoena or document that purports to be a subpoena. And any attempt to compel Mr. Christo's appearance violates Rule 45(c)'s geographic restrictions: Mr. Christo resides in Florida; he is not employed within 100 miles of Rochester; and he does not regularly transact business in person within 100 miles of Rochester. (Gallagher likewise resides in Illinois; is not employed within 100 miles of Rochester; and does not regularly transact business in person within 100 miles of Rochester.) Thus, even if service had been attempted or accomplished, any subpoena would have to be quashed under Rule 45(d)(3).

- 4 -

## II.    THE COURT DOES NOT HAVE INHERENT AUTHORITY TO ORDER MR. CHRISTO'S APPEARANCE.

In the run-up to the January 2025 hearing before the Magistrate Judge, Plaintiffs sent to counsel for Christo and Gallagher (but did not attempt to serve) subpoenas directing Christo's and Gallagher's appearance in Buffalo.[2] Christo, Gallagher, Plaintiffs, and the Receiver briefed the validity of those subpoenas, and the Magistrate Judge resolved the dispute by issuing orders requiring Christo and Gallagher to appear.[3] In the briefing before the Magistrate Judge, Plaintiffs relied on just one case permitting a district court to order an appearance forbidden by Rule 45.

In that case, *Backertop Licensing LLC v. Canary Connect, Inc.*, 107 F.4th 1335 (Fed. Cir. 2024), the court held that "[o]n its face, FRCP 45 only applies to a party or attorney's efforts to subpoena a person required to attend a trial, hearing, or deposition within a 100-mile radius," *id.* at 1342-43, and that the district court had inherent authority to issue an order compelling a person's appearance outside Rule 45's restrictions, *id.* at 1345. As detailed below, *Backertop* cited no case reaching a similar conclusion, it has never been cited by any court in the Second Circuit, and its rationales are incorrect and at odds with the weight of better-reasoned authority. *See McGill v. Duckworth*, 944 F.2d 344, 354 (7th Cir. 1991) ("Relying on 'inherent powers' to compel the attendance of a witness who is outside the court's subpoena power would make the restrictions in Rule 45(e) meaningless. . . . The district judge was correct in refusing to

---

[2]    Similarly, late on June 12, 2026, the Receiver's counsel emailed a scanned Acrobat document to the undersigned, which purported to be a subpoena for Mr. Christo. On June 15, the undersigned responded that the Acrobat document was not a procedurally or substantively valid subpoena, and email to the undersigned did not constitute valid service on Mr. Christo. Thus, as stated above, Mr. Christo has never been served with an actual subpoena, valid or otherwise.

[3]    The Magistrate Judge reasoned that Christo had waived his challenge to the subpoena by failing to timely move to quash, even though the subpoena had never been served. (Dkt. 587.) The Magistrate Judge further reasoned that Christo had consented to appear at the contempt hearing when he filed papers related to the preliminary-injunction motion. (*Id.*) We respectfully submit that these rationales are incorrect and, in any event, have no bearing on the issue before the Court because Mr. Christo has not been served with a subpoena, and the preliminary-injunction motion has been withdrawn.

order their appearance in the absence of a subpoena."), *overruled on other grounds as stated in, Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015); *In re Guthrie*, 733 F.2d 634, 637 (4th Cir. 1984) ("The Federal Rules of Civil Procedure govern procedure in all civil suits in the United States district courts unless otherwise specified, Fed.R.Civ.P. 1, and these Rules have the effect of law through the power delegated by Congress to the Supreme Court in the Rules Enabling Act of 1934, 28 U.S.C. § 2072. Whatever inherent powers the district courts may once have had, they now have no power to issue a deposition subpoena unless expressly or impliedly so authorized by the Rules. Neither plaintiff nor the District Court has identified any authority in support of such an extraordinary notion of 'inherent power' exceeding the scope of the Rules.").

