UNITED STATES DISTRICT COURT
FILED
SEP 25 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STRATFS, LLC (f/k/a STRATEGIC FINANCIAL SOLUTIONS, LLC), *et al.*,<br><br>Defendants, and<br><br>STRATEGIC ESOP, *et al.*,<br><br>Relief Defendants. | CASE NO. 24-CV-40-EAW-MJR |

**STIPULATED CONSENT ORDER AUTHORIZING**
**LOAN PAYOFF, RELEASE OF LIENS, AND RELATED RELIEF**

**WHEREAS**, this Stipulated Consent Order Authorizing Loan Payoff, Release of Liens, and Related Relief (the "Stipulated Consent Order") is entered into by and among the Borrowers, the Guarantors, the Plaintiffs, the Receiver, and JPMC (each defined below and collectively, the "Parties"), by and through their respective undersigned counsel or authorized representatives, subject to the Court's approval;

**WHEREAS**, the Borrowers, the Guarantors, and JPMC provide the following history concerning the Loans (as defined below) in subparagraphs (A) and (B) directly below. Those representations are made solely by the Borrowers, the Guarantors, and JPMC. The Plaintiffs and the Receiver do not possess firsthand knowledge of these matters, and neither admit nor deny, adopt, nor take any position as to the accuracy or completeness of, such representations. The Plaintiffs and the Receiver agree solely to the payoff of the Loans, the limited unfreezing of

accounts to effectuate the payoff, and the release, in accordance with the terms provided herein:

A. JPMorgan Chase Bank, N.A. ("JPMC") holds fifteen (15) collateralized personal loans to Ryan Sasson, Albert Ian Behar, and Daniel Blumkin (collectively, the "Borrowers"), in the total original principal amount of $187,950,901.00 (the "Loans"). The Loans were originated under Internal Revenue Code Section 1042 monetization structures and refinanced by First Republic Bank ("FRB") in late 2022. On May 1, 2023, the California Department of Financial Protection and Innovation closed FRB and appointed FDIC as Receiver for FRB ("FDIC-R"). On the same date, FDIC-R entered into a Purchase and Assumption Agreement with JPMC, by which JPMC acquired substantially all the assets of FRB, including the Loans.

B. Each Loan is guaranteed by one of Birds Investments, Inc. ("Birds"), Timberline 1042 Management, Inc. ("Timberline 1042"), Sunseeker Charters, Inc. ("Sunseeker"), or Claudio's Holding Corp., Inc. ("Claudio's") (collectively, the "Guarantors") and secured by a cash collateral money market account held at JPMC in the respective Guarantor's name (each, a "Collateral Account" and collectively, the "Collateral Accounts"), with each Collateral Account holding a balance approximately equal to the original principal of the corresponding Loan. The Loans bear interest at the Federal Funds Rate (subject to a 0.50% floor), and each Collateral Account earns interest at 27 basis points below that rate, such that the Borrowers bear a negative carry of 27 basis points (the "Spread");

**WHEREAS**, on January 10, 2024, the Consumer Financial Protection Bureau and certain State Attorneys General (the "States") (collectively, the "Plaintiffs") commenced this enforcement action against StratFS, LLC (f/k/a Strategic Financial Solutions, LLC) and related defendants (collectively, the "Defendants"). On March 4, 2024, the Court entered a Preliminary Injunction (the "Preliminary Injunction") that, among other things, imposed an asset freeze that froze the Collateral Accounts (ECF No. 184). On or about May 2, 2024, the Parties entered into a Stipulation and Order Regarding the Asset Freeze that unfroze specified collateral and operating accounts (the "Operating Accounts") for the limited purpose of paying "Expenses and Debt Service," including debt service on the Loans (ECF No. 349). On June 15, 2026, the Plaintiffs advised the Court of the matters set forth in ECF No. 876, such that the Collateral Accounts and the Operating Accounts are subject to the asset freeze under the Preliminary Injunction except for routine debt service, to which the Parties have consented (ECF No. 876);