First, on its face, Rule 45 confers and limits the power of the district court to compel a person's appearance at a deposition, hearing, or trial. While a subpoena can be prepared by the Clerk of Court or an attorney, the subpoena is issued by the district court itself. FED. R. CIV. P. 45(a)(1)(A)(i) (a subpoena "must state the court from which it is issued"); FED. R. CIV. P. 45(a)(2) (a subpoena comes from the "Issuing Court" (emphasis omitted)); *id.* ("A subpoena must issue from the court where the action is pending.")); *see also, e.g.*, *In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) ("Federal Rule of Civil Procedure 45(c) defines the 'place of compliance' for subpoenas and the geographical scope of a federal court's power to compel a witness to testify at a trial or other proceeding."); *id.* at 1044-45 ("Rule 45(d)(3)(A)(ii) plainly instructs that courts *must* 'quash or modify' subpoenas that exceed Rule 45(c)'s 'geographical limits,' reinforcing the conclusion that these limits define the scope of a court's *power* to compel a witness to participate in a proceeding." (emphasis in original)); *Saget v. Trump*, 351 F. Supp. 3d 251, 253 (E.D.N.Y. 2019) (explaining that Rule 45 regulates "the Court's subpoena power," and that "Rule 45(c)(1) enumerates the subpoena power of federal courts").

Second, a district court does not have inherent authority to order an appearance that is forbidden under Rule 45. As the Supreme Court has explained, there are two main limits on a district court's inherent authority:

> First, the exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice. *Degen v. United States*, 517 U.S. 820, 823–824, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute. *See id.*, at 823, 116 S.Ct. 1777; Fed. Rule Civ. Proc. 83(b) (districts courts can "regulate [their] practice in any manner consistent with federal law"); *see, e.g.*, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) (holding that a district court cannot invoke its inherent power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)).

*Dietz v. Bouldin*, 579 U.S. 40, 45-46 (2016).

Both of these restrictions preclude any argument that Christo's compelled appearance at the contempt hearing, though forbidden by Rule 45, can be achieved by the Court simply ordering his appearance as an exercise of inherent authority.

Rule 45 is a rule (adopted by the Supreme Court per authorization from Congress) that expressly limits the Court's power to compel a person's appearance at a hearing. The service requirements and geographic restrictions imposed by Rule 45 cannot be circumvented by a Court order compelling the very appearance that Rule 45 explicitly forbids. *See, e.g.*, FED. R. CIV. P. 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district court's local rules."); *In re Kirkland*, 75 F.4th at 1042.

Moreover, circumventing Rule 45 in order to compel Christo's personal appearance is not a reasonable response to any arguable problems and needs confronting the Court's administration of justice. Mr. Christo is not a party to the contempt hearing; he does not live or work anywhere near Rochester or New York; he reasonably believed that no hearing would be held until the fall of 2026; the Court scheduled the June hearing date on just over two weeks' notice; it will be burdensome

and expensive for Mr. Christo to fly to Rochester on the appointed date; and an appearance would serve no purpose other than for Mr. Christo to say in person what he said during the January 2025 hearing. Particularly given the very limited nature of Mr. Christo's testimony, the essentially ceremonial nature of his in-person appearance, and the willingness of Blust, Lit Def, and the Receiver to rest on the record developed before the Magistrate Judge, ordering Mr. Christo's in-person appearance, in contravention of Rule 45, is not a proportionate response to the needs of justice.[4]

Finally, even if the Court were not inclined to reject *Backertop* outright, the case is readily distinguishable. *Backertop* found no conflict between Rule 45 and the district court's appearance order because the district court issued the appearance order *sua sponte*, making the order meaningfully different from a party-initiated subpoena. 107 F.4th at 1343-44. This Court's appearance orders, by contrast, were issued at the behest of the Receiver. *Backertop* also found the district court's appearance order appropriate to the needs of justice based on factual circumstances very different from those presented here, where Mr. Christo is being required to travel a great distance at great expense simply to say that if he were asked all the questions he was asked in January 2025, he would give the same answers.

---

[4]     At the very least, if the Court finds that it has inherent authority to compel any person to travel any distance to testify at a hearing in the Western District of New York, its inherent authority should also include the authority to take Mr. Christo's testimony remotely, by video link.

## CONCLUSION

Mr. Christo respectfully requests that the Court rescind its text orders directing him to appear in person on June 29, 2026. Alternatively, Mr. Christo respectfully requests that the Court permit him to testify remotely. Ms. Gallagher joins Mr. Christo's primary and alternate requests for relief.

Dated:      Buffalo, New York
            June 22, 2026

Respectfully submitted,

**HOOVER & DURLAND LLP**
*Attorneys for Relief Defendant Cameron Christo*

By:  s/Timothy W. Hoover
        Timothy W. Hoover
        Spencer L. Durland
561 Franklin Street
Buffalo, New York 14202
(716) 800-2600
*thoover@hooverdurland.com*
*sdurland@hooverdurland.com*

- 9 -