**WHEREAS**, Thomas W. McNamara is the Court-appointed receiver in this action (the "Receiver");

**WHEREAS**, to preserve assets of the receivership estate and prevent the continued accrual of interest on the Loans, which the Borrowers, the Guarantors, and JPMC represent the Collateral Accounts are insufficient to satisfy, the Parties have agreed to pay off the Loans by applying the proceeds of the Collateral Accounts to repay the Loans' principal balance in full and reduce the Loans' accrued interest, and by satisfying any outstanding quarterly Spread payments through the Operating Accounts, with all related liens and security interests to be released upon such repayment, and no funds to be released to the Borrowers or the Defendants;

**WHEREAS**, to facilitate the payoff and as consideration for the release and the Parties' cooperation, JPMC has agreed to certain concessions that benefit the receivership estate and conserve estate assets, as further detailed in Paragraph 3 below.

**WHEREAS**, the Borrowers, the Guarantors, and JPMC represent that the payoff will nullify the Loans' negative-carry debt service costs and preserve approximately $507,467 annually and approximately $3,260,000 over the remaining term. These substantial cost reductions will directly conserve and preserve Defendants' assets for the receivership estate;

**WHEREAS**, because the Collateral Accounts are frozen under the Preliminary Injunction, entry of this Stipulated Consent Order is necessary to authorize the payoff, unfreeze the accounts, and release the liens;

**WHEREAS**, notwithstanding its inclusion in the defined term "Parties," JPMC appears in this action as a non-party solely for the limited purpose of the payoff described herein and does not otherwise submit to the Court's jurisdiction, and nothing in this Stipulated Consent Order, including the Court's retention of jurisdiction, effects or shall be construed to effect any such submission by JPMC.

**NOW, THEREFORE**, in consideration of the foregoing recitals, the release, and the agreements set forth herein, the Borrowers, the Guarantors, the Plaintiffs, the Receiver, and JPMC hereby stipulate and agree, subject to the Court's approval, as follows:

1. The above recitals are incorporated herein and made a part hereof; provided, however, that the recitals are not findings of the Court, are not admissions by or binding upon the Plaintiffs or the Receiver, and no recital shall be construed as an adoption or ratification by the Plaintiffs or the Receiver of any factual assertion or legal characterization contained therein.

2. The Parties agree to the payoff of all fifteen (15) Loans, which shall be effectuated within ten (10) business days after entry of this Stipulated Consent Order, or such later date as the Parties may agree in writing, in accordance with a payoff statement to be provided by JPMC and without the need for any separate written instruction, notice, or further direction, consent, or authority of any Party, as follows: (A) JPMC shall apply the proceeds of each Collateral Account to the balance of the corresponding Loan, and (B) the Borrowers and the Guarantors shall cause payment from the Operating Accounts to JPMC in satisfaction of any outstanding quarterly Spread payments, in each case in accordance with the terms set forth herein. The Borrowers represent and warrant that they own, operate, and/or control the Guarantors and, on that basis, consent to these terms on the Guarantors' behalf. Upon application of all such payments to the Loans, the Loans shall be deemed satisfied by JPMC, and the payoff of the Loans shall be deemed complete (the "Closing").

3. As consideration for the release and the Parties' cooperation in effectuating the payoff, JPMC agrees to: (A) waive all default interest that has accrued or that JPMC could otherwise assess on the Loans; (B) waive all of its accrued attorneys' fees in connection with the Loans and the payoff; and (C) waive the accrued and unpaid quarterly interest shortfall attributable to the difference between the 360-day and 365-day interest accrual conventions applicable to the Loans (the "Accrual Shortfall"), which the Borrowers, the Guarantors, and JPMC represent totaled approximately $26,420.54 as of June 30, 2026, together with any additional Accrual Shortfall accruing through the Closing. For the avoidance of doubt, JPMC does not waive the Spread. The Spread shall continue to be paid quarterly from the Operating Accounts, as has been done each quarter in the normal course, until the Closing has occurred.

4. Upon JPMC's receipt of all payments described herein, all liens and security interests securing the Loans shall be released, and the Loans shall be deemed satisfied in full. No funds shall be released to the Borrowers or the Defendants.

5. Effective upon the Closing, the Borrowers, the Guarantors, the Plaintiffs, and the Receiver irrevocably release JPMC, together with its predecessors, successors, officers, agents, and assigns, including, without limitation, the FDIC-R, from any and all claims, demands, obligations, liabilities, and causes of action, whether known or unknown, arising out of or relating to the Loans, the Collateral Accounts, and the payoff transaction. This release is expressly limited to such subject matters and does not release, impair, or affect the Plaintiffs' underlying enforcement claims against the Defendants in this action. For the avoidance of doubt, nothing in this release limits the Plaintiffs' or the Receiver's ability to seek any relief from the Defendants in this action.

6. The terms of this Stipulated Consent Order shall not become binding and effective unless and until entered by the Court. As provided in Paragraph 2 above, the Closing shall occur within ten (10) business days after entry of this Stipulated Consent Order, or such later date as the Parties may agree in writing, in accordance with a payoff statement to be provided by JPMC.

7. The Collateral Accounts and the Operating Accounts shall be and remain unfrozen to effectuate the payoff of the Loans and the ongoing quarterly Spread payments through the Closing.

8. The payoff of all fifteen (15) Loans, as described in this Stipulated Consent Order, is approved and authorized. The financial institutions holding the relevant accounts are authorized to effectuate the payoff, in accordance with the terms herein, upon entry of this Stipulated Consent Order, without the need for any separate written instruction.

9. The Court retains jurisdiction to enforce this Stipulated Consent Order, including, without limitation, the release set forth herein; provided that such retention of jurisdiction does not, and shall not be construed to, effect JPMC's submission to the Court's jurisdiction, JPMC being a non-party appearing solely for the limited purpose of the payoff.

10. This Stipulated Consent Order may be executed in counterparts, each of which shall be deemed an original. The concessions and release set forth herein are given in mutual consideration. Each signatory represents and warrants that he, she, or it is duly authorized to execute this Stipulated Consent Order on behalf of the party for whom he, she, or it signs. Counsel signing on behalf of the Guarantors represents and warrants that it is authorized to execute this Stipulated Consent Order on each Guarantor's behalf.

[*execution and so ordered page to follow*]

**AGREED TO AND STIPULATED:**

Dated: September 15, 2026

**THOMPSON COBURN LLP**

By: */s/ Zachary G. Newman*
Stephen J. Grable
Zachary G. Newman (*pro hac vice*)

488 Madison Avenue
New York, NY 10022

*Attorneys for Non-Party JPMorgan Chase Bank, N.A.*

**McNAMARA SMITH LLP**

By: */s/ Logan D. Smith*
Logan D. Smith

110 West A Street, Suite 1075
San Diego, CA 92101

*Attorneys for Court-appointed Receiver, Thomas W. McNamara*

**PALLAS PARTNERS (US) LLP**

By: */s/ Joshua A. Naftalis*
Joshua A. Naftalis

75 Rockefeller Plaza
New York, NY 10019

*Attorney for Defendant/Borrower Daniel Blumkin*

**CONSUMER FINANCIAL PROTECTION BUREAU**

By: */s/ Lindsey M. Siegel*
Lindsey M. Siegel

445 12th Street SW
Washington, D.C. 20024

*On behalf of all Plaintiffs, including the Plaintiff States, with their authorization*

**DUKE HOLZMAN PHOTIADIS & RITTER LLP**

By: */s/ Gregory P. Photiadis*
Gregory P. Photiadis

701 Seneca Street, Suite 750
Buffalo, NY 14210

*Attorneys for Defendants/Borrowers Ryan Sasson and Albert Ian Behar and Guarantors Birds Investments, Inc., Timberline 1042 Management, Inc., Sunseeker Charters, Inc., and Claudio's Holding Corp., Inc.*

**IT IS SO ORDERED BY THE COURT ON THIS** 24th **DAY OF** September**, 2026.**

**ENTER:**

Michael J. Roemer
Hon. Michael J. Roemer
United States Magistrate Judge